**Declaration of Graham Robinson**

**EXHIBIT E**

(Cancellation Agreement and Acknowledgment)

## CANCELLATION AGREEMENT AND ACKNOWLEDGEMENT

This Cancellation Agreement and Acknowledgement is made as of this 3rd day of April, 2018, by and among Ascentra Holdings, Inc., a Cayman Islands company ("*Ascentra*"), Martin Matthews, an individual ("*Matthews*"), Motohiko Homma, an individual ("*Moto*"), and Growth Today, Inc., a Cayman Islands company ("*Growth Today*"), which is beneficially owned in total by Moto.

WHEREAS, on or about November 2016, each of Matthews and Moto was a party to a Memorandum of Understanding (the "*Memorandum*") regarding the ownership and operation of Shang Peng Gao Ke, Inc., a Cayman Island company ("*Shang Peng*");

WHEREAS, Shang Peng was formed for the sole purpose of operating Ascentra's business operations in the PRC as a stand-alone entity, in exchange for certain undertakings and consideration as fully described in the Memorandum;

WHEREAS, in reliance upon the other parties to the Memorandum taking certain required actions regarding the ownership of each of Ascentra, Shang Peng and IR-P Holdings, Inc., a Cayman Islands company, and undertakings to pay certain monies and royalties to Ascentra, as as fully described in the Memorandum, the parties hereto took action to cause Ascentra to afford the following to Shang Peng (i) access to use Ascentra's PRC affiliate list; (ii) the ability to sell Ascentra tangible products in the PRC under Shang Peng's proprietary brand names; (iii) the ability to sell Ascentra software in the PRC; and (iv) access to offshore services provided by Ascentra to support its business systems and operations;

WHEREAS, to date, none of the aforementioned required ownership steps have been taken nor have the required royalties or funds been remitted to Ascentra;

WHEREAS, the parties hereto wish to take any and all actions to remit and return to Ascentra all assets and monies held or generated by Shang Peng, as well as all Shang Peng's proprietary brand names, back to Ascentra as the parties acknowledge that the Memorandum was never legally effected, was in no way legally binding and no action was taken to effect any of the required actions described therein.

## AGREEMENT

NOW, THEREFORE, for and in consideration of the mutual covenants contained herein and for other good and valuable consideration, the parties hereto agree as follows:

1. **Acknowledgement and Cancellation.** The parties hereto acknowledge and agree that:

(i) the Memorandum was never legally effected,

(ii) was in no way legally binding;

(iii) no action was taken to effect any of the required actions described therein; and

(iv) the Memorandum and each and every oral and written agreement related to the matters set forth therein were and are without force and effect..

2. **Transfer.** Each of Moto and Shang Peng shall irrevocably cancel, sell, convey, assign, transfer and deliver all assets and monies of Shang Peng to Ascentra, including but not limited to all intellectual property (including the Shang Peng proprietary brand names), inventory, customer lists, monies, and accounts receivable, free and clear of all charges, claims, interests, conditions, equitable interests, liens, options, pledges, security interests, rights of first refusal, encumbrances or restrictions of any kind. The parties hereto agree and acknowledge that this Agreement and the matters set forth herein are a result of an arms-length negotiation and has been agreed upon by the parties as fair and equitable in all respects as of the date of this Agreement by the parties. Regardless of the future success or failure of any of the parties hereto or its successors or assigns, no future attempt will be made by any party to take any action contrary to the matters set forth herein.

3. **Representations, Warranties, and Covenants.**

Each of Ascentra, Matthews and Moto (including Shang Peng as it relates to Moto) hereby represents and warrants to and covenants to the others that:

**(i)** Neither the execution nor the delivery of this Agreement, the incurrence of the obligations herein set forth, the consummation of the transactions herein contemplated, nor the compliance with the terms of this Agreement, will conflict with, or result in a breach of, any of the terms, conditions, or provisions of, or constitute a default under, any bond, note, or other evidence of indebtedness or any contract, indenture, mortgage, deed of trust, loan agreement, lease, or other agreement or instrument to which such party is a party or by which such party may be bound.

**(ii)** Neither the execution nor the delivery of this Agreement, the incurrence of the obligations herein set forth, the consummation of the transactions herein contemplated, nor the compliance with the terms of this Agreement, will conflict with or violate any law, rule, regulation, order, writ, judgment, injunction, decree, determination, award, agreement, contract or obligation applicable to such party.

**(iii)** Such party has the right, power, legal capacity, and authority to execute and enter into this Agreement and to execute all other documents and perform all other acts as may be necessary in connection with the performance of this Agreement.

**(iv)** This Agreement has been duly executed and delivered by such party and, assuming due authorization, execution and delivery by the other party, constitutes a legal, valid and binding obligation of such party, enforceable against such party in accordance with its terms.

**(v)** No approval or consent not heretofore obtained by any person or entity is necessary in connection with the execution of this Agreement by such party or the performance of such party's obligations under this Agreement.

    **(vi)** Such party has received independent legal advice from attorneys of such party's choice with respect to the advisability of executing this Agreement.

    **(vii)** Such party has made such investigation of the facts pertaining to this Agreement, and all of the matters pertaining thereto, as such party deems necessary.

    **(viii)** Except as expressly provided herein, no person has made any statement or representation to such party regarding any fact relied upon by such party in entering into this Agreement and each party specifically does not rely upon any statement, representation, or promise of any other person in executing this Agreement.

    **(ix)** Such party will not take any action which would interfere with the performance of this Agreement by any other party or which would adversely affect any of the rights provided for herein.

  4. **Cooperation.** Each party shall take any and all action to irrevocably cancel the Memorandum and each and every such oral and written agreement, if any, executed in connection therewith and shall cooperate with the other in good faith to accomplish the objectives and purposes of this Agreement. To that end, each party agrees to execute and deliver (with acknowledgment, verification or affidavit, if required) any and all documents and writings which may be necessary or expedient to implement and/or accomplish the provisions of this Agreement and the transactions contemplated herein.

  5. **Miscellaneous.**

   (i) This Agreement may be executed in multiple counterparts, each of which shall be deemed an original Agreement, but all of which, taken together, shall constitute one (1) and the same Agreement, binding on the parties hereto. The signature of any party hereto to any counterpart hereof shall be deemed a signature to, and may be appended to, any other counterpart hereof.

   (ii) This Agreement contains and constitutes the entire agreement between the parties hereto with respect to the subject matter hereof, and this Agreement may not be modified, amended, or otherwise changed in any manner, except by a writing executed by all of the parties hereto.

   (iii) In the event of any action, suit or proceeding (including any arbitration proceeding) between the parties relating to or arising out of this Agreement, the prevailing party or parties shall be entitled to recover its reasonable attorneys' fees and costs incurred in connection with such action, suit or proceeding.

   (iv) Every provision of this Agreement is intended to be severable. If any term or provision hereof is declared by a court of competent jurisdiction to be illegal or invalid, such illegal or invalid terms or provisions shall not affect the other terms and provisions hereof, which terms and provisions shall remain binding and enforceable.

(v) This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors, assignees, personal representatives, heirs, legatees and devisees.

(vi) Each party hereto hereby acknowledges, represents and warrants that (i) each party hereto is of equal bargaining strength, (ii) each such party has actively participated in the negotiation of this Agreement, (iii) each such party hereto and such party's independent counsel has reviewed and/or had the opportunity to review this Agreement, and (iv) any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Agreement, any portion hereof or any amendments hereto.

(vii) The provisions of this Agreement shall be construed and enforced in accordance with the laws of the Cayman Islands.

IN WITNESS WHEREOF, the parties hereto have executed this Cancellation Agreement and Acknowledgement to be effective as of the date first set forth above.

Ascentra Holdings, Inc., a Cayman Islands company

By: *[signature]*
Name: *Martin J. Matthews*
Title: *Director*

Shang Peng Gao Ke, Inc.., a Cayman Islands company

By: *[signature]*
Name: *TR SANDERS*
Title: *DIRECTOR*

*[signature]*
Motohiko Homma

320115595.1