PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY 10019-6131
Telephone: 212-858-1000
Facsimile: 212-858-1500
John A. Pintarelli
Kwame O. Akuffo

PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5524
Telephone: 213-488-3655
Facsimile: 213-629-1033
Claire K. Wu (*pro hac vice* pending)

*Attorneys for Petitioners Graham Robinson and Ivy Chua,*
*in their capacities as Joint Official Liquidators*
*of Ascentra Holdings, Inc. (in Official Liquidation)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 21-11854 (DSJ) |
| Ascentra Holdings, Inc. (In Official Liquidation), | Chapter 15 |
| Debtor in a Foreign Proceeding.[1] | |

**MOTION FOR ORDER SPECIFYING FORM AND MANNER OF SERVICE OF**
**NOTICE AND SCHEDULING RECOGNITION HEARING**

Graham Robinson and Ivy Chua, duly appointed joint official liquidators (the

"**Petitioners**") of Ascentra Holdings, Inc. (In Official Liquidation) ("**Ascentra**" or the

"**Debtor**"), by and through their undersigned counsel, respectfully seek entry of an order,

substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"): (a) scheduling a

hearing on the Petition and the recognition of a foreign main proceeding for Ascentra and setting

the deadline for objections to the relief sought in the Petition at seven days prior to the hearing;

---

[1] The Debtor's company registration number is 283719. The Debtor's registered office is c/o JTC (Cayman) Ltd.,
94 Solaris Avenue, Second Floor, Camana Bay, PO Box 30745, Grand Cayman, Cayman Islands, KY1-1203.

(b) approving the notice of filing of the Official Form Petition and *Verified Petition for Recognition of Foreign Insolvency Proceeding and Application for Additional Relief Under Chapter 15 of the Bankruptcy Code, and Memorandum of Law in Support Thereof* (the "**Verified Petition**" and together with the Official Form Petition, the "**Petition**") in the form attached hereto as Exhibit B (the "**Notice**"); and (c) specifying the manner of service of the Notice.  In support of the motion, the Petitioners state as follows:

## I.  BACKGROUND

1.      On June 1, 2021, by unanimous written resolutions, Ascentra's shareholders resolved to place the Company into voluntary liquidation and appointed Mr. Robinson as voluntary liquidator (the "**Cayman Proceeding**"). On September 17, 2021, the Grand Court made a supervision order in respect of Ascentra (the "**Supervision Order**") to bring the Cayman Proceeding under the Grand Court's supervision. The Cayman Proceeding is governed by Part V of the Companies Law of the Cayman Islands (2021 Revision) (the "**Companies Law**"), which prescribes a liquidation process for companies established in the Cayman Islands. Contemporaneously with this motion, the Petitioners have filed the Petition, which seeks recognition of the Cayman Proceeding as a foreign main proceeding pursuant to Chapter 15 of the Bankruptcy Code.

2.      A further description of the Debtor's businesses and the events leading up to the commencement of the Cayman Proceeding and this Chapter 15 case is set forth in the Petition and the Declaration of Graham Robinson submitted in support of the Petition.

## II.  JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334, section 1501 of the Bankruptcy Code, and the *Amended Standing Order of Reference* issued by the United States District Court for the Southern District of New York on January 31, 2012.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1410(1) and (3).

5. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

6. The statutory predicates for the relief requested herein are sections 105(a), 1514, and 1515 of the Bankruptcy Code, and Rules 2002, 9007 and 9008 of the Federal Rules of Bankruptcy Procedure.

## III. RELIEF REQUESTED

7. The Petitioners respectfully request that this Court enter the Proposed Order: (a) setting a date that is on or about 21 days after service of the Notice for the hearing on the relief sought in the Petition (the "**Recognition Hearing**"), as the Court's calendar permits; (b) setting the deadline for any objections or responses to the relief sought in the Petition at seven days prior to the Recognition Hearing; (c) approving the form of notice of the Petition and Recognition Hearing, substantially in the form of the proposed Notice attached hereto as <u>Exhibit B</u>; and (d) approving service of the Notice by e-mail, or alternatively mail or courier on the parties listed on <u>Exhibit C</u> hereto and by e-mail and Publication Notice (as defined below) for all other parties-in-interest.

## IV. BASIS FOR RELIEF REQUESTED

### A. The Proposed Hearing Date and Objection Deadline Comply with Federal Rules of Bankruptcy Procedure

8. Bankruptcy Rule 2002(q)(1) provides that the parties identified therein "and such other entities as the Court may direct" must be given at least 21 days' notice of the hearing on the petition for recognition of a foreign proceeding. *See* Fed. R. Bankr. P. 2002(q)(1). The Petitioners' request for the Recognition Hearing to be scheduled on or about 21 days after service of the Notice and Petition comports with that requirement.

9.      The proposed objection deadline of seven days prior to the Recognition Hearing is also consistent with the Bankruptcy Rules. Bankruptcy Rule 1012(b) provides that objections to a Chapter 15 petition "shall be presented no later than seven days before the date set for the hearing on the petition unless the court prescribes some other time or manner for responses." *See* Fed. R. Bankr. P. 1012(b). The Petitioners submit that an objection deadline of seven days before the Recognition Hearing is proper under the circumstances.

**B.      The Proposed Form of Notice is Proper Under the Circumstances**

10.      Bankruptcy Rule 2002(m) authorizes the Court to enter an order "designating . . . the form and manner in which notice shall be given." *See* Fed. R. Bankr. P. 2002(m); *see also* Fed. R. Bankr. P. 9007. The proposed form of Notice attached hereto as <u>Exhibit B</u> notifies parties-in-interest of the commencement of this Chapter 15 case, the date of the Recognition Hearing, and the deadline for objecting to the relief sought in the Petition. It also tells them where they may find additional information. The Petitioners respectfully submit that no additional notice is warranted under the circumstances.

11.      Although the Notice does not contain the information set forth in section 1514(c) of the Bankruptcy Code, section 1514(c) does not apply to this case. Section 1514(c) provides that a notice of the commencement of a Chapter 15 case should tell foreign creditors the means of and deadline for submitting proofs of claim. However, this is an ancillary case under Chapter 15 and creditors will not be submitting proofs of claim in this Chapter 15 case. Section 1514(c) does not apply in these circumstances. *See Collier on Bankruptcy* ¶ 1514.01 (Resnick & Sommer 16th Ed.) (explaining that section 1514 is the "last in a series of sections dealing with the international aspects of cases under chapters other than chapter 15 that began with section 1511"). Alternatively, to the extent that section 1514 does apply, the Petitioners respectfully request that its requirements be waived as notice has been provided to stakeholders, including

U.S. creditors, by the Petitioners pursuant to the statutory requirements of the Cayman Proceeding.

### C. The Proposed Manner of Service Complies with the Bankruptcy Rules

12.     Bankruptcy Rule 2002(q)(1) requires notice of a hearing on a petition for recognition of a foreign proceeding to be provided by mail to: (a) all persons or bodies authorized to administer foreign proceedings of the debtor; (b) any entity against whom provisional relief is being sought under section 1519 of the Bankruptcy Code; (c) all parties to pending litigation in the United States in which the debtor is a party at the time of the filing of the petition; and (d) other parties as the court may direct, at least 21 days before the hearing. *See* Fed. R. Bankr. P. 2002(q).

13.     Due to COVID-19 and alternative workplace rules, including work-at-home adopted by many businesses throughout the United States, the Petitioners propose to serve the Notice, the Petition, and the documents submitted in support of the Petition on the Grand Court of the Cayman Islands and the parties listed on Exhibit C hereto (the "**Chapter 15 Notice Parties**") by e-mail (if a valid e-mail address for a party is known to the Petitioners), or alternatively, by United States mail, first-class postage prepaid, or overnight courier within three business days following entry of the Proposed Order.  Exhibit C includes all known parties that are entitled to receive notice under Bankruptcy Rule 2002(q)(1), and any party to a contract with Ascentra that is governed by U.S. law.  The Petitioners will also provide the Chapter 15 Notice Parties with notice of all other pleadings filed in this Chapter 15 case in accordance with the Bankruptcy Code and Bankruptcy Rules.

14.     Although not required by Rule 2002(q)(1), the Petitioners also intend, as a courtesy, to provide notice to other parties-in-interest ("**Known Interested Parties**") by e-mail and through publication via the Cayman Gazette, the official publication of the Cayman Islands

government. As each of these entities is located in various jurisdictions outside of the United States, service (which is being provided solely as a courtesy to those parties) by e-mail and Publication Notice will be expedient and cost-effective. Service in this manner is also consistent with Bankruptcy Rule 2002(m), which authorizes the Court to "enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent." *See* Fed. R. Bankr. P. 2002(m).

## V.     <u>NO PRIOR REQUEST</u>

15.     No previous request for the relief requested herein has been made to this Court or any other court.

## VI.     <u>NOTICE</u>

16.     The Petitioners request that the Court grant this motion without notice to creditors or other parties-in-interest. The Petitioners will serve notice of the signed order in accordance with the procedures set forth in this motion. In light of the nature of the relief requested, the Petitioners respectfully submit that no further notice should be required.

**WHEREFORE**, the Petitioners respectfully request entry of the Proposed Order: (a) scheduling the Recognition Hearing and setting the deadline for objections and other responses to the Petition at seven days prior to the Recognition Hearing; (b) approving the form of notice of the Petition and Recognition Hearing, substantially in the form of the proposed Notice attached hereto as Exhibit B; and (c) approving the proposed manner of service of the Notice.

Dated: October 27, 2021
New York, New York

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

*/s/ John A. Pintarelli*
John A. Pintarelli
Kwame O. Akuffo
31 West 52nd Street
New York, NY 10019-6131
Telephone: 212-858-1000
Facsimile: 212-858-1500

Claire K. Wu (*pro hac vice* pending)
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5524
Telephone: 213-488-3655
Facsimile: 213-629-1033

*Attorneys for Petitioners Graham Robinson and Ivy Chua,*
*in their capacities as Joint Official Liquidators of*
*Ascentra Holdings, Inc. (in Official Liquidation)*