PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY 10019-6131
Telephone: 212-858-1000
Facsimile: 212-858-1500
John A. Pintarelli
Kwame O. Akuffo

PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5524
Telephone: 213-488-3655
Facsimile:  213-629-1033
Claire K. Wu (*pro hac vice* pending)

*Attorneys for Petitioners Graham Robinson and Ivy Chua,*
*in their capacities as Joint Official Liquidators*
*of Ascentra Holdings, Inc. (in Official Liquidation)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Ascentra Holdings, Inc. (In Official Liquidation),<br><br>Debtor in a Foreign Proceeding.[1] | Case No. 21-11854 (DSJ)<br><br>Chapter 15 |

**MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE WITH RESPECT TO EMERGENCY REQUEST FOR PROVISIONAL RELIEF**

Graham Robinson and Ivy Chua, the duly appointed joint official liquidators ("**Petitioners**") of Ascentra Holdings, Inc. (In Official Liquidation) ("**Ascentra**"), a company in official liquidation in the Cayman Islands by way of a shareholder resolution to wind up the company (the "**Cayman Proceeding**"), which was brought under the supervision of the Grand Court of the Cayman Islands by an order dated September 17, 2021 (cause no. FSD 189 of 2021), by undersigned counsel, respectfully submit this motion (the "**Motion**"), for entry of an

---

[1] The Debtor's company registration number is 283719. The Debtor's registered office is c/o JTC (Cayman) Ltd., 94 Solaris Avenue, Camana Bay, Grand Cayman, KY1-1204 Cayman Islands.

order, substantially in the form attached as **Exhibit A** (the "**Proposed Order**"), pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure ("**Rule 9006(c)**"), shortening notice with respect to the *Emergency Request for Provisional Relief Pursuant to Sections 1519 and 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 et seq.* (the "**Bankruptcy Code**"), filed contemporaneously herewith (the "**Provisional Relief Application**").[2] In support of the Motion, the Petitioners respectfully state as follows:

## BACKGROUND

1. The relevant factual background is set forth in the Provisional Relief Application, the *Declaration of Graham Robinson*, and the *Verified Petition for Recognition of Foreign Insolvency Proceeding and Application for Additional relief under Chapter 15 of the Bankruptcy Code, and Memorandum of Law in Support Thereof* (the "**Verified Petition**").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and sections 105(a) and 1519 of the Bankruptcy Code.

3. Venue is proper pursuant to 28 U.S.C. § 1410 because Ascentra has assets within this District.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

5. The bases for the relief requested herein is Rule 9006(c)(1). The Petitioners have properly commenced this chapter 15 case under sections 1504 and 1509 of the Bankruptcy Code by filing the Verified Petition seeking recognition of the Cayman Proceeding.

---

[2] Capitalized used but not otherwise defined herein shall have the meanings ascribed to them in the Provisional Relief Application.

## RELIEF REQUESTED

6. By this Motion, the Petitioners seek entry of the Proposed Order: (a) shortening the notice period with respect to the Provisional Relief Application; and (b) scheduling an emergency hearing. As described in the Provisional Relief Application, provisional relief is urgently needed to preserve the *status quo* for the benefit of all of Ascentra's stakeholders and to protect the Cayman Proceeding. There is a material risk that Planet Payment Solutions, LLC ("**Planet Payment**") may transfer funds in accounts in the name of Shang Peng Gao Ke Inc SEZC ("**SPGK**"), an affiliate of Ascentra controlled by one of its shareholders outside the territorial jurisdiction of the United States to a party over whom this Court otherwise has no jurisdiction. Ascentra has contractual and equitable claims to the funds, which constitute material contingent assets of the foreign debtor.

## BASIS FOR RELIEF

7. Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce notice periods for motions. *See* Fed. R. Bankr. P. 9006(c)(1) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."); *In re Chateaugay Corp.*, 111 B.R. 399, 407-08 (S.D.N.Y. 1990).

8. Cause exists to shorten the notice period for the Provisional Relief Application. As set forth in the Provisional Relief Application, provisional relief is urgently needed to avoid irreparable harm because there is a material risk that Planet Payment may transfer the Planet Payment Funds to SPGK pending recognition of Ascentra's chapter 15 application. SPGK's summary income statement shows that the sale of Ascentra products and services has earned $284 million in net income since 2015.

9. The current shareholder dispute arises from SPGK's failure to transfer any of those the proceeds from the sale of Ascentra products (gross revenue or net income) to Ascentra for further distribution to its shareholders (after satisfaction of all liabilities), such that a minimum of $217 million of the net income could be distributed as a dividend to shareholders not affiliated with SPGK, the majority of which shares are beneficially held by U.S. parties.

10. Each agreement material to the shareholders' dispute is governed by Cayman law. SPGK is a Cayman entity and should comply with the stay imposed there with respect to asserting control of Ascentra's assets, as any such transfers would be void as a matter of Cayman law. The Liquidators, through counsel, have requested (a) Planet Payment provide all monthly statements for the card processing accounts to ascertain the origin of funds, (b) Planet Payment not transfer the funds unless jointly agreed to by SPGK and the Liquidators and (c) SPGK deposit the Planet Payment funds into the Grand Court until such time as the dispute is resolved. Robinson Declaration ¶ 27. Planet Payment has not provided any information or assurances regarding our requests. *Id*. Further, SPGK has written to Planet Payment demanding that Planet Payment not share any information with Ascentra or the Foreign Representatives. *Id*.

11. As noted in the Verified Petition also, Ascentra entered into an MOU with SPGK, which among other things, provided SPGK an exclusive license to sell Ascentra's software in the PRC in exchange for royalties equal to about 77% of the net revenues generated from such sales (thus Mr. Yoshida and his predecessor would retain their 23% of the net income, equal to their equity interest). Because the terms of the MOU were never fully implemented, Ascentra and SPGK entered into the Cancellation Agreement in which the parties agreed to take appropriate or necessary actions to remit all of the net revenues generated by SPGK and SPGK's proprietary brand names to Ascentra. Based on the Petitioners' preliminary investigation, SPGK has not

4

remitted any funds, including the Planet Payment Funds, as of the date of this filing. The Planet Payment Funds constitute approximately $77 million of the more than $280 million in net income generated from the sale of Ascentra products over the last 5 years, which under the Cancellation Agreement, amongst other agreements, SPGK was to hold for the benefit of and return to Ascentra, which it has not.

12. If the Court does not shorten the notice period for the Provisional Relief Application, such application will be rendered moot and the Planet Payment Funds may be transferred.

13. Such transfer would interfere with the Petitioners efforts to proceed with the orderly liquidation and wind up of the Cayman Proceeding. The Petitioners would be forced to shift their focus and responsibilities in overseeing Ascentra's financial affairs under the Cayman Proceeding, expend time and resources to trace and recover the Planet Payment Funds from an entity and person that is not otherwise subject to the jurisdiction of this Court, and incur significant legal fees. Such an endeavor would be extraordinarily burdensome and would inevitably deplete recoveries to Ascentra's stakeholders, thereby irreparably undermining the Cayman Islands' principle of providing equal treatment to creditors holding similar claims in a single, centralized forum. *See In re Gercke*, 122 B.R. 621, 626 (Bankr. D.D.C. 1991) (finding in a former section 304 case that expending available resources on litigation outside the bankruptcy process "would constitute a diversion of funds needed for the purpose of maximizing value," which "would constitute irreparable harm").

14. For these reasons, the Court should determine the disposition of the Provisional Relief Application as soon as possible by shortening the notice period and at the Court's earliest convenience.

15. Finally, the Petitioners request that the Court grant this Motion without notice to third parties. The Petitioners will serve notice of the signed Proposed Order in accordance with the procedures set forth in this Motion.

**NOTICE**

16. Notice of this Motion shall be provided to: (a) the United States Trustee for the Southern District of New York; (b) all known parties in interest domiciled in the United States; (c) Planet Payment; (d) SPGK; and (d) all parties that have filed a notice of appearance in this chapter 15 case. The Petitioners submit that such notice is sufficient and no other or further notice of this Application is necessary or required.

**NO PRIOR REQUEST**

17. No prior motion for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, for the foregoing reasons, the Petitioners respectfully request that the Court: (a) enter the Proposed Order substantially in the form attached as <u>Exhibit A</u>; and (b) grant such other and further relief as is just and proper.

New York, New York
Dated: October 28, 2021

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

<u>/s/ John A. Pintarelli</u>
John A. Pintarelli
Kwame O. Akuffo
31 West 52nd Street
New York, NY 10019-6131
Telephone: 212-858-1000
Facsimile: 212-858-1500

Claire Wu (*pro hac vice* pending)
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5524
Telephone: 213-488-3655
Facsimile: 213-629-1033

*Attorneys for Petitioners Graham Robinson and Ivy Chua, in their capacities as Joint Official Liquidators of Ascentra Holdings, Inc. (in Official Liquidation)*