UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Ascentra Holdings, Inc. (In Official Liquidation),<br><br>Debtor in a Foreign Proceeding.[1] | Case No. 21-11854 (DSJ)<br><br>Chapter 15 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS
OF SHANG PENG GAO KE INC. SEZC AND SPGK PTE LTD. TO
EMERGENCY REQUEST FOR PROVISIONAL RELIEF PURSUANT
TO SECTION 1519 AND 105(a) OF THE BANKRUPTCY CODE**

Shang Peng Gao Ke Inc. SEZC ("**SPGK Cayman**") and SPGK Pte Ltd. ("**SPGK Singapore**", and together with SPGK Cayman, "**SPGK**") by and through their undersigned counsel files this limited objection and reservation of rights to the *Emergency Request for Provisional Relief Pursuant to Section 1519 and 105(a) of the Bankruptcy Code* [Docket No. 9] (the "**Request for Provisional Relief**").  SPGK does not object to the stay relief requested by the Liquidators but objects to and seeks modification and clarification of the Proposed Order Granting Emergency Request for Provisional Relief Pursuant to Sections 1519 and 105(a) of the Bankruptcy Code (the "**Proposed Order**").

1.    In the Request for Provisional Relief, the Liquidators assert that the Debtors have a property interest in approximately $282 million in income allegedly generated by SPGK Cayman from 2016 to 2020 including $67 million in funds in a payment processing account held in the name of SPGK Cayman by Planet Payment Solutions LLC ("**Planet Payment**") in the United States.  Based on that asserted property interest and a stated concern that the funds may

---

[1] Capitalized terms used but not otherwise defined herein shall have the definitions ascribed thereto in the Request for Provisional Relief.

be transferred to offshore accounts, the Liquidators seek an order applying section 362 to the Planet Payment Funds.

2.      The Liquidators' characterization of the facts describing the Debtors' relationship with SPGK Cayman and the Debtors' purported rights to all of the income generated by SPGK Cayman are not accurate.  However, the nature of those mischaracterizations are not relevant for purposes of the present Request for Provisional Relief and SPGK reserves all of their rights to correct the Liquidators' misstatements at the appropriate time and the appropriate forum.  Suffice it to say, SPGK disputes the Liquidators' assertion of property interests in SPGK Cayman's income and the Planet Payment Funds.  Despite that, SPGK recognizes that there is a dispute between the Debtors/Liquidators and SPGK Cayman that will need to be resolved either through separate litigation or agreement.  Based on that dispute, SPGK has not sought to transfer the funds from the Planet Payment account, has no intention to do so and indeed SPGK Singapore has instructed Planet Payment to preserve the status quo.  That is why SPGK does not oppose the requested provisional stay relief, although SPGK's position effectively renders such relief superfluous and unnecessary.

3.      Although SPGK does not object to the provisional stay relief requested by the Debtors, SPGK objects to the following provisions of the Proposed Order and requests the following modifications:

- In paragraph g, the Proposed Order includes a finding that SPGK Cayman "has sought to have the funds transferred outside the United States." That finding is not correct and should be stricken from the Proposed Order.

- The Proposed Order should be made clear that it does not include any determinations of the Debtors' asserted property interests including in respect

of the Planet Payment Funds. As currently drafted, the Proposed Order suggests that the Debtors do have such a property interest. It is inappropriate for the Court to be making such determinations in the context of this request for provisional relief on an incomplete evidentiary record. In that regard, the following provision should be added to the Proposed Order: "Nothing contained in this Order shall constitute a finding or determination regarding the existence or validity of the Debtors' claims to or property interests in the Planet Payment Funds or any other assets or property in which the Debtors have asserted a claim or interest."

4. SPGK Singapore is a Singapore entity that is a subsidiary of SPGK Cayman, a Cayman Islands entity, and SPGK Cayman's and SPGK Singapore's connections to the United States are limited to SPGK Singapore's agreement with the United States-based Planet Payment and the Planet Payment Funds. Ascentra is a Cayman Islands entity and also has limited ties to the United States. While the Planet Payment Funds are located within the territorial jurisdiction of the United States, the majority of the amounts in dispute are outside of the territorial jurisdiction of the United States. Accordingly, nothing in the Proposed Order should be construed (i) to limit SPGK Cayman from commencing action in a non-U.S. forum to adjudicate the ownership dispute in respect of SPGK Cayman's income including the Planet Payment Funds (recognizing that the Proposed Order restrains the transfer of the Planet Payment Funds) or (ii) to constitute a determination that the Bankruptcy Court or another U.S. court is the proper forum for adjudication of the ownership dispute including in respect of the Planet Payment Funds.

5. Through the Request for Provisional Relief, the Liquidators claim they should be permitted to take discovery "in connection with the Planet Payment account." Request for

3

Provisional Relief at ¶ 1. This discovery is stated to be "from relevant parties about the timing and source of the Planet Payment Funds" but the contemplated scope of discovery remains unclear and particularly whether it will improperly extend beyond United States interests. *Id.* at ¶ 30. While the Proposed Order preserves the rights of recipients to object to the Liquidators' proposed discovery, that reservation of rights set forth in paragraph 5 of the Proposed Order should be broadened to add the underlined language as follows: "provided that any subpoenas served pursuant to this authority set forth in this paragraph shall be without prejudice to the recipients' <u>or any other party in interest's</u> rights to object in accordance with the applicable procedural rules." SPGK should be afforded the right to object to discovery even if it is not the direct target of the request at issue.

## **CONCLUSION**

6.      SPGK respectfully requests that this Court modify or clarify the Proposed Order in the manner described herein and grant such further relief as the Court deems just and proper.


Dated: November 1, 2021          By: */s/ Benjamin Mintz*

**ARNOLD & PORTER KAYE SCHOLER LLP**

Benjamin Mintz
Eric N. Whitney
Diana Mahoney
250 W. 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Facsimile: (212)-836-8689
Email: Benjamin.Mintz@arnoldporter.com
         Eric.Whitney@arnoldporter.com
         Diana.Mahoney@arnoldporter.com

*Attorneys for Shang Peng Gao Ke Inc. SEZC and SPGK Pte Ltd.*

US 170654971