UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Ascentra Holdings, Inc. (In Official Liquidation),<br><br>Debtor in a Foreign Proceeding.[1] | Case No. 21-11854 (DSJ)<br><br>Chapter 15 |

### ORDER GRANTING EMERGENCY REQUEST FOR PROVISIONAL RELIEF PURSUANT TO SECTIONS 1519 AND 105(a) OF THE BANKRUPTCY CODE

Upon consideration of (i) the *Emergency Request For Provisional Relief Pursuant to Sections 105(a) and 1519(a) of the Bankruptcy Code* (the "**Application**")[2] of Graham Robinson and Ivy Chua, the duly appointed joint official liquidators ("**Petitioners**" or "**Liquidators**") of Ascentra Holdings, Inc. (In Official Liquidation) ("**Ascentra**"), a company in official liquidation in the Cayman Islands by way of a shareholder resolution to wind up the company (the "**Cayman Proceeding**"), which was brought under the supervision of the Grand Court; (ii) the *Verified Petition for Recognition of Foreign Insolvency Proceeding and Application for Additional Relief under Chapter 15 of the Bankruptcy Code, and Memorandum of Law in Support Thereof* (the "**Verified Petition**"); (iii) all documents submitted in support of the Verified Petition; (iv) the Declaration of Graham Robinson in Support of the Verified Petition and the Application; (v) the record established at the hearing on the Application; and (vi) with a limited objection and reservation of rights filed by **Shang Peng Gao Ke Inc. SEZC and SPGK PTE Ltd. (collectively, "SPGK")** [ECF No. 15] (the "**Limited Objection**"), and after hearing argument related to the Application and the Limited Objection, the Court finds and concludes as follows: **[DSJ 11/2/2021]**

---

[1] The Debtor's company registration number is 283719. The Debtor's registered office is c/o JTC (Cayman) Ltd., 94 Solaris Avenue, Second Floor, Camana Bay, PO Box 30745, Grand Cayman, Cayman Islands, KY1-1203.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

a. This Court has jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference to Bankruptcy Judges of the District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.);

b. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P);

c. Venue is proper before this Court pursuant to 28 U.S.C. § 1410;

d. This chapter 15 case has been commenced by the appointed foreign representative;

e. This Court has the authority to grant the provisional relief requested by the Application (the "**Provisional Relief**") under 11 U.S.C. §§ 105(a), 362, 1519, 1521 and 1522;

f. Based on the evidentiary record currently before the Court, there is a substantial likelihood that the Petitioners will successfully demonstrate that the Cayman Proceeding constitutes a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code and the other prerequisites to recognition of the foreign proceeding will be established. Accordingly, the Petitioners have shown a substantial likelihood of success that recognition will be granted and that the automatic stay set forth in 11. U.S.C. § 1520 will be applicable.

g. The Petitioners have asserted colorable contractual and equitable claims to funds held in bank account in the name of SPGK, an entity owned by a significant shareholder and director of Ascentra, which account is maintained by a credit card processor, Planet Payment, Inc. in New York (the "**Planet Payment Funds**"). Petitioners have contended that SPGK has refused to deposit the Planet Payment Funds into the Grand Court.

h. Protection of Ascentra's assets in the United States is appropriate to preserve stakeholder rights to equal treatment and to preserve the ability of the Grand Court to enforce the

provisions of Cayman Islands law, and SPGK does not oppose such relief on an interim basis (Limited Objection, ¶ 2).

i. There is accordingly a material risk of irreparable harm if the provisional relief in the Order is not granted. The relief set forth herein will not prejudice any other parties, and the balance of hardships favors the grant of such relief. The public policy of ensuring even-handed enforcement of the rules of the foreign proceeding also favors the requested relief.

j. Appropriate, sufficient and timely notice of the filing of the Application and the hearing have been given on shortened notice pursuant-to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). **[DSJ 11/2/2021]**

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, AND FOR THE REASONS STATED ON THE RECORD AT THE HEARING ON THE APPLICATION, IT IS HEREBY ORDERED:**

1. The findings and conclusions set forth in this Order constitute the Court's findings of fact and conclusions of law under Rule 7052 of the Bankruptcy Rules, made applicable to this proceeding under Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of the law, they are adopted as such; to the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. The period beginning with the entry of this Order and continuing until such time as this Court has entered an Order with respect to the Petitioners' request for the recognition of the Cayman Proceeding as a "foreign main proceeding" and the Petitioners as "foreign representatives" is referred to herein as the "Interim Period."

3. During the Interim Period, the Petitioners shall be the representative of Ascentra with full and sole authority to administer Ascentra's assets and affairs in the United States on a

provisional basis; provided, however, that during the Interim Period the Petitioners may not remove any assets of Ascentra from the United States.

4. Section 362 of the Bankruptcy Code shall be applicable during the Interim Period pursuant to sections 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code with respect to Ascentra and its property located within the territorial jurisdiction of the United States; provided, that nothing herein modifies or limits the exceptions to the automatic stay that are set forth in section 362 or elsewhere in the Bankruptcy Code. Without limiting the generality of the foregoing, and subject to the exceptions set forth in section 362, during the Interim Period, all persons or entities, including without limitation, the SPGK and Planet Payment Solutions, LLC, are stayed from:

   a. the commencement or continuation, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against Ascentra or its assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against Ascentra or its assets or proceeds thereof, or to exercise any control over Ascentra's assets located in the United States, except as otherwise authorized by the Petitioners in writing;

   b. the creation, perfection, seizure, attachment, enforcement, or execution of liens or judgments against Ascentra's property in the United States or from transferring, encumbering or otherwise disposing of or interfering with Ascentra's assets in the United States without the express written consent of the Petitioners;

   c. any act to collect, assess, or recover a claim against Ascentra that arose before the commencement of its chapter 15 case;

   d. the setoff of any debt owing to Ascentra that arose before the commencement of its chapter 15 case against any claim against Ascentra; and

   e. the transfer, relinquishment or disposal of any property of Ascentra to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Petitioners and their expressly authorized representatives and agents.

5. During the Interim Period, under sections 1519(a)(3) and 1521(a)(4) of the Bankruptcy Code, the Petitioners are hereby authorized to issue subpoenas in accordance with applicable procedural rules for the examination of witnesses and/or the production of documents within the territorial jurisdiction of the United States concerning the assets, affairs, rights, obligations or liabilities of Ascentra and its affiliates, including subpoenas to intermediary banks that process U.S. dollar denominated wire transfers and maintain records of such transfers; provided that any subpoenas served pursuant to this authority set forth in this paragraph shall be without prejudice to the **recipient's** or any other party in interest's rights (if any) to object in accordance with the applicable procedural rules. **[DSJ 11/2/2021]**

6. Nothing contained in this Order shall constitute a finding or determination regarding the existence or validity of Ascentra's claims to a property interest in the Planet Payment Funds or any other assets or property in which Ascentra has asserted a claim or interest.

7. Nothing in this Order shall be construed to (i) limit SPGK from commencing an action in a non-U.S. forum to adjudicate the dispute regarding the ownership of the assets or property claimed by Ascentra, including the Planet Payment Funds or (ii) constitute a determination that this Court or another U.S. court is the proper forum for the adjudication of such dispute.

8. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective immediately and enforceable upon its entry.

9. The Petitioners and their successors, representatives, advisors, or counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

10. Pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

11. This Order shall be served on: (i) the United States Trustee for the Southern District of New York; (ii) all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code; (iii) all known creditors of Ascentra in the United States; and (iv) all parties that have filed a notice of appearance in this chapter 15 case.

12. Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes. The Petitioners, Ascentra, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

13. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: New York, New York
      November 2, 2021

                                            *s/ David S. Jones*
                                            Honorable David S. Jones
                                            United States Bankruptcy Judge