**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Ascentra Holdings, Inc. (In Official Liquidation),<br><br>Debtor in a Foreign Proceeding.[1] | Case No. 21-11854 (DSJ)<br><br>Chapter 15 |

**ORDER GRANTING RECOGNITION AND RELIEF IN AID OF A
FOREIGN MAIN PROCEEDING PURSUANT TO SECTIONS 1504,
1509, 1515, 1517, 1520, AND 1521 OF THE BANKRUPTCY CODE**

Graham Robinson and Ivy Chua, duly appointed joint official liquidators ("**Petitioners**" or "**Liquidators**") of Ascentra Holdings, Inc. (in Official Liquidation) ("**Ascentra**"), a company in official liquidation in the Cayman Islands ~~(the "Cayman Proceeding")~~ by way of a shareholder resolution to wind up the company (the "**Cayman Proceeding**"), which was brought under the supervision of the Grand Court of the Cayman Islands (the "**Grand Court**") by an order dated September 17, 2021 (cause no. FSD 189 of 2021) (the "**Supervision Order**"), by its undersigned United States counsel, Pillsbury Winthrop Shaw Pittman LLC having filed the Official Form Petition and the *Verified Petition for Recognition of Foreign Insolvency Proceeding and Application for Additional Relief under Chapter 15 of the Bankruptcy Code, and Memorandum of Law In Support Thereof* (the "**Verified Petition**" and, together with the Official Form Petition, the "**Petition**") and the accompanying Robinson Declaration, Cowan Declaration and Pintarelli Declaration, seeking relief pursuant to chapter 15 of the Bankruptcy Code; and upon due consideration of the Petition, Robinson Declaration, Cowan Declaration and Pintarelli Declaration, together with all exhibits thereto, in support of the Petition; and the

---

[1] The Debtor's company registration number is 283719. The Debtor's registered office is c/o JTC (Cayman) Ltd., 94 Solaris Avenue, Second Floor, Camana Bay, PO Box 30745, Grand Cayman, Cayman Islands, KY1-1203.

Liquidators having filed an *Emergency Request for Provisional Relief Pursuant to Sections 1519 and 105(a) of the Bankruptcy Code* [~~Dkt.~~ ECF No. 9] (the "**Provisional Relief Request**"); with a limited objection and reservation of rights filed by Shang Peng Gao Ke Inc. SEZC and SPGK PTE Ltd. (collectively, "**SPGK**") [ECF No. 15] (the "**Limited Objection**"); and after hearing argument related to the Provisional Relief Request and the Limited Objection; and the Court having entered an order granting the Provisional Relief Request as modified to resolve the Limited Objection [~~Dkt.~~ ECF No. 17] (the "**Provisional Relief Order**"); and SPGK having filed a reservation of rights statement in respect of the Petition [ECF No. 20]; and a hearing having been held on December 3, 2021 to consider the Petition and SPGK's reservation of rights, at which the Robinson Declaration, Cowan Declaration and Pintarelli Declaration were received into evidence **(the "Hearing")**; and appropriate and timely notice of the filing of the Petition and the Hearing thereon having been given by the Liquidators pursuant to section 1514 of the Bankruptcy Code; and such notice having been adequate and sufficient for all purposes; and no other or further notice being necessary or required; and no objections having been filed; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court makes the following facts and conclusions of law:**[DSJ 12/6/2021]**

  A.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11. U.S.C. §§ 109 and 1501 and the *Amending Standing Order of Reference* from the United States District Court for the Southern District of New York dated February 1, 2012.

  B.  Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410(2) because Ascentra possesses assets within this district, and the Court may enter a final order consistent with Article III of the United States Constitution.

C.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D.  The Liquidators are the "foreign representatives" of Ascentra within the meaning of 11 U.S.C. § 101(24).

E.  The chapter 15 case of Ascentra was properly commenced pursuant to 11 U.S.C. §§ 1504, 1509 and 1515.

F.  The Liquidators have satisfied the requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

G.  The Cayman Proceeding is a foreign proceeding within the meaning of 11 U.S.C. § 101(23).

H.  The Cayman Proceeding is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

I.  The Cayman Proceeding is pending in the Cayman Islands, the country where Ascentra's center of main interests is located and, accordingly, the Cayman Proceeding is a foreign main proceeding pursuant to 11 U.S.C. § 1502(4) and is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

J.  The Liquidators are entitled to all of the relief afforded under 11 U.S.C. § 1520 and the additional relief provided herein pursuant to 11 U.S.C. § 1521.

K.  The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to 11 U.S.C. §§ 1507, 1517, 1520 and 1521.

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.  The Petition is granted as set forth herein.

2.  The Cayman Proceeding is hereby recognized as a foreign main proceeding

pursuant to 11 U.S.C. § 1517(a) and (b)(1).

3. The relief and protection afforded under 11 U.S.C. § 1520 is hereby granted, including the application of the automatic stay under section 362 of the Bankruptcy Code to Ascentra and its property in the territorial jurisdiction of the United States; *provided*, that nothing herein modifies or limits the exceptions to the automatic stay that are set forth in section 362 or elsewhere in the Bankruptcy Code. Accordingly, except to the extent permitted by section 362 or elsewhere in the Bankruptcy Code, all persons and entities are stayed from:

    (a) executing against Ascentra's property or assets;

    (b) taking or continuing any act to obtain possession of, or exercise control over, the Liquidators (with respect to Ascentra), Ascentra, or any of Ascentra's property or assets;

    (c) taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against the Liquidators (with respect to Ascentra), Ascentra, or any of Ascentra's property or assets as of the date of the filing of the Petition, or otherwise seeking the issuance of or issuing any restraining notice or other process or encumbrance with respect to Ascentra or any of Ascentra's property or assets; and

    (d) transferring, relinquishing or disposing of any property of Ascentra to any person or entity other than the Liquidators.

4. The Liquidators or any third person acting pursuant to the Liquidators' instructions or agreement may transfer funds or property belonging to Ascentra into or out of the United States of America in accordance with their respective obligations to Ascentra or under the Cayman Liquidation; *provided, however*, that the Liquidators shall file and serve notice at least

14 calendar days prior to a transfer of funds or property out of the United States (which notice shall describe the property being transferred) to provide an opportunity for parties in interest to object to such a transfer or to seek a stay of such a transfer if such parties in interest believe there are grounds for such relief.  Such notice shall be served on all parties who are generally entitled to receive notices in these proceedings pursuant to Bankruptcy Rule 2002 and, in addition, on any person who has or has asserted an interest in such property.

5. The Liquidators are hereby authorized to take possession and to seek turnover of any and all documents, records, filings, or other information, however stored, that belongs to Ascentra and that is found in the territorial jurisdiction of the United States.

6. The Liquidators are authorized to operate the business of Ascentra that is the subject of the Cayman Proceeding and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. §§ 1520 and 1521.

7. The administration or realization of all or part of the assets of Ascentra within the territorial jurisdiction of the United States of America is hereby entrusted to the Liquidators and the Liquidators are hereby established as the exclusive representatives of Ascentra in the United States of America.

8. The Liquidators are hereby authorized to issue subpoenas in accordance with applicable procedural rules for the examination of witnesses and/or the production of documents within the territorial jurisdiction of the United States concerning the assets, affairs, rights, obligations or liabilities of Ascentra and (to the extent relevant) Ascentra's affiliates, including subpoenas to intermediary banks that process U.S. dollar denominated wire transfers and maintain records of such transfers; ***provided***, that any subpoenas served pursuant to the authority set forth in this paragraph shall be without prejudice to the recipients' or any other party in

interests' rights (if any) to object in accordance with the applicable procedural rules.

9. Ascentra and SPGK shall not transfer any funds in credit card processing accounts maintained by Planet Payment Inc. or any of its affiliates in the name of SPGK (the "**Planet Payment Funds**") without further order of this Court. Nothing contained in this Order shall constitute a finding or determination regarding the existence or validity of Ascentra's claims to a property interest in the Planet Payment Funds or any other assets or property in which Ascentra has asserted a claim or interest.

10. Nothing in this Order shall be construed to (i) limit SPGK from commencing an action in a non-U.S. forum to adjudicate the dispute regarding the ownership of the assets or property claimed by Ascentra, including the Planet Payment Funds or (ii) constitute a determination that this Court or another U.S. court is the proper forum for the adjudication of such dispute.

11. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

12. Notwithstanding Bankruptcy Rule 7062, made applicable to this chapter 15 case by Bankruptcy Rule 1018, the terms and conditions of this Order shall be effective and enforceable immediately upon its entry, and this Order shall become final and appealable.

New York, New York  
Dated: December 6, 2021

                                      *s/David S. Jones*  
                                      Honorable David S. Jones  
                                      United States Bankruptcy Judge