**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Ascentra Holdings, Inc. (In Official Liquidation),<br><br>Debtor. | Case No. 21-11854 (DSJ)<br><br>Chapter 15 |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

This Stipulated Confidentiality Agreement and Protective Order (the "**Protective Order**") is entered into by and among: (a) Ascentra Holdings, Inc. (In Official Liquidation) ("**Ascentra**" or the "**Debtor**") and (b) Planet Payment, Inc. ("**Planet Payment**"), recipient of a non-party subpoena from Ascentra in connection with the Chapter 15 Case (as defined below). Each of the persons or entities identified in the foregoing clauses shall be referred to herein individually as a "**Party**" and, collectively, as the "**Parties**."

The terms and conditions of this Protective Order shall govern the disclosure, discovery, production and use of documents and other information provided by Planet Payment to Ascentra in the Matters (as defined below).

1. The following definitions shall apply to this Protective Order:

"**Advisors**" shall include consultants or experts engaged by the JOLs in connection with the Chapter 15 Case.

"**Cayman Liquidation**" means the winding up proceeding of Ascentra Holdings, Inc. pursuant to the order dated September 17, 2021, entered by the Grand Court of the Cayman Islands.

"**Chapter 15 Case**" means the case captioned *In re Ascentra Holdings, Inc. (In Official Liquidation)*, Case No. 21-11854 (DSJ) (Bankr. S.D.N.Y.) and any related adversary proceeding(s) exclusively between Ascentra and SPGK.

"**Confidential Information**" means all documents or testimony, and all information contained therein, containing: (i) financial, proprietary, or commercial information that may be subject to a protective order under Fed. R. Civ. P. 26(c)(1)(G); (ii) confidential, non-public personal information that is protected from disclosure by statute, regulation or otherwise; or (iii) any other non-public, confidential, proprietary, or commercially sensitive information.

The term Confidential Information will not include information that:

- is or becomes publicly available other than as a result of a disclosure by any Receiving Party or any of its Representatives or Advisors in breach of this Protective Order;

- a Receiving Party or its Representatives or Advisors obtain independently, not pursuant to this Protective Order;

- is or becomes available to the Receiving Party or any of its Representatives or Advisors on a non-confidential basis from a source (other than a Disclosing Party), which source is not known to the Receiving Party to be subject to any prohibition from disclosing such information to the Receiving Party;

- is independently developed by such Receiving Party or any of its Representatives or Advisors without violating its obligations hereunder and without using any Confidential Information; or

- is determined by a court of competent jurisdiction not to be Confidential Information.

"**Court**" means any court with jurisdiction over any aspect of a proceeding.

"**Disclosing Party**" means Planet Payment or any affiliated person or entity producing Discovery Material to Ascentra or other Receiving Party.

"**Discovery Material**" refers to all discovery documents, deposition testimony, interrogatory answers, and other information produced, given, provided or exchanged in connection with discovery, to Ascentra in the Chapter 15 Case.

"**Document**" has the same meaning as provided in Rule 34 of the Federal Rules of Civil Procedure and Civil Rule 26.3 of the Local Rules for the United States District Court for the Southern District of New York (made applicable by Local Bankruptcy Rule 7026-1).

"**JOLs**" means Graham Robinson and Ivy Chua, solely in their capacities as the Court-appointed joint official liquidators and recognized foreign representatives of Ascentra.

"**Matters**" shall collectively mean the Cayman Liquidation, the Chapter 15 Case and any disputes or litigation exclusively between Ascentra and SPGK relating to the subject matter of the Chapter 15 Case.

"**Receiving Party**" means Ascentra, the JOLs and any other party that may be granted access to the Discovery Material subject to this Protective Order.

"**Representatives**" shall include affiliates, directors, officers, and employees.

"**Retained Information**" shall have the meaning set out in paragraph 21 below.

"**SPGK**" shall collectively refer to Shang Peng Gao Ke Inc. SEZC, SPGK PTE Ltd. and their Representatives.

"**Transcript Designation Period**" shall have the meaning set out in paragraph 10 below.

2. Discovery Material shall be used solely for purposes of the Matters and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding; *provided, however*, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record other than as a result of a disclosure by any Receiving Party or any of its Representatives or Advisors in breach of this

Protective Order. Nothing herein shall prejudice the Receiving Parties' ability to discover or otherwise obtain any Discovery Material through the ordinary course of any other proceeding.

3. The Receiving Parties' obligations with respect to Discovery Material shall not be understood or construed to extend beyond the express terms of this Protective Order.

4. A Disclosing Party's designation of Discovery Material as Confidential Information constitutes a representation that such Discovery Material has been reviewed by counsel and that there is a good faith basis for such designation.

5. Every person to whom Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed or used for purposes other than those permitted hereunder, and each Receiving Party further agrees that it will:

   a. keep Confidential Information confidential and will not (except as required by applicable law, rule, regulation, legal process, or court order, and only after compliance with paragraph 11 below), without the Disclosing Party's prior written consent, disclose any Confidential Information to any other person or entity, except as provided for in this Protective Order; and

   b. use reasonable efforts to safeguard the Confidential Information and to protect the Confidential Information against disclosure, misuse, espionage, loss, and theft by any corporation, company, partnership, or individual.

6. Confidential Information may be disclosed in whole or in part to only the following persons:

   a. The JOLs and the JOLs' Representatives who are assisting with or making decisions concerning the Matters, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting with the Matters for use in accordance with this Protective Order;

   b. Counsel who represents the JOLs in the Matters (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and

litigation support services) who are assisting with the Matters for use in accordance with this Protective Order;

c. Advisors assisting counsel for the JOLs in connection with the Matters, but only to the extent necessary for such persons to perform their role as experts or consultants;

d. As to any document, the person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, as to meeting minutes, an attendee of the meeting for use in accordance with this Protective Order;

e. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in the Matters or any appeal therefrom; and

f. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) whom the Parties agree in writing that Confidential Information may be disclosed.

7. Before using Confidential Information in any dispute or litigation outside the United States exclusively between Ascentra and SPGK, the Receiving Party must notify the Disclosing Party about the proceeding's existence.

8. To the extent that testimony is sought concerning Confidential Information during any deposition or in any other pre-trial venue, the Receiving Party must exclude any person from the deposition or other venue during such testimony if the Confidential Information may not be disclosed to such person under the terms of this Protective Order unless the Parties agree in writing otherwise.

9. Notwithstanding paragraph 6, Confidential Information may be provided to Representatives and Advisors only after they confirm their understanding and agreement to abide by the terms of this Protective Order by making such a statement on the record and by signing an undertaking in the form attached as <u>Exhibit A</u> hereto.

10. Designation of Documents or other material as containing Confidential Information may be made at or prior to the time of production of documents by stamping or

otherwise affixing the legend "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on each page deemed Confidential, in a manner that does not interfere with the legibility of the document. The Disclosing Party must limit designations of Confidential Information to only those parts of Documents, testimony, or material that contain Confidential Information. If Confidential Information is disclosed in a form not appropriate for such marking, it shall be designated as Confidential in writing at the time it is delivered to the Receiving Party.

11. If the Receiving Party in good faith reasonably believes that Confidential Information has been disclosed during a deposition or proceeding, it must designate the specific testimony as Confidential either on the record at the deposition or other proceeding, or in writing no later than seven (7) business days following the date on which counsel for the Disclosing Party has received the final version of the transcript of the deposition or other proceeding (the "**Transcript Designation Period**"); *provided that* testimony designated as Confidential shall remain subject to such designation during the Transcript Designation Period.

12. If, at any time, a Party objects to a designation of Confidential Information under this Protective Order, the objecting Party shall notify the Disclosing Party in writing. Within seven (7) calendar days of receipt of such notification, counsel for the Disclosing Party and the Receiving Party shall confer in good faith to resolve the issue on an expedited basis. Absent a consensual resolution, the Receiving Party may request, upon written notice to the Disclosing Party and on an expedited basis, that the Court resolve the issue. The material in question shall be treated as it was initially designated by the Disclosing Party pending resolution of the issue.

13. If the Receiving Party intends to offer into evidence or otherwise use Discovery Material designated as Confidential in any public filing, then such Receiving Party shall obtain advance written consent of the Disclosing Party to such offer or use; file under seal the

Discovery Material in question or any substantive references thereto; or obtain an order of the Court permitting the disclosure after advance written notice and a reasonable opportunity for the Disclosing Party to be heard on such proposed relief.  **This Order does not, by itself, authorize the filing of any document under seal.  Any Party wishing to file Confidential Information in connection with a motion, brief, or other submission to the applicable court must comply with Local Bankruptcy Rule 9018-1 or equivalent under foreign law.**  If only portions of a document contain Confidential Information, the Party filing the document shall submit to the Court a redacted copy, in accordance with such Court's rules.  Any request for relief from the Court may be heard on expedited notice of no less than five (5) business days, subject to the Court's calendar.

14. Notwithstanding anything to the contrary herein, if a Receiving Party or any of the Receiving Party's Representatives is requested pursuant to, or becomes legally compelled by, applicable law, rule, regulation, regulatory authority, or legal process to make any disclosure that is otherwise prohibited or constrained by this Protective Order, the Receiving Party or such Representative, as the case may be, shall provide written notice of such legal proceedings or compelled disclosure (unless such notice is prohibited by applicable law) to the Disclosing Party and the Disclosing Party's counsel pursuant to the notice provisions set forth herein promptly upon receiving such notice and, unless such required disclosure by its terms compels the Receiving Party to disclose such Discovery Material in a shorter period, at least ten (10) business days prior to compliance by the Receiving Party with the request for disclosure of Discovery Material, so that the Disclosing Party may seek an appropriate protective order or other appropriate relief, or in the Disclosing Party's sole discretion, waive compliance with the terms of this Protective Order.  In the absence of a protective order or the Receiving Party's receiving

such a waiver from disclosure, the Receiving Party or its Representative shall be permitted (with the Disclosing Party's cooperation) to disclose only that portion of the Discovery Material that the Receiving Party or the Representative is advised by the Receiving Party's counsel is legally required to be disclosed and shall inform (in writing) any person to whom any Discovery Material is so disclosed of the confidential nature of such Discovery Material.

15. Each Receiving Party acknowledges that none of the Disclosing Parties make any express or implied representation or warranty as to the accuracy or completeness of Confidential Information, and each Receiving Party agrees that no Disclosing Party shall have any liability arising from any errors in Confidential Information.

16. Nothing in this Protective Order shall prevent or limit any right of any Receiving Party from seeking any information through subpoena, formal discovery or other process, or prevent or limit any right of a Disclosing Party to object on any basis to any such subpoena, formal discovery or other process.

17. Subject to the JOLs' right to challenge any assertion of privilege or prohibition from disclosure, nothing in this Protective Order shall require disclosure of information by a Disclosing Party that the Disclosing Party contends is protected or prohibited from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege or other protection, including without limitation any applicable data privacy laws.

18. <u>Inadvertent Disclosure</u>. If information protected or prohibited from disclosure is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information or any other information that may be protected from disclosure by the attorney-client privilege, work-product immunity, or any other legally cognizable privilege or other

protection.  If a Receiving Party reasonably believes it is in possession of inadvertently or mistakenly produced Discovery Material that is protected by attorney-client privilege, work-product immunity, or any other legally cognizable privilege or other privilege, it shall notify the Disclosing Party in writing within five (5) business days of such discovery.  If a Disclosing Party inadvertently or mistakenly produces information that is protected or prohibited from disclosure, upon written request by the Disclosing Party after the discovery of such inadvertent or mistaken production, the Receiving Party shall use all commercially reasonable efforts to return, destroy, or segregate (without use) the information for which a claim of inadvertent production is made and all copies of it, including any work product containing, identifying, or referencing such information, within five (5) business days of such request, and the Receiving Party shall not use such information for any purpose other than in connection with a motion to compel production of the information.  The Receiving Party may then move the Court for an order compelling production of the information, but that motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production of the information.

19. <u>Inadvertent Failure to Designate</u>.  If Confidential Information is inadvertently or mistakenly produced without a Confidential designation, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any later claim of Confidential status.  If a Disclosing Party inadvertently or mistakenly produces such Confidential Information without a Confidential designation, upon written request by the Disclosing Party after the discovery of such inadvertent or mistaken production, the Receiving Party shall use all commercially reasonable efforts to return, destroy, or segregate (without use) the information for which a claim of inadvertent production is made and all copies of it, including any work product containing, identifying, or referencing such information, within five (5) business days of such

request, and the Receiving Party shall not use such information for any purpose other than in connection with a motion to compel production of the information without a Confidential designation. The Disclosing Party shall re-produce such Confidential Information with the Confidential designation within five (5) business days of receipt of written confirmation by the Receiving Party that the Receiving Party has returned, destroyed or segregated (without use) such information. The Receiving Party may move the Court for an order compelling production of the information without designation, but that motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production of the information.

20. Entering into this Protective Order, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Protective Order, shall not:

   a. Prejudice in any way the rights of the Disclosing Party to object to the authenticity or admissibility into evidence of any Discovery Material;

   b. Operate as an admission by the Disclosing Party that any particular Discovery Material constitutes Confidential Information or contains or reflects trade secrets or any other type of confidential information;

   c. Prejudice in any way the rights of the Disclosing Party to (i) petition the Court for a further protective order relating to any purportedly Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material should be subject to the terms of this Protective Order;

   d. Prejudice in any way the rights of the Disclosing Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

   e. Preclude the Disclosing Party from objecting to discovery that it believes to be otherwise improper; or

   f. Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

21. The Parties agree to be bound by the terms of this Protective Order pending the entry by the Court of this Protective Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

22. Within sixty (60) days of the entry of an order, judgment, or other decree finally disposing of the Cayman Liquidation, each Receiving Party shall either (at the Receiving Party's election) promptly destroy all copies of all Discovery Material in its possession, or promptly deliver to the Disclosing Party all copies of the Discovery Material in its possession, and certify to that fact in writing to counsel for the Disclosing Party; *provided, however*, that the Receiving Parties may retain all analyses, complications, forecasts, studies or other documents prepared by the Receiving Parties, including those reflecting Confidential Information, and such other information that such Receiving Party is required to retain by law (collectively, the "**Retained Information**"); *provided, further, however*, that the Receiving Party shall not be required to return or destroy any Discovery Material if the Disclosing Party agrees in writing that the Receiving Party may retain such Discovery Material or the Receiving Party obtains an order of the Court authorizing it to retain such Discovery Material. Any Receiving Party that retains any Retained Information or other Confidential Information pursuant to this paragraph 21 will continue to be subject to the terms of this Protective Order in respect of all such information.

23. Notwithstanding this provision, counsel for the Receiving Party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney-work product, and consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order.

24. Any Personally Identifying Information ("**PII**") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft of an individual) shall be redacted in full prior to production. In the event a Party receives PII, that

Receiving Party shall notify the Disclosing Party within five (5) business days of learning they are in receipt of PII. The Disclosing Party shall furnish the Receiving Party with a copy of the same document with the PII redacted within five (5) business days of the notification.

25. All notices and other communications to the parties required or permitted under this Protective Order shall be in writing and shall become effective when delivered by electronic mail, overnight courier service, first class mail (postage prepaid) or hand delivery, addressed as follows:

If to the Ascentra:

> Pillsbury Winthrop Shaw Pittman LLP
> Attn: John A. Pintarelli
> 31 West 52nd Street
> New York, NY 10019
> Email: john.pintarelli@pillsburylaw.com

If to Planet Payment:

> Allegaert Berger & Vogel LLP
> Attn: Richard L. Crisona
> 111 Broadway, 20th Floor
> New York, NY 10006
> Email: rcrisona@abv.com

26. This Protective Order shall be binding upon and inure to the benefit of all parties hereto and their respective successors and permitted assigns.

27. Each Receiving Party acknowledges that remedies at law would be inadequate to protect the Disclosing Party against any breach of this Protective Order and, without prejudice to any other rights and remedies otherwise available to the Disclosing Party, each of the Receiving Parties agrees that the Disclosing Party may seek injunctive relief restricting further release of Confidential Information, or specific performance of the terms of this Protective Order restricting further release of Confidential Information, for any breach of this Protective Order by

one or more of the Receiving Parties without proof of actual damages and without the requirement of obtaining any bond or giving any security in connection with the granting of any such relief.

28. The Bankruptcy Court shall retain jurisdiction to hear and determine any matters arising from or related to this Protective Order, including, without limitation, for the purpose of interpreting, implementing and enforcing its terms and condition, except that this paragraph shall not constitute a waiver by the Disclosing Party as to any argument regarding the appropriateness of the Bankruptcy Court's jurisdiction for any purpose.

29. Each Party agrees that no failure or delay by any other Party in exercising any right, power or privilege hereunder will operate as a waiver thereof, nor will any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

30. This Protective Order will be governed by and construed in accordance with the laws of the State of New York applicable to contracts between residents of that State and executed in and to be performed in that State.

31. No modifications of this Protective Order or waiver of the terms and conditions hereof will be binding upon the parties, except by stipulation of the parties or order of the Court. Ascentra, the JOLs and all parties and persons subject to the Protective Order retain the right to seek relief from the Court with respect to the terms and conditions of this Protective Order.

Dated: New York, New York
January 28, 2022

By: ___s/ Richard L. Crisona___
Richard L. Crisona
Allegaert Berger & Vogel LLP
*Counsel to*
*Planet Payment, Inc.*

By: ___s/ John A. Pintarelli___
John A. Pintarelli
Pillsbury Winthrop Shaw Pittman LLP
*Counsel to the Joint Official Liquidators of*
*Ascentra Holdings, Inc. (In Official*
*Liquidation)*

SO ORDERED:

Dated: New York, New York
February 2, 2022

___*s/ David S. Jones*___
Honorable David S. Jones
United States Bankruptcy Judge

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 21-11854 (DSJ) |
| Ascentra Holdings, Inc. (In Official Liquidation), | Chapter 15 |
| Debtor. | |

**AGREEMENT TO BE BOUND BY STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

I, _____, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order (the "**Protective Order**") in the above-captioned case. I understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York for purposes of enforcement of the Protective Order. I further agree not to disclose or use any Discovery Material (as defined in the Protective Order) for purposes other than those permitted under the Protective Order. I further agree that at the conclusion of the litigation I will return all confidential information to the Party or attorney from whom I received it.

_____
Signature

_____
Name

_____
Affiliation

_____   _____
Date                                              Title