**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| In re: | Case No. 21-11854 (DSJ) |
| Ascentra Holdings, Inc. (In Official Liquidation), | Chapter 15 |
| Debtor. |   |

### STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

This Stipulated Confidentiality Agreement and Protective Order (the "**Protective Order**") is entered into by and among: (a) Ascentra Holdings, Inc. (In Official Liquidation) ("**Ascentra**"), and (b) Ever Innovation, Inc. ("**EII**"), Masami Nakano ("**Nakano**"), and James Koshimoto ("**Koshimoto**," together with EII and Nakano, the "**EII Parties**"), recipients of non-party subpoenas from Graham Robinson and Ivy Chua, the duly appointed joint official liquidators for Ascentra, in connection with the Chapter 15 Case (defined below). Each of the persons or entities identified in the foregoing clauses shall be referred to individually as a "**Party**" and, collectively, as the "**Parties**."

The terms and conditions of this Protective Order shall govern the disclosure, discovery, production and use of documents and other information provided by the EII Parties to Ascentra in the Matters (as defined below).

1. The following definitions shall apply to this Protective Order:

"**Advisors**" shall include consultants or experts engaged by the JOLs (defined below) in connection with the Chapter 15 Case.

"**Cayman Liquidation**" means the winding up proceeding of Ascentra Holdings, Inc. pursuant to the order dated September 17, 2021, entered by the Grand Court of the Cayman Islands.

"**Chapter 15 Case**" means the case captioned *In re Ascentra Holdings, Inc. (In Official Liquidation)*, Case No. 21-11854 (DSJ) (Bankr. S.D.N.Y.) and any related adversary proceeding(s).

"**Confidential Information**" means all documents or testimony, and all information contained therein, containing: (i) financial, proprietary, or commercial information that may be subject to a protective order under Fed. R. Civ. P. 26(c)(1)(G); (ii) confidential, non-public personal information that is protected from disclosure by statute, regulation or otherwise; or (iii) any other non-public, confidential, proprietary, or commercially sensitive information.

The term Confidential Information will not include information that:

- is or becomes publicly available other than as a result of a disclosure by any Receiving Party or any of its Representatives or Advisors in breach of this Protective Order;

- a Receiving Party or its Representatives or Advisors obtain independently, not pursuant to this Protective Order;

- is or becomes available to the Receiving Party or any of its Representatives or Advisors on a non-confidential basis from a source (other than a Disclosing Party), which source is not known to the Receiving Party to be subject to any prohibition from disclosing such information to the Receiving Party;

- is independently developed by such Receiving Party or any of its Representatives or Advisors without violating its obligations hereunder and without using any Confidential Information; or

- is determined by a court of competent jurisdiction not to be Confidential Information.

"**Court**" means any court with jurisdiction over any aspect of a proceeding.

"**Disclosing Party**" means EII, Nakano, and Koshimoto or any affiliated person or entity producing Discovery Material to Ascentra or another Receiving Party.

2

"**Discovery Material**" refers to all discovery documents, deposition testimony, interrogatory answers, and other information produced, given, provided or exchanged in connection with discovery to Ascentra in the Chapter 15 Case.

"**Document**" has the same meaning as provided in Rule 34 of the Federal Rules of Civil Procedure and Civil Rule 26.3 of the Local Rules for the United States District Court for the Southern District of New York (made applicable by Local Bankruptcy Rule 7026-1).

"**JOLs**" means Graham Robinson and Ivy Chua, solely in their capacities as the Court-appointed joint official liquidators and recognized foreign representatives of Ascentra.

"**Matters**" shall collectively mean the Cayman Liquidation, the Chapter 15 Case and any disputes or litigation relating to the subject matter of the Chapter 15 Case.

"**Receiving Party**" means Ascentra, the JOLs and any other party that may be granted access to the Discovery Material subject to this Protective Order.

"**Representatives**" shall include affiliates, directors, officers, and employees.

"**Retained Information**" shall have the meaning set out in paragraph ~~20~~ **19**. **[DSJ 9/30/2022]**

"**Transcript Designation Period**" shall have the meaning set out in paragraph 9 below.

2. Discovery Material and Confidential Information shall be used solely for purposes of the Matters and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding; *provided, however*, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record other than as a result of a disclosure by any Receiving Party or any of its Representatives or Advisors in breach of this Protective Order. Nothing herein shall prejudice the Receiving Parties' ability to

discover or otherwise obtain any Discovery Material through the ordinary course of any other proceeding.

3. The Receiving Parties' obligations with respect to Confidential Information shall not be understood or construed to extend beyond the express terms of this Protective Order.

4. A Disclosing Party's designation of Discovery Material as Confidential Information, in whole or in part, constitutes a representation that such Discovery Material has been reviewed by counsel and that there is a good faith basis for such designation.

5. Each Receiving Party agrees that it will (a) keep Confidential Information confidential and will not (except as required by applicable law, rule, regulation, legal process, or court order, and only after compliance with paragraph 11 below), without the Disclosing Party's prior written consent, disclose any Confidential Information to any other person or entity, except as provided for in this Protective Order; and (b) use reasonable efforts to safeguard the Confidential Information and to protect the Confidential Information against disclosure, misuse, espionage, loss, and theft by any corporation, company, partnership, or individual.

6. Subject to the form agreement attached as Exhibit A, Confidential Information may be disclosed in whole or in part to only the following persons:

   a. The JOLs and the JOLs' Representatives who are assisting with or making decisions concerning the Matters, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting with the Matters for use in accordance with this Protective Order;

   b. Counsel who represents the JOLs in the Matters (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Matters for use in accordance with this Protective Order;

   c. Advisors assisting counsel for the JOLs in connection with the Matters, but only to the extent necessary for such persons to perform their role as experts or consultants;

  d. As to any document, the person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, as to meeting minutes, an attendee of the meeting for use in accordance with this Protective Order;

  e. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in the Matters or any appeal therefrom; and

  f. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) whom the Parties agree in writing that Confidential Information may be disclosed.

  7. Any person not referenced in paragraph 6 shall be excluded from any deposition or pre-trial proceeding in which testimony is sought concerning Confidential Information, unless otherwise agreed in writing by the Disclosing Party and the Receiving Party.

  8. Documents or other material containing Confidential Information shall be so designated by a marking of "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on each page deemed Confidential. The Disclosing Party must limit designations of Confidential Information to only those parts of Documents, testimony, or material that contain Confidential Information. If Confidential Information is disclosed in a form not conducive to such marking, it shall be designated as Confidential Information in writing at the time it is delivered to the Receiving Party.

  9. If the Disclosing Party in good faith reasonably believes that Confidential Information has been disclosed during a deposition or other proceeding, it must designate the specific testimony as Confidential Information either on the record at the deposition or other proceeding, or in writing no later than seven (7) business days following the date on which counsel for the Disclosing Party has received the final version of the transcript of the deposition or other proceeding. (the "**Transcript Designation Period**"); *provided that* testimony designated as Confidential shall remain subject to such designation during the Transcript Designation Period.

5

10. If a Party objects to a designation of Confidential Information under this Protective Order, the objecting Party shall notify the Disclosing Party in writing, and counsel for the Parties shall confer in good faith to resolve the issue on an expedited basis. Absent a consensual resolution, upon written notice to the Disclosing Party, the Receiving Party may request on an expedited basis that the Court resolve the issue. The material in question shall be treated as it was designated by the Disclosing Party pending resolution of the issue.

11. Nothing in this Protective Order shall prevent or limit the Receiving Party's right to use Discovery Material designated as Confidential Information in any public filing or in any hearing, or preclude the Receiving Party from complying with applicable law, rule, regulation, regulatory authority, legal process or court order to disclose material that is otherwise prohibited or constrained by this Protective Order, *provided that* advance notice of the intended use of such material or disclosure is given to counsel for the Disclosing Party, and any such filing with the Court is filed under seal and shall remain under seal until further order of the Court. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on Confidential Information, such confidential portions shall be redacted to the extent necessary, and the pleading or exhibit filed publicly with the Court.

12. Each Receiving Party acknowledges that none of the Disclosing Parties make any express or implied representation or warranty as to the accuracy or completeness of Confidential Information, and each Receiving Party agrees that no Disclosing Party shall have any liability arising from any errors in Confidential Information.

13. Nothing in this Protective Order shall prevent or limit any right of any Receiving Party from seeking any information through subpoena, formal discovery or other process, or

prevent or limit any right of a Disclosing Party to object on any basis to any such subpoena, formal discovery or other process.

15. Subject to the JOLs' right to challenge any assertion of privilege or prohibition from disclosure, nothing in this Protective Order shall require disclosure of information by a Disclosing Party that the Disclosing Party contends is protected or prohibited from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege or other protection, including without limitation any applicable data privacy laws.

15. <u>Inadvertent Disclosure</u>.  If information protected or prohibited from disclosure is inadvertently or mistakenly produced, such production shall in no way constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information or any other information that may be protected from disclosure by the attorney-client privilege, work-product immunity, or any other legally cognizable privilege or other protection. If a Disclosing Party inadvertently or mistakenly produces information that is protected or prohibited from disclosure, upon written request by the Disclosing Party after such disclosure, the Receiving Party shall use all commercially reasonable efforts to return all copies and information pertaining to the inadvertent production, including any work product containing, identifying, or referencing such information. If a Receiving Party reasonably believes it is in possession of inadvertently or mistakenly produced Discovery Material, it shall promptly notify the Disclosing Party in writing. The Receiving Party shall not use such information for any purpose other than in connection with a motion to compel production of the information, but that motion shall not assert as a ground for entering an order the fact or circumstance of the inadvertent production of the information or information solely learned therefrom.

7

16. <u>Inadvertent Failure to Designate</u>.  If Confidential Information is inadvertently or mistakenly produced without a designation label, such production shall in no way constitute a waiver of, or estoppel as to, any later claim of Confidential Information status. Upon written notification by the Disclosing Party after the discovery of such inadvertent or mistaken production, the Confidential Information identified should become designated and treated as such. The Disclosing Party shall re-produce such Confidential Information with the designation label within five (5) business days of providing written notification to the Receiving Party. The Receiving Party may move the Court for an order compelling production of the information without designation, but that motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production of the information or information solely learned therefrom.

17. The terms and conditions of this Protective Order shall not:

   a. Prejudice in any way the rights of the Disclosing Party to object to the authenticity or admissibility into evidence of any Discovery Material;

   b. Operate as an admission by the Disclosing Party that any particular Discovery Material constitutes Confidential Information or contains or reflects trade secrets or any other type of confidential information;

   c. Prejudice in any way the rights of the Disclosing Party to (i) petition the Court for a further protective order relating to any purportedly Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material should be subject to the terms of this Protective Order;

   d. Prejudice in any way the rights of the Disclosing Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

   e. Preclude the Disclosing Party from objecting to discovery that it believes to be otherwise improper; or

   f. Operate as a waiver of any attorney-client privilege, work-product, business strategy, trade secret protection, or other privilege.

18. The Parties agree to be bound by the terms of this Protective Order pending the entry by the Court of this Protective Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

19. Within sixty (60) days of entry of any order, judgment, or other decree finally disposing of the Cayman Liquidation, each Receiving Party shall either (at the Receiving Party's election) promptly destroy all copies of all Discovery Material in its possession, or promptly return all copies of the Discovery Material in its possession to the Disclosing Party's counsel, and certify to that fact in writing; *provided, however*, that the Receiving Parties may retain all analyses, forecasts, studies or other documents prepared by the Receiving Parties, including those reflecting Confidential Information, and such other information that such Receiving Party is required to retain by law (collectively, the "**Retained Information**"). Any Retained Information or other Confidential Information retained pursuant to this paragraph 19 will continue to be subject to the terms of this Protective Order in respect of all such information.

20. Notwithstanding paragraph 19, counsel for the Receiving Party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work-product, and consultant and expert work product, even if such materials contain Confidential Information. Archival copies containing Confidential Information shall remain subject to this Protective Order.

21. All notices and other communications to the parties required or permitted under this Protective Order shall be in writing and shall be delivered by electronic mail, overnight courier service, first class mail (postage prepaid) or hand delivery and addressed as follows:

If to Ascentra:

    Pillsbury Winthrop Shaw Pittman LLP
    Attn: John A. Pintarelli

>Hugh M. McDonald
>31 West 52nd Street
>New York, NY 10019
>Email: john.pintarelli@pillsburylaw.com
>　　　　hugh.mcdonald@pillsburylaw.com

If to the EII Parties:

>Milbank LLP
>Attn: Adam Fee
>55 Hudson Yards
>New York, NY 10001
>Email: afee@milbank.com

22. This Protective Order shall be binding upon and inure to the benefit of all parties hereto and their respective successors and permitted assigns.

23. Each Receiving Party acknowledges that remedies at law would be inadequate to protect the Disclosing Party against any breach of this Protective Order and, without prejudice to any other rights and remedies otherwise available to the Disclosing Party, each of the Receiving Parties agrees that the Disclosing Party may seek injunctive relief restricting further release of Confidential Information, or specific performance of the terms of this Protective Order restricting further release of Confidential Information, for any breach of this Protective Order by one or more of the Receiving Parties without proof of actual damages and without the requirement of obtaining any bond or giving any security in connection with the granting of any such relief.

24. The Bankruptcy Court shall retain jurisdiction over any matter arising from or related to this Protective Order.

25. Each Party agrees that no failure or delay by any other Party in exercising any right, power or privilege hereunder will operate as a waiver thereof, nor will any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

26. This Protective Order will be governed by and construed in accordance with the laws of the State of New York applicable to contracts between residents of that State and executed in and to be performed in that State.

27. No modifications of this Protective Order or waiver of the terms and conditions hereof will be binding upon the Parties, except by stipulation of the parties or order of the Court. Ascentra, the JOLs and all parties and persons subject to the Protective Order retain the right to seek relief from the Court with respect to the terms and conditions of this Protective Order.

Dated: New York, New York
September 29, 2022

By:  /s/ Adam Fee
    Adam Fee

    Milbank LLP
    *Counsel to the EII Parties*

By:  /s/ John A. Pintarelli
    John A. Pintarelli
    Hugh M. McDonald

    Pillsbury Winthrop Shaw Pittman LLP
    *Counsel to the Joint Official Liquidators of Ascentra Holdings, Inc. (In Official Liquidation)*

**SO ORDERED:**

Dated: New York, New York
September 30, 2022

         s/ David S. Jones
    Honorable David S. Jones
    United States Bankruptcy Judge

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 21-11854 (DSJ) |
| Ascentra Holdings, Inc. (In Official Liquidation), | Chapter 15 |
| Debtor. | |

**AGREEMENT TO BE BOUND BY STIPULATED CONFIDENTIALITY**
**AGREEMENT AND PROTECTIVE ORDER**

I, _____, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order (the "**Protective Order**") in the above-captioned case. I understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York for purposes of enforcement of the Protective Order. I further agree not to disclose or use any Discovery Material or Confidential Information (as defined in the Protective Order) in contravention of the terms of the Protective Order.

_____
Signature

_____
Name

_____
Affiliation

_____          _____
Date                                               Title