Page 1

```
 1   UNITED STATES BANKRUPTCY COURT
 2   SOUTHERN DISTRICT OF NEW YORK
 3   Case No. 21-11854-dsj
 4   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
 5   In the Matter of:
 6
 7   ASCENTRA HOLDINGS, INC. and GRAHAM ROBINSON and IVY CHUA,
 8
 9            Debtors.
10   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
11
12                    United States Bankruptcy Court
13                    One Bowling Green
14                    New York, NY  10004
15
16                    December 3, 2021
17                    10:24 AM
18
19
20
21   B E F O R E :
22   HON DAVID S. JONES
23   U.S. BANKRUPTCY JUDGE
24
25   ECRO:  UNKNOWN
```

1  HEARING re Recognition Hearing Document #18

25 Transcribed by: Sonya Ledanski Hyde

Page 3

```
 1   A P P E A R A N C E S :

 2

 3   PILLSBURY WINTHROP SHAW PITTMAN LLP

 4        Attorneys for Foreign Representatives

 5        31 West 52nd Street

 6        New York, NY 10019

 7

 8   BY:  KWAME AKUFFO

 9        JOHN A. PINTARELLI

10

11   PILLSBURY WINTHROP SHAW PITTMAN LLP

12        Attorneys for Foreign Representatives

13        725 South Figueroa Street, 36th Floor

14        Los Angeles, CA 90017

15

16   BY:  CLAIRE K. WU

17

18   CAMPBELLS LLP

19        Attorneys for the Petitioner

20        4th Floor Willow House

21        Cricket Square

22        George Town, KY1-1103

23

24   BY:  GUY COWAN

25
```

```
 1   ARNOLD PORTER KAYE SCHOLER LLP
 2        Attorneys for Shang Peng Gao Ke Inc. SEZC and SPGK
 3        Pte Ltd.
 4        250 West 55th Street
 5        New York, NY 10019
 6
 7   BY:  DIANA MAHONEY
 8        BENJAMIN MINTZ
 9        ERIC N. WHITNEY
10
11   ALSO PRESENT:
12   GRAHAM F. ROBINSON
13   JAMES EGGLETON
14   UDAY GORREPATI
15   TAYLOR HARRISON
16   DIETRICH KNAUTH
17   MADELYN NICOLINI
18   JESSICA WILLIAMS
19
20
21
22
23
24
25
```

1                     P R O C E E D I N G S

2           THE COURT:  In re: Ascentra Holdings Inc.  Chapter

3   15 recognition hearing and just ask everyone to introduce

4   yourselves when you first speak on the record and keep

5   yourselves muted other than when you're speaking.

6           So again, apologies for the delay.  And let me --

7   oh, and I should tell you I've read the papers.  I don't

8   have any particular concerns.  I thought they were very

9   thorough.  I know we have an open issue that was the subject

10  of a reservation of rights that was projecting resolution by

11  the hearing.  So I'm pretty up to speed.  But with that I'll

12  turn it over to whoever is going to handle this for the

13  foreign representatives.

14          MR. PINTARELLI:  Good morning, Your Honor.  John

15  Pintarelli of Pillsbury Winthrop Shaw Pittman on behalf

16  Graham Robinson and Ivy Chua, the joint patrol liquidators

17  over Ascentra Holdings Inc.  And we're the petitioners and

18  one representatives here.  As you know, we are here today at

19  the recognition hearing for Ascentra Holdings.  Their form

20  petition verified petition we filed on October 27 of this

21  year.  There are dockets number one and two.  As you also

22  know, we received provisional relief at a hearing on

23  November 1st that the order was entered on docket number 17.

24          With respect to the reservation of rights, I'm

25  happy to report that we made some modification to the

1   proposed recognition order that were substantially in line
2   with the changes made to the provisional relief order. I
3   will not speak for Mr. Mintz or his client. But I believe
4   any concerns that he may have had can be addressed by such
5   changes. And we can submit that order with a redline to
6   change with respect to the hearing.
7           You know, with that, Your Honor, I'm happy to take
8   this in any way, in any manner -- proceed in any manner, but
9   I was thinking since I know you've read the papers and we
10  have provisional relief; my plan was to actually have the
11  affidavits admitted into evidence and then, either give you
12  a, you know, an overview of the changes to the recognition
13  order or I can even, you know, speak about the background
14  and the requirements that. But I don't want to be replete
15  or (indiscernible).
16          THE COURT: I'll tell you; I don't think I need a
17  -- I think -- first off, I want to let you proceed as you
18  see fit and make sure you create whatever record you think
19  is necessary to meet the needs of the case. And I'm not
20  going to -- so I'm at your disposal and you don't have to
21  rush on my account certainly. But I don't need detailed
22  background discussion. I've got it. And I from -- your
23  papers are very thorough. Just admitted the declarations or
24  affidavits into evidence makes sense to me for purposes of
25  having an evidentiary record. And then, I don't really have

Page 7

1   any questions for me.  The only thing I gave meaningful
2   thought to was whether -- it became announced really as a
3   center (indiscernible).  And I think it meets the
4   requirements for that and all the other requirements strike
5   me as kind of no brainers based on the evidentiary record
6   and explanations you've provided.
7              So with all that said, why don't you go ahead and
8   make your record.  And then, I would appreciate your just
9   walking me through whatever changes to the proposed order
10  you worked out, that way we'll be all together.  We'll be
11  sure that you -- that all parties are on the same page.  And
12  since I was okay with the proposed order as a starting
13  point, we will -- that way you'll hear from me if I have any
14  concerns as well.
15             MR. PINTARELLI:  Okay.  Sure.  So Your Honor, the
16  facts weren't unique except for -- for principally in the
17  verified petition, which is at document 3, and the affidavit
18  submitted by Graham Robinson, at docket number 4, and Guy
19  Cowan, docket number 5.  So I would like to submit Mr.
20  Robinson's affidavit into evidence as his testimony can
21  support a recognition of the Ascentra Holdings team and
22  winding up (indiscernible) as it may proceed.
23             THE COURT:  Okay.  Does anyone have any objection
24  to introduction to the introduction of the Robinson
25  declaration?  Hearing none, it's received.  And does anyone

1  want to question Mr. Robinson?  I see he's here today.

2  Okay.  No takers.  So Mr. Robinson's declaration is received

3  and there won't need to be a live -- live testimony from

4  him.

5         MR. PINTARELLI:  Great.  Then, I would like to

6  submit Mr. Cowen's affidavit with respect to issue the

7  Cayman Islands law into evidence as his testimony is part of

8  recognition from the hearing and Mr. Cowan is also on video

9  today if anybody has any questions.

10        THE COURT:  Is there any objection to the

11 introduction of the Cowan declaration?  Again, hearing none,

12 it's received.  And does anyone want to question Mr. Cowan?

13 Okay.  No takers.  It's received as well.  And likewise, Mr.

14 Cowan won't be needing to testify live today.

15        MR. PINTARELLI:  Thank you, Your Honor.  So, with

16 respect to the changes to the recognition order.  You know,

17 in the opening paragraph, we added information to detail the

18 objection that was filed, and the provisional relief order

19 as modified to address the limited objection.  It's a

20 immaterial change, non-substantive.

21        We've agreed to -- with Mr. Mintz, to strike

22 paragraph 4 in the original proposed order because we're

23 getting substantially the same relief that we got in the

24 provisional relief order and its specified in this order.

25 We also -- well, we moved paragraph 6.  It's now a new

1  paragraph number 8.  And we added language with respect to

2  the subpoenas that any other party in interest has the right

3  to object, you know, if -- provided if they have those

4  rights.

5              THE COURT:  Understood.  Yeah, that makes sense.

6              MR. PINTARELLI:  And then we added a number -- a

7  new paragraph that Ascentra and SPGK have agreed not to

8  transfer the Planet Payment funds without further order of

9  this Court.  And then, with -- then we also included

10 language consisted with the provisional relief order that

11 nothing contained in this order is -- shall constitute a

12 finding or determination regarding the existence or validity

13 of the of Ascentra's claims to the property interest in

14 those funds.

15             And then we also added the paragraph that nothing

16 in this order shall be construed to render SPGK from

17 commencing an action in a non-U.S. form with respect to the

18 Planet Payment funds where a constituted determination of

19 this Court or any -- or another U.S. court is the proper

20 form.  It may or may not be.  And Your Honor, those are the

21 changes that we just did.

22             THE COURT:  Okay.  Does the last provision about

23 not barring the commencement of an action in a different

24 form or a different nation bump into the general automatic

25 stay and injunction provisions?  Is that a carve -- does

1    that work like a carveout?  How does that work?

2            MR. PINTARELLI:  Well, we believe that S -- well,

3    SPGK has assets in the U.S. but it's not necessarily

4    something that's subject to U.S. jurisdiction in certain

5    respects.  We think it's -- Your Honor, we're -- we're

6    agnostic.  We believe that these are two Cayman entities and

7    ultimately, disputes should be resolved in the Cayman court

8    or, you know, potentially in the U.S. if that's where the

9    party decided to go.  But we believe it's a Cayman dispute.

10   So --

11           THE COURT:  Okay.

12           MR. PINTARELLI:  -- we treat it as a carveout or

13   arguably any injunction or any breach of the automatic stay,

14   you know, we'd have to go to a foreign jurisdiction and

15   right to work that since they're not locals here.

16           THE COURT:  Oh, I see.  Okay.  I mean, I'll look

17   at the language.  I think that's fine.  I just -- it wasn't

18   immediately obvious to me how those things would harmonize.

19   So -- okay.  And those are the -- those are the -- have you

20   run out of changes at this point?

21           MR. PINTARELLI:  Yes, those are the only changes.

22           THE COURT:  Okay.  Let me just turn to Mr. Mintz

23   and ask if SPGK is satisfied with those changes at this

24   point.

25           MR. MINTZ:  Good morning, Your Honor.  Benjamin

1   Mintz from Arnold Porter, counsel for SPGK.  The changes

2   that Mr. Pintarelli recited are the ones we've agreed to.

3   The -- I didn't -- in looking at the order this morning,

4   there's two things I'd raise, which I don't think would

5   be -- will be controversial, but I'll ask Mr. Pintarelli to

6   confirm.

7            One, I noted in the recital -- you referenced the

8   objection we filed to the provisional relief.  But we do not

9   include a reference to the reservation of rights that we

10  filed in connection with this -- with this motion.  So I

11  think it would be appropriate just to reference that

12  particular pleading in the recital.  And then, second, it --

13  in looking at paragraph 9, which is the new language

14  regarding the disposition of the Planet Payment funds.

15           I think the definition is not really in an ideal

16  place and I would suggest that we move the definition later

17  in the sentence after SPGK just so we're -- it's clear that

18  we're not speaking about all funds.  And that it's the funds

19  that are in the account.  I think that's the intent of the

20  parties.  And just looking at it this morning, I thought

21  there was a little bit of ambiguity.  So I would ask Mr.

22  Pintarelli if he's okay with that change.

23           THE COURT:  Okay.  Does that sound okay -- sound

24  okay to you, Mr. Pintarelli?

25           MR. PINTARELLI:  That's fine with me.

1               THE COURT:  Okay.  Great.

2               MR. PINTARELLI:  We'll circulate the changes

3    before we send anything down (indiscernible).

4               THE COURT:  Yeah.  Right.  So -- not to state the

5    outcome before I'm appropriately there.  But I anticipate at

6    the end of the day, I'll be asking you to submit a word

7    version of your proposed order with the changes you

8    described for review and entry.  And just -- you two can

9    just make absolutely sure you're on the same page before you

10   send it to us.  And then, we'll proceed that way.  It sounds

11   like we'll be fine.

12              MR. PINTARELLI:  That's fine with us, Your Honor.

13   No worries.

14              THE COURT:  Okay.  So, Mr. Pintarelli, let me come

15   back to you.  Anything else -- is there anything else you

16   wanted to say, or add, or make a record of, or are you

17   pretty well done?

18              MR. PINTARELLI:  No, Your Honor.  We're finished.

19   We think the record is complete with the submissions.

20              THE COURT:  Okay.  Does anybody else want to say

21   anything before I decide the application?  Okay.  So,

22   hearing from no one, I'm going to grant the application.

23   Granting recognition and relief in aid of a foreign main

24   proceeding.

25              I've reviewed the proposed order that was

1 submitted in support -- well, next to the petition which is
2 at the -- I believe at UCF-3 in the orders at Exhibit A.
3 There are two.  I've reviewed all the parties' papers and
4 including the declarations that were received in evidence
5 today.
6           I conclude that the Ascentra Holdings matter is
7 entitled to recognition and also relief pursuant to Section
8 1521 as set forth in the application.  There's no question
9 that -- and there's been an ample showing that the -- all
10 the -- well, all the statutory requirements are met.
11          First off, Ascentra is an eligible debtor under
12 Section 109(a).  There is unquestionably a foreign
13 proceeding under -- entitled to recognition.  Cayman
14 proceedings are, of course, very commonly the source of
15 Chapter 15 proceedings in this Court and elsewhere.  The
16 foreign representative is a person or body as the statute
17 requires and is appropriately appointed, and property
18 appointed, and documented, as such as has been shown to this
19 Court.  And the petition meets all other requirements of
20 Section 1515.
21          I'm going to comment a little bit on whether --
22 why I conclude that the Cayman Islands is, in fact, the
23 center of main interest as well as the locus of the foreign
24 proceeding.  I do so conclude the -- Ascentra is an exempted
25 company under Cayman law and in some instances, courts have

1    declined to recognize exempt proceedings as foreign main

2    proceedings and center of main interests even if the request

3    is unopposed.  But here, I've reviewed the evidence

4    submitted.  It is clear that the locus of registration is

5    the Cayman Islands.  That the foreign proceeding is there,

6    that the entity is in liquidation and is being actively

7    being managed by liquidators located in the Cayman Islands

8    prior to the filing of the Chapter 15 petition.  And

9    further, there appears to be no evident interest or

10   expectation of creditors that any other forum is more

11   appropriate center of main interest or so for those -- or

12   expectation that the Cayman proceedings won't be the

13   controlling and primary underlying proceedings.

14           So, for those reasons, I conclude that the Cayman

15   Islands is the debtor's center of main interest and

16   accordingly that the proceedings there are a foreign main

17   proceedings.  Let's see.  In the alternative, there is no

18   question that if that's incorrect, it is the proceedings in

19   Cayman Islands would qualify as foreign nonmain proceedings.

20   That is made abundantly clear in the papers.

21           So, I think those are -- I think those remarks are

22   sufficient.  I don't think I need to say or find anything

23   else.  I may have even said more than necessary in light of

24   the thorough order that's been presented.  But I wanted to

25   specifically make a record of my thoughts about the Comi --

Page 15

1   the Comi issue, that's C-O-M-I, in case that ever comes into
2   play down the road.
3           Mr. Pintarelli, I'm going to ask you about case in
4   forward, look in case management questions.  But first, let
5   me ask you, did I either misstate anything or omit anything
6   that you want me to get on the record to make sure you have
7   a robust record for future use?
8           MR. PINTARELLI:  Your Honor, John Pintarelli,
9   Pillsbury.  No, Your Honor, I think everything is on -- is
10  should be on the record.  Nothing else -- nothing else that
11  I need to add.
12          THE COURT:  Okay.  Great.  So, let me just ask,
13  looking forward -- this is primarily for Mr. Pintarelli.
14  Mr. Mintz, you can comment too if you want.  What should I
15  expect out of this case going forward and I'm thinking about
16  putting in some sort of periodic, not too frequent, just
17  status report filing requirement.  It can be a simple
18  letter, just so that I can keep an eye on what's going on
19  and what to expect.  So what would -- what do you project
20  and what do you suggest along those lines?
21          MR. PINTARELLI:  Sure, Your Honor.  I -- we have
22  served some discovery requests on Planet Payment.  We did
23  have some difficulty because they have -- they've been
24  working remotely and have moved offices.  But we've been in
25  contact with their general counsel.  Those, we expect

Page 16

1  responses sometime next week.  And hopefully, production
2  will start shortly thereafter.  And once we get those
3  documents, there's going to be a period of time where we
4  have to obviously analyze those documents.  Analyze other
5  papers that the -- the liquidators have or are in the
6  process of obtaining.  And really, it's a question of
7  whether or not we will be able to reach a, you know, an
8  agreement that certain other affiliate entities of or
9  entities that are controlled by certain -- certain indirect
10 shareholders.
11          Once that happens, Your Honor, I believe -- I
12 don't anticipate the Chapter 15 being very active unless --
13 unless something is uncovered in discovery that would
14 warrant us moving forward with potentially, you know,
15 litigation.  Not necessarily sure that the litigation would
16 be either appropriate in the -- in the bankruptcy court or
17 perhaps in certain c-courts.  But no, other than that, we
18 really can't -- until we see the documents, we really can't
19 put, you know, answer with any definitiveness.
20          With respect to follow-ups, I'm happy to provide,
21 you know, an update to the Court, I would say, on an initial
22 basis, six months' time, which is probably in line with how
23 -- with what the Cayman liquidators have to provide to their
24 courts.  So we can, you know, we can make a similar report,
25 you know, provide similar updates to Your Honor.  And if --

1  and if it becomes more active, we can adjust that as
2  appropriate.
3           THE COURT:  Okay.  Yeah, I was thinking six months
4  as well and so, that's fine.  Really, all I'm looking for is
5  a very simple, short letter just stating generally -- you
6  don't have to detail, but just stating the nature of the
7  activities that are going on.  What has -- where you are
8  procedurally and what you anticipate in the -- for the
9  ensuing six months.  So maybe let's just -- yeah, why don't
10 -- maybe you can just submit a separate proposed, very
11 simple order just stating that the foreign representatives
12 are to submit status reports on or before the last business
13 day in June and then December.  You know, subject to
14 modification if and as needed and then -- of next year.
15          Well, actually, why don't you say each year that
16 the case remains pending?
17          MR. PINTARELLI:  Okay.
18          THE COURT:  Because then we don't have to revisit
19 it.  And that'll be fine.  And if I read that and want to
20 hear from you or if I just get curious, I'll let you know.
21 And if you need me for any reason, I'm -- I expect to be
22 here and available and at your disposal.  So, I'll put it
23 that way.  I don't want to jinx myself.  Anything else you
24 need to cover?
25          MR. PINTARELLI:  No, that's everything, Your

Page 18

1  Honor.  Thank you.  We appreciate your time today.

2          THE COURT:  Okay.  Great.  Thank you all.  Let me

3  again apologize for our late start and appreciate your work.

4  Take care.

5          MR. PINTARELLI:  Thank you.  Have a good day.

6          (Whereupon these proceedings were concluded at

7  10:46 AM)

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**I N D E X**

**RULINGS**

|  | Page | Line |
|---|---|---|
| Application, GRANTED | 12 | 22 |

```
 1              C E R T I F I C A T I O N

 2

 3       I, Sonya Ledanski Hyde, certified that the foregoing

 4   transcript is a true and accurate record of the proceedings.

 5

 6   [signature: Sonya M. Ledanski Hyde]

 7

 8   Sonya Ledanski Hyde

 9

10

11

12

13

14

15

16

17

18

19

20   Veritext Legal Solutions

21   330 Old Country Road

22   Suite 300

23   Mineola, NY 11501

24

25   Date:  April 18, 2023
```