# EXHIBIT 3



Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

John A. Pintarelli
tel: +1.212.858.1213
john.pintarelli@pillsburylaw.com

June 30, 2022

**Via ECF**

Honorable David S. Jones
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 501
New York, NY 1004-1408

Re: *In re Ascentra Holdings, Inc. (In Official Liquidation)*, Case No. 21-11854 Letter to Court Re Status Report

To the Honorable David S. Jones:

We write on behalf of Graham Robinson and Ivy Chua, the duly appointed joint official liquidators and foreign representatives of Ascentra Holdings, Inc. (in Official Liquidation) (the "**Liquidators**" or "**Foreign Representatives**") in the above-referenced case and submit this letter pursuant to the Court's *Scheduling Order* [ECF No. 23], directing the Foreign Representatives to file a status report in the form of a letter to the Court stating: (a) the procedural status of the instant case and the Cayman Proceeding (defined below); (b) the nature of the activities in the instant case and the Cayman Proceeding; and (c) what is anticipated in the ensuing six months.

### Overview of Ascentra

Ascentra Holdings, Inc. ("**Ascentra**") operated as an e-commerce company and sold health and beauty products in Hong Kong and the People's Republic of China (the "**PRC**"). Ascentra was beneficially owned by Martin Matthews, Mari Matthews, Yoshio Matsuura ("**Matsuura**"), Ryunosuke Yoshida ("**Yoshida**") and three former members of Ascentra's senior management. Matsuura and Yoshida served as directors of Ascentra until they were displaced by the Liquidators.

www.pillsburylaw.com

Hon. David S. Jones
June 30, 2022
Page 2

In November 2016, Ascentra entered into a memorandum of understanding ("**MOU**") with an affiliate Shang Peng Gao Ke Inc. SEZC ("**SPGK**"), which at the time was controlled by Yoshida's predecessor-in-interest, Motohiko Homma.

Under the MOU, Ascentra granted SPGK the exclusive rights to use Ascentra's customer and product lists under SPGK's brand names, and the exclusive license to sell Ascentra software in the PRC in exchange for royalty payments of approximately 77% of the net revenues generated from such sales. The terms of the MOU were never fully implemented and Ascentra and SPGK agreed to cancel the MOU (the "**Cancellation Agreement**") on or around April 3, 2018. Under the Cancellation Agreement, the parties agreed, *inter alia*, to take any and all actions to remit and return to Ascentra (x) all assets and monies of SPGK and (y) SPGK's brand names.

On or around April 4, 2018, Ascentra entered into an exclusive international distribution agreement with Asian Offshore Services ("**AOS**"). The agreement granted AOS exclusive rights to distribute certain of Ascentra's products in the PRC under AOS's proprietary brand names. AOS discontinued providing services to Ascentra in early 2021. During the period in which AOS provided services, it utilized certain of the back-office systems, bank accounts, service providers and other infrastructure that Ascentra built and initially transferred to SPGK to support Ascentra's sales.

### A. Chapter 15 Proceedings and Cayman Proceeding

#### 1. Cayman Proceeding

On June 1, 2021, Ascentra's shareholders unanimously approved resolutions to place the company into voluntary liquidation under section 124 of the Companies Act of the Cayman Islands (2021 Revision). On September 17, 2021, the company was placed into official liquidation pursuant to a Supervision Order issued by the Grand Court of the Cayman Islands (the "**Cayman Proceeding**"). The Liquidators were duly appointed joint official liquidators of Ascentra in the Cayman Proceeding, which remains pending in the Grand Court.

#### 2. Chapter 15 Proceedings

On October 27, 2021, the Liquidators filed a petition for recognition under Chapter 15 of the Bankruptcy Code, and sought an *Emergency Request for Provisional Relief Pursuant to Sections 1519 and 105(a) of the Bankruptcy Code* (the "**Application**") [ECF No. 9] to extend the automatic stay to funds held in a payment processing account maintained by Planet Payment Solutions LLC ("**Planet Payment**") in the name of SPGK. According to the Liquidators, Ascentra had a contractual and

Hon. David S. Jones
June 30, 2022
Page 3

equitable interest in the funds and thus a stay was necessary to avoid transfer of such funds and irreparable harm to Ascentra and its stakeholders.

SPGK filed a limited objection to the Application. *See* ECF No. 15. The parties resolved the limited objection, and on November 2, 2021, the Court granted the Application [ECF No. 17].

On December 3, 2021, the Court held a hearing on the Liquidators' *Verified Petition for Recognition of Foreign Insolvency Proceeding and Application for Additional Relief Under Chapter 15 of the Bankruptcy Code, and Memorandum of Law In Support Thereof* [ECF No. 3]. On December 6, 2021, the Court entered the *Order Granting Recognition and Relief in Aid of a Foreign Main Proceeding* [ECF No. 22] (the "**Recognition Order**").

### B. Activities in Chapter 15 Proceedings and Cayman Proceeding

Following entry of the Recognition Order, Graham Robinson and Ivy Chua as the duly appointed Foreign Representatives of Ascentra commenced discovery to obtain documents and information from, among others, Planet Payment and Ever Innovation Inc.

1. *Planet Payment*

On November 16, 2021, the Foreign Representatives served a subpoena request on Planet Payment. On December 6, 2021, Planet Payment responded to the subpoena request, objecting to the scope of and various requests set forth in the subpoena. The parties ultimately resolved their issues and negotiated a *Stipulated Confidentiality Agreement and Protective Order*, which the Court approved on February 2, 2022 [ECF No. 25].

On February 9, 2022, Planet Payment produced the first set of documents, which did not meet the scope of the Foreign Representatives' initial request. On March 8, 2022, the Foreign Representatives sent a second request for additional documents.

Although the new set of documents Planet Payment produced met the scope of the Foreign Representatives' second requests, the Foreign Representatives believe that additional communications and information is needed to properly assess transfers made and trace funds that belong to Ascentra. Since then, counsel have conferred regarding the production of additional communications and documents. Discussions and negotiations are ongoing.

Hon. David S. Jones
June 30, 2022
Page 4

### 2. *Ever Innovation Inc.*

On April 21 and 26, 2022, the Foreign Representatives served subpoena requests on Ever Innovation, Inc. ("**EII**"), Masami Nakano ("**Nakano**"), and James Koshimoto ("**Koshimoto**").

Upon information and belief, Nakano served as CEO of EII and Koshimoto served as Chief Technology Officer at EII. On February 1, 2017, Ascentra and EII entered into a services agreement, in which EII agreed to provide website development and consulting services to Ascentra. The services agreement was terminated on August 31, 2021. Based on investigation, Matsuura took the technology and agent, customer and product lists that Ascentra licensed to EII to use and run the back office and set up a new entity known as FJH International, Inc.

On May 4, 2022, EII responded to the subpoena requests, arguing, among other things, that the requests concerned trade secret issues, sought privileged information, and exceeded the scope of discovery permitted under the Recognition Order. The parties conferred regarding the scope of the subpoena requests, and counsel agreed to provide search terms to assist with document production. The Foreign Representatives have not yet received any documents. Recently, counsel was informed that EII has retained another law firm to respond to the subpoenas.

### **Expectations Over the Next Six Months**

At this time, the Foreign Representatives expect the discovery process to continue for the next few months, as the parties meet and confer to address objections and the scope of requests. Depending on what discovery reveals, the Foreign Representatives may seek additional relief from the Court because there is a serious concern that the funds might disappear and thus amplify efforts by the Foreign Representatives to trace those funds.

As discussed in multiple filings made in this Court, the current dispute amongst Ascentra's beneficial owners stems from SPGK's failure to transfer any proceeds from the sale of Ascentra products (either on a gross revenue or net income basis) to Ascentra for further distribution to its shareholders. SPGK took Ascentra's agent, customer and product lists without remitting Ascentra's share of the sale proceeds as required under the Cancellation Agreement between the parties.

As of the filing date of this status report, SPGK continues to use and profit from Ascentra's products under FJH International and has rebranded them under different colors. Based on preliminary investigation, SPGK holds more than $200 million that

Hon. David S. Jones
June 30, 2022
Page 5

should have been distributed to Ascentra's shareholders, approximately $67 million of which constitute funds held in Planet Payment accounts. The Foreign Representatives have already obtained a stay against those accounts. *See* ECF No. 17.

The Foreign Representatives are also working to obtain recognition of the Cayman Proceeding in Singapore. Recently, the High Court in Singapore denied the Foreign Representatives application for recognition based on a finding that Ascentra's liquidation proceeding does not have its basis in a law relating to insolvency. The decision has been appealed. If the appeal is successful, the Foreign Representatives would be able to utilize various restructuring tools under Singapore law (such as the automatic stay) to piece together their investigations and claims against SPGK, its shareholders and other parties.

Respectfully submitted,

*/s/ John A. Pintarelli*

John A. Pintarelli
Partner