Robert J. Feinstein
Bradford J. Sandler
Jeffrey M. Dine
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:   (212) 561-7700
Facsimile:   (212) 561-7777
E-Mail:   rfeinstein@pszjlaw.com
          bsandler@pszjlaw.com
          jdine@pszjlaw.com

*Counsel for Shang Peng Gao Ke Inc. SEZC and SPGK Pte Ltd*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>ASCENTRA HOLDINGS, INC. (in Official Liquidation),<br><br>Debtor in a<br>Foreign Proceeding.[1] | Case No. 21-11854-dsj<br><br>Chapter 15 |

**DECLARATION OF ANDREW JOHNSTONE IN SUPPORT OF MOTION OF SHANG PENG GAO KE INC. SEZC AND SPGK PTE LTD. PURSUANT TO 11 U.S.C. §§ 1517(d) AND 1520(c) FOR AN ORDER TERMINATING THE RECOGNITION ORDER**

I, Andrew Johnstone, to the best of my information and belief, state as follows:

1. I am a partner with the law firm Harney Westwood & Riegels ("Harneys") in its Cayman Islands office. I was called to the Bar of England and Wales in 2004. I am admitted to practice in the Cayman Islands and certain other common law jurisdictions.

2. I am the head of Harneys' Litigation, Insolvency, and Restructuring group in the Cayman Islands.

---

[1] The Debtor's company registration number is 283719. The Debtor's registered office is c/o JTC (Cayman) Ltd., 94 Solaris Avenue, Second Floor, Camana Bay, PO Box 30745, Grand Cayman, Cayman Islands, KY1-1203.

3. Harneys represents Shang Peng Gao Ke Inc. SEZC ("SPGK Cayman") and SPGK Pte Ltd ("SPGK Singapore", and together with SPGK Cayman, "SPGK") and acts as Cayman Islands counsel and global coordinating counsel for matters concerning SPGK and the Joint Official Liquidators ("JOLs") of Ascentra Holdings, Inc. ("Ascentra').

4. I am competent to testify and, except as otherwise indicated, all facts set forth in this declaration are based on my personal experience and knowledge, and my review of relevant documents. To the extent that statements in this declaration are of my own legal opinion, they represent my views and understanding of the Cayman Islands' laws as a practicing Cayman Islands attorney.

5. I submit this declaration in support of the *Motion of Shang Peng Gao Ke Inc. SEZC and SPGK Pte Ltd. Pursuant to 11 U.S.C. §§ 1517(d) and 1520(c) for an Order Terminating the Recognition Order* (the "Motion").[2]

6. Attached hereto as **Exhibit 1** is a copy of correspondence from Campbells LLP, Cayman Islands counsel to the JOLs, to the Grand Court of the Cayman Islands (the "Cayman Court") with attachments, dated 13 September 2021 and filed 14 September 2021.

7. In Campbells' submissions to the Cayman Court, it requested, on behalf of Graham Robinson as voluntary liquidator of Ascentra, that the Cayman Court grant the relief sought, a supervision order under Section 124 of the Cayman Companies Act, on an administrative basis, that is, without a hearing. Ex. 1 at 1–3. The submissions attached certain correspondence related to Mr Robinson's request.

8. On 12 August 2021, Mr Robinson wrote to Ascentra's shareholders and SPGK seeking their approval to make the request. Ex. 1 at 7–9.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Motion.

9. Mr Robinson confirmed in an email dated 16 August 2021 to Mari Matthews, a representative of one of the shareholders, that "[m]y aim as liquidator of Ascentra and IR-P is to ensure that all the shareholders receive their share of the surplus and not just Ryu or Yoshio through SPGK." Ex. 1 at 15–16.

10. SPGK initially objected to both the appointment of the proposed joint official liquidators and the proposal that the Supervision Application be determined on an administrative basis. On 7 September 2021 SPGK informed Mr. Robinson that it withdrew these objections. Mr Robinson informed the shareholders of this by an email dated 10 September 2021. Ex. 1 at 17–19.

11. On September 23, 2021, the JOLs filed a Joint Official Liquidators Certificate of Solvency (CWR Form No. 13) (the "Solvency Certificate"), certifying that Ascentra "should be treated as solvent, for the purposes of section 110 (4) of the Companies Act and CWR Orders 8 and 9." A copy of the Solvency Certificate is attached hereto as **Exhibit 2**.

12. Consistent with the Cayman Islands Companies Act and Companies Winding Up Rules, the JOLs solicited contributories only to join Ascentra's liquidation committee. A copy of the JOLs' letter of 14 October 2021 to contributories notifying them that they could request to join Ascentra's liquidation committee is attached as **Exhibit 3**.

13. On 3 November 2021, the JOLs filed a certificate, CWR Form No. 15, confirming that a liquidation committee had been constituted, on the basis of their determination that Ascentra was solvent, that was made up of shareholders of Ascentra or their representatives. A copy of that certificate is attached hereto as **Exhibit 4**.

14. The JOLs sought recognition of the Cayman Proceeding in Singapore. SPGK opposed recognition. Following a series of hearings between March and May of 2022 and

entry of an order denying the petition for recognition in Singapore on May 27, 2022, on April 3, 2023, the High Court for the Republic of Singapore issued its *Grounds for Decision* (the "Singapore Decision"), a copy of which is attached hereto as **Exhibit 5**.

15. The Singapore Decision is currently on appeal. The appeal is scheduled to be heard during the sitting commencing from 31 July 2023 to 11 August 2023.

16. A copy of *In Re Sturgeon Central Asia Balanced Fund*, [2020] EWHC 123 (Ch), discussed in the Singapore Decision, is attached hereto as **Exhibit 6**.

17. The JOLs have not commenced any proceedings in the Cayman Proceeding to determine any claim against SPGK concerning the "Cancellation Agreement" attached to Mr. Robinson's Declaration as Exhibit E.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 30, 2023
Grand Cayman, Cayman Islands

*/s/ Andrew Johnstone*
Andrew Johnstone