# EXHIBIT 3

# Applications to Wind Up Companies

Fourth Edition

DEREK FRENCH

*Consultant Editor*

PROFESSOR STUART SIME



OXFORD
UNIVERSITY PRESS

21-11854-dsj    Doc 40-3    Filed 06/30/23    Entered 06/30/23 15:26:03    Exhibit 3 - Portion of Derek French    Applications to Wind up Companies    Pg 3 of 4

**858**   COMPANY SUBJECT TO ANOTHER INSOLVENCY PROCEDURE

10.139   On an application under IR 2016, r 21.4, the court may make an order confirming the creditors' voluntary winding up.[356] This makes it clear that the court's decision is discretionary,[357] even though most cases are so routine that an application may be dealt with by a member of the court staff[358] without a hearing.[359] An application which requires fuller consideration may be referred to an ICC judge or High Court judge.[360]

10.140   If a confirmation order is made in respect of a company which is subject to main insolvency proceedings opened before IP completion day, the liquidator who applied for the confirmation order must notify it to any member State liquidator[361] appointed in relation to the company, and to known creditors, in foreign EU States (apart from Denmark).[362]

10.141   Until IP completion day, similar procedures are available to provide confirmation of a creditors' voluntary winding up of a UK insurer[363] for the purposes of Directive 2009/138/EC, arts 274 and 280,[364] or a UK credit institution[365] for the purposes of Directive 2001/24/EC, arts 10 and 28.[366]

10.142   If voluntary winding up of a company with confirmation of a court in England and Wales ranks as secondary proceedings under Regulation (EU) 2015/848, art 3(3) or (4),[367] the insolvency practitioner in the main proceedings may request that the voluntary winding up is converted into a winding up by the court,[368] as described at 6.150–6.151.

10.143   A company being wound up is ineligible for a part A1 moratorium.[369]

### Voluntary Winding Up Subject to Supervision of Court

#### Availability of supervision orders

10.144   From 1857 until 1986, under a provision last re-enacted as the Companies Act 1985, s 606, when a registered company had passed a resolution for voluntary winding up, the court could make an order that the voluntary winding up should continue but subject to such supervision of the court, and with such liberty for creditors, contributories or others to apply to the court, and generally on such terms and conditions, as the court thought just. This

---

[356] r 21.5(1).
[357] Re TXU Europe German Finance BV [2005] BCC 90 at [7].
[358] r 21.5(4).
[359] r 21.5(1) and (2).
[360] Re TXU Europe German Finance BV at [21].
[361] See 1.551.
[362] r 21.6; Regulation (EU) 2015/848, art 54. Both are repealed on IP completion day by the Insolvency (Amendment) (EU Exit) Regulations 2019 (SI 2019/146), sch, paras 46 and 106 and 1 and 7 respectively, but are continued in force for application to main proceedings opened before IP completion day (Withdrawal Agreement art 67(3)(c); European Union (Withdrawal) Act 2018, s 7A; SI 2019/146, reg 4(2)).
[363] Defined at 1.338.
[364] Insurers (Reorganisation and Winding Up) Regulations 2004 (SI 2004/353), reg 7 revoked on IP completion day by the Credit Institutions and Insurance Undertakings Reorganisation and Winding Up (Amendment) (EU Exit) Regulations 2019 (SI 2019/38), reg 2(1) and (3).
[365] Defined at 1.343.
[366] Credit Institutions (Reorganisation and Winding Up) Regulations 2004 (SI 2004/1045), reg 6 revoked on IP completion day by SI 2019/38, reg 3(1) and (3).
[367] See 1.389–1.406.
[368] Regulation (EU) 2015/848, art 51.
[369] IA 1986, sch ZA1, para 2(2) and (3)(f).

was known as a supervision order. Winding up subject to supervision was abolished on 29 December 1986.[370] The equivalent Northern Ireland provision was repealed on 11 October 1991.[371] Abolition implemented a recommendation by the Jenkins committee, which said that the provisions on winding up subject to supervision served no useful purpose.[372]

An unregistered company could not be wound up subject to supervision.[373]  10.145

Winding up subject to the supervision of the court has been included by the UK in annex A of Regulation (EU) 2015/848,[374] but the Regulation does not apply to any winding up under the supervision of the court in the UK, because all such proceedings were opened before 26 June 2017 and the Regulation does not apply to proceedings opened before that date.[375] If it is correct that art 3 of the Regulation means that a UK court must make available all proceedings listed for the UK in annex A to every debtor whose centre of main interests (COMI) is in the UK, the court will have to find a way of making supervision orders again, but it is submitted at 1.181–1.186 that this argument is not correct.  10.146

Winding up subject to the supervision of the court is available in the Cayman Islands[376] and the Isle of Man.[377] In the Cayman Islands a voluntary winding can continue without supervision only if the directors make a declaration of solvency.[378] An application for an order for the continuation of a voluntary winding up under supervision may be made by the liquidator or any contributory or creditor on the grounds that:  10.147

(a) the company is or is likely to become insolvent; or
(b) the supervision of the court will facilitate a more effective, economic or expeditious liquidation of the company in the interests of the contributories and creditors.[379]

Supervision and winding up by the court compared
In *Re Manual Work Services (Construction) Ltd*[380] Megarry J said:  10.148

> The differences between winding up by the court and winding up subject to supervision are, of course, very great.... In general, winding up under supervision is a voluntary liquidation with some important but not very extensive safeguards for those concerned, such as the requirement of quarterly reports to the court, protection against actions against the company, and the opportunity to make applications to the court. The two processes are in substance, very different indeed.

---

[370] See 1.389–1.406.
[371] By the Insolvency (Northern Ireland) Order 1989 (SI 1989/2405 (NI 19)), sch 10.
[372] *Report of the Company Law Committee* (Cmnd 1749, 1962), para 503(v).
[373] Companies Act 1985, s 666(4) repealed by the Insolvency Act 1985, sch 10, part 2.
[374] art 1(1B) from IP completion day.
[375] Regulation (EU) 2015/848, art 84(1). Similarly Regulation (EC) No 1346/2000 did not apply to proceedings opened before 31 May 2002 (art 43) and so could not apply to any winding up under the supervision of the court in the UK.
[376] Companies Law (2020 Revision) (Cayman Islands), ss 131–133.
[377] Companies Act 1931 (Isle of Man), ss 243–246A; Companies Act 2006 (Isle of Man), s 182.
[378] Companies Law (2020 Revision) (Cayman Islands), ss 123–4.
[379] s 131. For discussion of ground (b) see *Adamas Global Alternative Investment Management Inc v Public Institution for Social Security for the State of Kuwait* (Cayman Islands CA 2019) Civil Appeals 17 of 2019, 27 of 2019 and 26 of 2019.
[380] [1975] 1 WLR 341 at pp 343–4.