# EXHIBIT 6

**CAYMAN ISLANDS**



**Companies Act**

**(2023 Revision)**

# INSOLVENCY PRACTITIONERS' REGULATIONS

**(2023 Consolidation)**

**Supplement No. 2 published with Legislation Gazette No. 4 dated 24th January, 2023.**

## PUBLISHING DETAILS

The Insolvency Practitioners' Regulations, 2018 made by the Insolvency Rules Committee on 27th November, 2017 as amended by the Citation of Acts of Parliament Act, 2020 [Act 56 of 2020].

Consolidated with —
Insolvency Practitioners' (Amendment) Regulations, 2022-22nd July, 2022.

Consolidated this 31st day of December, 2022



**CAYMAN ISLANDS**



**Companies Act**

**(2023 Revision)**

# INSOLVENCY PRACTITIONERS' REGULATIONS

**(2023 Consolidation)**

## Arrangement of Regulations

Section                                                                    Page

**PART I: INTRODUCTION**                                                   **5**
1.   Citation ...................................................................................................5
2.   Commencement and Application ......................................................5
3.   Definitions.........................................................................................6
**PART II: APPOINTMENT OF OFFICIAL LIQUIDATORS**                          **6**
4.   Professional Qualification ................................................................6
5.   Residency Requirement....................................................................7
6.   Independence Requirement..............................................................7
7.   Insurance Requirement.....................................................................7
8.   Foreign practitioners ........................................................................8
9.   Commencement and Transitional Provisions ...................................8
**PART III: OFFICIAL LIQUIDATOR'S REMUNERATION**                          **8**
10.  Introduction.......................................................................................8
11.  Basis of Remuneration.....................................................................9
12.  Consideration of Remuneration by the Liquidation Committee .................9
13.  Application to the Court...................................................................10
**PART IV: RATES OF REMUNERATION**                                        **10**
14.  Introduction.....................................................................................10
15.  Terms of Remuneration Agreements .............................................11
16.  Transitional Provision .....................................................................12



| | |
|---|---|
| **SCHEDULE** | **15** |
| **PRESCRIBED RATES OF REMUNERATION FOR OFFICIAL LIQUIDATORS** | **15** |
| **Part A: Scale of hourly rates (expressed in US$)** | **15** |
| **Part B: Scale of Percentage Rates of Distributions or Realisations and Recoveries** | **16** |
| **ENDNOTES** | **19** |
| Table of Insolvency Practitioners' Regulations history: ...................................................................... | 19 |



**CAYMAN ISLANDS**



**Companies Act**

**(2023 Revision)**

# INSOLVENCY PRACTITIONERS' REGULATIONS

**(2023 Consolidation)**

---

## PART I: INTRODUCTION

### Citation

**1**.   These Regulations may be cited as the *Insolvency Practitioners' Regulations (2023 Consolidation)*.

### Commencement and Application

**2**.   (1)   These Regulations shall come into force on the date stated in the commencement order, referred to in these Regulations as the "commencement date". No application, order or direction made under Part V of the *Companies Act (as amended and revised)* before the commencement date shall be treated as a non-compliance with these Regulations provided that it complied with the rules, practice directions or procedure then in force. No action taken by a liquidator, creditor or contributory in a compulsory liquidation or voluntary liquidation before the commencement date shall be treated as a non-compliance with these Regulations provided that it complied with the rules, practice directions or procedure then in force.

(2)   Part II of these Regulations shall apply to every appointment of an official liquidator made by the Court on or after the commencement date (irrespective of the date on which the liquidation commenced).

---



(3) Part III of these Regulations shall apply to every application made to the Court by an official liquidator on or after the commencement date for an order approving payment of the official liquidator's remuneration out of the assets of a company in provisional or compulsory liquidation (including a liquidation under the supervision of the Court).

(4) Part IV of these Regulations shall apply to remuneration earned for work done on or after the commencement date.

### Definitions

**3**.   (1) The words and expressions defined by Section 89 of *the Companies Act (as amended and revised)* and the *Companies Winding Up Rules (as amended and revised)* shall have the same meaning when used in these Regulations.

(2) The expression "**qualified insolvency practitioner**" means a person who is qualified in accordance with Regulation 4 to accept appointment by the Court as an official liquidator of a company.


## PART II: APPOINTMENT OF OFFICIAL LIQUIDATORS

### Professional Qualification

**4**.   (1) A person shall be qualified to accept appointment by the Court as official liquidator of any company only if —

(a) that person is licensed to act as an insolvency practitioner in a relevant country; or

(b) that person is qualified as a professional accountant by an approved institute, is in good standing with such institute, has a minimum of five (5) years' relevant experience and is credited with not less than 2,500 chargeable hours of relevant work.

(c) [*spent*].

(2) For the purposes of paragraph (1)(a) of this Regulation the relevant countries are —

(a) England and Wales;

(b) Scotland;

(c) Northern Ireland;

(d) The Republic of Ireland;

(e) Australia;

(f) New Zealand; and

(g) Canada.



(3) For the purposes of paragraph (1)(b) of this Regulation, "approved institute" means an institute, society, association or other body approved by the Council of the Cayman Islands Institute of Professional Accountants pursuant to the *Accountants Act (2020 Revision)*.

(4) The expressions "relevant experience" and "relevant work" shall have the same meaning as in Part A of the Schedule to these Regulations.

## Residency Requirement

**5**.   (1)   A qualified insolvency practitioner shall not be appointed by the Court as official liquidator of any company unless —

   (a)   that person is resident in the Islands; and

   (b)   that person, or the firm of which that person is a partner or employee, or the company of which that person is a director or employee, holds a trade and business licence which authorises that person or that person's firm to carry on business as professional insolvency practitioners.

## Independence Requirement

**6**.   (1)   A qualified insolvency practitioner shall not be appointed by the Court as official liquidator of a company unless that person can be properly regarded as independent as regards that company.

   (2)   A qualified insolvency practitioner shall not be regarded as independent if, within a period of 3 years immediately preceding the commencement of the liquidation, that person, or the firm of which that person is a partner or employee, or the company of which that person is a director or employee, has acted in relation to the company as its auditor.

## Insurance Requirement

**7**.   (1)   A qualified insolvency practitioner shall not be appointed by the Court as official liquidator of any company unless that person and the firm of which that person is a partner or employee or the company of which that person is a director or an employee, has professional indemnity insurance (up to a limit of at least US$10 million in respect of each and every claim and at least US$20 million in the aggregate, with a deductible of not more than US$1 million) applicable to the negligent performance or non-performance of the qualified insolvency practitioner's duties as an official liquidator generally.

   (2)   Nothing in these Regulations shall prevent the Court from making an order in respect of a particular company that its official liquidator shall —

   (a)   procure professional indemnity insurance covering the official liquidator in respect of the negligent performance or non-performance of the official liquidator's duties to the company with a limit of coverage in excess of



US$10 million in respect of each and every claim or with an aggregate limit in excess of US$20 million; or

(b) procure the issue of a security bond to cover acts of fraud or dishonesty committed by the official liquidator or any of the official liquidator's staff, in which case the premium shall be paid out of the assets of the company as an expense of the liquidation.

(3) [*spent*].

## Foreign practitioners

**8**.   (1)   A foreign practitioner who meets the independence and insurance requirements of Regulations 6 and 7 may be appointed by the Court as an official liquidator of a company jointly with a qualified insolvency practitioner (but not as sole official liquidator).

(2)   A foreign practitioner need not meet the residency requirement of Regulation 5.

## Commencement and Transitional Provisions

**9**.   (1)   The appointment by the Court of any person as official liquidator of a company made prior to the commencement date shall not be invalidated by reason of the fact that the appointee is not a qualified insolvency practitioner and does not meet the residency, independence or insurance requirements contained in these Regulations.

# PART III: OFFICIAL LIQUIDATOR'S REMUNERATION

## Introduction

**10**.   (1)   Subject to paragraph (2), an official liquidator is not entitled to receive any remuneration out of the assets of a company in provisional or official liquidation (including a liquidation under the supervision of the Court) without the prior approval of the Court.

(2)   An official liquidator may receive a payment on account, the amount of which shall not exceed eighty percent of the remuneration sought in the report and accounts prepared in accordance with Regulation 12(2).

(3)   In the event that the amount of remuneration approved by the Court is less than the amount paid on account, the official liquidator shall forthwith repay the balance to the company.

(4)   For the purposes of Parts III and IV of the Regulations the expression "official liquidator" is used to include the firm or company of which the official liquidator is a partner, director or employee and references to "remuneration" mean the remuneration payable to such firm or company.



## Basis of Remuneration

**11**.  (1)   An official liquidator may be remunerated on the basis of —

    (a)   the time spent by the official liquidator and the official liquidator's staff upon the affairs of the liquidation; or

    (b)   a percentage of the amount distributed to creditors and members of the company; or

    (c)   a percentage of the amount realised upon the sale of the company's assets (net after deduction of the direct costs of sale); or

    (d)   a fixed fee; or

    (e)   a combination of some or all of the above.

(2)   An official liquidator shall not delegate work to any related firm or any other firm of insolvency practitioners, except on terms that such firm will be remunerated only in accordance with the terms of a remuneration agreement which complies with the requirements of these Regulations and has been approved by the Court.

## Consideration of Remuneration by the Liquidation Committee

**12**.  (1)   An official liquidator may not make an application to the Court under Regulation 13 without first —

    (a)   seeking the liquidation committee's approval of the basis of the official liquidator's remuneration and the amount of the remuneration for which the official liquidator intends to seek the Court's approval; or, if there is no liquidation committee

    (b)   convening a meeting of creditors and/or contributories in accordance with CWR Order 8 at which the official liquidator proposes a resolution approving the basis of the official liquidator's remuneration and the amount of the remuneration for which the official liquidator intends to seek the Court's approval; or

    (c)   complying with the requirements of any international protocol (in so far as it relates to the official liquidator's remuneration) which has been approved by both the Court and a foreign court.

(2)   The official liquidator shall prepare a report and accounts containing all the information reasonably required to enable a creditor or contributory to make an informed decision about the reasonableness of the proposed basis of remuneration and amount for which the official liquidator intends to seek the Court's approval.

(3)   If the official liquidator seeks to be remunerated on a time spent basis, the official liquidator's report and accounts shall provide full particulars of the work done; the staff engaged; and the hourly rates applicable to each grade of staff.



(4) The official liquidator's report and accounts shall be provided to the liquidation committee or, if there is no committee, sent to the creditors and/or contributories with notice of the meeting.

## Application to the Court

**13**. (1) An application by an official liquidator for approval of the official liquidator's remuneration shall be made by summons in CWR Form No 16A and shall be served on —

    (a) each member of the liquidation committee; or

    (b) counsel to the liquidation committee, if an attorney has been appointed by the liquidation committee with authority to act generally.

(2) An application under this Regulation may be made *ex parte* if there is no duly constituted liquidation committee in existence.

(3) An application under this Regulation shall be supported by —

    (a) the report and accounts provided to the liquidation committee or meeting of creditors and/or contributories (as the case may be);

    (b) an affidavit stating the outcome of the liquidation committee's consideration or the outcome of the creditors' and/or contributories' meetings; and

    (c) a copy of the remuneration agreement or a copy of the document(s) which evidence the terms of the remuneration agreement.

(4) Where an official liquidator is to be remunerated on the basis of Regulation 11(1)(b) or Regulation 11(1)(c) of these Regulations, the official liquidator must apply to the Court for approval of the basis of remuneration within the later of —

    (a) 6 months from the date a liquidation committee is established; or

    (b) 9 months from the date of the commencement of the liquidation.

## PART IV: RATES OF REMUNERATION

### Introduction

**14**. (1) It is the responsibility of the liquidation committee and the official liquidator to negotiate and agree the basis upon which the official liquidator and the official liquidator's firm will be remunerated and the applicable scale of hourly rates, percentage rates or fixed fees, as may be the case (referred to in these Regulations as a "remuneration agreement").

(2) Subject to paragraph (3) of this Regulation, the terms of every remuneration agreement shall comply with the requirements of these Regulations.



(3)   Any remuneration agreement made and approved by the Court prior to the commencement date shall continue to be valid and enforceable notwithstanding any non-compliance with these Regulations, unless and until the Court orders or approves its replacement or amendment.

## Terms of Remuneration Agreements

**15**.   (1)   In the event that an official liquidator agrees to be remunerated upon a time spent basis, it shall be a term of the remuneration that —

(a)   the official liquidator and the official liquidator's firm shall not be obliged to accept less than the minimum hourly rates, for the relevant dates, as prescribed in Part A of the Schedule hereto; and

(b)   the liquidation committee shall not be authorised to agree to pay more than the maximum hourly rates, for the relevant dates, as prescribed in Part A of the Schedule hereto; and

(c)   the agreed scale of hourly rates shall apply, in the first instance, to the period from the date of the winding up order until 31st December and, thereafter, the scale of hourly rates shall be reviewed and re-negotiated annually with the effect from 1st January each year

(2)   In the event that the official liquidator agrees to be remunerated on the basis of a percentage of distributions, it shall be a term of the remuneration agreement that the official liquidator and the official liquidator's firm shall be paid —

(a)   a percentage of the net amount available for distribution to creditors after payment of the expenses of the liquidation (other than the official liquidator's remuneration) if the company is insolvent;

(b)   if the company is solvent, an additional percentage of the net amount available for distribution to members after payment of the expenses of the liquidation (other than the official liquidator's remuneration); and

(c)   the percentage rate shall not exceed the maximum prescribed in Part B of the Schedule

(3)   In the event that the official liquidator agrees to be remunerated on the basis of a percentage of realisations, it shall be a term of the remuneration agreement that the official liquidator and the official liquidator's firm shall be paid —

(a)   a percentage of the amount realised upon sale of the company's assets, net after deduction of the direct costs of sale; and

(b)   a percentage of the gross amounts recovered from the company's debtors and contingent debtors; and

(c)   the percentage rate shall not exceed the maximum prescribed in Part B of the Schedule.



(4) In the event that —

    (a) the official liquidator and the liquidation committee fail to agree upon the terms of a remuneration agreement; or

    (b) in the absence of any liquidation committee, a resolution approving the official liquidator's proposed remuneration agreement is not passed at a creditors' meeting and/or contributories' meeting, the official liquidator shall apply to the Court pursuant to Regulation 13 for an order approving the official liquidator's proposed remuneration agreement.

(5) When it is agreed that two or more jointly appointed official liquidators are to be remunerated on a time spent basis, their remuneration agreement may provide that different scales of hourly rates shall apply to each of them.

(6) (a) When an official liquidator agrees to be remunerated on a time spent basis, the scale of hourly rates may be denominated in US dollars or the currency of the liquidation or the currency in which the official liquidator's firm normally does business.

    (b) For the purposes of determining whether agreed hourly rates denominated in a currency other than US dollars comply with the scale of hourly rates prescribed in the Schedule to the Regulations, (i) the rates initially agreed shall be translated into US dollars at the exchange rate prevailing on the date of the commencement of the liquidation and (ii) thereafter, the rates shall be reviewed (by translating them into US dollars at the exchange rate prevailing on the 1st January or the first business day of each year) and if, as a result of changes in the applicable exchange rate occurring since the commencement of the liquidation or the previous review, the agreed hourly rates are found to be less than the minimum or more than the maximum prescribed rates, the rates applicable for the following year shall be adjusted as may be necessary to comply with the prescribed rates.

(7) When an official liquidator agrees to be remunerated on the basis of a percentage of realisations, the amount of the official liquidator's remuneration will be determined and paid in the currency or currencies in which the assets are realised.

(8) When an official liquidator agrees to be remunerated on the basis of a percentage of distributions, the official liquidator's remuneration will be determined and paid in the currency of the liquidation.

## Transitional Provision

**16**. With effect from the 1st September, 2022, the "**Commencement Date**" of the *Insolvency Practitioners' (Amendment) Regulations, 2022 [SL 32 of 2022]*, the prescribed minimum and maximum hourly rates of remuneration for work performed:

(1) on or after the Commencement Date shall be those set out in the Schedule hereto in the table entitled "II - With effect from 1st September 2022"; and



(2)    before the Commencement Date shall be those set out in the Schedule hereto in the table entitled "I - With effect from 1st January 2013".


Made by the Insolvency Rules Committee on the 27th day of November 2017


The Honourable Justice Andrew J. Jones QC

The Honourable Sam Bulgin QC, Attorney-General

Colin McKie QC, Legal Practitioner

Hector Robinson QC, Legal Practitioner

Simon Conway, Insolvency Practitioner

Jude Scott CPA, Public Accountant


Amended by the Insolvency Rules Committee on 22nd July, 2022.

The Honourable Nicholas Segal, Chairperson

The Honourable Samuel Bulgin KC, Attorney General

Colin McKie KC, Legal Practitioner

Colette Wilkins KC, Legal Practitioner

Eleanor Fisher, Insolvency Practitioner

Jude Scott



# SCHEDULE

## PRESCRIBED RATES OF REMUNERATION FOR OFFICIAL LIQUIDATORS

### Part A: Scale of hourly rates (expressed in US$)

#### I - With effect from 1st January 2013

| | Grade of Staff | Minimum | Maximum |
|---|---|---|---|
| 1. | Official Liquidator and any Partner | $500 | $945 |
| 2. | Consultant | $290 | $945 |
| 3. | Director or Principal | $445 | $715 |
| 4. | Senior Manager | $370 | $600 |
| 5. | Manager or Assistant Manager | $290 | $500 |
| 6. | Senior or Senior Accountant | $210 | $365 |
| 7. | Administrator | $50 | $210 |

#### II - With effect from 1st September 2022

| | Grade of Staff | Minimum | Maximum |
|---|---|---|---|
| 1. | Official Liquidator and any Partner | $570 | $1075 |
| 2. | Consultant | $330 | $1075 |
| 3. | Director or Principal | $510 | $815 |
| 4. | Senior Manager | $420 | $680 |
| 5. | Manager or Assistant Manager | $330 | $570 |
| 6. | Senior or Senior Accountant | $240 | $415 |
| 7. | Administrator | $60 | $240 |

For the purposes of this scale of hourly rates, the grades of staff shall be defined as follows —

"**Partner**" means a qualified insolvency practitioner who is or is held out as a partner of a firm or shareholder and director of a company carrying on business as professional insolvency practitioners;

"**Consultant**" means a person having professional qualifications (other than qualification as an insolvency practitioner) and/or technical expertise and/or particular experience relevant to matters arising in a liquidation;

"**Director**" or "**Principal**" means a qualified insolvency practitioner who is credited with not less than 3,500 chargeable hours of relevant work done since that person's qualification;



"**Senior Manager**" means either (i) a qualified insolvency practitioner who is credited with not less than 2,500 chargeable hours of relevant work since that person's qualification or (ii) an unqualified practitioner, having a minimum of ten (10) years' relevant experience who is credited with not less than 5,000 hours of relevant work over this period

"**Manager**" or "**Assistant Manager**" means either (i) a professional accountant, having a minimum of three (3) years' experience who is credited with not less than 1,500 chargeable hours of relevant work over this period or (ii) an unqualified practitioner, having not less than six (6) years' experience who is credited with not less than 3,000 chargeable hours of relevant work over this period;

"**Senior**" or "**Senior Accountant**" means either (i) a professional accountant, who is credited with not less than 1,000 chargeable hours of relevant work or (ii) an unqualified practitioner, having a minimum of three (3) years' relevant experience, who is credited with not less than 2,000 chargeable hours of relevant work over this period;

"**Administrator**" means (i) an unqualified person, having a minimum of one (1) year's relevant experience who is credited with not less than 500 hours of relevant work over this period; or (ii) a trainee who is credited with not less than 250 hours of relevant work; or (iii) a qualified accountant who is not credited with any hours of relevant work done since that person's qualification; and

the expressions "**relevant experience**" and "**relevant work**" shall mean work done in connection with (i) the restructuring or liquidation of businesses, whether solvent or insolvent; (ii) the investigation of the affairs of any business; or (iii) a forensic accounting exercise, including in each case work done outside the Islands.

## Part B: Scale of Percentage Rates of Distributions or Realisations and Recoveries

| | **Distribution to unsecured creditor(s) (US$)** | **Maximum %** |
|---|---|---|
| 1. | Distribution to members (US$) | 10% |
| 2. | Up to $1 million | 7½% |
| 3. | $1 - $10 million | 5% |
| 4. | $10 – 100 million | 2½% |
| | Excess of $100 million | |

| | **Distribution to members (US$)** | **Maximum %** |
|---|---|---|
| 1. | Up to $1 million | 10% |
| 2. | $1 - $10 million | 7½% |



| | | |
|---|---|---|
| 3. | $10 – 100 million | 5% |
| 4. | Excess of $100 million | 2½% |

| **Realisations and Recoveries (US$)** | | **Maximum %** |
|---|---|---|
| 1. | Up to $1 million | 10% |
| 2. | $1 - $10 million | 7½% |
| 3. | $10 – 100 million | 5% |
| 4. | Excess of $100 million | 2½% |



**Publication in consolidated form authorised by the Cabinet this 10th day of January, 2023.**

**Kim Bullings**
*Clerk of the Cabinet*



## ENDNOTES

## Table of Insolvency Practitioners' Regulations history:

| SL # | Added or replaced Regulations # | Added or replaced tables # | Legislation | Commence-ment | Gazette |
|---|---|---|---|---|---|
| 32/2022 | S.15(1), s.17 | Part A – Table II | Insolvency Practitioners' (Amendment) Regulations, 2022 | 1-Sep-2022 | LG29/2022/s3 |
| 91/2017 | | | Companies Winding Up Rules, 2017 (Part (s.5)) | 1-Feb-2018 | GE103/2017/s1 |
| 93/2017 | | | Insolvency Practitioners' Regulations, 2018 | 1-Feb-2018 | GE103/2017/s3 |



(Price: \$4.00)

