

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

John A. Pintarelli
tel: +1.212.858.1213
john.pintarelli@pillsburylaw.com

August 4, 2023

**Via ECF**

Honorable David S. Jones
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 701
New York, NY 10004-1408

      Re:    *In re Ascentra Holdings, Inc. (In Official Liquidation)*, Case No. 21-11854

To the Honorable David S. Jones:

      We write on behalf of Graham Robinson and Ivy Chua Suk Lin, the duly appointed joint official liquidators and foreign representatives (the "**Liquidators**") of Ascentra Holdings, Inc. (in Official Liquidation) in the above-referenced case, and submit this letter in accordance with the Court's *Scheduling Order* [ECF No. 51] and in response to the letter filed by SPGK on July 28, 2023 [ECF No. 52].[1]

      The relief sought by SPGK – authority to take the depositions of Graham Robinson and Guy Cowan (together, the "**Original Declarants**"), is premised on incorrect and baseless allegations that the Original Declarants misled or made misrepresentations to this Court in order to "fit the standard" for the granting of a recognition order. Further, SPGK's arguments in support of such relief reflect a gross misunderstanding of Cayman law and the law applicable to Chapter 15 proceedings in the US.

      Rather, having made the strategic decision to consent to the Recognition Order and the restraint on the Planet Payment Funds, SPGK is now seeking to (a) relitigate relief previously granted, <u>which it consented to</u>, based on facts which have not changed since this Court recognized the Cayman Proceeding, and (b) cross-examine witnesses that it had a full and fair opportunity to cross-examine at the time but declined to. SPGK never appealed the Recognition Order, including the provisional stay relief, or otherwise sought relief from the order. Instead, SPGK comes now before this Court, nearly two years later, essentially seeking reconsideration of the Recognition

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the July 28 letter.

Hon. David S. Jones
August 4, 2023
Page 2

Order based on arguments and patently baseless allegations SPGK has never previously made in any proceeding involving the Ascentra estate.

As this Court observed at the status conference held on July 20, 2023, the Court can and should give great weight to the fact that SPGK had the opportunity to cross-examine the Original Declarants and raise any evidentiary objections it may have had at the hearing on the Recognition Order.[2] The Original Declarants should not be forced to sit for examination nearly two years after the fact, as a result of SPGK's own strategic errors, in respect of motions they are not submitting evidence in connection with. Nor should the Liquidators be forced to incur the time and expense of litigating discovery that was available to SPGK at the time relief was originally sought. Most importantly, neither of the examinations at issue are necessary or relevant to the adjudication of the SPGK Motions, for the reasons set forth below.[3]

1. *SPGK is Not Entitled to Discovery Because it Lacks Standing to Terminate the Recognition Proceedings*

As a threshold matter, we bring to the Court's attention that SPGK does not have standing to move to terminate the Recognition Order.[4] *See In re Mohr*, 538 B.R. 882, 884 (Bankr. S.D. Ga. 2015) ("Bankruptcy standing is narrower than Article III standing . . . [T]o have standing to object to a bankruptcy order, a person must have a pecuniary interest in the outcome of the bankruptcy proceedings."); *see also In re Transbrasil S.A. Linhas Aeras*, Case No. 11-19484-AJC, Dkt. No. 367 (Bankr. S.D. FL, May 16, 2019) (shareholders denied discovery in connection with motion to dismiss Chapter 15 case due, in part, to their "lack of pecuniary interest") (a copy of which is attached to the Pintarelli Decl. as Exhibit 1).

SPGK did not object to this Court granting recognition to the Cayman Proceeding. Nor could it. Then, as now, SPGK is neither a creditor nor a shareholder of Ascentra. *See In re Kenneth C. Casey, Inc.*, Case No. 15-2062, Adv. Pro. No. 21-1070 (TBM), 2022 WL 2198882, at *15 (Bankr. D. Colo. Jun. 17, 2022) (asset purchaser's breach of fiduciary claims failed because it was not a creditor or equity holder and thus not a party interest with a *direct* pecuniary interest in the debtor's bankruptcy proceedings). SPGK claims to be an "interested part[y]" but its interest is limited only to the restraint this Court imposed on the Planet Payment Funds. As a result, SPGK is not prejudiced by this Court's recognition of the Cayman Proceeding, regardless of any determination of solvency, because SPGK would not directly share in any distributions made by the Ascentra estate as either a creditor or equity holder. As SPGK has no standing to seek termination of the Recognition Order, it is not entitled to discovery on the evidentiary basis for the entry of such order.

---

[2] SPGK never reserved any rights to re-open the hearing on the Recognition Order and cross-examine witnesses. SPGK's reservation of rights was limited to discovery and the ability to commence a proceeding outside the US with respect to the Planet Payment Funds. *See* ECF Nos. 20, 22.

[3] As previously acknowledged, should Mr. Robinson provide evidence in connection with the Liquidators' responses to the SPGK Motions, Mr. Robinson will be made available for examination at a time and place in accordance with the Scheduling Order.

[4] If SPGK had objected on the merits to the Recognition Order, the Liquidators would have responded appropriately at the time regarding SPGK's lack of standing.

Hon. David S. Jones
August 4, 2023
Page 3

### 2. *SPGK Waived the Right to Cross-Examine the Original Declarants*

SPGK made an affirmative decision not to cross-examine the Original Declarants at the time of the granting of the relief. At the recognition hearing, SPGK, appearing by and through counsel, did not object to the introduction of the Robinson or Cowan declarations and made the strategic decision not to take the opportunity to question either declarant even when specifically given the opportunity by this Court:

> THE COURT: Okay. Does anyone have any objection to introduction to the introduction *[sic]* of the Robinson declaration? Hearing none, it's received. And does anyone want to question Mr. Robinson? I see he's here today. Okay. No takers. So Mr. Robinson's declaration is received and there won't need to be a live – live testimony from him.
>
> * * *
>
> THE COURT: Is there any objection to the introduction of the Cowan declaration? Again, hearing none, it's received. And does anyone want to question Mr. Cowan? Okay. No takers. It's received as well. And likewise, Mr. Cowan won't be needing to testify live today.

*See* Exhibit 4 to Pintarelli Decl. (12/3/21 Transcript, 7:23-8:4, 8:10-14).

SPGK should not now be permitted to recall the Original Declarants, after declining to object to admission of their declarations into evidence, and declining to question them when given the opportunity. That right has been waived. *See H. Sand & Co., Inc. v. Airtemp Corp.*, 934 F.2d 450, 455 (2d Cir. 1991) (treating as waived on appeal plaintiff's newfound objections to affidavits submitted with the defendants' motion to dismiss); *In re Teltronics Servs., Inc.*, 762 F.2d 185, 192 (2d Cir. 1985) ("[Appellant] waived any objection to the affidavit by failing to move to strike it.").

### 3. *Even if Not Waived, the Request for Cross-Examination of the Original Declarants Should Be Denied for Lack of Relevance and Necessity*

SPGK provides two grounds for its request to depose the Original Declarants, each of which should be rejected:

First, SPGK seeks to depose Mr. Robinson regarding his alleged misrepresentation of the nature of the "Cancellation Agreement," including his personal knowledge of and ability to authenticate the agreement. Procedurally, any evidentiary objection to Mr. Robinson's reference to the Cancellation Agreement should have been made at the hearings concerning the provisional relief and the Recognition Order. SPGK has identified no new fact that was not available to it at the relevant time or change in circumstance, to support why the authenticity of the document is being raised now for the first time.[5]

---

[5] SPGK did not dispute the authenticity of the Cancellation Agreement in the Singapore recognition proceedings.

Hon. David S. Jones
August 4, 2023
Page 4

Instead of questioning the authenticity of the document, SPGK is really questioning the *enforceability* of the document and the validity of Ascentra's claim to the Planet Payment Funds, an issue not germane to the restraint order (which had the purpose of preserving the status quo pending a litigated or consensual resolution). SPGK's untimely evidentiary objection is nothing more than an attempt to obtain an advisory ruling from this Court on admissibility for use in any future proceedings between the parties over the Planet Payment Funds. However, any such determination should be left to the court that ultimately presides over such dispute.

As such, SPGK's alleged need to depose Mr. Robinson regarding the authenticity of the Cancellation Agreement is not supportable and simply a pretense to obtain the opportunity to (belatedly) depose the official liquidator.

Second, SPGK seeks to depose the Original Declarants regarding their alleged misrepresentation of the solvent nature of the Cayman Proceeding. However, solvency is a red herring. SPGK's motion to terminate the Recognition Order is primarily based upon a non-final decision by a Singapore Court concerning the Ascentra estate and an inapposite decision in *In re Global Cord Blood Corp.,* 2022 Bankr. LEXIS 3426 (Bankr. S.D.N.Y. Dec. 5, 2022). The purported need for discovery is just an attempt to obfuscate the clear lack of any authority for the relief being sought.

As will be explained by the Honourable Alex Henderson, KC, a former Judge of the Grand Court of the Cayman Islands who will testify as an expert on Cayman law, it is an incorrect statement of the law that a solvent liquidation is not a collective proceeding for purposes of determining whether it qualifies as a "foreign proceeding" under Chapter 15. Mr. Henderson will further demonstrate that the expert testimony proffered by Ms. Katharine Lucy Bladen Pearson is misleading and does not present an accurate application of Cayman law to the Ascentra liquidation proceedings. As a result, Ms. Pearson's contrived and incorrect interpretation of Cayman law should not provide a basis to cross-examine either of the Original Declarants.

Finally, Mr. Henderson will be available to be deposed by SPGK's counsel on any Cayman law issues. Accordingly, the depositions of the Original Declarants are not necessary to resolve the SPGK Motions.

4. *SPGK Had Timely Notice and a Full and Fair Opportunity to Object to Recognition and the Provisional Relief*

In its letter brief, SPGK contends that the Liquidators' counsel waited until November 29, 2021, after the deadline for objecting to recognition, to disclose to SPGK's Cayman counsel that the Cayman Proceeding was a solvent liquidation.[6] However, as reflected on this Court's docket:

---

[6] On November 29, 2021, counsel for the Liquidators responded to correspondence from counsel for SPGK and informed them of the then solvency determination. Counsel for SPGK never asked for confirmation of the determination and did not raise it during the Recognition Hearing. That SPGK did not raise any objection based on solvency at the Recognition Hearing, even after receiving the letter of November 29, demonstrates that, at that time, SPGK did not consider solvency to be relevant either.

Hon. David S. Jones
August 4, 2023
Page 5

- SPGK received notice of the Liquidators' request for provisional relief on October 28, 2023 [ECF No. 13]. SPGK filed a limited objection to the provisional relief request on November 1, 2021 stating it "does not object to the provisional stay relief requested" and asking for certain modifications to the then proposed order [ECF No. 15, ¶ 3]. The Liquidators modified the proposed order to reflect SPGK's comments.

- SPGK received notice of the Verified Petition on November 2, 2021 [ECF No. 19]. SPGK filed a reservation of rights to the Verified Petition on November 22, 2021 [EC No. 20], reserving its rights to modify the Recognition Order in its then proposed form "in the event a resolution is not achieved" by the recognition hearing date. The Liquidators modified the proposed recognition order to reflect SPGK's comments, and on December 1, 2021, SPGK consented to the language in the Recognition Order. The recognition hearing took place on December 3, 2021.

Based on SPGK's own timeline, it had the information with respect to the Liquidators' view on solvency at least *four* days prior to the final hearing on recognition on December 3 and *two* days prior to consenting to the revised language in the Recognition Order on December 1, thus undercutting its own claims of a misleading narrative.[7]

At their core, the SPGK Motions are designed to obtain declaratory relief that SPGK owns the Planet Payment Funds – but that is not what the parties negotiated and the Court ordered. As SPGK is aware, it specifically requested that the Recognition Order not "limit SPGK from commencing an action in a non-U.S. forum to adjudicate the dispute regarding the ownership of the assets or property claimed by Ascentra, including the Planet Payment Funds." Recognition Order, ECF No. 20, ¶ 10. By the Motions, SPGK attempts to circumvent any judicial forum, including this Court, to settle who owns the Planet Payment Funds. SPGK should not be permitted to abuse the judicial process for its own benefit. Depositing the Original Declarants, after waiving the right to do so, because SPGK does not like the terms that it initially agreed to, is neither warranted nor justified.

Respectfully submitted,

*/s/ John A. Pintarelli*
John A. Pintarelli
Partner

---

[7] As for SPGK's argument that its counsel did not gain access to the Grand Court's electronic document portal for the Cayman proceeding until August 2022, Ryunosuke Yoshida, a former director of Ascentra and the sole director of SPGK, had access to the court file and could have checked at any time and well before November 29, 2021. *See* CWR O.26(4)(1)(c) (as amended) ("any person who was a director or professional service provider of the company immediately before the commencement of the liquidation" shall have the right to inspect the Court file in respect of a liquidation proceeding); ECF No. 45, Ex. 4, at p. 126.