**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 21-11854 (DSJ) |
| Ascentra Holdings, Inc. (In Official Liquidation), | Chapter 15 |
| Debtor in a Foreign Proceeding.[1] | |

**BENCH DECISION AND ORDER RESOLVING DISCOVERY**
**DISPUTE REGARDING DEPOSITION REQUESTS**

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

**INTRODUCTION AND BACKGROUND**

    This Bench Decision is issued in lieu of a more formal and extensive written decision to resolve a time-sensitive discovery dispute arising in this Chapter 15 case, which relates to a proceeding pending in the Cayman Islands. Familiarity with the proceeding before this Court is assumed. The entity that is subject to the Cayman Islands proceeding at issue is Ascentra Holdings, Inc., and the parties seeking the contested discovery are referred to by the parties and this decision as "SPGK" (formally Shang Peng Gao Ke, Inc., SEZK and SPGK Pte. Ltd.). The SPGK parties appeared at hearings before this Court in 2021 that led to orders from which SPGK now seeks relief; at the time, the SPGK parties reserved various rights and defenses, but did not object to entry of the relief sought nor to the form of the resulting orders.

---

[1] The Debtor's company registration number is 283719. The Debtor's registered office is c/o JTC (Cayman) Ltd., 94 Solaris Avenue, [?] Floor, Camana Bay, PO Box 30745, Grand Cayman, Cayman Islands, KY1-1203.

1

The SPGK parties have moved to terminate certain relief awarded by this Court in 2021, [ECF No. 42], and to dismiss the case [ECF No. 37]. Discovery is underway in connection with one or both of those motions, largely with no objection. In addition, however, SPGK seeks leave to depose two individuals, to which the Ascentra liquidators object. For reasons explained below, on the current record and without prejudice if future events warrant, the Court denies SPGK's request for an order directing the depositions of those two individuals, Mr. Guy Cowan and Mr. Graham Robinson, in connection with the motions by SPGK seeking to terminate certain relief that this Court ordered nearly two years ago and to dismiss this case. SPGK's motions will be further briefed and then argued later this fall.

In 2021, this Court granted recognition of a Cayman Islands proceeding and authorized relief in connection with that recognition and in aid of the underlying proceedings, in the form of a restraining order intended to preserve certain funds whose ownership was or may be in dispute. Specifically, on November 1, 2021, the Court entered a provisional order on an emergency application finding that Ascentra had presented a colorable claim to entitlement to certain funds held in an SPGK bank account (referred to as the "Planet Payment Funds"), and awarding provisional relief including a stay of any setoff or transfer of the Planet Payment Funds. [*See* ECF No. 17 at 2, 4]. Following further proceedings, on December 6, 2021, the Court entered a further order for relief, recognizing the Cayman proceeding pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code. [ECF No. 20].

The December 6, 2021 order includes both a general bar on transferring any Ascentra property to anyone other than Ascentra's liquidators, and two provisions specifically addressing the Planet Payment Funds by restricting use of the funds yet also preserving SPGK's entitlement

to commence proceedings in a non-U.S. forum to adjudicate the parties' dispute regarding ownership of those assets:

> 9. Ascentra and SPGK shall not transfer any funds in credit card processing accounts maintained by Planet Payment Inc. or any of its affiliates in the name of SPGK (the "Planet Payment Funds") without further order of this Court. Nothing contained in this Order shall constitute a finding or determination regarding the existence or validity of Ascentra's claims to a property interest in the Planet Payment Funds or any other assets or property in which Ascentra has asserted a claim or interest.
>
> 10. Nothing in this Order shall be construed to (i) limit SPGK from commencing an action in a non-U.S. forum to adjudicate the dispute regarding the ownership of the assets or property claimed by Ascentra, including the Planet Payment Funds or (ii) constitute a determination that this Court or another U.S. court is the proper forum for the adjudication of such dispute.

[ECF No. 20 (Dec. 6. 2021)].

Neither Ascentra nor SPGK appears to have litigated entitlement to the funds elsewhere during the nearly two years that have passed since entry of the 2021 order.

Now, however, the SPGK parties have moved pursuant to 11 U.S.C. § 1522(c) to terminate the restraint on funds that this Court ordered in 2021. SPGK's motion originally was scheduled to be heard on July 20, 2023, but the parties requested and the Court agreed to use that date solely as a conference, with a merits hearing to occur later. The parties further agreed to discovery in connection with the motion, including a number of depositions that are scheduled to occur on various dates through September. But the parties disagree wither SPGK is entitled to depose two individuals who submitted declarations in 2021 in support of the Ascentra liquidators' request for recognition and for an order restraining transfer of the Planet Payment assets. Those individuals are Guy Cowan, who submitted a declaration addressing questions of Cayman law, and Graham Robinson, who submitted a declaration that SPGK characterizes as factual in nature.

3

The parties' discovery dispute has been presented under procedures established by this Court's local rules and my individual practices to promote the streamlined and efficient resolution of discovery disputes. The parties first explained their dispute regarding whether SPGK may depose Mr. Cowan and Mr. Robinson during the July 20 status conference. The Court concluded that it could not resolve the dispute orally at the conference, and the Court directed each involved party to submit a letter not to exceed five single-spaced pages setting forth their contentions. SPGK's letter submission is dated July 28, 2023, and is docketed at ECF No. 52. The Ascentra liquidators' responsive letter is dated August 4, 2023, and is docketed at ECF No. 53.

SPGK contends that the 2021 declarations of Mr. Robinson and Mr. Cowan contained material inaccuracies that were relied upon in the original application for recognition and for a restraint of funds. SPGK states that it "needs to take the depositions of the Ascentra Declarants because SPGK believes the Ascentra Declarations contained incorrect and misleading statements." [ECF No.52 at 2]. SPGK wishes to depose these individuals in an attempt to establish the falsity of their earlier declarations, which SPGK contends will show that the Cayman proceeding is not entitled to recognition, and/or that this Court's 2021 order restraining funds should be terminated.

The Ascentra liquidators oppose this request, noting (correctly) that SPGK was served with notice of the 2021 applications for recognition and injunctive relief, that SPGK appeared at the relevant hearing, that during the hearing the Court explicitly inquired whether there was any objection to the proposed admission into evidence of the Cowan and Robinson declarations, that no party objected, and that the Court explicitly asked whether anyone wished to question either witness, with no party saying yes. Further, the Ascentra liquidators state that they do not plan to rely on either of the 2021 declarations or declarants in opposition to SPGK's current motion, such that those witness's current testimony is assertedly irrelevant to the motion, as well as assertedly

4

waived by SPGK's earlier failure to seek discovery or question the witnesses when their declarations were proffered in 2021. Ascentra also contends that SPGK lacks standing to pursue the relief its motions seek, although that contention is almost certainly disputed.

**DISCUSSION**

Because the parties' dispute has been presented only orally and then in five-page letters, the parties have not briefed the applicable legal standards governing the discovery issues presented, instead proceeding to the substance of their dispute.

The Court nevertheless articulates its understanding of the rules and applicable standards that inform whether the Court should authorize the requested depositions.

First, the discovery sought is in connection with either or both of SPGK's pending motions. One such motion seeks relief under Sections 1522(c) of the Bankruptcy Code. That provision states, "The court may, at the request of the foreign representative or an entity affected by relief granted under section 1519 or 1521, or at its own motion, modify or terminate such relief." SPGK's other motion seeks dismissal of the case due to proposed termination of recognition pursuant to section 1517(d) of the Bankruptcy Code, which states that termination or modification of recognition is not prevented "if it is shown that the grounds for granting it were fully or partially lacking or have ceased to exist, but in considering such action the court shall give due weight to possible prejudice to parties that have relied upon the order granting recognition." 11 U.S.C. § 1517(d). The motions do not seek relief from the Court's 2021 orders under Fed. R. Civ. P. 60, or any other provision governing reconsideration of prior orders of the Court.

Bankruptcy Rule 9014(c) provides that, in contested matters such as opposed motions, specified rules including Bankruptcy Rules 7026 and 7028-7037 apply. Those rules at least

5

generally incorporate the correspondingly numbered Federal Rules of Civil Procedure, most saliently here Fed. R. Civ. P. 26 regarding the conduct and scope of discovery. Rule 7026 and Fed. R. Civ. P. 26(b) provide that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," taking various factors into account including "the importance of the discovery in resolving the issues" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b).

The Court concludes in the circumstances here that the two opposed depositions that SPGK seeks are, at most, marginally relevant to their motions, and that the expense and inconvenience of proceeding with them is not meaningfully important to the parties' current dispute, and "outweighs" the possible benefit of the depositions.

The Court reaches this conclusion for the following reasons. First, the motions rely on factual contentions that SPGK has advanced, coupled with assertions that the Ascentra liquidators will be unable to present facts that support the relief previously afforded in 2021. This dispute can be resolved based on facts presented on a current basis by the parties, and the Ascentra liquidators represent that they do not intend to rely on the 2021 declarations of Mr. Cowan and/or Mr. Robinson. Whatever was or was not presented, or was or was not misstated, in 2021 appears to the Court not directly at issue in the motions, and certainly not controlling. Rather, each side will be able to adduce facts concerning either the present relevant circumstances or the facts that existed earlier to the extent relevant to either dismissal or termination of recognition or termination of the stay on alienation of Planet Payment assets.

The lack of reliance by the Ascentra liquidators on the prior declarations during the present contested motion proceedings is critical to the Court's decision. If the Ascentra liquidators decide

they wish to call either witness or to rely on the contents of either of their prior declarations, then that witness or those witnesses' prior testimony will become directly at issue on the current motions, and discovery including by deposition would become appropriate.  Further, the Court's denial of leave to take depositions is without prejudice to a further application based on the theory that – if true – one of the 2021 declarants possesses factual knowledge that is relevant to claims or defenses on the current motions (not merely to the contents of their respective 2021 declarations) and proportional to the needs of the case.  The Court notes that SPGK described Mr. Cowan's testimony as solely concerning Cayman Islands law, which seems relatively unlikely to constitute unique factual knowledge, although Mr. Robinson may have relevant factual information.

The Court acknowledges SPGK's contention that the prior Gowan and Robinson declarations contained "incorrect and misleading statements," [ECF No. 52 at 2], although the Ascentra liquidators dispute many of SPGK's contentions.  But to the extent SPGK seeks to revisit the prior orders – which its motions do not explicitly do, as opposed to seeking termination of orders and dismissal of the case on a forward-looking basis – SPGK may well have waived such a right.  SPGK was on notice of the prior motions, did not seek discovery whether by deposing the declarants or otherwise, did not object to introduction of the declarations into evidence at the prior hearing which SPGK's counsel attended and did not seek to question either witness, and, in fact, explicitly stated non-opposition to entry of the orders, while negotiating acceptable terms in at least one of the resulting orders.  The time to take discovery in connection with declarations that supported motions in 2021 was at the time those motions were considered by the Court.  And the Court does not understand the relief that SPGK now seeks to turn on whether it can show that the 2021 declarations were false when made, or known to be false when made.  Each motion seems to the Court to call for de novo review of facts and law that the parties will present in connection with

7

their current motions. That makes any effort to impeach the 2021 declarants irrelevant or, at a minimum, an exercise whose possible value is outweighed by the expense and inconvenience of pursuing deposition testimony now.

The Court notes that it is not swayed by all of the Ascentra liquidators' contentions. The Court agrees that SPGK waived seeking to depose the 2021 declarants at the time of the 2021 motions, but that does not necessarily preclude SPGK from seeking discovery now from those same individuals if they possess knowledge that is relevant to the parties' current dispute and proportional to the needs of the case as required by Rule 26(b). And the Court perceives the contention that SPGK lacks standing to pursue the relief its motions seek as constituting a contested defense to the motions that will be adjudicated in time, but not as a basis to deny the requested discovery now. That is especially so because the Ascentra liquidators have consented to the conduct of other discovery in connection with the motions.

Nevertheless, the Court concludes that the proposed two depositions are possibly not relevant at all to the motions now before the Court, and, to the extent they would be relevant at all, their potential value is outweighed by the expense and inconvenience of conducting the depositions. This conclusion is based on all facts now available to the Court, and is without prejudice to a renewed request based on a showing that either proposed deponent possesses factual knowledge relevant to the parties' current dispute that is an appropriate subject for discovery under the governing Rule 26 standard or any other applicable law.

*[Remainder of page intentionally left blank.]*

## CONCLUSION

For the foregoing reasons, SPGK's request for an order directing the depositions of Mr. Cowan and Mr. Robinson is hereby denied, without prejudice to renewed requests in the circumstances described in the body of this decision.

**It is so ordered.**

New York, New York                           */s/ David S. Jones*

Dated: August 18, 2023                       Honorable David S. Jones

                                                  United States Bankruptcy Judge