**To:** Yoshio[webdream@abox4.so-net.ne.jp]
**Cc:** Martin Matthews[mm@interush.net]; Motohiko Homma (homma@restpo.com)[homma@restpo.com]; Masami Nakano[masami@interush.net]
**From:** Ryunosuke Yoshida[ryu@tiraworks.com]
**Sent:** Fri 7/8/2016 3:12:16 PM (UTC)
**Subject:** Re: Shang Peng Ownership and Directors

Dear Marty
Sorry for the confusion. Please disregard the first two emails I sent out (which I translated into English).
Please find Mr. Matsuura's reply in blue in the below email.
混乱を招いてしまい申し訳ございません。最初に送付しまして2通のメールは無視してください（私が英訳したものです。）。
以下松浦様からの返事となります。（青文字で記載されております。）

Thanks,

Ryu

2016-07-08 22:58 GMT+08:00 webdream <webdream@abox4.so-net.ne.jp>:

> リュウ。翻訳が不完全です。最初の文が翻訳されていません。
>
> Ryu
> The translation is incomplete. The first paragraph is not translated.
>
> iPhoneから送信
>
> 2016/07/08 13:45、Ryunosuke Yoshida <ryu@tiraworks.com> のメッセージ:
>
>> Hi Marty
>> Please find Mr. Matsuura's inline comments in blue within the email sent from you.
>> マーティのメールの文章の中にある、松浦様の青色の文章をご確認ください。
>>
>> Thanks,
>>
>> Ryu
>>
>> 2016年7月8日金曜日、webdream<webdream@abox4.so-net.ne.jp>さんは書きました:
>>
>>> 本間さん。マーティさん。

Moto, Marty

>>> 本間さんも意見ください。

Moto. Please share your opinion as well.

>>> 10%未満であれば問題ないとの発言もクリスマイナーでしたか？
>>> 彼は理解度が低いのと現実的に関係ないので今後、彼を間に入れるのはやめます。
>>> また、今は緊急なのでマーティが間に入ってもやり取りに時間がかかるので私、本間、マーティ
>>> と直接弁護士と話します。

Was Chris Miner the one that commented saying that it would be fine if the shareholding was below 10%?
His understanding of this subject is very low, and since he is irrelevant to this subject, we will not have him intervene in this topic.
And since this is very urgent, it will also consume too much time communicating through Marty as well, so we will hold a meeting with the lawyer between Moto, Marty and I.

EXHIBIT 2

ミーティングをセッティングしてください。
私はそもそも論として最初から全く切り離すのは無理と考えています。今の時点でマーティの名前は問題かと思いますが本間さん自体は中国のネット書き込み程度です。
銀行問題は先々ないとは限りませんが一つ前の本間株主と言うのが良いと私は考えます。
しかし、マーティが入るのは現在の時点では問題です。

Please arrange a meeting.
My understanding has always been that creating a absolute separation is impossible. I think it will be an issue to have Marty's name under the registry at this point, however as of Moto, it has only been online posts in China.
I don't expect to have no banking issues in the future, however making one step backwards, I think Moto as the shareholder is the most appropriate.
However it will be an issue if Marty became the shareholder at the current moment.

iPhoneから送信

2016/07/08 9:49、Ryunosuke Yoshida <ryu@tiraworks.com> のメッセージ:

松浦様、本間様

お世話になっております。吉田です。

以下マーティからのメールになります。

ご確認頂けましたら幸いです。

吉田

On Fri, Jul 8, 2016 at 7:58 AM, Martin Matthews <mm@interush.net> wrote:

(Ryu - please translate for Yoshio ad Moto only)

吉田氏（松浦様と本間様のみに翻訳してください。）

Yoshio and Moto,

松浦様、本間様

As we agreed, I spoke with Tom Polletti yesterday,

and then afterwards with Chris Miner about ownership of Shang Peng Holdings.

我々で同意しました様に、昨日トム・ポレッティと話しました。
そしてその後シャンパンホールディングスの所有権に関してクリス・マイナーとも話しました。

It is not possible to have anonymity of ownership by holding less than 10% of company shares.

Tom explained that all owners would be investigated by bank, regardless of ownership amount,

unless there were many, and all less than 10%, such as an ESOP.

All related parties would also be revealed, so using family members is not appropriate either.

This requirement is similar to the SEC regulations at 5% and 10% ownership.

会社の株式の10%以下を保有することで、匿名として保有することは不可能です。
トムの説明によると、すべてのオーナーは、保有量に関係なく銀行により審査を受けます。社員用のストックオプションの様に株主が多く、それぞれが10%以下を保有していた場合などは例外となります。
すべての関連者は開示されますので、親族も適当ではありません。
この条件はSEC(証券取引委員会)などが規定する5%と10%ルールに似ています。


We need to consider the key objectives of Shang Peng and therefore the objectives of ownership.

シャンパン事業の我々の最重要目的を明確にし、その上で所有者に関する目的も明確にする必要があります。


1. We need to clearly differentiate SP from IR for regulatory issues and banking.

We can not risk assessment by any authorities that SP is just a disguised IR mlm business.

This type of assessment could end the business.

We know that banks are reluctant to associate with IR as an mlm company due to bad comments on Internet,

which extends to all three principals.

Therefore we need clear separation of corporate entity, not just separate name and compensation plan.

This is what we have worked for over two years to design and develop.

シャンパンは規制上及び銀行上の問題から明確に分ける必要があります。
当局からシャンパンはインターラッシュのMLM事業の偽装であると疑われ、捜査されることは致命的となります。
このような捜査が行われた場合に、事業が終わってしまいます。
銀行達はインターネット上の悪評によりMLM会社としてのインターラッシュと付き合うことを敬遠していることは分かっています。
そのため、法人を明確に分ける必要があります。これは社名のみではなく、報酬プランもです。
これが我々が過去2年構築するために取り組んできたことです。

事実上、放棄する以外、明確に分けるのは無理でしょう。

>> To be realistic, we cannot completely separate unless we give up the entity.

2. To be clearly separate, King Wood Mallesons advises that IR Directors and Shareholders can not also be SP Directors and Shareholders.

また明確に分けるため、King Wood Mallesonsからのアドバイスとして、インターラッシュのダイレクター及び株主はシャンパンのダイレクター及び株主にはなれないとのことです。

成れないのではなく、明確に分かれないという意味ですね。これは最近のホールディング会社を分ける話の後のキングウッドの意見であり、そもそものスキームはホールディング会社は一つのビジネスモデルをキングウッドと話あっていました。株主が共通しても、それよりは良いはずです。または、本間さんも先日自分から言っていましたが、彼がインターラッシュの株主から抜ける案もあります。

>>Its not that we cannot separate, its if we tried to achieve a complete separation. This was a comment from KWM after we recently discussed about separating the holding company. The initial idea we discussed with KWM was to have a single holding company over both businesses. It should still be better to just have a mutual owner. And Moto has been talking about him being removed as the shareholder of Interush.

3. Tom Polletti confirms KWM position and he states that ownership of SP should really be immaterial.

Most net funds would ultimately be paid through to Ascentra Holdings, which we own and control anyway.

And this is the entity which we will continue to have publicly listed in the future.

トム・ポレッティはKing Wood Mallesonsの意見に対して、シャンパンの株主構成は重要ではないはずだとのことです。ほとんどの資金は我々が保有し、コントロールするアセントラホールディングスから支払われます。また、こちらの会社で将来的には上場することになります。

私や本間とマーティは本件について意見が一致していません。シャンパンの利益はシャンパンに残します。殆どを吸い上げるかどうかは決まっていません。
アセントラとシャンパンがリーズナブルな取引きである事の方が重要であり、そこを上げ底しすぎたらそれ自体が問題です。

>>Marty's opinion is different from Moto and I on this topic. We will retain the profits generated from the Shang Peng business within Shang Peng. We have not decided to allocate most of the profits out of Shang Peng.
It is more important to maintain a fair transaction between Ascentra and Shang Peng. Raising the payout excessively will just create an issue itself.

4. Therefore I am of the opinion that we can not wait any longer, and to proceed without delay to follow KWM and Mannat advice to be able to start business on September 1, and to protect our SP revenues and therefore the viability of the entire company.

そのため、私の意見としては、これ以上待てないということです。早急に（遅延なく）King Wood Mallesons及びMannat(トムポレッティ)のアドバイスに沿って、9月1日までに事業を立ち上げられるようにし、シャンパンの売り上げを確保し、同時に会社全体の存続を維持しないといけません。

私、本間とカンファレンスが必要です。早くしましょう。

>> We need to hold a conference between you, Moto and I. Lets do this asap.

5. As I have learned, we must have a credible explanation for the bank (and possibly later for regulators and investment bankers) for why SP was created and has different owners, directors and management.

It is simply not possible to conceal Interush connection to Shang Peng, so I suggest we position as follow, but I also wait to hear Chris Miner's opinion on this...

To be transparent, we need to be clear that these are the same products, under a different brand name, marketed under a different distribution marketing strategy, which was specifically designed for the PRC by KWM, the most respected law firm in PRC.

The company has relationships with about 30 Master Representative Companies i the PRC, and these companies each employ up to hundreds of part-time employees, to support the direct referral marketing of these products to consumers.

We need some kind of transaction, such as an asset sale, and separation of assets, debt and sale price so that we can identify which debt is serviced by the SP business.
Now that I understand this better, I think the ESOP in conjunction with this transaction is likely the best option as this answers how experienced management continues to run the company, and why the bank should handle the risk of our account. (Maybe have two new directors from ESOP too).

私が最近知ったことですが、我々は銀行向け（将来的には当局や投資銀行）になぜシャンパンが作られ、違うオーナー、ダイレクター、マネージメントがいるのか有効な理由が必要になります。

単純にシャンパンをインターラッシュから分けることは不可能なので、以下の様な理由がいいと思います。ただ、クリスマイナーの返事を待っています。

なるべく正直に話すため、同じ商品が違うブランド名で、違う販売戦略（中国で最も信頼がある弁護士事務所のKing Wood Mallesonsが構築した)を通して販売されることを明確に伝える必要があります。

会社は中国国内において30社の販売代表会社と関係を持っており、これらの会社は数百名のパートタイム社員を雇用し、直販方式を通して商品を消費者に届けていること言うことになります。

事業体間で何かしらの取引を行う必要があります。例えば資産売却、資産・負債・売値の分配です。そうすれば、どの負債がシャンパンに帰属するのかがわかります。

私も今良く理解できるようになりまして、この取引はESOP(社員用ストックオプションプール)を混合させるのが最も好ましいと思います。なぜかと言うと、銀行に対して新しいマネージメントがどれだけ経営経験があるか証明でき、銀行がリスクを踏まえなぜ我々の口座を開設するべきかという理由になるからです。(新しい2名のダイレクターもESOPに加わっていただいても良いかもしれません)。(吉田: 要するにストックオプションを使った経営陣の中国事業スピンアウトです。)

多分、ストックオプションは大きな問題ではありませんのでいらないです。

>>I assume Stock Option is not going to be an large issue, so we don't need it.

6. We need to establish credible Directors and Owners of Shang Peng, to maintain clear separation.

The funds retained by Shang Peng will be minimal, and will all be used to pay Director Fees and PRC Overhead.

Virtually all net profit will flow to Ascentra through product licensing and corporate services.

There will be some funds retained in Caymans as the parent but these can be distributed through third party

companies if required.


I am thinking we could have the same 3 Directors also be the 3 Shareholders, if not owned by the ESOP.

This way we do not put too much focus on 1 or 2 owners credentials.

As I said, I already have a very credible USA business executive for one of these roles.

所有権と経営権を明確に分別ができるように、シャンパンの役員及びオーナーには、外部から信頼される人間を採用する必要があります。シャンパンに残る利益は僅かになります。一部の利益で役員報酬の支払いと、中国事業の運営費を賄います。

現実的には、全ての利益は、ライセンス料及び外注サービス費用としてアセントラに吸い上げられます。

一部親会社としてケイマン会社にも資金が残りますが、この資金も第3者会社経由で分散させることができます。

もしESOPが所有しない場合は、3人の役員が、3人の株主になっても良いと思います。

こうする事により、1、2名の経歴に集中し過ぎないようにできると思います。

お伝えしましたが、私の方で大変良い経歴を持つアメリカのエグゼクティブが1人おります。この人が3人のうちの1人でも良いと思います。


7. Shang Peng Operations should be managed outside USA, such as Singapore, to avoid sensitivity of USA banking laws.

Yoshio and Moto, we can not delay much longer, we must move forward quickly, to have banking established for Shang Peng, to start operating in just 7 weeks.

We have also not been able to complete the incorporation of the entities and therefore have not completed the acquisition of the existing Rep Office company shell, which will take 8-10 weeks.

Therefore we are already late on urgent timelines.

シャンパンの事業は米国外で運営されるべきだと思います。例えばシンガポールですね。米国の銀行法の懸念から遠ざけるためですね。

松浦様。本間様。
これ以上の遅延はできません。シャンパンの銀行口座を解説するために早急に前に進めていく必要があります。 あと7週間で運営開始です。

我々はまだ法人の登記も完了できていないため、既存の代表事務所の買収も終わっていません。この作業に8-10週間かかります。

Sincerely,

Marty

--

Ryunosuke Yoshida

**CEO | Tiraworks Ltd.**

Tel: +852-9353-1111 | Email: ryu@tiraworks.com

Skype: ryunosuke425 | LINE: ryuyoshida425

--

Ryunosuke Yoshida

**CEO | Tiraworks Ltd.**

Tel: +852-9353-1111 | Email: ryu@tiraworks.com

Skype: ryunosuke425 | LINE: ryuyoshida425

--

Ryunosuke Yoshida

**CEO | Tiraworks Ltd.**

Tel: +852-9353-1111 | Email: ryu@tiraworks.com

Skype: ryunosuke425 | LINE: ryuyoshida425