**THIS SHARE PURCHASE AGREEMENT** is made                                                 2018

**BETWEEN:**

(1)     **MOTOHIKO HOMMA** of Room 2009, Pan Pacific Serviced Suites, Beach Road, 7500B, Singapore ("**Transferor**"); and

(2)     **RYUNOSUKE YOSHIDA** of Room 703, 7th Floor, Block B, Harbourfront Horizon, 8 Hung Luen Road, Hung Hom Bay, Kowloon, Hong Kong ("**Transferee**"),

each a "**Party**" and together the "**Parties**".

**RECITALS:**

(A)     The Transferor is the legal and beneficial owner of one (1) ordinary share of US$1.00 ("**Share**") in the capital of Growth Today Inc. ("**Company**").

(B)     The Company is an exempted company registered in the Cayman Islands which has its registered office c/o McGrath Tonner Corporate Services Limited, 5th Floor, Genesis Building, Genesis Close, PO Box 446, Grand Cayman, KY1-1106, Cayman Islands ("**Registered Office Agent**").

(C)     Subject to the terms set out in this Agreement, the Transferor hereby sells and the Transferee buys the Share for an aggregate amount of US$1.00 ("**Purchase Price**"), which shall be paid by the Transferee to the Transferor in cash on completion of this Agreement ("**Completion**").

(D)     On Completion, the Transferee will be bound by the terms of the Articles, as the sole shareholder of the Company.

**NOW IT IS HEREBY AGREED** among the Parties as follows:

**1.      INTERPRETATION**

1.1.    Words and expressions defined in the Recitals above shall form part of this Agreement and bear the same meaning throughout this Agreement as set out in the recitals above.

1.2.    The following definitions shall apply herein:

"**Articles**" means the memorandum and articles of association of the Company adopted on incorporation of the Company on 28 October 2016; and

"**Deed of Indemnity**" means a deed of indemnity between (1) the Company and (2) the Transferor to indemnify the Transferor as a director or former director (as applicable) out of the assets of the Company against any liability, action, proceeding, claim, demand, costs, damages or expenses, including legal expenses, whatsoever which he may incur as a result of any act or failure to act in carrying out his function as a director or former director of the Company, other than such liability (if any) that he may incur by reason of his own actual fraud or wilful default.

1.3.    The word **may** shall be construed as permissive and the word **shall** is to be construed as imperative.

**2.      SALE AND PURCHASE OF THE SHARE**

Subject to satisfaction of the requirements for Completion set out in clause 3 and the warranties in clause 4, the Transferor hereby sells and the Transferee buys the Share for the Purchase Price on Completion.

**3.      COMPLETION**

3.1.    Completion shall take place at the registered office of the Company or such other place as the Parties may mutually agree.

**EXHIBIT 10**

1

3.2. On Completion, the Transferor shall procure and deliver to the Transferee:

    (a) a copy of the duly signed resolutions of the sole director of the Company to approve (i) the transfer of the Share (ii) the appointment of the Transferee as a director of the Company (iii) entry by the Company into the Deed of Indemnity and (iv) authorise the Registered Office Agent to enter the Transferee's name in the Register of Members and Register of Directors and Officers of the Company;

    (b) the original share certificate for the Share (if any was issued) or if the original share certificate has been lost, an appropriate deed of indemnity in respect of lost share certificate; and

    (c) a duly executed Deed of Indemnity.

3.3. On Completion, the Transferee shall procure and deliver to the Transferor:

    (a) a Deed of Indemnity, duly executed by the Company; and

    (b) pay the Purchase Price in cash to the Transferee.

3.4. Post-Completion, the Transferee agrees to:

    (a) provide such information as is required to the Registered Office Agent so that the Company can comply with its obligations under the beneficial ownership regime in the Cayman Islands; and

    (b) procure that whilst the Transferee is sole shareholder of the Company, no shareholder resolution is passed to alter, amend or dilute the effect of Article 45 of the Articles (Indemnity and Insurance) and its application to directors, officers and former directors and officers of the Company.

## 4. WARRANTIES

The Transferor hereby warrants to the Transferee that:

4.1. he is the legal and beneficial owner of the Share;

4.2. he holds the Share free and clear of all liens, encumbrances, options, pledges, charges, equities, security and claims of any kind whatsoever and has full right and legal capacity to transfer and sell the Share to the Transferee;

4.3. the Share constitutes the entire issued share in the capital of the Company and no third party has any option or right of pre-emption to the Share;

4.4. the execution, delivery or performance by the Transferor of this Agreement does not contravene any law, regulation order or judgment applicable to or binding on the Transferor and will not result in a breach of, or constitute a default, or contravene any provision of, any agreement to which Transferor is a party or by which he is bound, including the Articles;

4.5. the Company is in good standing and there are no outstanding fees or other liabilities (fixed or contingent) which are due to the Registered Office Agent or any other service provider to the Company; and

4.6. the Company is not involved in any existing, pending or threatened litigation, insolvency-related, winding-up or creditor related proceedings.

## 5. ENTIRE AGREEMENT

This Agreement supercedes all previous agreements by and among the Parties hereto in respect of the matters covered herein. This Agreement sets out the entire agreement and understanding between the Parties with respect to its subject matter.

6. **FURTHER ASSURANCES**

The Parties hereto shall, at the cost of the Party requiring such action take all such actions and execute all such documents as the other Party may from time to time reasonably require, in order to give the other Party the full benefit of all the provisions of this Agreement.

7. **COUNTERPARTS**

This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one and the same instrument. The execution by a party of one or more counterparts shall constitute execution by that party of this Agreement for all purposes.

8. **GOVERNING LAW AND JURISDICTION**

This Agreement is governed by, and shall be construed in accordance with, the laws of the Cayman Islands.  Each of the Parties hereby irrevocably submits for all purposes of and in connection with this Agreement to the exclusive jurisdiction of the courts of the Cayman Islands.

**IN WITNESS WHEREOF** this Agreement has been executed on the above date.

[*THE REMAINDER OF THIS PAGE IS INTENTIONALL BLANK*]


Signed by the Transferor

**Motohiko Homma**

Date: _____


Signed by the Transferee

**Ryunosuke Yoshida**

Date: _____

3

6. **FURTHER ASSURANCES**

   The Parties hereto shall, at the cost of the Party requiring such action take all such actions and execute all such documents as the other Party may from time to time reasonably require, in order to give the other Party the full benefit of all the provisions of this Agreement.

7. **COUNTERPARTS**

   This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one and the same instrument. The execution by a party of one or more counterparts shall constitute execution by that party of this Agreement for all purposes.

8. **GOVERNING LAW AND JURISDICTION**

   This Agreement is governed by, and shall be construed in accordance with, the laws of the Cayman Islands. Each of the Parties hereby irrevocably submits for all purposes of and in connection with this Agreement to the exclusive jurisdiction of the courts of the Cayman Islands.

IN WITNESS WHEREOF this Agreement has been executed on the above date.

   *[THE REMAINDER OF THIS PAGE IS INTENTIONALL BLANK]*

Signed by the Transferor

_____
Motohiko Homma

Date: 15/Dec/18

Signed by the Transferee

_____
Ryunosuke Yoshida

Date: 15/Dec/2018