**To:** Winnie Lo[winnie@hec-global.net]
**From:** AAA[a@tiraworks.com]
**Sent:** Mon 4/5/2021 8:49:53 AM (UTC)
**Subject:** Concerns over the payment

Dear Winnie

I am contacting you regarding the payment Yoshio is trying to make from Ascentra. You need to understand the entire picture before you take any actions which may expose yourselves to liability. I would recommend each of you speak to your own legal counsel, who will look after your interests. The current lawyer Yoshio is consulting called Gary Smith is a personal lawyer of Yoshio, not Ascentra or SPGK. I was the one who found him through my network in Hong Kong and I also arranged the engagement with Yoshio so I am definitely sure. Gary Smith will act in the best interest of Yoshio so in order for all of you to protect yourselves I would suggest you to find a lawyer who will advise in your best interest and seek their independent legal advice.

Ascentra has shareholders including Yoshio, myself, Marty who is the largest shareholder and couple of others. Ascentra is owned by these people. The shareholders of the company appoint the directors to run the company. Currently the directors of Ascentra are Yoshio and I. The directors of the company owe fiduciary duty to the shareholders of the company. Fiduciary Duty means that the directors owe a responsibility to run the company with good faith and in the best interest of the company. And the directors are liable for acts which defraud the creditors, shareholders and employees. Yoshio would be violating his fiduciary duty to the company by making any payments without obtaining proper approvals.

In regards to the severance payment Yoshio is proceeding with the vendors, ==he is planning to pay majority of the assets of the company to the vendors.==

Severance is commonly a payment for employees, so I think a termination payment is the suitable name for this payment. Normally a termination payment term is included in the service agreement when the engagement is about to start. However for the case this time, the termination clause in the service agreement does not include the amount proposed by him.

Moreover shareholders other than Yoshio and I are not informed of this large payment. The shareholders and directors of Ascentra have not authorized any such payments. If we are signing a termination agreement now, the shareholders of Ascentra will look into the validity of the payment and its amount. The shareholders will argue whether the payment is justified and whether the payment amount is appropriate. Since it is a major business decision for Ascentra, the shareholders should be informed in advance and make sure we have their agreement.

Upon making such decision, the point of issue is whether the payment amount is reasonable and sound. However looking into the current situation, the vendors have a service agreement with the company which the fees are about 200k USD per month maximum. If the individuals of the vendors received 5-35M USD each, and if the shareholders argue whether the payment is within the borders of common sense and reasonable, you may agree that it is not.

Without proper justification, such payments could potentially attract both criminal and civil liabilities to all parties involved. As such, it is extremely important to ensure any payments are valid, reasonable and can be supported by facts and evidence as any such payments must be conducted with proper corporate governance. I am working on achieving such proper support to make payments, but I require your assistance and need you to be reasonable in terms of the amount of payment as I will need to obtain the proper approvals from the other shareholders of Ascentra. I do not want to be sued and I believe, neither do you.

In addition if you were comparing the severance of Marty and other executives with your payment, the basis is different. Previous executives had an executive agreement with Ascentra, and these severance payments were clearly outlined in their contracts and Ascentra is required to comply with its contractual obligations which have been properly approved by the shareholders/directors of Ascentra.

In the current situation, the vendors do not have an executive agreement with Ascentra, and because vendors are third party service providers, the responsibility owed are different from those executives. The company's executives owe

**EXHIBIT 22**

responsibility and liability upon executing business decisions, while third party service providers do not owe such responsibilities.

More importantly, the contracts signed between you or your entities and Ascentra provide for no contractual basis to pay you a large severance or termination payment. SPGK nor Ascentra has no legal basis to make this payment. Therefore you may agree that it is not viable to compare the executives with the vendors on the same context.

The severance payment Yoshio is currently proceeding is highly likely to be disputed by the shareholders and it may also potentially attract criminal and civil liability. The vendors receiving the payment may also be sued.

As you may recall the previous conversations taken place over email and other communication methods does mention the true intent of Yoshio and your involvement in such communication. Even more, Yoshio has recently taken position that the vendors are the actual conspirators of this claim and avoiding personal responsibility.

Yoshio has instructed in the past to stop customer service and threatened to post my personal information online. If the vendors execute these instructions and if the company or myself suffer damages from such actions, the vendors involved can also be liable for being a part of it. A damage or loss derived from your actions or involvement will obviously come with responsibilities.

Please understand that Yoshio was not authorised by the directors and shareholders of both Ascentra and SPGK to give instructions to discontinue service and therefore, any vendor which follows Yoshio's instructions and causes loss and damages to Ascentra and/or SPGK as a result, the other shareholders reserve the rights of Ascentra and SPGK to take steps to recover such loss and damages from the vendors.

I would like to request you to act based on common sense for future actions. If you take any money or assist in the execution of Yoshio's payment, you may be held liable for such actions.

If you can imagine being the shareholder of Ascentra or in my position, I think you may agree with above based on common sense. As much as you do, I simply am concerned of my personal safety and do not want to expose myself to any potential criminal or civil liabilities.

Sorry for the long text but appreciate if you can understand my concerns. Thank you.

Let me know if you have any questions.

Best Regards,

Luke

```
To:        Edgar Tam[edgar_tam@hec-global.net]
From:      AAA[a@tiraworks.com]
Sent:      Mon 4/5/2021 8:47:41 AM (UTC)
Subject:   Concerns over the payment
```

Dear Edgar

I am contacting you regarding the payment Yoshio is trying to make from Ascentra. You need to understand the entire picture before you take any actions which may expose yourselves to liability. I would recommend each of you speak to your own legal counsel, who will look after your interests. The current lawyer Yoshio is consulting called Gary Smith is a personal lawyer of Yoshio, not Ascentra or SPGK. I was the one who found him through my network in Hong Kong and I also arranged the engagement with Yoshio so I am definitely sure. Gary Smith will act in the best interest of Yoshio so in order for all of you to protect yourselves I would suggest you to find a lawyer who will advise in your best interest and seek their independent legal advice.

Ascentra has shareholders including Yoshio, myself, Marty who is the largest shareholder and couple of others. Ascentra is owned by these people. The shareholders of the company appoint the directors to run the company. Currently the directors of Ascentra are Yoshio and I. The directors of the company owe fiduciary duty to the shareholders of the company. Fiduciary Duty means that the directors owe a responsibility to run the company with good faith and in the best interest of the company. And the directors are liable for acts which defraud the creditors, shareholders and employees. Yoshio would be violating his fiduciary duty to the company by making any payments without obtaining proper approvals.

In regards to the severance payment Yoshio is proceeding with the vendors, ==he is planning to pay majority of the assets of the company to the vendors.==

Severance is commonly a payment for employees, so I think a termination payment is the suitable name for this payment. Normally a termination payment term is included in the service agreement when the engagement is about to start. However for the case this time, the termination clause in the service agreement does not include the amount proposed by him.

Moreover shareholders other than Yoshio and I are not informed of this large payment. The shareholders and directors of Ascentra have not authorized any such payments. If we are signing a termination agreement now, the shareholders of Ascentra will look into the validity of the payment and its amount. The shareholders will argue whether the payment is justified and whether the payment amount is appropriate. Since it is a major business decision for Ascentra, the shareholders should be informed in advance and make sure we have their agreement.

Upon making such decision, the point of issue is whether the payment amount is reasonable and sound. However looking into the current situation, the vendors have a service agreement with the company which the fees are about 200k USD per month maximum. If the individuals of the vendors received 5-35M USD each, and if the shareholders argue whether the payment is within the borders of common sense and reasonable, you may agree that it is not.

Without proper justification, such payments could potentially attract both criminal and civil liabilities to all parties involved. As such, it is extremely important to ensure any payments are valid, reasonable and can be supported by facts and evidence as any such payments must be conducted with proper corporate governance. I am working on achieving such proper support to make payments, but I require your assistance and need you to be reasonable in terms of the amount of payment as I will need to obtain the proper approvals from the other shareholders of Ascentra. I do not want to be sued and I believe, neither do you.

In addition if you were comparing the severance of Marty and other executives with your payment, the basis is different. Previous executives had an executive agreement with Ascentra, and these severance payments were clearly outlined in their contracts and Ascentra is required to comply with its contractual obligations which have been properly approved by the shareholders/directors of Ascentra.

In the current situation, the vendors do not have an executive agreement with Ascentra, and because vendors are third party service providers, the responsibility owed are different from those executives. The company's executives owe

responsibility and liability upon executing business decisions, while third party service providers do not owe such responsibilities.

More importantly, the contracts signed between you or your entities and Ascentra provide for no contractual basis to pay you a large severance or termination payment. SPGK nor Ascentra has no legal basis to make this payment. Therefore you may agree that it is not viable to compare the executives with the vendors on the same context.

The severance payment Yoshio is currently proceeding is highly likely to be disputed by the shareholders and it may also potentially attract criminal and civil liability. The vendors receiving the payment may also be sued.

As you may recall the previous conversations taken place over email and other communication methods does mention the true intent of Yoshio and your involvement in such communication. Even more, Yoshio has recently taken position that the vendors are the actual conspirators of this claim and avoiding personal responsibility.

Yoshio has instructed in the past to stop customer service and threatened to post my personal information online. If the vendors execute these instructions and if the company or myself suffer damages from such actions, the vendors involved can also be liable for being a part of it. A damage or loss derived from your actions or involvement will obviously come with responsibilities.

Please understand that Yoshio was not authorised by the directors and shareholders of both Ascentra and SPGK to give instructions to discontinue service and therefore, any vendor which follows Yoshio's instructions and causes loss and damages to Ascentra and/or SPGK as a result, the other shareholders reserve the rights of Ascentra and SPGK to take steps to recover such loss and damages from the vendors.

I would like to request you to act based on common sense for future actions. If you take any money or assist in the execution of Yoshio's payment, you may be held liable for such actions.

If you can imagine being the shareholder of Ascentra or in my position, I think you may agree with above based on common sense. As much as you do, I simply am concerned of my personal safety and do not want to expose myself to any potential criminal or civil liabilities.

Sorry for the long text but appreciate if you can understand my concerns. Thank you.

Best Regards,

Luke