# Exhibit 3



**GRAND COURT OF THE CAYMAN ISLANDS**

**FINANCIAL SERVICES DIVISION**

**CAUSE NO. FSD 318 OF 2021 (DDJ)**

IN THE MATTER OF THE COMPANIES ACT (2021 REVISION)

AND IN THE MATTER OF HEC INTERNATIONAL, LTD. (IN OFFICIAL LIQUIDATION)

---

### SUMMONS

---

**LET THE** Official Liquidator of HEC International, Ltd (in Official Liquidation) (the **Company**) attend before the Hon. Mr Justice Doyle in Chambers at the Law Courts, George Town, Grand Cayman on                2022 at        am/pm upon an application, pursuant to Order 16, Rule 17 of the Companies Winding Up Rules 2018, by Shang Peng Gao Ke, Inc. SEZC (the **Appellant**) appealing against the rejection by the Official Liquidator of the Appellant's proof of debt, lodged on and dated 22 July 2022, (the **Appeal**) and for the following relief:

1  An order that:

   (a)   The rejection of the Appellant's proof of debt by notice dated 11 November 2022 be set aside.

   (b)   The Appellant's claim be reinstated and admitted to proof in the liquidation of the Company in the sum of US$25,800,000.

2   It be directed that:

   (a)   The issue of whether or not the Appellant's claim is proprietary in nature:

      (i)   Be determined as part of the Appeal; alternatively,

      (ii)   The Appellant be granted permission (pursuant to s.97 of the Companies Act (2022 Revision)) to pursue such determination as against the Company in separate proceedings with liberty to apply to have such proceedings conjoined with and to be heard together with the Appeal.

   (b)   The Appeal be set down to be heard on the first available date after 28 April 2023 convenient to the Court and the parties hereto with a time estimate of 5 days;

   (c)   The Official Liquidator file and serve his evidence in answer to the Second Affidavit of Ryunosuke Yoshida by 20 January 2023;

   (d)   The Appellant file and serve their evidence in reply (if any) by 3 February 2023;

   (e)   The parties hereto be at liberty to file and serve such expert evidence as they consider necessary by 17 March 2023;

   (f)   All relevant documents and all documents upon which the parties intend to rely upon at the hearing of the Appeal are to be exhibited to the affidavits filed and served on behalf of the parties hereto;

   (g)   All deponents and such other witnesses shall attend for cross examination at the hearing of the Appeal if notice to do so is given by the party upon whom the relevant affidavit or witness statement is served but only where the notice of cross examination is served no later than 14 days before the commencement of the hearing of the Appeal;

   (h)   The parties hereto will lodge with the Court an agreed statement facts and list of issues in dispute 10 business days prior to the hearing of the Appeal;

    (i)    The parties hereto shall exchange skeleton arguments by noon (Cayman Islands' time) 5 business days prior to the hearing of the Appeal; and

    (j)    An agreed hearing bundle of relevant evidence and documents and an agreed and consolidated bundle of authorities to be delivered to the Court by noon (Cayman Islands' time) 5 business days prior to the hearing of the Appeal.

3    An order that the costs of and occasioned by the Appeal be provided for.

4    The parties hereto shall have liberty to apply on three days' written notice.

5    Further or other relief.

Dated this 16th day of December 2022

*[Signature: Harney Westwood Riegels]*

_____

**Harney Westwood & Riegels**
Attorneys-at-Law for the Appellant

**TO:**    The Registrar of the Financial Services Division

**AND TO:**    Campbells, attorneys for the Official Liquidator

**TIME ESTIMATE:**    The estimated length of the hearing of this summons is 5 days

**THIS SUMMONS** was issued by Harney Westwood & Riegels, Attorneys-at-Law for the Appellant, whose address for service is 3rd Floor, Harbour Place, 103 South Church Street, PO Box 10240, Grand Cayman KY1-1002, Cayman Islands (Ref: JGW/AZJ/ 055070.0002).