# Exhibit 1

Supervision Order

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**

**FINANCIAL SERVICES DIVISION**

**FSD NO. 189 of 2021-DDJ**

**IN THE MATTER OF SECTION 124 OF THE COMPANIES ACT (2021 REVISION)**

**AND IN THE MATTER OF ASCENTRA HOLDINGS, INC (IN VOLUNTARY LIQUIDATION)**

Before The Honourable Justice Doyle
In Chambers

---

**SUPERVISION ORDER**

---

**UPON** reading the petition (the **"Petition"**) of Mr Graham Robinson of Crowe Cayman Ltd, 94 Solaris Avenue, Camana Bay, Grand Cayman, Cayman Islands presented on 2 July 2021 and seeking an order that the liquidation of Ascentra Holdings, Inc (the **"Company"**) continue under the supervision of the Court

**AND UPON** reading the First Affidavit of Graham Robinson sworn on 2 July 2021 and the exhibit thereto

**AND UPON** reading the First Affidavit of Ivy Chua Suk Lin sworn on 25 June 2021 and the exhibit thereto

**AND UPON** the Court being satisfied that Mr Robinson and Ms Lin are qualified insolvency practitioners who are willing and properly able to accept appointment as joint official liquidators of the Company

**AND UPON** the Court reading the letter from Campbells dated 13 September 2021 and being satisfied that there is no reason to believe that any shareholder or creditor objects to the granting of this order

**AND UPON** the Court being satisfied that it is appropriate to deal with the Petition without the need for any hearing in accordance with CWR O.15, r.5(1)

The Cayman Islands firm known as "Campbells" converted from a firm to a Cayman Islands limited liability partnership known as "Campbells LLP" on 25 February 2021.

**This Order** is filed by Messrs. Campbells, Attorneys-at-Law for the voluntary liquidator, whose address for service is Willow House, Cricket Square, George Town, Grand Cayman, Cayman Islands (ref GC/NIL/KL/19800-35377)

2318111-1

**IT IS ORDERED THAT:**

1. The liquidation of the Company be continued under the supervision of the Court pursuant to section 124 of the Companies Act (2021 Revision).

2. Graham Robinson of Crowe Cayman Limited, of 94 Solaris Avenue, Camana Bay, Grand Cayman, Cayman Islands and Ivy Chua of Crowe (HK) CPA Limited, 77 Leighton Road, Causeway Bay, Hong Kong be appointed as Joint Official Liquidators (the **"JOLs"**) of the Company, with the power to act jointly and severally.

3. The JOLs shall not be required to give security for their appointment.

4. The hearing of the Petition on 28 September 2021 be vacated.

5. In addition to their powers prescribed in Part II of the Third Schedule to the Companies Act (2021 Revision) which are exercisable without the sanction of this Court, the JOLs may also without further sanction or intervention from this Court:

    a. take any such action as may be necessary or desirable to obtain the recognition of their appointment in any other relevant jurisdictions and to make applications to the courts of such jurisdictions for that purpose;

    b. take control of and, where the JOLs consider it appropriate to do so, take such steps as may be necessary to liquidate and/or wind-up any of the Company's subsidiaries (whether in the Cayman Islands or elsewhere and whether voluntarily or through court proceedings);

    c. make any compromise or arrangement with creditors or persons claiming to be creditors or having or alleging themselves to have any claim (present or future, certain or contingent, ascertained or sounding only in damages) against the Company or for which the Company may be rendered liable;

    d. compromise on such terms as may be agreed all debts and liabilities capable of resulting in debts, and all claims (present or future, certain or contingent, ascertained or

**This Order** is filed by Messrs. Campbells, Attorneys-at-Law for the voluntary liquidator, whose address for service is Willow House, Cricket Square, George Town, Grand Cayman, Cayman Islands (ref GC/NIL/KL/19800-35377)

2

sounding only in damages) subsisting, or supposed to subsist between the Company and a contributory or alleged contributory or other debtor or person apprehending liability to the Company;

e. appoint such counsel, attorneys, professional advisors, whether in the Cayman Islands or elsewhere, as they may consider necessary to advise and assist them in the performance of their duties in accordance with CWR Order 25; and

f. engage staff (whether or not as employees of the Company) to assist them in the performance of their functions

and for the avoidance of doubt the powers bestowed on the JOLs may be exercised within and outside of the Cayman Islands.

6. The JOLs' engagement of Campbells LLP as their Cayman counsel be sanctioned by the Court.

7. The JOLs' engagement of Broadhurst LLC as their Cayman conflict counsel be sanctioned by the Court.

8. For the avoidance of doubt, pursuant to section 97 of the Companies Act (2021 Revision), no suit, action or other proceedings, including criminal proceedings, shall be proceeded with or commenced against the Company except with leave of the Court and subject to such terms as the Court may impose.

9. The voluntary liquidator's remuneration to 31 August 2021, in the sum of US$344,000, be approved and paid from the assets of the Company as an expense of the official liquidation.

10. The voluntary liquidator's costs of the Petition shall be paid out of the assets of the Company as an expense of the official liquidation.

Dated this  17   day of  September 2021
Filed this   17   day of  September 2021

*David Doyle*

_____
**The Honourable Mr Justice Doyle**
**JUDGE OF THE GRAND COURT**