## **Exhibit 3**

Statement of Affairs of Ascentra Holdings Inc.

## Statement of Affairs

| | | |
|---|---|---|
| Name of company | **TITLE:** | Ascentra Holdings, Inc |
| Delete as necessary | | (IN OFFICIAL LIQUIDATION) (the "Company") |
| Enter court details (if applicable) | **Cause No:** | FSD 189 of 2021 |

Enter full name of company to which this Statement of Affairs relates

**STATEMENT OF AFFAIRS OF ASCENTRA HOLDINGS, INC**

The particulars and other information shown in this statement of affairs and any continuation sheets give a full and complete statement of the Company's affairs as at

Date:

**AFFIDAVIT**

This affidavit must be sworn before an Notary Public or other person duly authorised to administer oaths

Enter your full name

I,    Ryunosuke Yoshida

Enter your full address

Of,    Room 1035, Unit 1001, 10/F, Mira Place Tower A, 132 Nathan Road, Tsim Sha Tsui, Hong Kong

Make oath and say that the 4 pages exhibited hereto, having made all such enquires and reviewed all such documents considered reasonably necessary, is to the best of my knowledge and belief, a complete and accurate statement of affairs of the Company.

Place sworn

Sworn at:    7-20, 1-CHOME, YAESU, CHUO-KU, TOKYO, JAPAN

Date (DD/MM/YYYY) this form was sworn

Date:    November 9th 2021

Signature of attorney / lawyer / notary public

Before me:    [signature] Azuma

Signature of person(s) swearing this affidavit

Signature(s):    [signature]

2326357-1

# NOTARIAL CERTIFICATE

This is to certify that Ryunosuke Yoshida swore before me, in accordance with the legal procedure, that the statement in the attached document is truthful, and his signature to the document in my presence on this 9th day of November, 2021.



NOV. - 9. 2021

AZUMA Hiroshi
NOTARY
TOKYO LEGAL AFFAIRS BUREAU
NO.7-20, 1-CHOME, YAESU
CHUO-KU, TOKYO, JAPAN

嘱託人　吉田隆乃介は法定の手続きに従って、本公証人の面前で、この証書の記載が真実であることを宣誓した上、この証書に署名した。

よって、これを認証する。

　　令和３年　１１月　９日、本公証人役場において
　　　　　東京都中央区八重洲１丁目７番２０号

　　　　　　東　京　法　務　局　所　属
　　　　　　　公　証　人
　　　　　　　　Notary



AZUMA Hiroshi

証　明

上記署名は、東京法務局所属公証人の署名に相違ないものであり、かつ、その押印は、真実のものであることを証明する。

　　令和３年１１月９日

東　京　法　務　局　長



---

**APOSTILLE**

(Convention de La Haye du 5 octobre 1961)

1. Country: JAPAN

   This public document

2. has been signed by    AZUMA Hiroshi

3. acting in the capacity of Notary of the Tokyo Legal Affairs Bureau

4. bears the seal/stamp of    AZUMA Hiroshi, NOTARY

   Certified

5. at Tokyo                              6. NOV. 9, 2021

7. by the Ministry of Foreign Affairs

8. 21- № 076306

9. Seal/stamp:                          10. Signature





HAMAMOTO Hiroki
For the Minister for Foreign Affairs

## A – Summary of Assets

| | Book value (US$) | Estimated realisable value (US$) |
|---|---|---|
| **Assets subject to secured lending** (see Guidance Notes) | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **Less: amounts due to secured creditors** (see Guidance Notes) | | |
| | | |
| | | |
| | | |
| | | |
| **Unsecured assets** (see Guidance Notes) | | |
| Cash in Ascentra Holdings Inc (Global Fidelity Bank) | 8,084,658.15 | TBC: Global Fidelity Bank is in liquidation and the full amount is highly unlikely to be recovered. |
| Cash in HEC International Co., Ltd Taiwan (Hua Nan Bank) | 88,510.44 | 88,510.44 |
| Cash in HEC International Co., Ltd Taiwan (Fubon Bank) | 20,735.78 | 20,735.78 |
| Cash in HEC International Co., Ltd Taiwan (Post Bank) | 9,840.35 | 9,840.35 |
| Cash in HEC International Co., Ltd Taiwan (Taiwan Cooperative Bank) | 953,627.35 | 953,627.35 |
| Cash in Interush Ltd Hong Kong (Hang Seng Bank) | 56,753.72 | 56,753.72 |
| Cash Deposit with V-Logic Co., Ltd Hong Kong (Do not have accurate information) | Unknown | Unknown |
| Cash Deposit with Haldanes Hong Kong (Do not have accurate information) | Unknown | Unknown |
| Cash Deposit with Scuderia Bianco Pte Ltd[1] | 3,091,805.63 | 3,091,805.63 |
| Cash in Ascentra Holdings Inc (Liquidation Account)[2] | 10,994,954.04 | TBC |
| Cash in HEC International Inc Singapore Branch (UOB Bank)[3] | 24,326,963.30 | TBC |
| **Estimated total assets not subject to secured lending** | 47,627,848.76[4] | 4,221,273.27 |

Signed _____    Date 2021/11/9

---

[1] This is subject to a potential adjustment of around US$525,948.80, which represents a payment made by Scuderia Bianco Pte Ltd to Mels Art on behalf of Ascentra. The payment was rejected but refund has not yet been made as at the date hereof.
[2] Subject to a proprietary claim on behalf of SPGK (see 'Creditors' section).
[3] Subject to a proprietary claim on behalf of SPGK (see 'Creditors' section).
[4] I note that the Joint Official Liquidators (*JOLs*) are asserting a claim against all assets of SPGK. However, it is at present not possible to provide an exact value of such potential claim.

2326357-1

## B – Summary of Liabilities

|  | Estimated realisable value / Estimated to rank (US$) |
|---|---|
| Estimated total assets not subject to secured lending (carried from Part A) | 4,221,273.27 |
| Less: preferential creditors (C – Preferential Creditors) | (638,914.33) |
| Estimated deficiency/surplus as regards preferential creditors | 3,582,358.94 |
| Less: unsecured creditors (D – Creditors) | (42,651,627.71) |
| Estimated deficiency/surplus as regards unsecured creditors | (39,069,268.77) |
| Less: redeemed and unpaid participating investors (E – Redeemed and Unpaid Investors) | ( ) |
| Estimated deficiency/surplus as regards redeemed investors |  |
| Less: unredeemed participating investors (F – Unredeemed Investors) | ( ) |
| Estimated deficiency/surplus as regards unredeemed investors |  |
| Less: issued and called up share capital | ( ) |
| Estimated total deficiency/surplus as regards members |  |

Signed [signature]    Date 2021/11/9

2326357-1

## C
## PREFERENTIAL CREDITORS

**NOTE:** If more convenient, a list of creditors may be attached to this page as long as it contains all the same information as in this table. You must include all creditors per the Company's records.

| Name of creditor | Contact details (address and email) | Amount of debt (US$) | Particulars of how the debt was incurred |
|---|---|---|---|
| Edgar Tam (employee of iHealthScience) | edgar@ascentra.holdings | 16,535.8/month + 232,316.89 Severance if paid by 31st Dec 2021[5] | Salary + Severance[6] |
| Winnie Lo (employee of iHealthScience) | winnie@ascentra.holdings | 23,045/month + 210,314.76 Severance if paid by 31st Dec 2021[5] | Salary + Severance[6] |
| Yung Chi Lap (employee of iHealthScience) | rio@hec-global.net | 3,648.05/month + 50,225.13 Severance if paid by 31st Dec 2021[5] | Salary + Severance[6] |
| Zhang Li (employee of iHealthScience) | aly@hec-global.net | 3,437.07/month + 43,523.32 Severance if paid by 31st Dec 2021[5] | Salary + Severance[6] |
| Cheng Pui Ling (employee of iHealthScience) | gloria_cheng@hec-global.net | 3,143.11/month + 18,430.46 Severance if paid by 31st Dec 2021[5] | Salary + Severance[6] |
| Lam Yu Shan (employee of iHealthScience) | karen_lam@hec-global.net | 3,086.56/month + 18,481.46 Severance if paid by 31st Dec 2021[5] | Salary + Severance[6] |
| Xie Yu Xiang (employee of iHealthScience) | venus.xie@hec-global.net | 3,380.38/month + 9,346.34 Severance if paid by 31st Dec 2021[5] | Salary + Severance[6] |
| Debbie LeFevre | deborah@hec-global.net | Unknown (Do not have the accurate information) | Salary + Severance[6][7] |

Signed                                Date 2021/11/9

---

[5] These figures are provided by Winnie Lo so I am unable to confirm their accuracy. In any event, I understand that the final amounts payable can only be ascertained when the staff employment is terminated.
[6] Noting the statutory limitations on the amount of preferential debts under the Companies Act (2021 Revision)
[7] I note that the sum is payable to a body corporate and therefore the debt owed may not be categorized as a preferred debt.

2326357-1

## D
## CREDITORS

**NOTE:** If more convenient, a list of creditors may be attached to this page as long as it contains all the same information as in this table. You must include all creditors per the Company's records, and identify under 'Details of Security' any security held by a creditor.

| Name of creditor | Contact details (address and email) | Amount of debt (US$) | Details of Security | Particulars of how the debt was incurred |
|---|---|---|---|---|
| SPGK Pte Ltd | Ryunosuke Yoshida Room 1035, Unit 1001, 10/F, Mira Place Tower A, 132 Nathan Road, Tsim Sha Tsui, Hong Kong ryu@tiraworks.com | 10,994,954.04 | N/A | These sums, which correspond to the assets identified above as sitting in the Ascentra liquidation account are subject to a proprietary claim articulated on behalf of SPGK. The sums were previously held in an account at Bank of the West that was controlled by SPGK International. SPGK International transferred these sums to Ascentra liquidation account without the consent of SPGK.[8] |
| SPGK Pte Ltd | Ryunosuke Yoshida Room 1035, Unit 1001, 10/F, Mira Place Tower A, 132 Nathan Road, Tsim Sha Tsui, Hong Kong ryu@tiraworks.com | 25,800,000 | N/A | These sums are subject to a proprietary claim articulated on behalf of SPGK. They were transferred by SPGK to the HEC International account and, SPGK claims, ought now to be returned to SPGK.[7] |
| Restpo Inc | Motohiko Homma homma@restpo.com | 1,257,000 | N/A | Restpo is claiming for its Service Fee until 30th Nov 2022.[9] |
| Restpo Inc | Motohiko Homma homma@restpo.com | 750,000 | N/A | Restpo made a settlement payment on behalf of Interush Inc. Restpo is claiming that this sum should be repaid to it.[9] |
| Ever Skill Inc | Ando Koichiro koichiro.and@gmail.com | 3,849,673.67 | N/A | These sums concern unpaid Invoices issued by Ever Skills for products supplied and disposals of products.[10] |

Signed _[signature]_    Date 2021/11/9

---

[8] I note that the JOLs contend that this sum is beneficially owned by Ascentra rather than SPGK.
[9] I note that the JOLs are disputing the validity of these claims made by Restpo.
[10] I note that the JOLs are assessing whether these sums should be borne by Ascentra.

2326357-1

# Guidance Notes for Completion of a Statement of Affairs

## General

1) The Statement of Affairs ("**SofA**") must be sworn before a Notary Public or other person duly authorised to administer oaths.

2) Please sign and date each page of the SofA.

3) Please complete all the pages of the SofA. If a section is not applicable, please mark it as "N/A".

4) Please enter all the amounts in the SofA to the nearest Unites States dollar. If the currency of the liquidation is different from the United States dollar, please indicate as such on the SofA.

## Guide to Part A – Summary of Assets

5) Show the "Book Value" given for each asset in the Company's records. If this is not possible, state the reason.

6) The "Estimated realisable value" should be based on the current market value.

7) List under "Assets subject to secured lending" any of the Company's assets which are held as security by a creditor.

8) If applicable, under "Amounts due to secured creditors" list the value of security held against assets subject to secured lending.

9) List any other assets under "Uncharged assets".

10) The "Estimated total assets not subject to secured lending" should be calculated as the remaining surplus of assets subject to secured lending, after the deduction of amounts due to secured creditors, plus the value of any uncharged assets.

11) If a creditor's claim against an asset held as security is not fully covered by the value of the asset shown under "Assets subject to secured lending", you must show the unsecured balance of that creditor's claim on Part D – Creditors.

12) Include all debts due to the Company, even where these are known to be bad debts, under the appropriate sub-heading on Part A. The "Estimated Realisable Value" should be the amount of the debts due to the Company which are estimated to be recoverable.

## Guide to Part B – Summary of Liabilities

13) The "Estimated total assets not subject to secured lending" figure from Part A should be listed at the top of the page.

14) Each category of creditor and shareholder should be listed in the appropriate place on the page, as indicated. Please note that only the total amount for each category is required with detailed listings provided in Part C to F of the SofA.

15) After inserting the relevant figures for the different categories of creditors and investors, the balance should be brought down until the total surplus/deficiency as regards members is calculated.

16) Any categories deemed not applicable should be marked as such and ignored for the purposes of calculating the surplus/deficiency.

## Guide to Part C – Preferential creditors

17) Please list separately every preferential creditor of the Company.

18) If there is insufficient space to list all creditors in Part C of the SofA, please affix additional pages, numbering these pages as "C2, C3, C4 continuation sheet" as applicable.

19) The following information should be provided:

    a. The creditor's name;
    b. The creditor's physical address and email address;
    c. The total amount of their claim per the Company's records as at the date the Company went into liquidation;
    d. Brief particulars of how and when the debt was incurred by the Company.

## Guide to Part D - Creditors

20) Please list separately every creditor of the Company, whether secured or otherwise. Creditors include debts payable at a future date and contingent claims/liabilities. You must identify creditors under hire-purchase, chattel leasing or conditional sale agreements and customers claiming amounts paid in advance of the supply of goods or services and creditors claiming retention of title over property in the company's possession.

21) If there is insufficient space to list all creditors in Part D of the SofA, please affix additional pages, numbering these pages as "D2, D3, D4 continuation sheet" as applicable.

22) The following information should be provided:

2326357-1

a. The creditor's name;
b. The creditor's physical address and email address;
c. The total amount of their claim per the Company's records as at the date the Company went into liquidation;
d. Particulars of any security held by the creditor; and
e. Brief particulars of how and when the debt was incurred by the Company.

2326357-1