CAYMAN ISLANDS



Supplement No. 1 published with Extraordinary
Gazette No. 103 dated 6 December, 2017.

## THE COMPANIES LAW (2016 REVISION) (AS AMENDED)
## COMPANIES WINDING UP RULES, 2018

### FOREIGN BANKRUPTCY PROCEEDINGS
### (INTERNATIONAL COOPERATION) RULES, 2018

### INSOLVENCY PRACTITIONERS' REGULATIONS, 2018

EXHIBIT
3

## THE COMPANIES LAW (2016 REVISION) (AS AMENDED)

### COMPANIES WINDING UP RULES, 2018

### FOREIGN BANKRUPTCY PROCEEDINGS (INTERNATIONAL COOPERATION) RULES, 2018

### INSOLVENCY PRACTITIONERS' REGULATIONS, 2018

**These Rules and Regulations are made by the Insolvency Rules Committee pursuant to Section 155 of the Companies Law (2016 Revision)(as amended)**

### 1. Citation and Commencement of the Companies Winding Up Rules, 2018

(1) These Rules shall be cited as the Companies Winding Up Rules, 2018.

(2) These Rules shall come in operation on the 1st day of February 2018.

### 2. Revocation of Companies Winding Up Rules 2008 and Amendments

The Companies Winding Up Rules 2008, the Companies Winding Up (Amendment) Rules, 2010, the Companies Winding Up (Amendment) Rules, 2013 and the Companies Winding Up (Amendment) Rules 2016 are hereby revoked and replaced by the Companies Winding Up Rules, 2016 attached as a Schedule hereto.

### 3. Citation and Commencement of the Foreign Bankruptcy Proceedings (International Cooperation) Rules, 2018

(1) These Rules shall be cited as the Foreign Bankruptcy Proceedings (International Cooperation) Rules, 2018.

(2) These Rules shall come in operation on the 1st day of February 2018.

### 4. Revocation of the Foreign Bankruptcy Proceedings (International Cooperation) Rules, 2008

The Foreign Bankruptcy Proceedings (International Cooperation) Rules, 2008 are hereby revoked and replaced by the Foreign Bankruptcy Proceedings (International Cooperation) Rules, 2016 attached as a Schedule hereto.

## 5.   Citation and Commencement of the Insolvency Practitioners' Regulations, 2018

(1)   These Regulations shall be cited as the Insolvency Practitioners' Regulations, 2018.

(2)   These Regulations shall come in operation on the 1st day of February 2018.

## 6.   Revocation of the Insolvency Practitioner's Regulations, 2008

The Insolvency Practitioner's Regulations, 2008, the Insolvency Practitioners' (Amendment) Regulations, 2010, and the Insolvency Practitioners' (Amendment) Regulations, 2013 are hereby revoked and replaced by the Insolvency Practitioners' Regulations, 2018 attached as a Schedule hereto.

MADE by the Insolvency Rules Committee on the 27th day of November 2017

The Honourable Andrew Jones QC, Judge

The Honourable Sam Bulgin QC, Attorney General

Colin McKie QC, Legal Practitioner

Hector Robinson QC, Legal Practitioner

Simon Conway, Qualified Insolvency Practitioner

Jude Scott CPA

2

**Order 1** ...........................................................................................................................................11

**Citation, Application and Commencement** ..................................................................................11

Citation (O. 1, r. 1)...............................................................................................................................11

Application (O. 1, r. 2)..........................................................................................................................11

Commencement and transitional provisions (O. 1, r. 3) .......................................................................11

Application of Grand Court Rules etc. (O. 1, r. 4)...............................................................................12

Definitions (O. 1, r. 5)...........................................................................................................................12

Construction of references to the Law, Orders, Rules and Regulations (O. 1, r. 6) ..............................13

Prescribed Forms (O. 1, r. 7).................................................................................................................13

**Order 2** ...........................................................................................................................................14

**Statutory Demand** ........................................................................................................................14

Introduction (O. 2, r. 1)..........................................................................................................................14

Form and Content of Statutory Demand (O. 2, r. 2)..............................................................................14

Service of Statutory Demand (O. 2, r. 3) ..............................................................................................15

**Order 3** ...........................................................................................................................................16

**Winding-Up Petitions and Orders**................................................................................................16

**Part I:  General Provisions**...........................................................................................................16

Presentation and Filing of Petition (O. 3, r. 1)......................................................................................16

Form and Content of Petition (O. 3, r. 2)..............................................................................................16

Verification of Petition (O. 3, r. 3).........................................................................................................17

Nominated Official Liquidator's Consent to Act (O. 3, r. 4) .................................................................17

**Part II:  Creditor's Petition**..........................................................................................................18

Presentation and Service of Creditor's Petition (O. 3, r. 5)...................................................................18

Advertisement of Creditor's Petition (O. 3, r. 6)...................................................................................18

Leave for Petition to be Withdrawn (O. 3, r. 7) ....................................................................................19

Notice of Appearance (O. 3, r. 8)........................................................................................................19

Evidence in Opposition to Petition (O. 3, r. 9) ..................................................................................21

Substitution of Petitioner (O. 3, r. 10) ..............................................................................................21

**Part III: Contributory's Petition ..................................................................................................22**

Presentation and Service of a Contributory's Petition (O. 3, r. 11).......................................................22

Summons for Directions (O. 3, r. 12) ................................................................................................22

Hearing of Contributory's Petition (O. 3, r. 13) ................................................................................23

**Part IV: Authority's Petition .........................................................................................................23**

Service of Authority's Petition (O. 3, r. 14).......................................................................................23

Summons for Directions (O. 3, r. 15) ................................................................................................23

Hearing of Authority's Petition (O. 3, r. 16) .....................................................................................24

**Part V: Company's Petition ...........................................................................................................24**

Presentation and Service of Company's Petition (O. 3, r. 17) .............................................................24

Advertisement of Company's Petition (O. 3, r. 18) ............................................................................25

Leave for Petition to be Withdrawn (O. 3, r. 19)................................................................................25

Notice of Appearance (O. 3, r. 20)....................................................................................................26

Substitution of Petitioner (O. 3, r. 21) ..............................................................................................27

**Part VI: Winding Up Orders...........................................................................................................28**

Form, Content and Effect of Winding Up Orders (O. 3, r. 22)............................................................28

Filing, Service and Registration of Winding Up Orders (O. 3, r. 23)...................................................28

**Order 4...........................................................................................................................................30**

**Application for Appointment of Provisional Liquidator ...............................................................30**

**Part I: Application by Creditor or Contributory .........................................................................30**

Application by Summons (O. 4, r. 1)..................................................................................................30

Supporting Affidavits (O. 4, r. 2).......................................................................................................30

Security (O. 4, r. 3) ......................................................................................................................30

Order for the Appointment of Provisional Liquidator (O. 4, r. 4) ..........................................31

Variation or Discharge of Order (O. 4, r. 5) ...........................................................................31

**Part II: Application by the Company ...........................................................................32**

Application by summons (O. 4, r. 6) ........................................................................................32

Order for Appointment of Provisional Liquidator (O. 4, r. 7) ..............................................32

Filing, Service and Registration of Order (O. 4, r. 8) ...........................................................33

**Order 5.....................................................................................................................................34**

**Appointment, Resignation, Death and Removal of Official Liquidators .......................34**

Introduction (O. 5, r. 1)............................................................................................................34

Order for Appointment of Official Liquidator (O. 5, r. 2)......................................................34

Notice of Appointment to be Advertised (O. 5, r. 3) ..............................................................34

Resignation of Official Liquidator (O. 5, r. 4) .......................................................................35

Death of Official Liquidator (O. 5, r. 5) .................................................................................36

Application for Removal and Appointment of New Official Liquidator (O. 5, r. 6).............................36

**Order 6.....................................................................................................................................38**

**Company's Statement of Affairs...........................................................................................38**

Notice Requiring Submission of Statement of Affairs (O. 6, r. 1) ........................................38

Form and content of Statement of Affairs (O. 6, r. 2) ...........................................................38

Time for Delivering Statement of Affairs (O. 6, r. 3).............................................................39

Expenses of Preparing a Statement of Affairs (O. 6, r. 4) .....................................................39

Disclosure of Statement of Affairs (O. 6, r. 5)........................................................................39

**Order 7.....................................................................................................................................40**

**Order for Examination............................................................................................................40**

Application for Order for Examination (O. 7, r. 1).................................................................40

3

Order for Examination (O. 7, r. 2) ............................................................................................................41

Procedure upon an Oral Examination (O. 7, r. 3) ..................................................................................41

**Order 8 ...........................................................................................................................................................44**

**Meetings of Creditors and Contributories .........................................................................................44**

Meetings Convened by Official Liquidator (O. 8, r. 1) ........................................................................44

First Meeting and Subsequent Meetings (O. 8, r. 2) .............................................................................45

Requisitioned Meetings (O. 8, r. 3) ........................................................................................................45

Notice and Advertisement of Meetings (O. 8, r. 4) ..............................................................................46

Venue (O. 8, r. 5) ........................................................................................................................................46

Proceedings at Meetings (O. 8, r. 6) ......................................................................................................47

Entitlement to Vote at Creditors' Meeting (O. 8, r. 7) .........................................................................47

Entitlement to Vote at Contributories' Meeting (O. 8, r. 8) ................................................................48

Voting on Resolutions (O. 8, r. 9) ...........................................................................................................48

Recording of Proceedings (O. 8, r. 10) ..................................................................................................49

**Order 9 ...........................................................................................................................................................50**

**Liquidation Committees...........................................................................................................................50**

Establishment of Liquidation Committee (O. 9, r. 1) ...........................................................................50

Membership of Liquidation Committee (O. 9, r. 2)...............................................................................50

Reconstitution of the Liquidation Committee (O. 9, r. 3)....................................................................51

Official Liquidator's Duty to Report (O. 9, r. 4) ...................................................................................52

Proceedings of Liquidation Committee (O. 9, r. 5) ..............................................................................53

Counsel to the Liquidation Committee (O. 9, r. 6) ...............................................................................54

Travel and Other Expenses of Committee Members (O. 9, r. 7) .........................................................55

Resignation and Removal of Committee Members (O. 9, r. 8) ............................................................55

Applications to the Court (O. 9, r. 9) ......................................................................................................56

**Order 10** ......................................................................................................................................57

**Official Liquidator's Reports and Accounts** ...............................................................................57

Official Liquidator's Reporting Obligations (O. 10, r. 1) ...........................................................57

Form and Content of Liquidators' Reports and Accounts (O. 10, r. 2) ......................................57

Publication of Reports and Accounts (O. 10, r. 3) .....................................................................59

**Order 11** ......................................................................................................................................60

**Sanction Applications** .................................................................................................................60

Introduction (O. 11, r. 1) ............................................................................................................60

Service of Sanction Applications (O. 11, r. 2) ...........................................................................60

Hearing of Sanction Applications (O. 11, r. 3) ..........................................................................61

Evidence for Use in Sanction Applications (O. 11, r. 4) ...........................................................61

**Order 12** ......................................................................................................................................63

**Settling List of Contributories** ..................................................................................................63

Introduction (O. 12, r. 1) ............................................................................................................63

Rectification of the Register of Members (O. 12, r. 2) ...............................................................63

Notification of Rectification (O. 12, r. 3) ...................................................................................64

Appeal Against Rectification (O. 12, r. 4) ..................................................................................65

**Order 13** ......................................................................................................................................66

**Voluntary (Solvent) Liquidations** .............................................................................................66

Introduction (O. 13, r. 1) ............................................................................................................66

Notice of Voluntary Winding Up (O. 13, r. 2) ...........................................................................66

Appointment of Voluntary Liquidator (O. 13, r. 3) ...................................................................67

Resignation of Voluntary Liquidator (O. 13, r. 4) .....................................................................67

Death of Voluntary Liquidator (O. 13, r. 5) ...............................................................................68

Removal of Voluntary Liquidator (O. 13, r. 6) ..........................................................................69

Voluntary Liquidator's Reporting Obligations (O. 13, r. 7)................................................................69

Form and Content of Reports and Accounts (O. 13, r. 8)..................................................................69

Voluntary Liquidator's Remuneration (O. 13, r. 9)...........................................................................70

Applications to Court (O. 13, r. 10)..................................................................................................71

General Meetings of the Company (O. 13, r. 11)..............................................................................72

Voluntary Liquidator's Final Return (O. 13, r. 12)...........................................................................73

**Order 14.............................................................................................................................................74**

**Director's Declaration of Solvency.................................................................................................74**

Form and Content of Declaration of Solvency (O. 14, r. 1)..............................................................74

Delivery and Registration of Declaration of Solvency (O. 14, r. 2)..................................................74

**Order 15.............................................................................................................................................75**

**Application for Supervision Order..................................................................................................75**

Introduction (O. 15, r. 1)..................................................................................................................75

Application under section 124 (O. 15, r. 2).....................................................................................75

Application under section 131 (O. 15, r. 3).....................................................................................76

Supporting Affidavits (O. 15, r. 4)...................................................................................................76

Hearing of section 124 Petition (O. 15, r. 5)...................................................................................77

Release of Voluntary Liquidator (O. 15, r. 6)..................................................................................78

Delivery of Company's Books and Records (O. 15, r. 7)..................................................................78

Supervision Order (O. 15, r. 8)........................................................................................................78

**Order 16.............................................................................................................................................79**

**Proof of Debts in Official Liquidation............................................................................................79**

**Part I: Procedure for Proving..........................................................................................................79**

Introduction (O. 16, r. 1)..................................................................................................................79

Form and Content of Proof (O. 16, r. 2)..........................................................................................79

Supply of proof of debt forms (O. 16, r. 3) ............................................................................................ 80

Cost of proving (O. 16, r. 4) .................................................................................................................. 80

Withdrawal and variation of proof (O. 16, r. 5) ................................................................................... 80

Admission and rejection of proof (O. 16, r. 6) .................................................................................... 81

Admission without proof of debt (O. 16, r. 7) .................................................................................... 81

Inspection of Proofs of Debts (O. 16, r. 8) ......................................................................................... 81

**Part II: Quantification of Claim** ..................................................................................................... **82**

Enforcement of Subordination, Set-Off (or Non Set-Off) and Netting Agreements (O. 16, r. 9) ......... 82

Mutual credit and set-off (O. 16, r. 10) ............................................................................................... 82

Pre-liquidation Interest on Debts (O. 16, r. 11) .................................................................................. 83

Post-liquidation Interest on Debts (O. 16, r. 12) ................................................................................ 83

Determination of the currency of the liquidation (O. 16, r. 13) ......................................................... 83

Payments of a periodical nature (O. 16, r. 14) .................................................................................... 84

Debts payable at a future date (O. 16, r. 15) ....................................................................................... 84

Contingent claims (O. 16, r. 16) .......................................................................................................... 84

**Part III: Appeal Against Rejection of Proof** ................................................................................... **85**

Introduction (O. 16, r. 17) .................................................................................................................... 85

Application to Court (O. 16, r. 18) ....................................................................................................... 85

**Part IV: Expunging Admitted Claims** .............................................................................................. **86**

Introduction (O. 16, r. 20) .................................................................................................................... 86

Application to Court (O. 16, r. 21) ....................................................................................................... 86

**Order 17** ........................................................................................................................................... **87**

**Secured Creditors** ............................................................................................................................ **87**

Introduction (O. 17, r. 1) ...................................................................................................................... 87

Redemption of security by the liquidator (O. 17, r. 2) ....................................................................... 87

7

Valuation of security (O. 17, r. 3) .............................................................................................................88

Realisation of security (O. 17, r. 4) ..........................................................................................................88

**Order 18 ...........................................................................................................................................89**

**Collection and Distribution of Company's Assets by its ...............................................................89**

**Official Liquidator ..........................................................................................................................89**

Powers of Official Liquidator (O. 18, r. 1) ...............................................................................................89

Manner of Distributing the Assets (O. 18, r. 2) .......................................................................................89

Debts of Insolvent Company to Rank Equally (O. 18, r. 3) .....................................................................89

Calculation of Dividend (O. 18, r. 4) .......................................................................................................89

Distribution of Assets in Specie (O. 18, r. 5) ...........................................................................................90

Interim Distribution to Creditors (O. 18, r. 6) .........................................................................................91

Final Distribution to Creditors (O. 18, r. 7) .............................................................................................91

Payment of Dividends (O. 18, r. 8) ..........................................................................................................92

Assignment of Right to Receive a Dividend (O. 18, r. 9) ........................................................................92

**Order 19 ...........................................................................................................................................93**

**Part I: Calls on Contributories ......................................................................................................93**

Calls by Official Liquidator (O. 19, r. 1) .................................................................................................93

Making and Enforcement of Calls (O. 19, r. 2) .......................................................................................93

Appeal against Calls (O. 19, r. 3) .............................................................................................................93

**Part II: Transfers of Shares ...........................................................................................................94**

Application for Validation Order (O. 19, r. 4) ..........................................................................................94

Supporting Documentation (O. 19, r. 5) ..................................................................................................94

**Order 20 ...........................................................................................................................................95**

**Order of Payment of Expenses out of the Compnay's Assets ......................................................95**

General Rule as to Priority (O. 20, r. 1) ...................................................................................................95

Disallowance of expenses and disbursements (O. 20, r. 2) .................................................................96

**Order 21 ...............................................................................................................................................97**

**International Protocols.......................................................................................................................97**

Application and definitions (O. 21, r. 1)...............................................................................................97

Consideration of international protocols (O. 21, r. 2)...........................................................................97

Scope of international protocols (O. 21, r. 3) .......................................................................................98

**Order 22 .............................................................................................................................................100**

**Order for Dissolution.......................................................................................................................100**

Application to Court (O. 22, r. 1).......................................................................................................100

Order for Dissolution (O. 22, r. 2) .....................................................................................................100

**Order 23 .............................................................................................................................................102**

**Unclaimed Dividends and Undistributed Assets...........................................................................102**

Introduction (O. 23, r. 1)....................................................................................................................102

Establishment of Trust Account (O. 23, r. 2).....................................................................................102

Transfer of Undistributed Assets (O. 23, r. 3) ...................................................................................102

Payment out of Trust Account and Transfer of Undistributed Assets (O. 23, r. 4) ...........................102

Former Liquidator's Trustee Fee and Expenses (O. 23, r. 5) .............................................................103

Transfer to the Financial Secretary (O. 23, r. 6) ................................................................................103

**Order 24 .............................................................................................................................................105**

**Applications to Court Under Part V of the Law...........................................................................105**

**Part I: General Provisions................................................................................................................105**

Originating Applications (O. 24, r. 1).................................................................................................105

Applications in Existing Proceedings (O. 24, r. 2) .............................................................................105

Hearings (O. 24, r. 3) .........................................................................................................................105

Court Files (O. 24, r. 4)......................................................................................................................106

Orders made in Liquidation Proceedings (O. 24, r. 5) ........................................................................106

Order for Documents to be Sealed (O. 24, r. 6) ...............................................................................106

**Part II: Costs in Liquidation Proceedings** ..................................................................................**106**

Interpretation (O. 24, r. 7) ................................................................................................................107

General Rules as to Costs (O. 24, r. 8) ............................................................................................107

Costs of Sanction Applications (O. 24, r. 9) ....................................................................................108

Costs of Appeals (O. 24, r. 10) ........................................................................................................109

Taxation of Costs and Appeals (O. 24, r. 11) ..................................................................................110

**Order 25** .........................................................................................................................................**111**

**Official Liquidator's Lawyers** ......................................................................................................**111**

Appointment of Lawyers (O. 25, r. 1) ..............................................................................................111

Lawyer's Fees (O. 25, r. 2) ..............................................................................................................111

Procedure for Taxation of Lawyer's Fees (O. 25, r. 3) ....................................................................112

Subsequent Procedure on Taxation (O. 25, r. 4) ..............................................................................112

Criteria Applicable on Taxation (O. 25, r. 5) ..................................................................................113

**Order 26** .........................................................................................................................................**115**

**Liquidation Files, Company's Books and Records and Court Files** ...........................................**115**

Introduction (O. 26, r. 1) ..................................................................................................................115

Liquidation Files (O. 26, r. 2) ..........................................................................................................115

Company's Books and Records (O. 26, r. 3) ....................................................................................116

Rights of access to the Court File (O. 26, r. 4) ................................................................................116

**Appendix** .......................................................................................................................................**118**

**Prescribed Forms (O. 1, r. 7)** .......................................................................................................**118**

# THE COMPANIES WINDING UP RULES 2018

## THESE RULES ARE MADE BY THE INSOLVENCY RULES COMMITTEE PURSUANT TO SECTION 155 OF THE COMPANIES LAW (2016 REVISION) (AS AMENDED)

### ORDER 1

### CITATION, APPLICATION AND COMMENCEMENT

#### Citation (O. 1, r. 1)

1.     (1)    These Rules may be cited as the Companies Winding Up Rules.

        (2)    An individual Rule may be cited using the abbreviation "CWR"

#### Application (O. 1, r. 2)

2.     (1)    These Rules shall apply to –

        (a)    every winding up petition presented on or after the commencement date;

        (b)    every other application made under Part V of the Law on or after the commencement date;

        (c)    every application made on or after the commencement date in a winding up proceeding which was pending on that date;

        (d)    any step taken or required to be taken after the commencement date in any winding up proceeding which was pending on that date; and

        (e)    any step taken or required to be taken on or after the commencement date in any voluntary liquidation which was in progress on that date, except that a voluntary liquidator shall not be required to apply for a supervision order under section 124 of the Law in respect of a voluntary liquidation which commenced prior to the commencement date.

        (2)    The English Insolvency Rules 1986 (SI.1986/1925) shall cease to have any application with effect from 1 March 2009.

#### Commencement and transitional provisions (O. 1, r. 3)

3.     (1)    These Rules shall come into force on the date stated in the commencement order, referred to in these Rules as the "commencement date".

        (2)    No application, order or direction made under Part V of the Companies Law (2007 Revision) (as may have been revised or amended) before the commencement date shall

be treated as a non-compliance with these Rules provided that it complied with the rules, practice directions or procedure then in force.

(3) No action taken by a liquidator, creditor or contributory in a compulsory liquidation or voluntary liquidation before the commencement date shall be treated as a non-compliance with these Rules provided that it complied with the rules, practice directions or procedure then in force.

## Application of Grand Court Rules etc. (O. 1, r. 4)

4. (1) Every petition, summons, order or other document required to be served by these Rules, shall be served in accordance with GCR Orders 10 and 65, unless some other method of service is expressly required or permitted by these Rules. Where any such petition, summons, order or other document is required to be served out of the jurisdiction then GCR O. 11 shall apply to these Rules.

   (1A) GCR Order 2 shall apply to these Rules mutatis mutandis.

   (1B) Where any Rule requires a liquidator to publish any notice in any newspaper the Court may dispense with that requirement if it is satisfied that (i) the expense of publishing the notice in a newspaper would be disproportionate and/or (ii) it would be unlikely to serve any useful purpose.

   (2) Every affidavit or other document filed in the Court office shall comply with the requirements of GCR Orders 41 and 66.

   (3) Every order or direction made in a winding up proceeding shall comply with the requirements of GCR Order 42.

   (3A) GCR Order 20 shall apply mutatis mutandis with respect to any amendment to any document filed in the Court office.

   (4) All funds required to be paid into or out of Court in connection with any winding up proceedings shall be lodged, paid, invested and dealt with in accordance with GCR Order 92.

## Definitions (O. 1, r. 5)

5. (1) The words and expressions defined by section 89(1) of the Law shall have the same meaning when used in these Rules.

   (2) The words and expressions defined by section 2 of the Law shall have the same meaning when used in these Rules.

   (3) The words and expressions defined by GCR Order 1, rule 7 shall have the same meaning when used in these Rules.

12

(4)     In these Rules, unless the context otherwise requires –

"Authority" means the Cayman Islands Monetary Authority established under section 5(1) of the Monetary Authority Law (2013 Revision) and includes a person acting under the Authority's authorisation;

"court reporter" means any person who is professionally engaged in the business of transcribing and reporting court proceedings, whether or not such person is employed by the Court;

"dollars" or "$" means United States dollars and any reference to a dollar or $ amount in these Rules shall mean that amount in United States dollars or an equivalent amount in the currency of the liquidation;

"Registrar" means the Registrar of the Financial Services Division of the Court; and

"Registrar of Companies" means the registrar of companies appointed under section 3 of the Law and includes, where appropriate, the deputy registrar of companies.

## Construction of references to the Law, Orders, Rules and Regulations (O. 1, r. 6)

6.      (1)     References to "the Law" means the Companies Law (2016 Revision) (as amended).

        (2)     Any reference in these Rules to a specified Order or Rule is a reference to that Order or Rule of these Rules.

        (3)     Any reference to a "Regulation" is a reference to the Insolvency Practitioners' Regulations, 2008 (as amended).

## Prescribed Forms (O. 1, r. 7)

7.      (1)     The forms contained in the Appendix to these Rules shall be used where applicable, with such variations as the circumstances of the particular case requires.

        (2)     The forms contained in the English Insolvency Rules 1986 (SI.1986/1925) shall cease to have any application with effect from 1 March 2009.

13

# ORDER 2

## STATUTORY DEMAND

### Introduction (O. 2, r. 1)

1.     (1)    A demand for payment of a debt made by a creditor in accordance with section 93(a) of the Law is referred to in these Rules as a "statutory demand".

### Form and Content of Statutory Demand (O. 2, r. 2)

2.     (1)    A statutory demand shall be in CWR Form No1.

        (2)    A statutory demand must be signed by –

                (a)    the creditor; or

                (b)    if the creditor is a firm, any partner of the firm; or

                (c)    if the creditor is a body corporate, any director or officer who is duly authorised to make the demand.

        (3)    A statutory demand must state the amount, the date on which the debt fell due, the currency of the debt and the consideration for it.

        (4)    If the amount claimed includes –

                (a)    any charge by way of interest not previously notified to the company as included in its liability; or

                (b)    any other charge accruing from time to time,

        the statutory demand must state the grounds upon which the company is liable to pay such interest or charges and contain particulars of the way in which such interest or charges are calculated.

        (5)    A statutory demand must contain the creditor's address and, if it is signed by anyone other than the creditor himself, the contact details of the partner, director or officer who signed it on behalf of the creditor.

        (6)    A statutory demand must include a statement that if payment is not made within 21 days of the date upon which it was served on the company, the company will be deemed to be insolvent and a winding up petition may be presented against the company in accordance with section 92(d) of the Law.

14

(7)    A statutory demand must contain information about ways in which the company may make payment, including details of a bank account to which the amount owing may be wire transferred.

**Service of Statutory Demand (O. 2, r. 3)**

3.    (1)    The original hard copy of a statutory demand must be delivered by hand to the company's registered office.

(2)    Transmission of a copy by facsimile or e-mail shall not, by itself, be sufficient to constitute good service for the purposes of the Law.

(3)    There is no requirement that a copy of a statutory demand must be drawn to the attention of the company's directors by the creditor.

(4)    A statutory demand shall not be invalidated by reason only of the fact that a company's professional service providers have failed to draw it to the attention of the directors or failed to take any other appropriate steps on behalf of the company in response to the receipt of the statutory demand.

15

## ORDER 3

## WINDING-UP PETITIONS AND ORDERS

### PART I: GENERAL PROVISIONS

#### Presentation and Filing of Petition (O. 3, r. 1)

1.    (1)    A winding up petition shall be presented by filing it in Court in accordance with GCR Order 9.

      (2)    The petitioner shall pay the filing fee prescribed in the First Schedule of the Court Fees Rules.

#### Form and Content of Petition (O. 3, r. 2)

2.    (1)    Subject to any directions given under Rule 12(1)(a) and (b), every winding up petition shall be in CWR Form No 2.

      (2)    Every winding up petition shall comply with the requirements of GCR Order 9 and shall contain:-

          (a) particulars of the company's incorporation;

          (b) a description of the company's business, including a statement about the countries in which it carries on its business;

          (c) if the company is a foreign company, particulars of the matters contained in section 91(d) of the Law;

          (d) a concise statement of the grounds upon which the winding up order is sought; and

          (e) the name and address of the qualified insolvency practitioner (and any foreign practitioner) whom the petitioner nominates for appointment as official liquidator.

      (3)    A winding up petition that has been served may be amended only with the leave of the Court.

      (4)    If the Court orders a contributory-petitioner to file and serve points of claim then the points of claim and every subsequent pleading shall comply with the requirements of GCR Order 18, rules 4 to 18.

      (5)    GCR Order 18, rule 19(1) and (2) shall apply to any pleading and to any petition as though it were a pleading.

16

**Verification of Petition (O. 3, r. 3)**

3.  (1)  The petition shall be verified by an affidavit that the statements in the petition are true, or are true to the best of the deponent's knowledge, information and belief.

    (2)  A creditors' petition in respect of debts due to two or more different creditors must be separately verified by or on behalf of each creditor.

    (3)  The verifying affidavit shall be sworn by :-

        (a)  the petitioner; or

        (b)  a director, officer or agent of the petitioner who has been concerned in and has personal knowledge of the matters giving rise to the petition.

**Nominated Official Liquidator's Consent to Act (O. 3, r. 4)**

4.  (1)  Every petition shall be supported by an affidavit sworn by the person or persons nominated for appointment as official liquidator stating that :-

        (a)  he is a qualified insolvency practitioner and meets the residency requirement contained in Regulation 5;

        (b)  having made due enquiry, he believes that he and his firm meet the independence requirement contained in Regulation 6;

        (c)  he and/or his firm are in compliance with the insurance requirement contained in Regulation 7; and

        (d)  he is willing to act as official liquidator if so appointed by the Court.

    (2)  If the petition seeks an order for the appointment of a qualified insolvency practitioner jointly with a foreign practitioner, it shall be supported by an affidavit sworn by the foreign practitioner stating :-

        (a)  his professional qualifications;

        (b)  the country in which he is qualified to perform functions equivalent to those performed by official liquidators under the Law or by trustees under the Bankruptcy Law (1997 Revision);

        (c)  his professional experience;

        (d)  he will have the benefit of professional indemnity insurance in respect of his acts and omissions done in his capacity as an official liquidator of the company meeting the requirements of Regulation 7;

17

(e)     if he has been appointed by a foreign court or authority as a liquidator, trustee, receiver or administrator of the company or a related party of the company, full particulars of such appointment; and

(f)     that, having made due enquiry, he and his firm meet independence requirement contained in Regulation 6.

## PART II: CREDITOR'S PETITION

### Presentation and Service of Creditor's Petition (O. 3, r. 5)

5.     (1)     Prior to presenting a creditor's petition, the petitioner's attorney must apply in writing (by letter or e-mail) to the Registrar to have the proceeding assigned to a Judge and to fix a hearing date.

       (2)     A creditor's petition shall not be filed unless and until the proceeding has been assigned to a Judge and a hearing date has been fixed and endorsed on the petition or stated in a notice of hearing filed simultaneously with the petition.

       (3)     Every creditor's petition, together with the verifying and supporting affidavits and notice of hearing (if the hearing date is not endorsed upon the petition itself), shall be served upon the company by delivering them to the company's registered office immediately after the petition has been presented.

       (4)     In the event that the company is carrying on a regulated business, copies of the petition and affidavits shall also be served upon the Authority immediately after the petition has been presented.

       (5)     An affidavit of service shall be filed within 7 days of the presentation of every creditor's petition.

### Advertisement of Creditor's Petition (O. 3, r. 6)

6.     (1)     Unless the Court otherwise directs, every creditor's petition shall be advertised once in a newspaper having a circulation in the Islands.

       (2)     In addition, unless the Court otherwise directs, if the company is carrying on business outside the Islands, every creditor's petition shall be advertised once in a newspaper having a circulation in the country or countries in which it is most likely to come to the attention of the company's creditors, in which case the advertisement must be published in the official language of such country.

(3)  The advertisements shall be made to appear not less than 7 business days after service of the petition upon the company and not less than 7 business days before the hearing date.

(4)  An advertisement published in accordance with this Rule shall be in CWR Form No 3 and shall contain –

    (a)  the title of the petition, including the name of the company;

    (b)  the registered office of the company;

    (c)  the name, address and other contact details of the petitioner and the petitioner's attorneys;

    (d)  the name and address of the qualified insolvency practitioner(s) and any foreign practitioner nominated for appointment as official liquidators;

    (e)  the hearing date;

    (f)  a statement that copies of the petition and affidavits may be obtained, free of charge, from the petitioner's attorneys; and

    (g)  a statement that any creditor intending to appear and be heard on the petition shall give at least 3 days' notice to the petitioner's attorneys.

## Leave for Petition to be Withdrawn (O. 3, r. 7)

7.  (1)  An application for leave to withdraw a creditor's petition may be made by *ex parte* summons.

    (2)  The Court shall grant leave for a creditor's petition to be withdrawn on such terms as have been agreed between the petitioner and the company if it is satisfied that –

        (a)  the petition has not been advertised;

        (b)  no notice of intention to appear and be heard on the petition (whether in support or opposition) has been received from any creditor or, where the company is licensed to carry on a regulated business, the Authority; and

        (c)  the company consents to an order being made under this Rule.

    (3)  If a creditor's petition has been advertised, any application for leave to withdraw the petition must be made at the advertised hearing and in any such case the Court will consider making an order for substitution in accordance with Rule 10.

## Notice of Appearance (O. 3, r. 8)

19

8.    (1)    Every person who intends to appear and be heard on the hearing of a petition shall give at least 3 days' notice of his intention to the petitioner's attorneys.

      (2)    The notice shall be in CWR Form No 4 and shall specify –

             (a)    the name, address and other contact details of the person giving notice and his attorneys;

             (b)    whether he intends to support or oppose the petition;

             (c)    the amount and nature of his debt; and

             (d)    in the event that a winding up order is made, whether he intends to support or oppose the appointment as official liquidator of the person(s) nominated by the petitioner.

      (3)    If a creditor intends to oppose the appointment of the petitioner's nominee, he must –

             (a)    nominate an alternative qualified insolvency practitioner who is willing to act as official liquidator if so appointed by the Court;

             (b)    file a supporting affidavit in accordance with Rule 4; and

             (c)    serve his notice of appearance and supporting affidavit upon –

                    (i)    the company;

                    (ii)   the petitioner's attorneys; and

                    (iii)  in the event that the company is carrying on a regulated business, the Authority,

             not less than 3 days before the hearing date.

      (4)    If a creditor's petition is presented against a company which is licensed to carry on a regulated business, the Authority may appear and be heard provided that it has given at least 3 days' notice of its intention to appear to the company and to the petitioner's attorneys.

      (5)    The Authority's notice of appearance under this Rule shall specify –

             (a)    what, if any, regulatory action has been taken by the Authority against the company;

             (b)    whether it supports or opposes the petition;

             (c)    in the event that a winding up order is made, whether it intends to support or oppose the appointment as official liquidator of the person(s) nominated by the petitioner.

**Evidence in Opposition to Petition (O. 3, r. 9)**

9.　(1)　If the company intends to oppose the petition, its affidavit in opposition must be filed and served upon the petitioner within 14 days from the date upon which the petition was served upon the company.

　　(2)　The petitioner may serve a notice, at least 3 days prior to the hearing date, requiring that any deponent attend the hearing for cross-examination.

**Substitution of Petitioner (O. 3, r. 10)**

10.　(1)　This Rule applies where a creditor petitions and is subsequently found not to have been entitled to do so or where the petitioner –

　　　　(a)　fails to advertise his petition;

　　　　(b)　consents to his petition being withdrawn;

　　　　(c)　fails to appear on the hearing of his petition;

　　　　(d)　allows his petition to be adjourned or dismissed; or

　　　　(e)　appears, but does not apply for an order in terms of the prayer of his petition.

　　(2)　The Court may, on such terms as it thinks just, substitute as petitioner any creditor who in its opinion would have a right to present a petition and who is desirous of doing so.

　　(3)　Where the Court exercises its discretion to substitute a creditor as petitioner, the petition of the substituted petitioner will be deemed to have been filed on the date of the original petition.

21

## PART III: CONTRIBUTORY'S PETITION

### Presentation and Service of a Contributory's Petition (O. 3, r. 11)

11.   (1)   Upon the presentation of a contributory's petition, the petitioner must at the same time issue a summons for directions in respect of the matters contained in Rule 12.

   (2)   Prior to presenting a contributory's petition and issuing the summons for directions in respect of it, the petitioner's attorney must apply in writing (by letter or e-mail) to the Registrar to have the proceeding assigned to a Judge and to fix a date for hearing the summons for directions.

   (3)   Every contributory's petition and the summons for directions relating to it shall be served immediately after having been presented/issued upon –

      (a)   the company, by delivering it to the company's registered office; and

      (b)   every member of the company whom the petitioner has named or intends to name as a respondent to the petition, who may be served out of the jurisdiction without the leave of the Court.

### Summons for Directions (O. 3, r. 12)

12.   (1)   Upon hearing the summons for directions, the Court shall give such directions as it thinks appropriate in respect of the followings matters –

      (a)   whether or not the company is properly able to participate in the proceeding or should be treated merely as the subject-matter of the proceeding;

      (b)   whether the proceeding should be treated as a proceeding against the company or as an *inter partes* proceeding between one or more members of the company as petitioners and the other member or members of the company as respondents;

      (c)   service of the petition upon persons other than the company (as may be appropriate having regard to the directions give under paragraphs (a) and (b) of this Rule);

      (d)   whether, and if so by what means, the petition is to be advertised;

      (e)   whether the petitioner should serve any further particulars of his claim;

      (f)   service of a defence by the company or the respondents (as may be appropriate in the light of the directions given under paragraphs (a) and (b) of this Rule);

      (g)   the manner in which evidence is to be given;

      (h)   if evidence is directed to be given by affidavit, directions relating to cross-examination of the deponents;

22

(i) discovery and inspection of documents;

(j) oral discovery; and

(k) such other procedural matters as the Court thinks fit.

(2) A summons for directions under this Rule shall be in CWR Form No. 5.

### Hearing of Contributory's Petition (O. 3, r. 13)

13. (1) An order fixing a date for the trial of a contributory's petition may be made upon the hearing of the summons for directions.

(2) If it is not appropriate for the Court to fix a trial date upon hearing the summons for directions, the petitioner shall apply subsequently to the Registrar.

## PART IV: AUTHORITY'S PETITION

### Service of Authority's Petition (O. 3, r. 14)

14. (1) Prior to presenting a petition, the Authority's attorney must apply in writing (by letter or e-mail) to the Registrar to have the proceeding assigned to a Judge and to fix a date for hearing the summons for directions.

(2) Every petition presented by the Authority, together with the verifying and supporting affidavits and summons for directions, shall be served upon the company by delivering them to its registered office immediately after the petition has been presented.

(3) An affidavit of service shall be filed within 7 days of the presentation of every Authority's petition.

### Summons for Directions (O. 3, r. 15)

15. (1) Upon the presentation of a petition by the Authority, the Authority must at the same time issue a summons for directions in respect of the matters contained in this Rule.

(2) Upon hearing the summons for directions, the Court shall either –

(a) make a winding up order, if the Court is satisfied that the company consents or does not object to an order being made; or

(b) fix a hearing date and make such directions as the Court thinks appropriate in respect of the following matters –

(i) whether the petition should be served upon the company's members, directors or professional service providers;

23

        (ii)     the manner in which evidence is to be given;

        (iii)    if evidence is to be given by affidavit, directions relating to cross-examination of the deponents;

        (iv)    if the Authority has appointed a controller, whether such controller should produce any documents belonging to the company or attend for cross-examination on his report or prepare any further report; and

        (v)     such other procedural matters as the Court thinks fit.

    (3)    A petition presented by the Authority shall not be advertised unless the Court otherwise directs.

## Hearing of Authority's Petition (O. 3, r. 16)

16.    (1)    Unless a winding up order is made pursuant to Rule 15(2)(a), the hearing of every petition presented by the Authority shall take place in open court.

    (2)    Any member, director or professional service provider of the company may appear and be heard on the petition, whether or not the Court has directed that such person be served.

    (3)    Every member, director or professional service provider of the company who intends to appear and be heard on the hearing of the petition shall give 3 days' notice of his intention to the Authority's attorneys.

    (4)    No other person may appear and be heard without the leave of the Court.

## PART V: COMPANY'S PETITION

## Presentation and Service of Company's Petition (O. 3, r. 17)

17.    (1)    Prior to presenting a company's petition, the company's attorney must apply in writing (by letter or e-mail) to the Registrar to have the proceeding assigned to a Judge and to fix a hearing date.

    (2)    In the event that the company is carrying on a regulated business, copies of the petition and affidavits shall be served upon the Authority immediately after the petition has been presented.

    (3)    Where the company is carrying on regulated business, an affidavit of service shall be filed within 7 days of the presentation of the company's petition.

24

## Advertisement of Company's Petition (O. 3, r. 18)

18.    (1)    Unless the Court otherwise directs, every company's petition shall be advertised once in a newspaper having a circulation in the Islands.

       (2)    In addition, unless the Court otherwise directs, if the company is carrying on business outside the Islands, every company's petition shall be advertised once in a newspaper having a circulation in the country or countries in which it is most likely to come to the attention of the company's creditors, in which case the advertisement must be published in the official language of such country.

       (3)    The advertisements shall be made to appear not less than 7 business days before the hearing date.

       (4)    An advertisement published in accordance with this Rule shall be in CWR Form No 3A and shall contain –

              (a)    the title of the petition, including the name of the company;

              (b)    the registered office and other contact details of the company;

              (c)    the name, address and other contact details of the company's attorneys;

              (d)    the name and address of the qualified insolvency practitioner(s) and any foreign practitioner nominated for appointment as official liquidators;

              (e)    the hearing date;

              (f)    a statement that copies of the petition and affidavits may be obtained, free of charge, from the company's attorneys; and

              (g)    a statement that any creditor or shareholder intending to appear and be heard on the petition shall give at least 3 days' notice to the company's attorneys.

## Leave for Petition to be Withdrawn (O. 3, r. 19)

19.    (1)    An application for leave to withdraw a company's petition may be made by *ex parte* summons.

       (2)    The Court shall grant leave for a company's petition to be withdrawn if it is satisfied that –

25

        (a)     the petition has not been advertised; and

        (b)     no notice of intention to appear and be heard  on the petition (whether in support or opposition) has been received from any creditor or, where the company is licensed to carry on a regulated business, the Authority.

    (3)    If a company's petition has been advertised, any application for leave to withdraw the petition must be made at the advertised hearing and in any such case the Court will consider making an order for substitution in accordance with Rule 21.

### Notice of Appearance (O. 3, r. 20)

20.   (1)    Every person who intends to appear and be heard on the hearing of a petition shall give at least 3 days' notice of his intention to the company's attorneys.

    (2)    The notice shall be in CWR Form No 4 and shall specify –

        (a)     the name, address and other contact details of the person giving notice and his attorneys;

        (b)     whether he intends to support or oppose the petition;

        (c)     the amount and nature of his debt; and

        (d)     in the event that a winding up order is made, whether he intends to support or oppose the appointment as official liquidator of the person(s) nominated by the petitioner.

    (3)    If a creditor intends to oppose the appointment of the company's nominee, he must –

        (a)     nominate an alternative qualified insolvency practitioner who is willing to act as official liquidator if so appointed by the Court;

        (b)     file a supporting affidavit in accordance with Rule 4; and

        (c)     serve his notice of appearance and supporting affidavit upon –

            (i)     the company;

            (ii)    the company's attorneys; and

(iii) in the event that the company is carrying on a regulated business, the Authority,

not less than 3 days before the hearing date.

(4) If the company in respect of which the petition is presented is licensed to carry on a regulated business, the Authority may appear and be heard provided that it has given at least 3 days' notice of its intention to appear to the company and to the company's attorneys.

(5) The Authority's notice of appearance under this Rule shall specify –

(a) what, if any, regulatory action has been taken by the Authority against the company;

(b) whether it supports or opposes the petition;

(c) in the event that a winding up order is made, whether it intends to support or oppose the appointment as official liquidator of the person(s) nominated by the petitioner.

(6) If the Authority intends to oppose the appointment of the company's nominee, it must –

(a) nominate an alternative qualified insolvency practitioner who is willing to act as official liquidator if so appointed by the Court;

(b) file a supporting affidavit in accordance with Rule 4; and

(c) serve its notice of appearance and supporting affidavit upon –

(i) the company; and

(ii) the company's attorneys,

not less than 3 days before the hearing date.

## Substitution of Petitioner (O. 3, r. 21)

21. (1) This Rule applies where a company petitions and is subsequently found not to have been entitled to do so or where the company –

(a) fails to advertise its petition;

27

(b)    withdraws its petition;

(c)    fails to appear on the hearing of its petition;

(d)    seeks to adjourn its petition or seeks that it be dismissed; or

(e)    appears, but does not apply for an order in terms of the prayer of its petition.

(2)    The Court may, on such terms as it thinks just, substitute as petitioner any creditor, contributory or the Authority who in its opinion would have a right to present a petition and who is desirous of doing so.

(3)    Where the Court exercises its discretion to substitute the company as petitioner, the petition of the substituted petitioner will be deemed to have been filed on the date of the original petition.

## PART VI: WINDING UP ORDERS

### Form, Content and Effect of Winding Up Orders (O. 3, r. 22)

22.    (1)    Every winding up order shall be in CWR Form No 6.

(2)    Every winding up order shall state the full name, address and contact details of the official liquidator.

(3)    Every winding up order shall state which of the powers contained in Part I of Schedule 3 of the Law (if any) are given to the official liquidator.

(4)    On the appointment of an official liquidator all the powers of the directors cease, save that directors retain residual powers to allow them to initiate an appeal against the winding-up order.

### Filing, Service and Registration of Winding Up Orders (O. 3, r. 23)

23.    (1)    Every winding up order shall be drawn up and filed in accordance with GCR Order 42, rule 5.

(2)    The petitioner shall be responsible for ensuring that the winding up order is drawn up and filed immediately after the hearing.

(3)    The petitioner shall serve copies of the winding up order upon –

(a)    the company at its registered office;

28

    (b)    every person who appeared and was heard at the hearing;

    (c)    the official liquidator; and

    (d)    the Authority, if the company is or was licensed to carry on a regulated business,

within 2 business days after the order is made.

(4)    The official liquidator shall within 7 business days after the order is made –

    (a)    file the order with the Registrar of Companies;

    (b)    send notice of the order to the Government Information Service for publication in the next edition of the Gazette; and

    (c)    send copies of the order to every person who appears to him to have been a director or professional service provider of the company at the time the winding up petition was presented.

(5)    When a winding up order is made in respect of a foreign company, the official liquidator shall also send copies of the order to –

    (a)    the foreign authority responsible for its incorporation;

    (b)    any foreign court or authority which has made an order that the company or any branch thereof be reorganised or liquidated or wound up; and

    (c)    any person or authority who is performing functions in respect of the company in any foreign country equivalent to those performed by an official liquidator.

29

## ORDER 4

### APPLICATION FOR APPOINTMENT OF PROVISIONAL LIQUIDATOR

### PART I:  APPLICATION BY CREDITOR OR CONTRIBUTORY

#### Application by Summons (O. 4, r. 1)

1. (1) An application by a creditor or contributory for the appointment of a provisional liquidator on one or more of the grounds contained in section 104(2) of the Law shall be made by summons on notice to the company.

   (2) The company shall be entitled to at least 4 clear days' notice of the application unless the Court is satisfied that there is some exceptional circumstance which justifies the application being made *ex parte*.

   (3) An application under this Rule may be heard in chambers.

#### Supporting Affidavits (O. 4, r. 2)

2. (1) The application shall be supported by an affidavit or affidavits containing all the evidence upon which the applicant relies, to which all the documents intended to be relied upon must be exhibited.

   (2) If the applicant seeks an order that someone other than the person nominated in the petition as official liquidator be appointed as provisional liquidator, he must file an affidavit complying with the requirements of Order 3, rule 4.

#### Security (O. 4, r. 3)

3. (1) The applicant shall give an undertaking to the Court to pay –

   (a) any damage suffered by the company by reason of the appointment of the provisional liquidator; and

   (b) the remuneration and expenses of the provisional liquidator,

   in the event that the winding up petition is ultimately withdrawn or dismissed.

   (2) Court may require the applicant to give security for his undertaking in such manner as the Court thinks fit.

30

## Order for the Appointment of Provisional Liquidator (O. 4, r. 4)

4. (1) Every order for the appointment of a provisional liquidator made on the application of a creditor or contributory pursuant to section 104(2) shall be in CWR Form No 7.

   (2) The order shall state the full name, address and contact details of the provisional liquidator.

   (3) The order shall specify the powers conferred upon the provisional liquidator, any limitations upon the specified powers and the powers, if any, remaining with the company's directors.

   (4) Every order for the appointment of a provisional liquidator shall be filed, served and registered in accordance with the requirements of Order 3, rule 22 (and references therein to "the petitioner" and "the official liquidator" shall be read as references to the applicant and the provisional liquidator respectively).

## Variation or Discharge of Order (O. 4, r. 5)

5. (1) An order for the appointment of a provisional liquidator may be varied or discharged upon the application of –

   (a) the person on whose application the order was made;

   (b) the petitioner, if he was not the person on whose application the order was made;

   (c) in the case of a creditor's petition, any other creditor;

   (d) in the case of a contributory's petition, any other contributory; or

   (e) the company, acting by its directors.

   (2) A provisional liquidator shall be entitled to apply to the Court for directions, including a direction which constitutes a variation of the order by which he was appointed.

   (3) An application under this Rule shall be made by summons, supported by an affidavit, and shall be served upon the provisional liquidator and every person who was entitled to be served with the original order in accordance with Rule 4(4).

   (4) An order under this Rule shall be filed, served and registered in accordance with Rule 4(4).

31

## PART II: APPLICATION BY THE COMPANY

### Application by summons (O. 4, r. 6)

6.  (1)  Whenever a winding up petition is presented by the company itself, the company may apply by summons for an order for the appointment of a provisional liquidator on the grounds contained in section 104(3) of the Law.

(2)  An application under this Rule may be made *ex parte*.

(3)  The company's summons shall be supported by an affidavit sworn by or on the authority of the company's board of directors containing –

    (a)  a description of the company's business;

    (b)  a statement that, having made due enquiry and taken appropriate advice, the company's board of directors believes that the company is or is likely to become unable to pay its debts within the meaning of section 93 and the reasons for their stated belief;

    (c)  a statement of the company's financial position, specifying to the best of the directors' belief, details of the company's assets and liabilities, including contingent and prospective liabilities;

    (d)  details of the security, if any, held by creditors of the company;

    (e)  a statement of the reasons why the company's directors believe that the appointment of a provisional liquidator would be in the best interests of the company's creditors;

    (f)  a statement that the directors intend to formulate or assist the provisional liquidator to formulate a compromise or arrangement which can be presented to the company's creditors, either pursuant to section 86 of the Law or otherwise.

(4)  The company's summons shall also be supported by an affidavit sworn by the person or persons nominated for appointment as provisional liquidator and containing the matters specified in Order 3, rule 4.

### Order for Appointment of Provisional Liquidator (O. 4, r. 7)

7.  (1)  Every order for the appointment of a provisional liquidator made on the application of the company pursuant to section 104(3) shall be in CWR Form No 8.

(2)  The order shall state the name, address and contact details of the provisional liquidator.

(3)  The Court may make orders and directions in respect of the following matters –

32

(a)    that the remuneration and expenses of the provisional liquidator be paid out of the assets of the company in any event;

(b)    the powers of the provisional liquidators;

(c)    the powers of the directors (if any) and any consequential limitation upon the powers of the provisional liquidators;

(d)    the preparation by the provisional liquidators of reports about the financial condition of the company and such other subjects as the Court thinks fit;

(e)    the service or publication of such reports;

(f)    the appointment of a liquidation committee;

(g)    the preparation of a scheme of arrangement pursuant to section 86 of the Law;

(h)    the adjournment of the winding up petition; and

(i)    such other matters as the Court thinks fit.

## Filing, Service and Registration of Order (O. 4, r. 8)

8.    (1)    The provisional liquidator shall register the order with the Registrar of Companies within 7 business days after the order is made.

      (2)    The provisional liquidator shall give notice of his appointment and the intended purpose of his appointment to the company's creditors either as directed by the Court or in whatever manner appears to him to be most expedient.

      (3)    The provisional liquidator shall provide a copy of the order, upon request, to any person who is or claims to be a creditor of the company.

## ORDER 5

## APPOINTMENT, RESIGNATION, DEATH AND REMOVAL OF OFFICIAL LIQUIDATORS

### Introduction (O. 5, r. 1)

1.  (1)  A liquidator of a company appointed by the Court is referred to as an "official liquidator" and is treated as an officer of the court.

    (2)  The Court will not make a winding up order or a supervision order without at the same time making an order for the appointment of one or more qualified insolvency practitioners as official liquidator of the company.

    (3)  The Court may appoint a foreign practitioner and a qualified insolvency practitioner to act as joint official liquidators of a company, but a foreign practitioner cannot be appointed as sole official liquidator of a company.

    (4)  In this Order, references to "official liquidator" includes a foreign practitioner unless the context otherwise requires.

### Order for Appointment of Official Liquidator (O. 5, r. 2)

2.  (1)  The Court will not appoint any person as official liquidator unless and until he has sworn an affidavit which complies with the requirements Order 3, rule 4.

    (2)  An order for the appointment of an official liquidator shall not take effect unless and until the order has been drawn up and filed in accordance with GCR Order 42.

    (3)  An order for the appointment of an official liquidator must state –

        (a)  the full name of each liquidator;

        (b)  the full postal address and physical address of each liquidator; and

        (c)  all relevant contact details including telephone numbers and e-mail addresses.

### Notice of Appointment to be Advertised (O. 5, r. 3)

3.  (1)  The official liquidator shall, within 28 days of his appointment, give notice of it to all the creditors and contributories of the company of whom he is aware.

    (2)  Notice under this Rule shall be given –

        (a)  to creditors in whatever manner is considered by the official liquidator to be most effective and economic; and

34

        (b)     to contributories in whatever manner is authorised by the company's articles of association or considered by the official liquidator to be more effective and economic.

    (3)     Unless the Court otherwise directs, the official liquidator shall within 28 days of his appointment, publish notice of his appointment –

        (a)     in the Gazette; and

        (b)     in whatever newspaper(s) the winding up petition or supervision petition was advertised.

    (4)     The notice of appointment shall be in CWR Form No. 9.

## Resignation of Official Liquidator (O. 5, r. 4)

4.     (1)     An official liquidator who wishes to resign shall –

        (a)     prepare a report and accounts in accordance with Order 10, rule 2;

        (b)     give notice of resignation to the company's liquidation committee; and

        (c)     apply to the Court for an order that he be released from the performance of any further duties.

    (2)     An application to the Court under this Rule shall be served on –

        (a)     each member of the liquidation committee; or

        (b)     counsel to the liquidation committee, if an attorney has been appointed by the liquidation committee with authority to act generally; and

        (c)     such other creditors or contributories as the Court may direct.

    (3)     It shall be the responsibility of the liquidation committee to nominate a qualified insolvency practitioner whom the Court can appoint in succession to the resigning liquidator and every person so nominated shall swear an affidavit which complies with the requirements of Order 3, rule 4.

    (4)     If two or more qualified insolvency practitioners have been appointed as joint official liquidators, one or more of them may resign by giving notice to each member of the liquidation committee without the need to prepare any report and accounts (unless required to do so either by the liquidation committee or the continuing liquidator) or apply to the Court for the appointment of a successor, provided that at least one qualified insolvency practitioner remains in office.

    (5)     If a qualified insolvency practitioner has been appointed jointly with a foreign practitioner, the foreign practitioner may resign by giving notice to each member of the

35

liquidation committee without the need to prepare and any report and accounts (unless required to do so either by the liquidation committee or by the continuing liquidator) or apply to the Court for the appointment of a successor.

(6)     If an official liquidator wishing to resign is acting in his capacity as a partner or employee of a firm, the Court may make an order that –

    (a)     he be released from the performance of any further duties; and

    (b)     another partner or employee of the same firm be appointed as successor liquidator,

without the need for any report and accounts to be prepared.

### Death of Official Liquidator (O. 5, r. 5)

5.     (1)     Where the official liquidator dies in office, it is the duty of his personal representative to give notice of his death (including the date of death) to each member of the liquidation committee and to the Registrar of Companies.

    (2)     Alternatively, if the official liquidator was a partner or employee of a firm, his firm may give notice of his death.

    (3)     Following the death of the official liquidator (where he was acting as sole liquidator or jointly with a foreign practitioner), the liquidation committee shall, within 28 days of the notification of his death, apply to the Court for an order appointing a new liquidator, failing which any creditor or contributory of the company or the firm of which the deceased liquidator was a partner or employee may apply to the Court for an order appointing a new liquidator.

    (4)     If the deceased liquidator was appointed jointly with a qualified insolvency practitioner, the survivor shall continue to act as sole liquidator unless and until the Court appoints an additional liquidator.

### Application for Removal and Appointment of New Official Liquidator (O. 5, r. 6)

6.     (1)     An application by a creditor or contributory for an order that the official liquidator be removed shall be made by summons (referred to in this Rule as a "removal summons").

    (2)     A removal summons shall be served upon –

        (a)     the official liquidator; and

        (b)     each member of the liquidation committee; or

        (c)     counsel for the liquidation committee, if an attorney has been appointed by the liquidation committee with authority to act generally; and

36

(d)  such other creditors or contributories as a Court may direct.

(3)  A removal summons shall be supported by an affidavit containing all the facts and matters relied upon.

(4)  A removal summons must also nominate a qualified insolvency practitioner whom the Court can appoint in succession to the removed liquidator and every person so nominated must swear an affidavit which complies with the requirements of Order 3, rule 4.

(5)  The official liquidator shall be entitled to at least 14 days' notice of a removal summons.

(6)  An official liquidator who is removed by order of the Court shall –

   (a)  forthwith deliver to his successor the company's books and records and a copy of his liquidation files (maintained in accordance with Order 26, rule 2); and

   (b)  within 28 days prepare a report and accounts for which purpose he shall be allowed unrestricted access to the company's books and records.

## ORDER 6

### COMPANY'S STATEMENT OF AFFAIRS

### Notice Requiring Submission of Statement of Affairs (O. 6, r. 1)

1.  (1)  A notice under section 101 shall be in CWR Form No 10 (requiring a relevant person to make a statement of affairs) or CWR Form No 11 (requiring a relevant person to state whether or not he concurs with a statement of affairs prepared by someone else).

    (2)  A person to whom a notice under this Rule is addressed is referred to in this Order as "a deponent".

    (3)  A notice under this Rule must inform the deponent of –

         (a)  the name and address of every other deponent upon whom the official liquidator has served or intends to serve a notice under this Rule;

         (b)  the time within which the statement of affairs must be delivered;

         (c)  the manner in which the deponent will be provided with access to the company's books and records;

         (d)  the fact he may apply to the official liquidator for reimbursement of expenses reasonably and properly incurred in complying with the notice; and

         (e)  the effect of section 101(7).

    (4)  The notice must be served upon the deponent personally, together with the documents referred to in Rule 2.

### Form and content of Statement of Affairs (O. 6, r. 2)

2.  (1)  The statement of affairs shall be prepared in the form prescribed by the official liquidator having regard to the nature of the company's business.

    (2)  The official liquidator shall provide the deponent with-

         (a)  a draft or template which clearly identifies the information to be included in the statement of affairs and explains the form in which it is to be prepared; and

         (b)  guidance notes for the assistance of the deponent.

    (3)  Every statement of affairs must be exhibited to an affidavit by which the deponent swears that –

38

(a)     he made all such enquiries and reviewed all such documents which he
        considered reasonably necessary to enable him to make a complete and accurate
        statement of affairs; and

(b)     the content of his statement of affairs is complete and accurate to the best of his
        knowledge and belief.

(4)     The official liquidator may at any time require a deponent to submit in writing further
        information for the purpose of amplifying, modifying or explaining any matter
        contained in or omitted from the deponent's statement of affairs.

### Time for Delivering Statement of Affairs (O. 6, r. 3)

3.      (1)     A statement of affairs shall be delivered to the official liquidator within 21 days after
                receipt of the notice or such longer period as may be stated in the notice.

        (2)     The official liquidator may extend the deponent's time for complying with the notice.

        (3)     The official liquidator may release a deponent from his obligation to prepare a
                statement of affairs, either unconditionally or on terms that he swears an affidavit
                stating that he concurs with the statement of affairs prepared by someone else.

### Expenses of Preparing a Statement of Affairs (O. 6, r. 4)

4.      (1)     The official liquidator may pay the expenses reasonably and properly incurred by a
                deponent in connection with the preparation of a statement of affairs out of the assets
                of the company as an expense of the liquidation.

        (2)     Any deponent who is dissatisfied with the official liquidator's refusal to reimburse all
                or part of the expenses claimed by him shall be entitled to apply to the Court for a
                direction that such expenses be paid.

### Disclosure of Statement of Affairs (O. 6, r. 5)

5.      (1)     Every statement of affairs shall be filed with the Court.

        (2)     The official liquidator shall provide a copy of every statement of affairs and any
                concurring affidavits to the liquidation committee and, upon request, to any creditor or
                contributory of the company.

39

# ORDER 7

## ORDER FOR EXAMINATION

### Application for Order for Examination (O. 7, r. 1)

1. (1) An application under section 103(3)(a) and/or (b) of the Law shall be made by an *ex parte* summons supported by an affidavit sworn by the official liquidator stating –

    (a) his grounds for believing that the person(s) against whom an order is sought (referred to in this Order as "the examinee") are relevant persons within the meaning of section 103(1) of the Law;

    (b) if the application seeks an order for the delivery up of documents or other property belonging to the company, his grounds for believing that the examinee has such documents or property in his possession, custody or control;

    (c) if the application seeks an order that an examinee answer interrogatories and/or attend for an oral examination, the nature and scope of the intended examination and his grounds for believing that the examinee is or ought to be in possession of relevant information.

    (2) In the case of an application against a professional service provider which is a firm or corporation, the summons may be issued –

    (a) against such firm or corporation itself ; and/or

    (b) against any individual partners, directors or employees of such firm or corporation

    and it shall be the duty of the professional service provider to identify to the official liquidator those of its partners, directors or employees who have or ought to have knowledge of the company's affairs acquired in the course of performing work on behalf the professional service provider.

    (3) In the case of an application made upon the requisition of creditors or contributories of the company, the official liquidator's supporting affidavit shall –

    (a) identify the requisitionists and state the total amount of their debts or the total number of their shares, as the case may be;

    (b) state whether or not their debts have been admitted to proof;

    (c) exhibit a copy of the requisition (which should contain a statement of the requisitionists' grounds for the application); and

40

(d)    express the official liquidator's opinion about the reasonableness and usefulness of the proposed order.

## Order for Examination (O. 7, r. 2)

2.    (1)    An order under this Rule shall be in CWR Form No 12.

        (2)    An order for the delivery up of documents may be made in respect of specific documents or generally in respect of all documents belonging to the company which are in the examinee's possession, custody or control.

        (3)    In the case of an order that the examinee answer written interrogatories, the order shall require that the answers be contained in or verified by affidavit which shall be delivered to the official liquidator within 28 days after service of the order or at such other time as may be agreed between the examinee and the official liquidator.

        (4)    In the case of an order for oral examination, the order shall –

            (a)    contain a statement which discloses to the examinee the matters about which he will be examined;

            (b)    specify the time and place of the examination; and

            (c)    specify the maximum duration of the examination.

        (5)    An order for an oral examination must be served upon the examinee not less than 14 days before the date of the examination.

        (6)    The Court may order that the examinee pay the whole or part of the costs of an oral examination on the ground that it was made necessary by reason of a breach by the examinee of his duty to co-operate with the official liquidator.

        (7)    An examinee may, within 7 days of the date upon which the order is served upon him, apply to the Court for the order to be set aside on the ground that he is or was not a relevant person.

## Procedure upon an Oral Examination (O. 7, r. 3)

3.    (1)    The examination may be conducted by –

        (a)    the official liquidator;

        (b)    a qualified insolvency practitioner or other person acting with the authority of the official liquidator; or

        (c)    an attorney instructed by the official liquidator.

(2)     The examination shall take place in private at the time and place specified in the order or at such other time and place as may be agreed between the examinee and the official liquidator.

(3)     If the examinee is out of the jurisdiction, the examination may be conducted in the form of a video conference.

(4)     The examinee shall be entitled to have his attorney present at the examination, but such attorney shall not be entitled to participate in the examination by putting questions to the examinee unless permitted to do so by the official liquidator.

(5)     The examinee shall take all such steps as may be reasonably necessary to inform himself of the matters about which he is to be examined and the official liquidator may adjourn the examination for this purpose.

(6)     The examinee shall be given an opportunity to review all the documents intended to be put to him in advance of the examination, for which purpose the official liquidator may –

        (a)     provide the examinee with copies; and/or

        (b)     require the examinee to review the originals at his office.

(7)     The examination shall be conducted in the form of questions and answers. The examination shall be recorded by a court reporter. The court reporter shall prepare a transcription of the examination and certify it as a complete and accurate transcription.

(8)     The court reporter shall record the names and addresses of all the persons present and the times(s) at which the examination commenced and finished.

(9)     The examination shall be carried out under oath.

(10)    The documents referred to during the examination must be identified but need not be exhibited to the transcript unless the official liquidator requires that some or all of them be exhibited.

(11)    The examinee shall answer all the questions put to him (subject to any claim of self-incrimination or legal professional privilege) which are within his knowledge or means of knowledge regarding any matter within the scope of the order and is compellable to give the names and addresses of all persons who reasonably might be expected to have knowledge.

(12)    Where an examinee objects to answering any questions put to him, he must state the grounds of his objection and the official liquidator may apply to the Court for an order that the question be answered. Any such application shall be made on notice to the Respondent.

42

(13)  If the Court determines that the examinee had no valid ground of objection, it may order him to submit to a further examination and pay the costs occasioned by his objection.

## ORDER 8

## MEETINGS OF CREDITORS AND CONTRIBUTORIES

### Meetings Convened by Official Liquidator (O. 8, r. 1)

1.   (1)   For the purpose of convening meetings and establishing a liquidation committee, the official liquidator shall summarily determine whether, in his opinion, the company should be regarded as being –

   (a)   solvent;

   (b)   insolvent; or

   (c)   of doubtful solvency,

   and the official liquidator's determination shall be final and binding upon the company's creditors and contributories for the purposes of this Order and Order 9 unless and until it is changed by the official liquidator in accordance with this Rule.

   (2)   If and when the official liquidator considers that his initial determination about the company's solvency may no longer be justified, he shall re-consider the matter and may change his determination if he considers that it is appropriate to do so and his changed determination shall also be final and binding upon the company's creditors and contributories for the purposes of this Order and Order 9.

   (3)   The official liquidator's initial determination under this Rule shall be certified in CWR Form No 13 and filed in Court within 28 days of the date on which the winding up order is made and any subsequent change in his determination shall be certified in CWR Form No 14 and filed in Court immediately after it is made.

   (4)   If, and so long as the official liquidator determines that the company should be regarded as insolvent, he shall convene meetings of its creditors only.

   (5)   If, and so long as the official liquidator determines that the company is solvent, he shall convene meetings of its contributories only.

   (6)   If, and so long as the official liquidator determines that the company is of doubtful solvency, he shall convene meetings of both creditors and contributories and such meetings shall be held on the same day, either concurrently or consecutively.

   (7)   A meeting is deemed to have been convened on the day upon which the official liquidator gives notice of it and it shall not be invalidated if, for whatever reason, the official liquidator inadvertently fails to give notice to any creditor or contributory.

   (8)   References in this Order to –

(a)     "a meeting or meetings" shall mean a creditors' meeting or a contributories' meeting or both, depending upon the determination made by the company's official liquidator in accordance with this Rule;

(b)     "a creditors' meeting" shall mean a meeting of creditors convened when the official liquidator has certified that, in his opinion, the company should be regarded as insolvent; and

(c)     "a contributories' meeting" shall mean a meeting of contributories convened when the official liquidator has certified that, in his opinion, the company should be regarded as solvent.

### First Meeting and Subsequent Meetings (O. 8, r. 2)

2.     (1)     Unless the Court otherwise directs, the official liquidator shall convene a first meeting within 28 days of the date upon which the winding up order is made.

       (2)     The first meeting shall be convened for the purpose of electing a liquidation committee and dealing with such other matters or resolutions as the official liquidator thinks fit or the Court may direct.

       (3)     Thereafter, the official liquidator shall convene meetings whenever –

               (a)     he considers that it is appropriate to do so; or

               (b)     the Court directs him to do so; or

               (c)     he receives a valid requisition under Rule 3; and

               (d)     in any event, not less than once a year.

### Requisitioned Meetings (O. 8, r. 3)

3.     (1)     A creditors' meeting may be requisitioned by any one or more creditors whose debts are valued in total at \$500,000 or 5% of the company's total unsecured liabilities, whichever is the lesser.

       (2)     A contributories' meeting may be requisitioned by one or more contributories who together are entitled to cast at least 5% of the votes capable of being cast at a contributories' meeting.

       (3)     A requisition must be made in writing, signed by each of the requisitionists, and must specify the full terms of each resolution intended to be put to the meeting.

       (4)     A requisition must be delivered to the official liquidator.

45

(5) If the official liquidator is satisfied that the requisitionists are entitled to requisition a meeting in accordance with this Rule, he shall convene the meeting within 21 days of the date upon which the requisition was received.

(6) If a meeting is requisitioned (whether by creditors or contributories) in respect of a company at a time when the official liquidator has determined it to be of doubtful solvency, he shall convene meetings of both creditors and contributories to be held on the same day, either concurrently or consecutively.

## Notice and Advertisement of Meetings (O. 8, r. 4)

4. (1) Notice of a creditors' meeting shall be given to –

    (a) every person who appears to the official liquidator to be a creditor; and

    (b) every person who has submitted a proof of debt which has not been rejected.

(2) Notice of a contributories' meeting shall be given to –

    (a) every person who appears to the official liquidator to be a contributory; and

    (b) every person recorded as a member in the company's register of members.

(3) In addition to giving notice in accordance with Rule 4(1), a creditors' meeting shall be advertised –

    (a) on any website established by the official liquidator; and/or

    (b) in one or more newspapers having circulations in a country or countries in which the company appears most likely to have creditors and any such advertisement shall be published at least 14 days prior to the date of the creditors' meeting.

(4) The official liquidator shall give 21 days' notice of a creditors' meeting and such notice may be –

    (a) sent by pre-paid post; or

    (b) transmitted by facsimile or e-mail.

(5) The official liquidator shall give notice of a contributories' meeting in whatever manner may be required or authorised by the company's articles of association.

(6) The official liquidator may dispense with notice of a creditors' meeting with the unanimous consent of the creditors.

**Venue (O. 8, r. 5)**

46

5.    (1)    Meetings convened under this Order may be held at the official liquidator's office or at any other convenient place, either in the Islands or any other country.

        (2)    A meeting may take the form of a telephone conference call in which case –

            (a)    all notices and advertisements of the meeting must specify the dial in number and codes or provide a contact number and e-mail address to which creditors or contributories may apply to obtain the dial-in number and codes; and

            (b)    any person intending to participate in the meeting must send written notice of his intention to do so to the official liquidator at least 3 days prior to the date of the meeting unless the official liquidator agrees to dispense with notice.

## Proceedings at Meetings (O. 8, r. 6)

6.    (1)    The chairman of the meeting shall be –

            (a)    the official liquidator;

            (b)    a qualified insolvency practitioner or other person who is authorised to act on his behalf; or

            (c)    an attorney-at-law instructed by the official liquidator to act on his behalf.

        (2)    The chairman may adjourn the meeting to such time and place as seems to him to be appropriate in the circumstances.

        (3)    The chairman may suspend a meeting from time to time for periods not exceeding two hours.

        (4)    The official liquidator shall be responsible for taking the minutes of the meeting.

        (5)    A meeting is not competent to act in the absence of a quorum for any purpose except for the purpose of being adjourned or suspended.

        (6)    The quorum for a creditors' meeting is at least 3 creditors or all of the creditors if there are less than 3 in number.

        (7)    The quorum for a contributories' meeting is whatever number is specified in the company's articles of association as the quorum for a general meeting of the company.

        (8)    References to creditors and contributories are to those present at the meeting in person or by proxy.

## Entitlement to Vote at Creditors' Meeting (O. 8, r. 7)

7.    (1)    A person is entitled to vote as a creditor if –

   (a)   he has lodged a proof of debt by the date specified in the notice convening the meeting and such proof has been admitted for voting purposes; or

   (b)   he appears to the official liquidator to be recorded in the company's books and records as a member of any class of creditors entitled (pursuant to Order 16, rule 7) to vote without need to lodge a proof of debt.

   (2)   A creditor may not vote in respect of a claim for an unliquidated amount or any debt whose value is not ascertained except where the chairman agrees to put an estimated minimum value upon it for the purpose of entitlement to vote and admits his proof for that purpose.

   (3)   A secured creditor is entitled to vote only in respect of the balance of his debt, after taking account of the value of his security.

## Entitlement to Vote at Contributories' Meeting (O. 8, r. 8)

8.   (1)   A person is entitled to vote as a contributory if –

   (a)   he is recorded as a member of the company in its register of members; or

   (b)   the official liquidator is satisfied that he is liable to contribute to the assets of the company.

   (2)   When a custodian or clearing house is recorded as a member of the company in its register of members, such custodian or clearing house may appoint two representatives to act on its behalf for the purpose of addressing the meeting and voting shares both for and against a resolution in accordance with the instructions received from its clients.

## Voting on Resolutions (O. 8, r. 9)

9.   (1)   At a creditors' meeting, a resolution is passed when a majority (in value) of those present and voting, in person or by proxy, have voted in favour of the resolution.

   (2)   At a contributories' meeting, a resolution is passed when a majority in value (determined in accordance with Rule 9(3)) of those present and voting, in person or by proxy, have voted in favour of the resolution.

   (3)   At a contributories' meeting, the number of votes attributed to each contributory shall be –

   (a)   In the case of contributories holding voting shares, the number of votes attributed to them under the company's articles of association; or

   (b)   In the case of contributories holding non-voting shares, their voting rights shall be based upon the par value of the shares held; or

48

(c)   If there are no par value shares, the contributories' voting rights shall be
determined in accordance with the net asset value of the company; and

(d)   Any shares (whether voting or non-voting) which do not carry the right to
participate in any distribution shall have no vote.

(4)   If the official liquidator has determined (in accordance with Rule 1) that the company
should be regarded as of doubtful solvency, a resolution is passed when a majority (in
value) of creditors and a majority of contributories (by value determined in accordance
with Rule 9(3)) have both voted in favour of the resolution.

### Recording of Proceedings (O. 8, r. 10)

10.   (1)   The official liquidator shall be responsible for taking the minutes of every meeting,
whether or not he is acting as chairman of the meeting.

(2)   The official liquidator shall also be responsible for making up a list of all those present
or participating in the meeting, including a statement of the capacity in which they
were acting.

(3)   The minutes of the meeting shall include a record of every resolution passed and shall
be signed by the chairman of the meeting.

(4)   The Miniutes of every meeting shall be kept by the official liquidator as part of the
records of the liquidation.

(5)   A copy of the minutes of every meeting shall be circulated to the creditors and
contributories (in whatever manner is considered by the official liquidator to be most
effective and economic) within 28 days of the date on which the meeting was held.

## ORDER 9

### LIQUIDATION COMMITTEES

#### Establishment of Liquidation Committee (O. 9, r. 1)

1. (1) Unless the Court otherwise directs, a liquidation committee shall be established in respect of every company which is being wound up by the Court.

    (2) The provisions of this Order shall also apply to a liquidation committee required to be established pursuant to an order made under Order 4, rule 7(3)(f).

    (3) The liquidation committee shall comprise not less than three nor more than five creditors (if the official liquidator has determined that the company should be regarded as insolvent) or contributories (if the official liquidator has determined that the company should be regarded as solvent).

    (4) The liquidation committee of an insolvent company shall be elected at the first meeting of creditors convened in accordance with Order 8, rule 2.

    (5) The liquidation committee of a solvent company shall be elected at the first meeting of the contributories convened in accordance with Order 8, rule 2.

    (6) In the case of a company determined by its official liquidator to be of doubtful solvency, the liquidation committee shall comprise not less three nor more than six members, of whom a majority shall be creditors elected at a meeting of creditors and at least one of whom shall be a contributory elected at a meeting of contributories.

    (7) After the liquidation committee has been established, the official liquidator may, with the consent of a majority of the remaining members of the committee, appoint a creditor or contributory (as the case may be) to fill any vacancy

    (8) The liquidation committee does not come into being, and accordingly cannot act, until the official liquidator has issued a certificate in CWR Form No 15 of its due constitution, which shall state the name, address and contact details of each member.

    (9) The official liquidator's certificate shall be filed in Court.

#### Membership of Liquidation Committee (O. 9, r. 2)

2. (1) A liquidation committee cannot be established unless and until it has the minimum number of members required by Rule 1.

    (2) Any creditor of the company (other than one whose debt is fully secured) is eligible to be a member of a liquidation committee, so long as –

50

(a) he has lodged a proof of his debt; and

(b) his proof has neither been wholly disallowed for voting purposes nor wholly rejected for purposes of distribution or dividend.

(3) If some or all of the shares of a company are registered in the name of a custodian or clearing house, a beneficial owner of the shares may be elected as a member of the liquidation committee provided that the custodian or clearing house certifies in writing that it is holding the shares (the number of which must be specified) as custodian or nominee on behalf of such person.

(4) A corporate member of the liquidation committee must be represented by an individual who is duly authorised in writing by a letter sent to the official liquidator at least 2 days before any meeting in which he intends to participate unless the official liquidator agrees to dispense with notice.

(5) No person shall on the same committee –

(a) be a member as both a creditor and a contributory;

(b) act at one and the same time as representative of more than one committee-member; or

(c) act both as member of the committee and representative of another committee-member.

(6) If an individual member of the liquidation committee becomes bankrupt, his trustee in bankruptcy shall be recognised as a member of the committee in his place.

(7) If a corporate member of the liquidation committee is put into liquidation under this Law or made the subject of a bankruptcy or reorganisation proceeding under the law of a foreign country, it shall continue to be a member of the committee if and so long as its official liquidator, trustee, receiver or administrator or other appointee consents to act as its representative.

### Reconstitution of the Liquidation Committee (O. 9, r. 3)

3. (1) If, during the course of the liquidation, the official liquidator changes his certification of the company's solvency or insolvency (as the case may be), he shall take the following steps to reconstitute the liquidation committee.

(2) If the company is certified to be solvent, any creditor members of its liquidation committee shall automatically cease to be members and the official liquidator shall convene a meeting of contributories for the purpose of electing new members from amongst the company's contributories.

51

(3)    If the company is certified to be insolvent, any contributory members of its liquidation committee shall automatically cease to be members and the official liquidator shall convene a meeting of creditors for the purpose of electing new members from amongst the company's creditors.

(4)    Nothing in this rule shall prevent the official liquidator from convening a meeting in anticipation of changing his certification of the company's solvency or insolvency (as the case may be).

### Official Liquidator's Duty to Report (O. 9, r. 4)

4.    (1)    It is the duty of the official liquidator to report to the members of the liquidation committee all such matters as appear to him to be, or as the members have indicated to him as being of concern to them with respect to the winding up.

    (2)    The official liquidator need not comply with a request for information where it appears to him that –

        (a)    the request is frivolous or unreasonable;

        (b)    the cost of complying would be excessive, having regard to the relative importance of the information; or

        (c)    there are not sufficient assets to enable him to comply.

    (3)    The official liquidator shall communicate information to members of the liquidation committee in whatever way may be agreed between them, including –

        (a)    orally by telephone;

        (b)    in writing, transmitted by facsimile or e-mail; or

        (c)    by accessing a website.

    (4)    The official liquidator shall provide each member of the liquidation committee with a written report and accounts and convene a first meeting within 3 months of the committee's establishment and thereafter he shall convene a meeting –

        (a)    on such dates or at such intervals as may be resolved by the committee; or

        (b)    if so requested in writing by any two members of the committee; and

        (c)    in any event, not less than once every six months.

    (5)    A "meeting" of the liquidation committee may take the form of –

        (a)    a physical meeting at the official liquidator's office or such other place as may be resolved upon by the committee, in which case the official liquidator must

52

give at least 10 business days' notice of the meeting and any member who cannot attend in person must be allowed to participate by telephone; or

(b)    a telephone conference call, in which case the official liquidator must give at least 5 business days' notice of meeting.

(6)    A liquidation committee may, by unanimous consent, agree to hold a meeting on short notice.

## Proceedings of Liquidation Committee (O. 9, r. 5)

5.    (1)    The official liquidator shall attend every meeting of the liquidation committee, either in person or by a duly authorised representative who must be a partner or employee of the official liquidator's firm having experience in insolvency matters.

(2)    The quorum for a meeting of the liquidation committee shall be the official liquidator (or his representative) and at least two members.

(3)    The chairman of the meeting shall be the official liquidator (or his representative) unless the members resolve that one of their number should act as chairman.

(4)    The chairman at any meeting may call upon a person claiming to act as a committee-member's representative to produce his letter of authority and may exclude him if it appears that his authority is defective.

(5)    The official liquidator shall prepare an agenda for each meeting including –

(a)    all the matters which the official liquidator intends to put before the meeting;

(b)    any matter which a committee-member intends to put before the meeting; and

(c)    any resolutions which the official liquidator or any committee member intends to put to a vote.

(6)    The official liquidator shall be responsible for taking the minutes of the meeting, a draft of which shall be prepared and circulated to all the members within 14 days after the meeting.

(7)    Each committee member shall have one vote and a resolution is passed when a majority of members present or represented (either in person or by telephone) have voted in favour of it.

(8)    If the liquidation committee comprises both creditors and contributories, a resolution is passed only when a majority of the creditor members and a majority of contributory members present or represented (either in person or by telephone) have voted in favour of it.

53

(9)     Whenever the official liquidator considers that it would be impractical or unnecessary
        to convene a meeting of the liquidation committee for the purpose of considering any
        resolution, he may send a copy of it to each member, inviting them to deal with it as a
        written resolution, and it shall be treated as passed if every member of the committee
        signs it within such period or by such deadline as may be specified by the official
        liquidator.

(10)    The official liquidator (or his representative) may, among other grounds, where a
        meeting of the liquidation committee is not quorate, decide that a meeting of the
        liquidation committee should be adjourned.  In such circumstances, the adjourned
        meeting will be reconvened at a time and date set by the official liquidator (or his
        representative).

**Counsel to the Liquidation Committee (O. 9, r. 6)**

6.   (1)    The liquidation committee may resolve to appoint an attorney to give legal advice to
            the committee, either generally or in respect of any specific matter arising in
            connection with the liquidation.

     (2)    The attorney appointed in accordance with this Rule is referred to as "counsel to the
            liquidation committee".

     (3)    The legal fees and expenses reasonably and properly incurred by the liquidation
            committee shall be paid out of the assets of the company as an expense of the
            liquidation.

     (4)    If the official liquidator or any committee member considers that the amount of the
            fees and expenses charged by counsel to the liquidation committee is excessive, he
            may require that such fees and expenses be taxed on the indemnity basis in accordance
            with Order 25.

     (5)    Conversely, if counsel to the liquidation committee considers that the amount which
            the official liquidator offers to pay is inadequate, he may require that his bill of costs
            by taxed on the indemnity basis in accordance with Order 25.

     (6)    Counsel to the liquidation committee shall be entitled to be paid out of the assets of the
            company as an expense of the liquidation the amount(s) stated in the costs certificate
            and the official liquidator shall have no authority to pay more than that amount.

54

**Travel and Other Expenses of Committee Members (O. 9, r. 7)**

7.   (1)   Travelling expenses and/or telephone charges reasonably and properly incurred by committee members or their representatives in attending meetings of the liquidation committee shall be reimbursed by the official liquidator out of the assets of the company.

     (2)   No other expenses incurred by any committee member in connection with the liquidation shall be reimbursed unless such expense was incurred –

          (a)   pursuant to a resolution of the liquidation committee; and

          (b)   with the prior approval of the liquidator.

**Resignation and Removal of Committee Members (O. 9, r. 8)**

8.   (1)   A committee member may resign by notice in writing delivered to the official liquidator.

     (2)   A creditor's membership of the liquidation committee is automatically terminated if he ceases to be a creditor by reason of the fact that –

          (a)   his proof of debt has been wholly rejected; or

          (b)   his claim has been paid in full.

     (3)   A contributory's membership of the liquidation committee is automatically terminated if –

          (a)   he ceases to be a registered member of the company; or

          (b)   the custodian or clearing house withdraws the certificate issued pursuant to Rule 1(2).

     (4)   Any person's membership of the liquidation committee is automatically terminated if he (or his representative) fails to attend three successive committee meetings either in person or by telephone.

     (5)   Any member of the liquidation committee may be removed by a resolution passed at a meeting of which the member in question has been given at least 14 day's prior notice (referred to in this Rule as a "removal resolution").

     (6)   A removal resolution may be proposed by the official liquidator or any committee member.

55

(7)    It shall not be necessary to give any reasons for proposing a removal resolution, nor shall the liquidation committee or the official liquidator be required to give the former member any reasons for passing a removal resolution.

### Applications to the Court (O. 9, r. 9)

9.    (1)    Any application required to be made to the Court under this Order may be made in writing by a letter addressed to the assigned Judge.

    (2)    A letter to the assigned Judge shall be supported by an affidavit.

## ORDER 10

### OFFICIAL LIQUIDATOR'S REPORTS AND ACCOUNTS

#### Official Liquidator's Reporting Obligations (O. 10, r. 1)

1.  (1)   The official liquidator shall prepare reports and accounts with respect to his conduct of the liquidation and the state of the company's affairs.

    (2)   It is the duty of an official liquidator to report to –

    (a)   the liquidation committee in compliance with the requirements of Order 9, rule 3;

    (b)   the contributories, in the event that the official liquidator has determined (pursuant to Order 8, rule 1) that the company should be regarded as solvent; or

    (c)   the creditors, in the event that the official liquidator has determined (pursuant to Order 8, rule 1) that the company should be regarded as insolvent; or

    (d)   the contributories and creditors, if and for so long as the official liquidator has determined that the company should be regarded as being of doubtful solvency; and

    (e)   the Court.

    (2)   Whenever the official liquidator convenes a meeting pursuant to Order 8, rule 2, the official liquidator shall send a report and accounts to every person entitled to receive notice of the meeting.

    (3)   Whenever the official liquidator convenes a meeting in response to a requisition made pursuant to Order 8, rule 3, he may send a report and/or accounts to every person entitled to receive notice of the meeting.

    (4)   The official liquidator of an insolvent company has no continuing duty to report to the contributories, but he shall provide copies of his reports and accounts to any contributory upon request.

#### Form and Content of Liquidators' Reports and Accounts (O. 10, r. 2)

2.  (1)   Every official liquidator's report shall provide a description and analysis of -

    (a)   the steps taken and, in the case of an interim report, the further steps intended to be taken in the liquidation generally; or

57

(b)    a discrete matter which, in the opinion of the official liquidator is or ought to be of particular concern to the company's creditors and/or contributories;

(c)    a discrete matter upon which the official liquidator seeks a direction of the Court;

(d)    a discrete matter which, by its nature, ought to be kept confidential.

(2)    The official liquidator shall report upon –

    (a)    the steps taken in the liquidation since the date of the winding up order or the date of his previous report;

    (b)    the matters which are relevant to any resolutions intended to be put to the next meeting of contributories or creditors ;

    (c)    any matters upon which he is asked to report by the liquidation committee;

    (d)    any matters upon which he is directed to report by the Court;

    (e)    any matters upon which he seeks a direction of the Court; and

    (f)    any other matters which, in the opinion of the official liquidator, are or ought to be of concern to the contributories or creditors of the company.

(3)    Except in the case of a report expressed to relate to a discrete matter, every official liquidator's report and accounts shall provide the company's creditors and/or contributories with the information necessary (when read with previous reports) to enable them to make an informed decision about the company's financial condition and their prospects of recovery, to the extent that it is reasonably possible to do so.

(4)    The official liquidator's accounts shall be presented in the currency of the liquidation and shall include details of –

    (a)    the nature and estimated realisable value of the company's assets;

    (b)    any security over the company's assets;

    (c)    the nature and amount of the company's liabilities, including future and contingent liabilities;

    (d)    the nature and amount of the company's income;

    (e)    the expenses of the liquidation;

    (f)    the amount of liquidator's remuneration approved by the Court;

    (g)    the work done by or on behalf the official liquidator and the amount of remuneration claimed by him;

(h)   the distributions made to creditors and contributories; and

(i)   such other information which is required in order to provide the contributories
      or creditors with a proper understanding of the company's affairs and financial
      position.

## Publication of Reports and Accounts (O. 10, r. 3)

3.   (1)   Every official liquidator's report and accounts shall be filed in Court.

     (2)   Except as provided in sub-rule (3), every official liquidator's report and accounts shall
           be sent to the company's creditors by pre-paid post or transmitted to them by facsimile
           or e-mail and shall be sent to contributories in whatever manner may be required or
           authorised by the company's articles of association.

     (3)   In the case of a report expressed to relate to a discrete matter, the Court may direct that
           it should be kept confidential for a specific period or until the occurrence of a specified
           event.

     (4)   In the case of a company which carried on a regulated business or was put into
           liquidation upon the petition of the Authority, the official liquidator shall send a copy
           of every report and accounts to the Authority.

     (5)   In addition, the official liquidator may post his reports and accounts (or a summarised
           version) on a website established for this purpose.

# ORDER 11

## SANCTION APPLICATIONS

### Introduction (O. 11, r. 1)

1.  (1)  Any application to Court made by –

    (a)  the official liquidator for a order sanctioning his exercise or proposed exercise of any power conferred upon him by Part I of the Third Schedule of the Law or otherwise; or

    (b)  a creditor or contributory for an order directing the official liquidator to exercise or refrain from exercising any of his powers in a particular way,

    is referred to in these Rules as a "sanction application".

    (2)  Sanction applications shall be made by summons in CWR Form No 16.

### Service of Sanction Applications (O. 11, r. 2)

2.  (1)  Every sanction application made by the official liquidator shall be served on –

    (a)  each member of the liquidation committee ; or

    (b)  counsel to the liquidation committee, if an attorney has been appointed by the liquidation committee with authority to act generally; and

    (c)  such other creditors or contributories as the Court may direct.

    (2)  Every sanction application made by the liquidation committee shall be served on –

    (a)  the official liquidator; and

    (b)  such creditors or contributories as the Court may direct.

    (3)  Every sanction application made by a creditor or contributory (other than the liquidation committee) shall be served on –

    (a)  the official liquidator; and

    (b)  each member of the liquidation committee; or

    (c)  counsel to the liquidation committee, if an attorney has been appointed by the liquidation committee with authority to act generally; and

    (d)  such other creditors or contributories as the Court may direct.

60

(4)    A sanction application shall not be heard on less than 4 clear days' notice.

(5)    The Court may direct that the hearing of a sanction application be advertised.

### Hearing of Sanction Applications (O. 11, r. 3)

3.    (1)    Sanction applications shall be heard in chambers unless –

    (a)    the Court has directed that the application be advertised, in which case it must be heard in open court; or

    (b)    the Court directs, for some special reason, that it should be heard in open court.

    (2)    It shall be the duty of the official liquidator to attend and be prepared to assist the Court in respect of any sanction application made by the liquidation committee or any creditor or contributory.

    (3)    The Court may direct that, when a sanction application gives rise to an issue in respect of the substantive rights as between the company and any creditor or contributory or any class thereof, it shall be adjudicated as an *inter partes* proceeding as between shareholders, creditors or any class of shareholders or creditors (as the case may be), for which purpose the Court may –

    (a)    make a representation order; and/or

    (b)    direct that the official liquidator's role shall be limited in such way as the The Court thinks fit; or

    (c)    direct that the official liquidator shall take no further part in the proceeding.

    (4)    In addition to those who are entitled to be served in accordance with Rule 2, the Court may allow the following classes of persons to be heard –

    (a)    any other creditor, if the company is insolvent;

    (b)    any other contributory, if the company is solvent;

    (c)    any other creditor or contributory, if the official liquidator has determined that the company should be regarded as of doubtful solvency.

### Evidence for Use in Sanction Applications (O. 11, r. 4)

4.    (1)    When a sanction application is made by the official liquidator –

    (a)    he may rely upon affidavit evidence; and/or

61

(b) he may rely upon the whole or part of any report or reports which have been filed in Court, whether or not such reports were prepared specifically for the purpose of the application.

(2) When a sanction application is made by the liquidation committee or any creditor or contributory –

    (a) the application must be supported by an affidavit containing full particulars of the grounds upon which the application is made; and

    (b) it shall be the duty of the official liquidator to swear an affidavit in reply or make a report which states whether he –

        (i) supports the application; or

        (ii) opposes the application, in which case his affidavit or report must contain the evidence and analysis upon which he relies in opposition to the application; or

        (iii) adopts a neutral position, in which case his affidavit or report must contain any evidence, not already before the Court, which he considers to be relevant to the Court's decision.

(3) An affidavit sworn by the official liquidator may contain statements of his opinions.

## ORDER 12

### SETTLING LIST OF CONTRIBUTORIES

#### Introduction (O. 12, r. 1)

1.　(1)　The official liquidator is required by section 112 of the Law to settle a list of contributories for the purposes of –

　　　(a)　identifying those members who are liable to contribute to the assets of the company and ascertaining the amount of their respective contributions; and

　　　(b)　identifying those members who are entitled to participate in the distribution of surplus assets available after the company's creditors have been paid in full and ascertaining the amount of their respective entitlements.

　　(2)　The official liquidator need not settle any list for the purpose stated in Rule 1(1)(a) unless the company was incorporated on the basis that its members' liability is unlimited or is limited by guarantee or it appears to him that the company has issued partly paid shares.

　　(3)　The official liquidator shall not settle any list for the purpose stated in Rule 1(1)(b) unless and until he is satisfied that the company is or will become solvent.

#### Rectification of the Register of Members (O. 12, r. 2)

2.　(1)　The official liquidator shall exercise his power to rectify the company's register of members under section 112(2) if he is satisfied that –

　　　(a)　the company is or will become solvent;

　　　(b)　the company has from time to time issued redeemable shares at prices based upon a mis-stated net asset value which is not binding upon the company and its members by reason of fraud or default, with the result that the company has issued an excessive or inadequate number of shares in consideration for the prices paid by one or more subscribers; and/or

　　　(c)　the company has redeemed shares at prices based upon a mis-stated net asset value which is not binding upon the company and its members by reason of fraud or default, with the result that the company has paid out excessive or inadequate amounts to former members in consideration for the redemption of their shares.

　　(2)　Subject to paragraph (3), for the purposes of rectifying the register of members in accordance with this Rule, the official liquidator shall determine the true net asset value of the company as at each relevant redemption date.

63

(3)     The true net asset value of the company shall be determined in accordance with the accounting principles specified for this purpose in its articles of association or, if none are specified, in accordance with whatever generally accepted accounting principles are adopted by the official liquidator.

(4)     The register of members, when rectified by the official liquidator in accordance with section 112(2) of the Law, shall state, as at each relevant redemption date –

    (a)     the identity of each subscriber, the amount of money subscribed and the number of shares which ought to have been issued to him (applying the true net asset value per share);

    (b)     the identity of each member who redeemed shares, the number of shares redeemed and the amount of redemption proceeds which ought to have been paid to him (applying the true net asset value per share);

    (c)     the identity of the company's members and the number of shares which ought to have been held by each member, had the subscriptions and redemptions been done at the true net asset value per share,

and the company's share register shall be rectified accordingly.

(5)     If the official liquidator considers that it will be impractical or not cost effective to rectify the company's register of members in accordance with paragraphs (2) and (3) of this Rule, he shall nevertheless rectify the register in such manner which is both cost effective and fair and equitable as between the shareholders.

## Notification of Rectification (O. 12, r. 3)

3.     (1)     When the official liquidator rectifies the register of members of a company in accordance with Rule 2, a notice of rectification in CWR Form No. 17 and a copy of the rectified register of members shall be filed in Court and served upon every person who is or was a member of the company at any relevant time.

    (2)     The official liquidator's notice shall be served together with an explanatory report which shall –

        (a)     state the grounds upon which the official liquidator exercised his powers;

        (b)     explain how the official liquidator's determination of the company's true net asset value differs from that published from time to time by authority of the company's directors;

        (c)     contain the rectified register of members; and

64

(d)     explain the methodology adopted by the official liquidator for the purpose
of rectifying the register of members.

## Appeal Against Rectification (O. 12, r. 4)

4.     (1)     Any member or former member of the company who is dissatisfied with the official
liquidator's decision to exercise his powers under section 112(2) of the Law and/or the
manner in which he has rectified the register of members may appeal to the Court.

(2)     An appeal under this Rule shall take the form of a sanction application made by
summons in CWR Form No. 18.

(3)     Every summons under this Rule shall be served on the official liquidator within 90
days of the date upon which the rectification notice is filed in Court and, unless the
Court otherwise directs, the official liquidator shall serve the summons upon every
member or former member identified in the rectified register.

(4)     If the appeal is put on the basis that the official liquidator was not properly entitled to
exercise his power under section 112(2), it must be supported by an affidavit
containing all the facts and matters upon which the appellant relies.

(5)     If the appeal is put on the basis that the official liquidator was admittedly entitled to
exercise his power, but he exercised it in a manner in which no liquidator could
reasonably have exercised it in all the circumstances, it must be supported by an expert
report which addresses the valuation and/or methodology issues raised in the
summons.

(6)     It shall be the duty of the official liquidator to swear an affidavit in reply or make a
report which states whether he –

(a)     supports any aspect of the appeal;

(b)     opposes the appeal, in which case his affidavit or report must contain the
evidence, analysis and statements of opinion upon which he relies in opposition
to the appeal;

(c)     adopts a neutral position, in which case his affidavit or report must contain any
evidence, analysis or opinion, not already before the Court, which he considers
to be relevant to the Court's decision.

(7)     Order 11, rule 2(5) and rule 3 shall apply to an appeal under this Rule as they apply to
a sanction application.

## ORDER 13

### VOLUNTARY (SOLVENT) LIQUIDATIONS

#### Introduction (O. 13, r. 1)

1.  (1)  The liquidation of a company is referred to as a "voluntary liquidation" or "voluntary winding up" if it was commenced in accordance with one or other of the methods stated in section 116 of the Law.

    (2)  The liquidator appointed by the company in accordance with section 119 of the law is referred to as the "voluntary liquidator" unless and until he is appointed as an official liquidator pursuant to a supervision order.

    (3)  The liquidation of a company which has commenced voluntarily may continue as a voluntary liquidation if, and only if, a declaration of solvency has been made by all its directors and filed with the Registrar of Companies in accordance with Order 14.

    (4)  If the company's directors have failed to make a declaration of solvency within 28 days from the commencement of the liquidation, the voluntary liquidator must apply to the Court for a supervision order within 7 days thereafter.

#### Notice of Voluntary Winding Up (O. 13, r. 2)

2.  (1)  Within 28 days of the commencement of a voluntary liquidation, the voluntary liquidator or, in the absence of any liquidator, the directors shall –

    (a)  file with the Registrar of Companies a notice of the winding up in CWR Form No 19;

    (b)  file with the Registrar of Companies the voluntary liquidator's consent to act in CWR Form No 20;

    (c)  in the case of a company carrying on a regulated business, send to the Authority copies of the notices and any declaration registered with the Registrar of Companies pursuant to paragraphs (a), (b) and (c) of this sub-rule; and

    (d)  publish notice of the voluntary winding up (in CWR Form No 19) in the Gazette.

    (2)  Within 28 days of the commencement of a voluntary liquidation, the voluntary liquidator shall file with the Registrar of Companies the directors' declaration(s) of solvency or, in the absence of any declaration of solvency, a notice in CWR Form No 22 stating that a supervision petition has been presented to the Court.

(3) The voluntary liquidator shall provide copies of the documents specified in sub-rules (1) and (2) on request to any member or creditor of the company and any person who was a director or professional service provider of the company immediately prior to the commencement of the liquidation.

## Appointment of Voluntary Liquidator (O. 13, r. 3)

3. (1) A voluntary liquidator –

  (a) may be appointed by a resolution of the company; or

  (b) assume office automatically pursuant to section 119(2)(a).

  (2) The appointment of a voluntary liquidator by resolution of the company shall not take effect unless and until a consent to act in CWR Form No 20 has been signed by the person appointed and filed with the Registrar of Companies.

  (3) If two or more persons have been appointed as voluntary liquidators jointly, the consent to act must be signed by all of them.

  (4) If two or more persons have been appointed as voluntary liquidators with power to act either jointly or severally, any one whose consent to act has been filed with the Registrar of Companies may act alone unless and until the others have consented to act.

  (5) If, for whatever reason, the office of voluntary liquidator is vacant and the directors fail to convene a general meeting or the members fail to pass a resolution appointing a voluntary liquidator, any contributory or creditor of the company may apply to the Court for an order appointing a voluntary liquidator.

  (6) Upon the appointment of a voluntary liquidator becoming effective in accordance with sub-rule (2), the powers of the directors shall cease automatically except to the extent that

  (a) any power has been expressly reserved to the directors by a resolution passed at a general meeting of the company; or

  (b) the voluntary liquidator has delegated any power to the directors or otherwise sanctioned the continuance of any power of the directors.

  (7) Except to the extent that any power has been reserved to the directors, a voluntary liquidator shall have all the powers of an official liquidator (as stated in the Third Schedule to the Law) and may exercise those powers without the sanction of a resolution of the company's members.

## Resignation of Voluntary Liquidator (O. 13, r. 4)

67

4.   (1)   A voluntary liquidator who wishes to resign shall –

    (a)   prepare a report and accounts complying with the requirements of Rule 8; and

    (b)   convene a general meeting of the company for the purpose of approving his report and accounts, accepting his resignation, releasing him from the performance of any further duties and appointing a successor.

   (2)   In the event that the company fails to pass any resolution (either because there is no quorum or the resolution is voted upon but not passed), the voluntary liquidator may apply to the Court for an order that he be released from the performance of any further duties.

   (3)   Where two or more persons have been appointed as joint voluntary liquidators (whether empowered to act only jointly or jointly and severally) one may resign by filing a notice of resignation with the Registrar of Companies (without the need to prepare any report and accounts) and the remaining liquidator(s) shall continue in office, whether or not the outgoing liquidator is replaced.

## Death of Voluntary Liquidator (O. 13, r. 5)

5.   (1)   Where the voluntary liquidator dies in office, it is the duty of his personal representative to give notice of his death (including the date of death) to the company's directors and to the Registrar of Companies.

   (2)   Alternatively, if the voluntary liquidator was a partner or employee of a firm, his firm may give notice of his death.

   (3)   Following the death of the voluntary liquidator (where he was acting as sole liquidator), the directors shall, within 28 days of the notification of his death, convene a meeting of the company for the purpose of appointing a new liquidator, failing which any director or member of the company may apply to the Court for an order appointing a new liquidator.

   (4)   If a deceased liquidator was appointed jointly, the survivor shall continue to act as sole liquidator unless and until the company resolves to appoint an additional person to act jointly with him.

**Removal of Voluntary Liquidator (O. 13, r. 6)**

6.  (1)  A voluntary liquidator may be removed from office by an ordinary resolution passed at a general meeting of the company convened especially for the purpose by any member or members holding not less than one fifth of the company's issued share capital or entitled to not less than one fifth of the votes if the company does not have a share capital.

    (2)  The voluntary liquidator shall be entitled to receive notice of any meeting convened in accordance with sub-rule (1).

    (3)  At a meeting convened in accordance with sub-rule (1) the company shall also consider and resolve upon –

        (a)  whether the outgoing voluntary liquidator should be released from the performance of any further duties without the need to prepare and distribute any further report or accounts; and

        (b)  the appointment of a successor liquidator.

    (4)  If the company fails to pass a resolution that the outgoing voluntary liquidator be released from the performance of any further duties, he shall prepare a report and accounts within 28 days from the date of his removal and may apply to the Court for an order that he be released from the performance of any further duties.

**Voluntary Liquidator's Reporting Obligations (O. 13, r. 7)**

7.  (1)  The voluntary liquidator shall prepare reports and accounts with respect to his conduct of the liquidation and the state of the company's affairs.

    (2)  In addition to preparing annual reports and accounts (in compliance with section 126) and the final report and accounts (in compliance with section 127), the voluntary liquidator shall prepare and send to the company's members such other reports and accounts as he considers appropriate.

    (3)  The voluntary liquidator's reports and accounts shall be sent to the company's members (by whatever means is authorised by its articles of association) together with notice of a general meeting convened for the purpose of considering and, if thought fit, approving such report and accounts.

    (4)  The voluntary liquidator shall, on request, send copies of his reports and accounts to any creditor of the company whose debt has not been paid in full.

**Form and Content of Reports and Accounts (O. 13, r. 8)**

8.  (1)  The voluntary liquidator's report shall constitute a narrative description and analysis of
        the steps taken and, the case of an interim report, the further steps intended to be taken
        in the liquidation.

    (2)  The voluntary liquidator's report and accounts shall provide the company's members
        with all the information necessary to enable them to make an informed decision about
        the company's financial condition.

    (3)  The voluntary liquidator's accounts shall be presented in the company's functional
        currency and include details of:-

        (a)  the nature of the company's assets;

        (b)  any security over the company's assets;

        (c)  the amount realized upon sale of the company's assets and the estimated
            realizable value of any unsold assets;

        (d)  the nature of the company's liabilities including contingent liabilities, the
            amounts paid in satisfaction of the liabilities and the amount remaining unpaid;

        (e)  the nature and amount of the company's income;

        (f)  the expenses of the liquidation;

        (g)  the amount of the liquidator's remuneration; and

        (h)  the amount distributed and the amount available for distribution to members.

## Voluntary Liquidator's Remuneration (O. 13, r. 9)

9.  (1)  The basis of the voluntary liquidator's remuneration and the amount of his
        remuneration shall be authorised by resolution of the company.

    (2)  The company may resolve to remunerate the voluntary liquidator on the basis of –

        (a)  an hourly rate (or scale of rates) for the time reasonably and properly
            devoted to the liquidation;

        (b)  a fixed sum;

        (c)  a commission or percentage of the assets distributed or realised; or

        (d)  a combination of these methods.

70

(3) The voluntary liquidator shall not be entitled to receive payment of any remuneration out of the company's assets without the prior approval of a resolution passed at a general meeting of the company except that -

    (a) the amount of remuneration specified in the voluntary liquidator's final report and accounts may be paid if the final general meeting has been duly convened but no member attends and votes either in person or by proxy; and

    (b) any remuneration may be paid with the Court's approval.

### Applications to Court (O. 13, r. 10)

10. (1) Every originating application made to the Court by a voluntary liquidator or any contributory or creditor of a company in voluntary liquidation, whether pursuant to Part V of the Law and/or pursuant to this Order, shall be made by petition.

    (2) A petition by which the voluntary liquidator or any contributory seeks an order for directions pursuant to section 129 shall be served –

        (a) in the case of a liquidator's petition, upon every member of the company unless the Court directs otherwise or directs that the petition be advertised;

        (b) in the case of a contributory's petition, upon the voluntary liquidator who shall serve it upon every member unless the Court directs otherwise or directs that the petition be advertised.

    (3) A petition by a liquidator or former liquidator for his release (under Rules 4 or 6) shall be served upon –

        (a) the successor liquidator; and

        (b) the members of the liquidation committee (if any);

        (c) every member of the company, unless the Court directs otherwise.

    (4) A petition pursuant to section 121(3) for an order that a voluntary liquidator be removed from office shall contain full particulars of all the facts and matters relied upon in support of the allegation that he is not a fit and proper person to hold such office and shall be served upon –

        (a) the voluntary liquidator; and
        (b) the liquidation committee (if any);

        (c) every member of the company, unless the Court directs otherwise.

71

(5)     A petition pursuant to section 119(4)(b) and Rule 3(5) for an order appointing a
        voluntary liquidator (when the office has been left vacant) need not be served on any
        members of the company.

(6)     Every petition under this Rule must be supported by an affidavit unless all the
        facts and matters relied upon in support of the petition are contained in a liquidator's
        report.

(7)     Every petition under paragraphs (4) or (5) must be supported by an affidavit sworn
        by the person nominated for appointment as voluntary liquidator stating that –

        (a)     he is a qualified insolvency practitioner;

        (b)     having made due enquiry, he believes that he and his firm meet the criteria for
                independence contained in Regulation 6;

        (c)     he and/or his firm are in compliance with the requirements of Regulation
                7 relating to insurance; and

        (d)     he is willing to act as official liquidator if so appointed by the Court.

(8)     Any petition under this Rule may be heard in chambers unless the Court has
        directed that it be advertised, in which case it must be heard in open court.

## General Meetings of the Company (O. 13, r. 11)

11.     (1)     In accordance with section 126 of the Law, in the event of a voluntary winding up
                continuing for more than one year, the voluntary liquidator shall summon a general
                meeting of the company at the end of the first year from the commencement of the
                winding up and at the end of each succeeding year thereafter for the purpose of
                considering and, if thought fit –

                (a)     approving the voluntary liquidator's interim report and accounts;

                (b)     approving the voluntary liquidator's remuneration for the period up to the date
                        of his interim accounts; and

                (c)     resolving upon any other matters upon which the voluntary liquidator
                        considers that it is necessary or appropriate for the company to resolve.

        (2)     Notice of every general meeting of the company convened by its voluntary liquidator
                shall be given in accordance with its articles of association, except that -

                (a)     every notice of a general meeting must be accompanied by the voluntary
                        liquidator's report and accounts;

72

(b)     at least 21 days' notice must be given of the final general meeting; and

(c)     notice of the final general meeting shall be published in the Gazette.

(3)     Notice of a general meeting convened by the voluntary liquidator may be given by any
        method authorised by the company's articles of association.

## Voluntary Liquidator's Final Return (O. 13, r. 12)

12.    (1)    As soon as the company's affairs are fully wound up, the voluntary liquidator shall
              convene a final meeting of the company for the purpose of considering and, if thought
              fit –

              (a)    approving the voluntary liquidator's final report and accounts (including the
                     provisions for any unpaid expenses);

              (b)    approving the voluntary liquidator's remuneration (including provision for
                     work still to be done);

              (c)    resolving upon the retention and destruction of the company's books and
                     records;

              (d)    resolving upon the method of dealing with the proceeds of any dividend
                     cheques which remain uncleared for more than six months,

              referred to in this Rule as "the final resolutions".

       (2)    In the event that –

              (a)    the final resolutions are passed; or

              (b)    no quorum is present (in person or by proxy),

              the voluntary liquidator shall file a Final Return with the Registrar in CWR Form
              No 37 with the result that the company is deemed to be dissolved after the expiry of
              three months from the date upon which the Final Return is registered.

       (3)    In the event that a quorum is present at the final general meeting of the company and
              the final resolutions are not passed, the liquidation shall continue.

## ORDER 14

### DIRECTOR'S DECLARATION OF SOLVENCY

#### Form and Content of Declaration of Solvency (O. 14, r. 1)

1.  (1)  A declaration of solvency shall be in CWR Form No 21 and signed by each person
        who was a director of the company on the date on which its voluntary winding up was
        commenced.

    (2)  A declaration of solvency shall state the full name and address of each director by
        whom it is signed and the date upon which person was appointed as a director.

    (3)  The voluntary liquidator may assist the company's directors to make the enquiries
        necessary to enable them to prepare and sign a declaration of solvency, for which
        purpose he shall provide them with access to all the company's books and records.

    (4)  The voluntary liquidator may pay to the company's directors the expenses reasonably
        and properly incurred by them in preparing a declaration of solvency.

#### Delivery and Registration of Declaration of Solvency (O. 14, r. 2)

2.  (1)  In order to comply with the requirements of sections 123(1) and 124(1) of the Law, a
        declaration of solvency, duly signed by all the directors, must be delivered to the
        voluntary liquidator and filed with the Registrar of Companies within 28 days of the
        date upon which the voluntary liquidation is deemed to have commenced under section
        117(1) of the Law.

    (2)  A declaration of solvency which has been transmitted to the voluntary liquidator
        electronically shall comply with the requirements of this Rule.

    (3)  If, having received a declaration of solvency, the voluntary liquidator fails to file it
        with the Registrar of Companies, any director may do so.

74

# ORDER 15

## APPLICATION FOR SUPERVISION ORDER

### Introduction (O. 15, r. 1)

1.  (1)   An application for a supervision order must be made by a company's voluntary liquidator in accordance with section 124 of the Law if its directors fail to make and deliver their declaration of solvency to the voluntary liquidator within 28 days of the commencement of the liquidation.

    (2)   Notwithstanding that a declaration of solvency has been duly made in accordance with section 124 of the Law, the voluntary liquidator or any contributory or any creditor may apply to the Court for a supervision order on the grounds contained in section 131 of the Law.

### Application under section 124 (O. 15, r. 2)

2.  (1)   The requirement to apply for a supervision order under section 124 of the Law shall apply only if the voluntary liquidation was commenced on or after 1 March 2009.

    (2)   An application for a supervision order under section 124 shall be made by petition.

    (3)   A petition under this Rule shall contain –

        (a)   particulars of the company's incorporation;

        (b)   particulars of the method by which the company was put into voluntary liquidation;

        (c)   particulars of the persons who are or were directors of the company on the date on which its voluntary liquidation commenced;

        (d)   a statement that the voluntary liquidator did not receive, within 28 days of the commencement of the liquidation, a declaration of solvency in the prescribed form signed by all of the company's directors; and

        (e)   if the voluntary liquidator is a qualified insolvency practitioner, a statement that he consents to being appointed as official liquidator; or

        (f)   if the voluntary liquidator is not a qualified insolvency practitioner or is unable to comply with the independence requirements of the Regulations or is unwilling to be appointed as official liquidator, the name and address of a qualified insolvency practitioner nominated for appointment as official liquidator.

(4)     Every petition under this Rule must be presented within 35 days of the date upon which the liquidation is deemed to have commenced under section 117(1) of the Law.

(5)     Unless the voluntary liquidator is a qualified insolvency practitioner who is willing and properly able to accept appointment as official liquidator, the voluntary liquidator must give notice of the petition to the company's members by whatever means is provided in its articles of association for giving notice of a general meeting of the company.

### Application under section 131 (O. 15, r. 3)

3.     (1)     An application by a voluntary liquidator, contributory or creditor for a supervision order to be made under section 131 shall be made by petition.

       (2)     A petition under this Rule shall contain full particulars of the grounds upon which it is presented.

       (3)     Upon the presentation of a petition under this Rule, the petitioner must at the same time issue a summons for directions in respect of the matters contained in this Rule.

       (4)     Upon hearing the summons for directions, the Court shall either –

               (a)     make a supervision order, if the Court is satisfied that the company's members consent or do not object to an order being made; or

               (b)     fix a hearing date and make such directions as the Court thinks appropriate in respect of the following matters –

                       (i)     whether the petition should be served and, if so, upon whom it should be served;

                       (ii)    whether the petition should be advertised and, if so, in what manner it should be advertised;

                       (iii)   the manner in which further evidence is to be given; and

                       (iv)    such other procedural matters as the Court thinks fit.

       (5)     A petition under this Rule may be presented at any time.

### Supporting Affidavits (O. 15, r. 4)

4.     (1)     The petition shall be verified by an affidavit that the statements in the petition are true, or are true to the best of the deponent's knowledge, information and belief.

       (2)     An affidavit verifying a petition under Rule 2 shall be sworn by the voluntary liquidator personally.

(3)     An affidavit verifying a petition under Rule 3 shall be sworn by –

    (a)     the petitioner; or

    (b)     the voluntary liquidator; or

    (b)     any director, officer or agent of the petitioner who has been concerned in and
has personal knowledge of the matters giving rise to the petition.

(4)     Unless the voluntary liquidator is a qualified insolvency practitioner who is willing and
properly able to accept appointment as official liquidator, a petition under Rule 2 or
Rule 3 must also be supported by an affidavit sworn by the person or persons
nominated for appointment as official liquidator and containing the information
required by Order 3, rule 4.

### Hearing of section 124 Petition (O. 15, r. 5)

5.     (1)     If the voluntary liquidator is a qualified insolvency practitioner who has sworn an
affidavit verifying that he is willing and properly able to accept appointment as official
liquidator, a Judge may make a supervision order under section 124 of the Law without
the need for any hearing if he is satisfied that –

    (a)     notice of the petition has been given to the company's creditors and, if it
appears to the voluntary liquidator that the company may in fact be solvent, to
its shareholders; and

    (b)     there is no reason to believe that any creditor or, if applicable, any shareholder
objects to the appointment of the voluntary liquidator as official liquidator.

(2)     In any other case, the voluntary liquidator shall apply to fix a date for hearing the
petition in open court and –

    (a)     give notice of the hearing of the petition to the company's creditors and, if
applicable, to its shareholders in whatever manner is likely to bring it to their
attention; and

    (b)     advertise the hearing of the petition once in a newspaper having a circulation
within the Islands and, if the company is carrying on business outside the
Islands, once in a newspaper having a circulation in a country in which the
company appears most likely to have creditors, in which case the advertisement
shall be published in the official language of such country.

(3)     An advertisement under this Rule shall be in CWR Form No. 22.

(4)     Any member or creditor of the company may appear on the petition and be heard upon
the question of who should be appointed as official liquidator provided that he has

given notice of his intention to do so and has complied with the requirements of Order 3, rule 8(3).

### Release of Voluntary Liquidator (O. 15, r. 6)

6.   (1)   Unless a voluntary liquidator is appointed as official liquidator, he shall cease to hold office automatically upon the making of a supervision order.

     (2)   When a voluntary liquidator ceases to hold office in accordance with this Rule, he shall prepare a final report and accounts for the period from the commencement of the voluntary liquidation until the date of the supervision order.

     (3)   The voluntary liquidator shall deliver his final report and accounts to the official liquidator within 28 days of the date upon which the supervision order was made and the official liquidator shall –

          (a)   file the report and accounts in Court; and

          (b)   publish the report and accounts to the company's members and creditors in such manner as he thinks fit.

     (4)   Having delivered his final report and accounts, the voluntary liquidator may apply (but shall not be obliged to apply) to the Court for an order that his accounts (including the amount of his remuneration) be approved and that he be released from the performance of any further duties.

### Delivery of Company's Books and Records (O. 15, r. 7)

7.   (1)   A voluntary liquidator who ceases to hold office upon the making of a supervision order shall forthwith deliver to his successor the company's books and a copy of his liquidation files (maintained in accordance with Order 26, rule 2).

     (2)   The official liquidator shall allow the voluntary liquidator to have unrestricted access to the company's books and records for the purpose of preparing his report in compliance with Order 13, rule 8.

### Supervision Order (O. 15, r. 8)

8.   (1)   A supervision order shall be in CWR Form No 23.

     (2)   The requirements of Order 3, rules 22 and 23 shall apply to supervision orders as they apply to winding up orders.

     (3)   On the making of a supervision order all the powers of the directors cease, save that directors retain residual powers to allow them to initiate an appeal against the supervision order.

## ORDER 16

### PROOF OF DEBTS IN OFFICIAL LIQUIDATION

#### PART I: PROCEDURE FOR PROVING

#### Introduction (O. 16, r. 1)

1. (1) Where a solvent company is being wound up by the Court, the official liquidator shall pay the debts owing to its creditors in the ordinary course and in the currency of the obligation as if the company were still carrying on business.

   (2) Where a company which is insolvent or of doubtful solvency is being wound up by the Court, a person claiming to be a creditor of the company and wishing to recover his debt must (subject to Rule 7) submit his claim in writing to the official liquidator and is referred to as "proving" for his debt and the document by which he seeks to establish his claim is referred to as his "proof" or "proof of debt".

   (3) The official liquidator of a solvent company which is being wound up by the Court may require a creditor to submit a proof of debt if there is a doubt or dispute about the existence of the debt or the amount owing to the creditor.

   (4) It is the duty of the official liquidator to adjudicate the creditors' claims, for which purpose he acts in a quasi-judicial capacity.

#### Form and Content of Proof (O. 16, r. 2)

2. (1) A proof of debt shall be in CWR Form No 24 or such other form or forms as the official liquidator may prescribe having regard to the nature of the claims against the company.

   (2) The official liquidator may prescribe different forms of proof of debt for use by different classes of creditor.

   (3) The following matters shall be stated in a creditor's proof of debt –

      (a) the creditor's name and address;

      (b) the total amount of his claim as at the date on which the company went into liquidation;

      (c) whether or not the claim includes interest and, if so, the basis upon which the creditor claims to be entitled to interest;

      (d) particulars of how and when the debt was incurred by the company; and

79

    (e)    particulars of the security held by the creditor, the value which he puts on the security and the basis of his valuation..

(4)    Copies of all the documents evidencing the existence and amount of the debt must be annexed to the proof of debt.

(5)    The official liquidator may require the creditor to submit further and better particulars of his claim, including additional supporting documents.

(6)    The person signing the proof of debt (other than the creditor himself) must state his name, contact details and the basis upon which he is authorised to act on behalf of the creditor.

(7)    The official liquidator may require that a proof of debt be verified by affidavit.

## Supply of proof of debt forms (O. 16, r. 3)

3.    (1)    Subject to Rule 7, proof of debt forms shall be sent by the official liquidator to every person who appears to him to be a creditor of the company.

       (2)    Subject to Rule 7, proof of debt forms shall be sent to every person to whom the official liquidator sends notice of the first meeting of creditors in accordance with Order 8, rule 4.

## Cost of proving (O. 16, r. 4)

4.    (1)    Every creditor bears his costs of proving his own debt, including the cost of responding to the official liquidator's requirement that he provide further and better particulars of his claim.

       (2)    Nothing in this Rule shall prevent a creditor from claiming his costs of proving pursuant to the terms of a contract which is enforceable against the company.

       (3)    The official liquidator's cost of adjudicating the proofs of debt is paid out of the assets as an expense of the liquidation.

## Withdrawal and variation of proof (O. 16, r. 5)

5.    (1)    A creditor's proof may at any time, by agreement between himself and the liquidator, be withdrawn or varied as to the amount claimed.

**Admission and rejection of proof (O. 16, r. 6)**

6. (1) A proof may be admitted for dividend either for the whole amount claimed by the creditor, or for part of that amount.

   (2) Where the official liquidator has admitted a creditor's proof in full, he shall notify the creditor of this fact in CWR Form No 25.

   (3) Where the official liquidator has rejected the creditor's proof or admitted it only in part, he shall notify the creditor in CWR Form No 26, including –

      (a) a statement of the official liquidator's reasons for rejecting the whole or part of the claim; and

      (b) a statement of the creditor's right to apply to the Court for the official liquidator's decision to be reversed or varied.

**Admission without proof of debt (O. 16, r. 7)**

7. (1) This Rule applies to a company which has carried on a deposit taking business as a licensed bank.

   (2) All of the company's depositors to whom periodic statements of account were sent by the company shall be admitted to proof in respect of the amounts recorded due to them without requiring them to lodge proofs of debt unless the official liquidator has reason to believe that the company's deposit taking records are unreliable.

   (3) Where the official liquidator has admitted a depositor to proof without requiring him to submit a proof of debt, he shall send notice in CWR Form No 27 informing the depositor of this fact.

**Inspection of Proofs of Debts (O. 16, r. 8)**

8. (1) Subject to sub-rule (2), any proof of debt (including the supporting documentation, any further and better particulars and any correspondence relating to its adjudication) may be inspected by or on behalf of –

      (a) any creditor whose proof of debt has been admitted in whole or in part; or

      (b) any contributory of the company.

   (2) In the case of a creditor to whom the company owes a duty of confidentiality, the official liquidator shall not allow his proof of debt to be inspected by another creditor or contributory without first –

81

(a) obtaining his written consent; or

(b) obtaining a direction of the Court pursuant to section 4 of the Confidential Information Disclosure Law, 2016

## PART II: QUANTIFICATION OF CLAIM

### Enforcement of Subordination, Set-Off (or Non Set-Off) and Netting Agreements (O. 16, r. 9)

9. (1) Any agreement made between the company and a creditor prior to the commencement of the winding up that the claims of such creditor be subordinated or otherwise deferred to the claims of any other creditors (referred to in this Order as a "subordination agreement") are binding on the company in liquidation and shall be enforced by the official liquidator.

(2) Any contractual right of set-off or non set-off or netting arrangement agreed between the company and any creditor prior to the commencement of the liquidation (including both bilateral and multi-lateral set-off or netting arrangements) (referred to in this Order as a "set-off agreement", "non set-off agreement" and "netting agreement") are binding upon the company in liquidation and shall be enforced by the official liquidator.

### Mutual credit and set-off (O. 16, r. 10)

10. (1) This Rule applies where, before the commencement of the liquidation, the company has not concluded any set-off, non set-off or netting agreement with the creditor.

(2) If there have been mutual credits, mutual debts or other mutual dealings (other than a set-off or not set-off or netting agreement) between the company and the creditor, an account shall be taken of what is due from each party to the other in respect of the mutual dealings, and the sums due from one party shall be set off against the sums due from the other.

(3) Sums due from the company to another party shall not be included in the account taken under sub-rule (2) if that other party had actual notice at the time they became due that a winding up petition had been presented and was pending against the company.

(4) Only the balance (if any) of the account is provable in the liquidation. Alternatively, (as the case may be) the amount shall be paid to the official liquidator.

**Pre-liquidation Interest on Debts (O. 16, r. 11)**

11.   (1)   A creditor who has a contractual right to claim interest against an insolvent company may prove for the amount of the interest accrued up to the date of the commencement of the liquidation.

(2)   A creditor having a contractual right to interest as against an insolvent company shall not be entitled to prove for any interest accrued after the commencement of the liquidation.

**Post-liquidation Interest on Debts (O. 16, r. 12)**

12.   (1)   This Rule applies to every official liquidation of a company which lasts more than six months.

(2)   Any surplus remaining after payment of the debts proved in the liquidation shall, before being applied for any other purpose, be applied in paying interest on those debts in respect of the period during which they have been outstanding since the commencement of the liquidation pursuant to section 149 of the Law.

(3)   The rate of interest payable under this Rule is the greater of –

(a)   the contractual rate; or

(b)   the prescribed rate under the Judgment Debts (Rates of Interest) Rules.

(4)   The liquidator shall not pay interest under this Rule to any creditor whose claim to interest would amount to less than $500.

**Determination of the currency of the liquidation (O. 16, r. 13)**

13.   (1)   In the case of a solvent liquidation, the creditors are entitled and the official liquidator is required to pay the company's debts in the currency of the obligation.

(2)   In the case of an insolvent liquidation, a company's liabilities shall be translated into the functional currency of the company (referred to in this Rule as the "currency of the liquidation") at the mid-market exchange rates prevailing –

(a)   on the date of the commencement of the voluntary liquidation; or

(b)   the date on which the winding up order was made,

(referred to in this Rule as the "applicable exchange rate").

83

(3)     The official liquidator shall determine the currency of the liquidation in accordance
        with section 150(3) of the Law within 28 days of the date of his appointment and his
        determination shall be final and binding upon the company's creditors for all purposes.

(4)     The official liquidator's determination shall be certified in CWR Form No 28 and the
        certificate shall be filed in Court.

(5)     When a creditor proves for his debt in a currency other than the currency of the
        liquidation, the amount claimed shall be translated into the currency of the liquidation
        at the applicable exchange rate.

(6)     A creditor shall not be entitled to claim against an insolvent company in liquidation
        any compensation for exchange losses resulting from changes in the market exchange
        rate occurring during the period between the date on which the winding up order was
        made and the date on which the dividend is paid.

## Payments of a periodical nature (O. 16, r. 14)

14.     (1)     In the case of rent and other payments of a periodical nature, the creditor may prove for
                any unpaid amount accrued up to the date when the winding up order is made.

        (2)     Unless the official liquidator continues to pay the rent or other payments accruing due
                after the date on which the winding up order is made as an expense of the liquidation,
                the creditor's claim in respect of amounts accruing after the date on which the winding
                up order is made shall be limited to a claim for damages for breach of contract.

        (3)     In calculating the amount of damages, the official liquidator shall assume that the
                creditor has taken all such steps as may be reasonable to mitigate his loss and shall
                apply a discount for accelerated payment using the rate of interest prescribed by the
                Judgment Debts (Rates of Interest) Rules.

## Debts payable at a future date (O. 16, r. 15)

15.     (1)     A creditor may prove for a debt of which payment was not yet due on the date when the
                company went into liquidation.

        (2)     If the dividend becomes payable before the date on which the debt would have fallen
                due, the amount of the dividend shall be discounted for accelerated payment using the
                rate of interest prescribed by the Judgment Debts (Rates of Interest) Rules.

## Contingent claims (O. 16, r. 16)

16.     (1)     The official liquidator shall estimate the value of any debt which, by reason of its being
                subject to any contingency or for any other reason, does not bear a certain value.

(2)    The official liquidator may revise any estimate previously made, if he thinks fit by reference to any change of circumstances or to information becoming available to him.

(3)    Where the official liquidator has put an estimate upon a contingent claim or a debt the amount of which is subject to a contingency, he shall notify the creditor of this fact in CWR Form No 29, stating –

    (a)    the basis upon which this estimate has been made;

    (b)    the fact that the creditor may submit a varied proof of debt, having regard to changed circumstances;

    (c)    the fact that the official liquidator may vary his estimate, having regard to changed circumstances; and

    (d)    the official liquidator's agreement to extend generally the creditor's time for applying to the Court pursuant to Rule 18.

## PART III: APPEAL AGAINST REJECTION OF PROOF

### Introduction (O. 16, r. 17)

17.    If a creditor is dissatisfied with the official liquidator's decision with respect to his proof (including any decision on the question of priority), he may appeal to the Court for the decision to be reversed or varied.

### Application to Court (O. 16, r. 18)

18.    (1)    An appeal to the Court under Rule 17 shall be made within 21 days of the date upon which he received the official liquidator's notification under Rule 6.

    (2)    Every appeal under this Rule shall be made by summons in CWR Form No 30 and shall be served on the official liquidator.

    (3)    Every appeal under this Rule shall be supported by an affidavit and Order 11, rule 4(2) shall apply.

    (4)    Order 11, rule 3 shall apply to the hearing of every appeal under this Rule.

    (5)    An appeal under this Rule shall be treated as a *de novo* adjudication of the creditor's proof and the creditor may rely upon additional evidence in support of his claim, notwithstanding that he failed to make such evidence available to the official liquidator.

85

19.     [No order]

## PART IV: EXPUNGING ADMITTED CLAIMS

### Introduction (O. 16, r. 20)

20.     (1)     The Court may expunge a proof which has been admitted or reduce the amount in respect of which it has been admitted.

        (2)     The official liquidator may apply to expunge a proof on the ground that it appears, on the basis of information not available to the official liquidator at the time of his adjudication of the proof, that it ought not to have been admitted or ought to have been admitted for a lesser amount.

        (3)     A contributory or creditor who is dissatisfied with the official liquidator's decision to admit the whole or part of a creditor's proof for an amount exceeding $100,000 (or its equivalent in the currency of the liquidation) or 5% of the company's total liabilities (whichever is the less) may apply to expunge the proof on the ground that it should not have been admitted.

### Application to Court (O. 16, r. 21)

21.     (1)     An application to expunge a proof of debt shall be made by summons in CWR Form No 31 and shall be served on the creditor and, if made under Rule 20(3) of this Order, shall also be served on the official liquidator.

        (2)     An application under this Rule must be made promptly and, in any event, not later than the date upon which a dividend has been paid in respect of it.

        (3)     Every application under this Rule shall be supported by an affidavit and Order 11, rule 4(2) shall apply.

86

## ORDER 17

### SECURED CREDITORS

#### Introduction (O. 17, r. 1)

1.    (1)    A creditor who has security over the whole or part of the assets of a company is entitled to enforce his security without the leave of the Court and without reference to its liquidator.

(2)    A secured creditor whose debt is more than the value of his security may prove in the liquidation for the unsecured balance.

(3)    A proof of debt submitted by a secured creditor shall state particulars of the security held by the creditor and the value which he puts on the security.

(4)    A secured creditor may, with the agreement of the liquidator or the leave of the Court, alter the value which he has put on his security in his proof of debt.

(5)    If a secured creditor omits to disclose his security in his proof of debt, he shall surrender his security for the general benefit of creditors, unless the Court relieves him from the effect of this Rule on the ground that his omission was inadvertent or the result of an honest mistake.

#### Redemption of security by the liquidator (O. 17, r. 2)

2.    (1)    The liquidator may at any time give notice to a creditor whose debt is secured that he proposes, at the expiration of 28 days from the date of the notice, to redeem the security at the value put upon it in the creditor's proof.

(2)    The creditor then has 21 days in which (if he so wishes) to apply to the Court for leave to alter the value of his security.

(3)    If the liquidator redeems the security, the costs incurred in doing so are payable out of the assets of the company as an expense of the liquidation.

(4)    A secured creditor may at any time give notice to the liquidator requiring him to elect whether or not he will exercise his right to redeem he security at the value put on it in the creditor's proof of debt and the liquidator shall make his election within 90 days, failing which he shall loose his right to redeem the security.

**Valuation of security (O. 17, r. 3)**

3.  (1)  If the liquidator is dissatisfied with the value which a secured creditor has put on his security, he may require that the property comprised in the security be offered for sale.

    (2)  The method and terms of sale shall be such as may be agreed between the liquidator and the creditor or, failing agreement, as may be directed by the Court.

    (3)  In the event that the method of sale is by auction, the creditor shall be entitled to bid and the liquidator shall be entitled to bid on behalf of the company.

**Realisation of security (O. 17, r. 4)**

4.  (1)  If a secured creditor who has submitted a proof of debt and valued his security subsequently realises it, the net proceeds of sale shall be substituted for the value previously put on the security by the creditor in his proof of debt.

    (2)  The creditor shall be entitled to prove for the balance of his debt.

## ORDER 18

### COLLECTION AND DISTRIBUTION OF COMPANY'S ASSETS BY ITS OFFICIAL LIQUIDATOR

#### Powers of Official Liquidator (O. 18, r. 1)

1.  (1)   The official liquidator is an officer of the Court.

    (2)   The official liquidator is empowered, as agent of the company, to collect, take possession, retain, manage and realise the company's property.

#### Manner of Distributing the Assets (O. 18, r. 2)

2.  (1)   When the official liquidator has sufficient funds in hand for the purpose he shall, subject to the retention of such sums as may be necessary for the expenses of the winding up, declare and distribute dividends among the creditors in respect of the debts which they have respectively proved.

    (2)   The official liquidator shall give notice of his intention to declare and distribute a dividend.

    (3)   Where the official liquidator has declared a dividend, he shall give 21 days' notice of it to the creditors, stating how the dividend is proposed to be distributed. The notice shall contain such particulars with respect to the company, and its assets and affairs, as will enable the creditors to comprehend the calculation of the amount of the dividend and the manner of its distribution.

#### Debts of Insolvent Company to Rank Equally (O. 18, r. 3)

3.  (1)   Debts other than preferential debts rank equally between themselves in the winding up and, after the preferential debts, shall be paid in full unless the assets are insufficient for meeting them, in which case they shall abate in equal proportions between themselves.

#### Calculation of Dividend (O. 18, r. 4)

4.  (1)   In the calculation and distribution of a dividend the official liquidator shall make provision for –

    (a)   any debts which appear to him to be due to persons who, for whatever reason, may not have had sufficient time in which to tender and establish their proofs;

    (b)   any debts which are the subject of claims which have not yet been determined;

89

    (c)     disputed proofs and claims; and

    (d)     expenses of the liquidation which are anticipated but not yet incurred.

  (2)     A creditor who has not proved his debt before the declaration of any dividend is not entitled to disturb, by reason that he has not participated in it, the distribution of that dividend or any other dividend declared before his debt was proved, but when he has proved that debt, he is entitled to be paid out of any money available for the payment of any further dividend.

  (3)     No action lies against an official liquidator for a dividend, but if an official liquidator has improperly refused to pay a dividend, the Court may order him to pay it with interest at the prescribed rate.

## Distribution of Assets in Specie (O. 18, r. 5)

5.    (1)     The official liquidator has power to divide the whole or part of the company's property in its existing form, according to its estimated value, amongst the company's creditors or members.

    (2)     In the case of an insolvent company, the official liquidator may apply to the Court for a direction authorising him to divide the whole or part of the company's assets amongst the creditors on the grounds that –

        (a)     the property in question cannot be readily or advantageously sold; or

        (b)     there is some other special reason why it would be advantageous to creditors for the property in question to be distributed in specie.

    (3)     In the case of a solvent company, the official liquidator may divide the whole or part of the company's property (after having paid its debts in full) amongst the members in the following manner -

        (a)     in accordance with any specific provision in this regard contained in the company's articles of association; or

        (b)     in the absence of any relevant provision in the company's articles of association, with the authority of an ordinary resolution passed by the company's members; or

        (c)     in accordance with a direction of the Court made upon the application of any member or the voluntary liquidator.

    (4)     Property of a company which comprises a cause of action or other contingent asset which is incapable of being readily realised, may be distributed to creditors or members by means of transferring it to a new company, established for the purpose,

and whose shares will be issued to the creditors or members in proportion to their respective rights against the company.

## Interim Distribution to Creditors (O. 18, r. 6)

6.    (1)    As soon as the official liquidator determines that he has realised sufficient assets to be able to pay a dividend, he shall give notice of his intention to declare an interim or final dividend, as the case may be.

(2)    A notice of intention to declare an interim dividend shall be in CWR Form No. 32 and shall —

    (a)    fix a date (being not less than 30 days from the date of publication of the notice) by which proofs of debt must be lodged with the official liquidator; and

    (b)    state that any creditor who lodges his proof of debt after the date specified in the notice will be excluded from the interim distribution but will not be excluded from any subsequent interim distribution or from the final distribution.

## Final Distribution to Creditors (O. 18, r. 7)

7.    (1)    When the official liquidator has —

    (a)    realised all the company's assets, or so much of the assets as can, in his opinion, be realised without needlessly protracting the liquidation; and

    (b)    divided any unrealised assets amongst the creditors in specie, if and to the extent that it was practical to do so,

he shall give notice of his intention to declare a final dividend in CWR Form 33.

(2)    The notice of intention to declare a final dividend shall —

    (a)    fix the date (being not less than 60 days from date of publication of the notice) by which proofs must be lodged with the official liquidator (referred to as "the final date for proving"); and

    (b)    state that any proof of debt lodged after the final date for proving may be excluded from the final dividend.

(3)    Within 14 days from the final date for proving, the official liquidator shall deal with every creditor's proof (to the extent that he has not already done so) by admitting it, rejecting it (in whole or in part) or by making a provision for it.

(4)    The official liquidator may, but shall not be obliged, to deal with any proof of debt received after the final date for proving.

91

(5)     Having dealt with every creditor's proof, the official liquidator shall give notice of final dividend in Form 34 to all creditors who have proved their debts.

(6)     Every notice of final dividend shall specify –

    (a)     the amount realised from the sale of the company's assets;

    (b)     the value attributed to any assets distributed in specie;

    (c)     the amount of the expenses of the liquidation;

    (d)     the amount of any provisions made for unpaid claims;

    (e)     the amount of any funds retained for specific purposes;

    (f)     the total amount of any interim distributions; and

    (g)     the amount to be distributed and the overall rate of dividend.

(7)     A dividend may be distributed simultaneously with the notice declaring it.

### Payment of Dividends (O. 18, r. 8)

8.     (1)     Dividends shall only be paid in the currency of the liquidation.

    (2)     Dividends shall be paid by cheque or by such other method as the official liquidator may agree with individual creditors.

    (3)     Dividend cheques shall be sent to creditors by post, or by such other method as the official liquidator may agree with individual creditors.

### Assignment of Right to Receive a Dividend (O. 18, r. 9)

9.     (1)     A creditor or member may assign his right to receive a dividend or instruct the official liquidator to pay his dividend to some other person.

    (2)     If a creditor entitled to receive a dividend has given notice of assignment to the official liquidator, he shall pay the dividend to the assignee.

    (3)     If a creditor entitled to receive a dividend has given written instructions to the official liquidator that the dividend be paid to some other person, the official liquidator shall pay it in accordance with those instructions.

## ORDER 19

### PART I: CALLS ON CONTRIBUTORIES

#### Calls by Official Liquidator (O. 19, r. 1)

1.  (1)  The power contained in section 113 of the Law to make calls on contributories shall be exercised by the official liquidator with the sanction of the Court.

    (2)  A sanction application under this Rule shall be made in accordance with the provision of Order 11.

#### Making and Enforcement of Calls (O. 19, r. 2)

2.  (1)  Notice of the call shall be given in Form 35 to each of the contributories concerned and shall specify the amount or balance due from him.

    (2)  A call shall be payable immediately upon service on the contributory concerned.

    (3)  A call shall be enforceable against the contributory concerned in the same manner as a judgment or order of the Court.

#### Appeal against Calls (O. 19, r. 3)

3.  (1)  If a person against whom a call is made is dissatisfied either with the decision that he is a contributory or with the amount of the call made against him, he may appeal to the Court for the decision to be reversed or varied.

    (2)  An appeal under this Rule shall be made with within 21 days of the date upon which the contributory received notice of the call.

    (3)  The provisions of Order 16, rules 19 and 20 shall apply to appeals under this Rule (as if references to "creditors" and "proofs" are read as referring to "contributories" and "calls").

    (4)  An appeal under this Rule shall be permitted only on terms that the full amount of the call is paid into Court within 7 days after service of the contributory's summons.

93

## PART II: TRANSFERS OF SHARES

### Application for Validation Order (O. 19, r. 4)

4. (1) An application pursuant to Section 99 of the Law for an order validating the transfer or proposed transfer of any shares of a company may be made by its liquidator or by the transferor or transferee of the shares in question.

   (2) Provided that –

      (a) the shares in question are fully paid; and

      (b) the liquidator does not object to the transfer,

      the application shall be made by letter addressed to the Judge to whom the proceeding is assigned.

   (3) In any other case the application shall be made by summons and, if made by the transferor or transferee, the summons must be served on the liquidator.

### Supporting Documentation (O. 19, r. 5)

5. (1) An application made by letter pursuant to rule 4(2) shall be supported by –

      (a) an affidavit confirming that the shares are fully paid and that the liquidator has no objection to the transfer; and

      (b) a draft of the order sought by the applicant

   (2) An application required to be made by summons shall be supported by an affidavit, sworn by or on behalf of the applicant, which contains a full explanation of the reasons for the transfer and the applicant's response to the liquidator's objections.

## ORDER 20

### ORDER OF PAYMENT OF EXPENSES OUT OF THE COMPANY'S ASSETS

#### General Rule as to Priority (O. 20, r. 1)

1. (1) The expenses of the liquidation are payable out of the assets of the company in the following order of priority :-

    (a) the costs of the petitioner and of any person appearing on the petition whose costs are allowed by the Court;

    (b) the costs incurred by the petitioner or other person required to secure an undertaking given pursuant to Order 4, rule 3;

    (c) the costs incurred by the provisional and/or official liquidator in procuring professional indemnity insurance and/or a security bond pursuant to an order made under Regulation 7;

    (d) the expenses and disbursements properly incurred by any provisional liquidator;

    (e) the remuneration of any provisional liquidator;

    (f) the expenses and disbursements properly incurred by the official liquidator, including any expenses properly payable to any person who is required to make a statement of affairs;

    (g) the expenses and disbursements properly incurred by the liquidation committee;

    (h) any order for costs made by the Court in favour of any creditor or contributory in the winding up proceedings or in favour of any other person in proceedings to which the company is a party; and

    (i) the remuneration of the official liquidator.

    (2) In the case of a liquidation which commences voluntarily and is subsequently brought under the supervision of the Court,

    (a) the expenses and disbursements properly incurred by the voluntary liquidator;

    (b) the costs of making application for the supervision order, whether such costs are incurred by the voluntary liquidator or any creditor or contributory of the company; and

    (c) the remuneration of the voluntary liquidator,

95

shall rank equally with the expenses and disbursements incurred by the official liquidator, but in priority to the remuneration of the official liquidator.

**Disallowance of expenses and disbursements (O. 20, r. 2)**

2.    (1)    Nothing in this Order shall prevent the Court from making an order that any expense or disbursement incurred by a liquidator shall be borne by him personally on the ground that it was not incurred properly.

      (2)    Nothing in this Order shall prevent the Court, in any proceedings by or against the company, from making an order in favour of any other party that his costs be paid by the liquidator personally.

## ORDER 21

### INTERNATIONAL PROTOCOLS

#### Application and definitions (O. 21, r. 1)

1.   (1)   In this Order "company in liquidation" means a company which is incorporated under the Law and is the subject of an official liquidation under Part V.

     (2)   This Order has no application to foreign companies which are the subject of an official liquidation under Part V.

     (3)   This Order applies –

           (a)   when a company in liquidation is the subject of a concurrent bankruptcy proceeding under the law of a foreign country; or

           (b)   when the assets of a company in liquidation located in a foreign country are the subject of a bankruptcy proceeding or receivership under the law of that country.

     (4)   In this Order –

           (a)   "foreign officeholder" means a person appointed by a foreign court or other authority to exercise powers similar to those of an official liquidator in respect of a company or to exercise powers similar to those of a receiver in respect of assets of a company;

           (b)   "foreign court or authority" means the foreign court or foreign governmental authority which has appointed and exercises supervisory jurisdiction over a foreign officeholder;

           (c)   "international protocol" means an agreement made in respect of a company in liquidation between an official liquidator and a foreign officeholder with the approval of the Court and of the foreign court or authority.

#### Consideration of international protocols (O. 21, r. 2)

2.   (1)   It shall be the duty of the official liquidator of a company in liquidation to consider whether or not it is appropriate to enter into an international protocol with any foreign officeholder.

     (2)   The purpose of an international protocol is to promote the orderly administration of the estate of a company in liquidation and avoid duplication of work and conflict between the official liquidator and the foreign officeholder.

97

(3)     An international protocol agreed between the official liquidator and a foreign officeholder of a company in liquidation shall take effect and become binding upon them only if and when it is approved by both the Court and the foreign court or authority.

### Scope of international protocols (O. 21, r. 3)

3.     (1)     An international protocol may define and allocate responsibilities between the official liquidator and foreign officeholder (by reference to geographical location or otherwise) in respect of –

   (a)     the formulation and promotion of restructuring proposals, including a scheme of arrangement pursuant to section 86 of the Law;

   (b)     the preservation of assets located outside the Islands;

   (c)     the realisation of assets located outside the Islands;

   (d)     the pursuit of causes of action against debtors or other persons outside the Islands;

   (e)     procedures for the exchange of information between the official liquidator and foreign officeholder;

   (f)     procedures for reporting to and communicating with the liquidation committee and with creditors and/or contributories;

   (g)     procedures for co-ordinating sanction applications made to the Court and to the foreign court or authority;

   (h)     administrative procedures relating to the adjudication of proofs of debt and consequential appeals or expungement applications;

   (i)     procedures relating to the payment of claims; and

   (j)     procedures relating to the remission of funds between the official liquidator and foreign officeholder.

   (2)     An international protocol may establish procedures for the review, approval and payment of –

   (a)     the remuneration of the official liquidator and foreign officeholders;

   (b)     the fees of counsel to the official liquidator and lawyers engaged by the foreign officeholder; and

   (c)     other expenses incurred by the official liquidator and/or foreign officeholder.

(3)    Any provision contained in international protocol which is contrary to the provisions of
       the Law or purports to exclude the jurisdiction of the Court in respect of the company
       in liquidation shall be void and of no effect.

## ORDER 22

### ORDER FOR DISSOLUTION

#### Application to Court (O. 22, r. 1)

1.   (1)   As soon as the affairs of the company have been completely wound up the official liquidator shall –

    (a)   publish his final report and accounts in accordance with Order 10, rule 3;

    (b)   apply to the Court for an order under section 152 that the company be dissolved.

    (2)   The official liquidator's final report and accounts shall contain –

        (a)   notice of the date upon which his application for an order for dissolution will be heard by the Court; and

        (b)   a statement of the fact that any creditor (in the case of an insolvent company) or member (in the case of a solvent company) may appear and be heard on the application.

    (3)   The official liquidator shall publish a notice of the hearing of the application in one or more newspapers circulating in a country or countries in which the company appears most likely to have creditors and any such notice shall be published at least 14 days prior to the date of the hearing.

#### Order for Dissolution (O. 22, r. 2)

2.   (1)   An order for dissolution shall be in CWR Form 36.

    (2)   An order for dissolution shall take effect upon the date upon which it is made or such later date specified in the order.

    (3)   The official liquidator shall file the order for dissolution with the Registrar of Companies within 14 days from the date upon which the order is perfected.

    (4)   An order for dissolution shall include supplementary directions relating to :-

        (a)   the retention of the whole or part of the liquidation files for longer than the minimum period of 3 years specified in Order 25, rule 1;

        (b)   the retention, storage and destruction of the company's books and records pursuant to Order 25, rule 2 ;

(c)     the terms upon which the official liquidator will be remunerated for acting as trustee of any unclaimed dividends or undistributed assets under section 153; and

(d)     such other consequential matters as the Court thinks fit.

# ORDER 23

## UNCLAIMED DIVIDENDS AND UNDISTRIBUTED ASSETS

### Introduction (O. 23, r. 1)

1.    (1)    Following the dissolution of a company, whether pursuant to section 151 or an order for dissolution made under section 152, the former liquidator shall be trustee of any unclaimed dividends or undistributed assets of the company which remain in his possession or control for the benefit of the contributories or creditors to whom such funds are owed.

### Establishment of Trust Account (O. 23, r. 2)

2.    (1)    The liquidator shall establish an interest bearing bank account in his own name as "trustee of the creditors or members of [*name of company*], dissolved" (referred to as "the liquidator's trust account").

      (2)    Any funds representing unclaimed dividends or uncleared dividend cheques shall be transferred to the liquidator's trust account.

      (3)    The former liquidator shall administer the funds credited to the liquidator's trust account as trustee for the benefit of the creditors and/or contributories to whom the funds are owed.

### Transfer of Undistributed Assets (O. 23, r. 3)

(3)    (1)    Title to any assets of the company which ought to have been distributed in specie pursuant to Order 18, rule 4 but remain in the possession or control of the liquidator, shall be transferred into the liquidator's own name "as trustee of the creditors or members of [*name of company*], dissolved".

      (2)    The former liquidator shall hold and administer such assets as trustee for the benefit of the creditors or contributories who are entitled to receive such assets.

### Payment out of Trust Account and Transfer of Undistributed Assets (O. 23, r. 4)

4.    (1)    The former liquidator shall advertise for claims and take such other steps as appear to him to be reasonable to locate and identify claimants.

      (2)    The former liquidator shall be responsible for dealing with all claims and shall be authorised to make payment or transfer title to those persons who appear to him to have been entitled to receive payment or title as unpaid creditors or members of the company prior to its dissolution.

102

(3)     In any case of doubt or difficulty the former liquidator shall be entitled to apply to the
        Court for directions pursuant to section 48 of the Trusts Law ( 2011 Revision)

## Former Liquidator's Trustee Fee and Expenses (O. 23, r. 5)

5.    (1)     The former liquidator shall be entitled to be paid a reasonable fee for acting as trustee
              pursuant to section 153, the basis and amount of which shall be fixed by order of the
              Court.

      (2)     The trustee fee may comprise –

              (a)     a fixed fee or scale of fixed fees; and/or

              (b)     a percentage fee, calculated upon the value of the assets under administration
                      and/or the amount distributed by him.

      (3)     The former liquidator shall be entitled to be reimbursed out of the assets under
              administration in respect of the costs and expenses reasonably and properly incurred by
              him for the purpose of advertising, administering claims and preparing his accounts..

## Transfer to the Financial Secretary (O. 23, r. 6)

6.    (1)     Any money or assets remaining in the hands of the former liquidator as trustee at the
              end of one year from the date upon which the company was dissolved shall be
              transferred to the Financial Secretary who shall be responsible for administering the
              same pursuant to Part VIII of the Public Management and Finance Law (2013
              Revision).

      (2)     The former liquidator shall prepare a report and accounts of his administration which
              shall contain particulars of –

              (a)     the amount of money and the nature and estimated value of the assets received
                      into trust;

              (b)     the claims received and the manner in which they were resolved;

              (c)     the amount of money paid out to claimants;

              (d)     the assets transferred to claimants;

              (e)     the amount of the former liquidator's fees and expenses;

              (f)     the net amount of money and remaining assets transferred to the Financial
                      Secretary.

      (3)     The former liquidator shall deliver his report and accounts to the Financial Secretary,
              together with all the books and records which, in the opinion of the former liquidator,

will be required by the Financial Secretary in order to deal with a future claims and otherwise discharge his duties under Part VII of the Public Management and Finance Law (2013 Revision).

## ORDER 24

### APPLICATIONS TO COURT UNDER PART V OF THE LAW

#### PART I: GENERAL PROVISIONS

#### Originating Applications (O. 24, r. 1)

1.  (1)    Every originating application under Part V of the Law shall be made by petition.

    (2)    The general provisions of GCR Order 9, and GCR Order 18, rule 19 and Order 20, rule 7 shall apply to every petition presented under these Rules.

    (3)    Unless a specific form of petition is prescribed by these Rules, GCR Form No 7 shall be treated as the generally applicable form.

    (4)    A petition under this Rule cannot relate to more than one company.

    (5)    The Court may hear two or more petitions at the same time, but it shall not make any order for two or more petitions to be consolidated.

    (6)    An office copy of every petition presented under these Rules shall be placed on the Register of Writs and other Originating Process maintained by the Registrar pursuant to GCR Order 63, rule 8.

#### Applications in Existing Proceedings (O. 24, r. 2)

2.  (1)    Every application or appeal to the Court made in connection with a proceeding which is already pending before the Court shall be made by summons.

    (2)    The general provisions of GCR Order 32 shall apply to every summons issued under these Rules.

#### Hearings (O. 24, r. 3)

3.  (1)    Every petition shall be heard in open court unless the Court directs, for some special reason, that it should be heard in chambers.

    (2)    Every summons shall be heard in chambers unless –

        (a)    the Court has directed that it should be advertised, in which case it must be heard in open court; or

        (b)    the Court directs that it should be heard in open court.

105

**Court Files (O. 24, r. 4)**

4.  (1)  A Court file shall be established in respect of each winding up proceeding in accordance with GCR Order 63, rule 2.

    (2)  The Registrar shall not permit the creation of more than one Court file (or the allocation of more than one cause number) in respect of a liquidation proceeding or company in liquidation.

    (3)  The Registrar shall not permit any Court file (and associated cause number) to relate to more than one company in liquidation.

**Orders made in Liquidation Proceedings (O. 24, r. 5)**

5.  Every order made in a liquidation proceeding, whether made in open court or in chambers, shall be placed on the Register of Judgments maintained by the Registrar under GCR Order 63, rule 7 and shall be open to public inspection upon payment of the prescribed fee.

**Order for Documents to be Sealed (O. 24, r. 6)**

6.  (1)  The Court may direct that the whole or part of any report, order, affidavit or other document, except the petition, winding up order or supervision order, which has been filed or is required to be filed pursuant to these Rules, shall be sealed and kept confidential for a specific period or until the happening of a specified event, on the grounds that –

    (a)  the information in question is of a confidential nature and will not come into the public domain unless and until the document containing such information is filed in Court; and

    (b)  the publication or immediate publication of the information contained in the document will harm the economic interests of the creditors or contributories of the company.

    (2)  The liquidator and any creditor or contributory may apply to the Court for a direction that a sealed document be unsealed on the grounds that –

    (a)  the information contained in it is no longer confidential;

    (b)  the reasons for sealing the document no longer exist or have expired; or

    (c)  publication of the information is not or is no longer harmful to the economic interests of creditors or contributories.

### PART II: COSTS IN LIQUIDATION PROCEEDINGS

106

**Interpretation (O. 24, r. 7)**

7.  (1)  "Costs" shall mean the reasonable legal fees and expenses incurred by a person in conducting or participating in a liquidation proceeding in an economical, expeditious and proper manner.

    (2)  "Liquidation proceeding" shall mean –

        (a)  any petition presented under Part V of the Law;

        (b)  any application to Court made in a proceeding commenced under Part V of the Law ; and

        (c)  any appeal against an order made on a petition or in any proceeding under Part V of the Law.

    (3)  Words and expressions defined in GCR Order 62, rule 3 shall have the same meaning when used in Part II of this Order.

**General Rules as to Costs (O. 24, r. 8)**

8.  (1)  The general rule is that the costs incurred by a person who successfully presents a creditor's winding up petition under Order 3, Part II or creditor's petition for a supervision order under Order 15, rule 3 should have his costs paid out of the assets of the company, such costs to be taxed on an indemnity basis unless agreed with the official liquidator.

    (2)  In the case of a contributory's winding up petition under Order 3, Part III, the general rules are that –

        (a)  if the Court has directed that the company itself is properly able to participate in the proceeding, the general rule is that the costs of a successful petitioner be paid out of the assets of the company; or

        (b)  if the Court has directed that the winding up petition be treated as an *inter partes* proceeding between one or more members of the other members or members of the company as respondents, the general rule is that none of the costs should be paid out of the assets of the company and the unsuccessful parties should pay the costs of the successful party, such costs to be taxed on the standard basis unless agreed.

    (2A) An order for security for costs may only be made if the petitioner is a nominal petitioner who has presented the petition for the benefit of another person and who would be unable to pay the costs of the company or other respondent, as the case may be, if ordered to do so.

    (3)  In the case of an Authority's petition under Order 3, Part IV, the general rule is that -

107

(a) the Authority's costs of successfully presenting a petition should be paid out of the assets of the company, such costs to be taxed on the indemnity basis if not agreed with the official liquidator; or

(b) the company's costs of successfully resisting the petition should be paid by the Authority, such costs to be taxed on the indemnity basis if not agreed.

(4) The Court shall make orders for costs in accordance with these general rules unless it is satisfied that there are exceptional and special circumstances which justify making some other order or no order for costs.

**Costs of Sanction Applications (O. 24, r. 9)**

9. (1) This Rule applies to every sanction application under Order 11, including any application for the approval of the official liquidator's remuneration.

   (2) The official liquidator's costs of making a sanction application shall be paid out of the assets of the company unless the Court is satisfied that –

      (a) the application ought not to have been made because the directions sought by the official liquidator were unnecessary and served no useful purpose;

      (b) the directions sought by the official liquidator were wholly unreasonable; or

      (c) the official liquidator has misled the Court or otherwise acted improperly in connection with the application.

   (3) The Liquidation committee's costs of participating in a sanction application shall be paid out of the assets of the of the company unless the Court is satisfied that –

      (a) the liquidation committee's participation in the application served no useful purpose or constituted an unreasonable duplication of the costs incurred by the official liquidator;

      (b) the position adopted by the liquidation committee was wholly unreasonable; or

      (c) the liquidation committee has misled the Court or otherwise acted improperly in connection with the application

   (4) In the case of a sanction application which is made or opposed by a creditor or contributory, the general rule is that –

      (a) his costs of successfully making or opposing the application should be paid out of the assets of the company, such costs to be taxed on an indemnity basis if not agreed with the official liquidator; and

      (b) no order for costs should be made against a creditor or contributory whose application or opposition is unsuccessful, unless the Court is satisfied that his

108

> position was wholly unreasonable or he is guilty of having misled the Court or otherwise acting improperly in connection with the application.

(5) The Court shall make orders for costs in accordance with these general rules unless it is satisfied that there are exceptional circumstances and special reasons which justify making some other order or not order for costs.

## Costs of Appeals (O. 24, r. 10)

10. (1) This Rule applies to appeals by contributories under Order 12, rule 4 and appeals by creditors under Order 16, Part III.

    (2) The general rule is that the official liquidator's costs should be paid out of the assets of the company in any event.

    (3) The general rule is that the appellant's costs should follow the event, such that –

        (a) if the appellant succeeds, the Court shall order that his costs be paid out of the assets of the company as an expense of the liquidation;

        (b) if the appellant is unsuccessful, the Court will order him to pay the official liquidator's costs,

        (c) such costs to be taxed on the standard basis unless agreed.

    (4) In deciding how to exercise its discretion under sub-rule (3) the Court shall have regard to the manner in which the appellant originally sought to prove his claim (and, in particular, any failure to provide to the official liquidator with the whole of the evidence relied upon in support of his appeal to the Court) and the reasons why the Court reversed or varied or upheld the official liquidator's decision.

    (5) On an appeal to the Grand Court an appellant shall not be required to provide security for costs in any appeal to which this Rule applies.

**Taxation of Costs and Appeals (O. 24, r. 11)**

11.   (1)     In the event that an order for costs made in a liquidation proceeding is required to be taxed, it shall be taxed by the taxing officer in accordance with the provisions of GCR Order 62, Parts IV, V and VI except that Rules 14 and 15 shall not apply.

      (2)     The Guidelines issued by the Grand Court Rules Committee pursuant to GCR Order 62, rule 16(3) shall apply to every taxation under this Order.

      (3)     Any party who is dissatisfied with the amount of any costs certificate may apply to a Judge to review the taxing officer's decision in accordance with the provisions of GCR Order 62, Part VII.

## ORDER 25

### OFFICIAL LIQUIDATOR'S LAWYERS

#### Appointment of Lawyers (O. 25, r. 1)

1.   (1)   Subject to obtain the Court's sanction pursuant to paragraph 11 of Part I of the Third Schedule to the Law, the official liquidator may retain attorneys and/or foreign lawyers (whether or not temporarily admitted as attorneys) only on terms of engagement which comply with the requirements of this Rule.

   (2)   The terms upon which lawyers are engaged by the official liquidator must be stated in writing and shall be signed by both parties.

   (3)   Every engagement letter or retainer agreement shall contain particulars of the basis upon which the lawyers will be remunerated, including, if applicable, a statement of the agreed hourly rates.

   (4)   The official liquidator shall not retain (whether directly or indirectly) any foreign lawyer unless he (being a sole practitioner) or the firm of which he is a partner or employee has signed an engagement letter or retainer agreement which expressly states that –

      (a)   the contract is government by Cayman Islands law;

      (b)   the lawyer/law firm submits to the exclusive jurisdiction of the Court for all purposes in connection with the engagement;

      (c)   the lawyer/law firm understands and agrees that the amount of fees payable by the official liquidator is subject to taxation in accordance with this Order;

      (d)   the lawyer/law firm shall have no right to exercise any lien over his files as against the official liquidator

   (5)   The official liquidator has no authority to engage any lawyers on terms which are inconsistent with the requirements of this Rule and any term of an engagement letter or retainer agreement which is inconsistent with the requirements of this Rule shall be void and of no effect.

   (6)   Nothing in this rule shall affect the validity or effectiveness of any engagement letter or retainer agreement made prior to 1 March 2013.

#### Lawyer's Fees (O. 25, r. 2)

111

2.   (1)   All lawyers engaged by the official liquidator shall be remunerated on a time spent basis (at agreed hourly rates which are stated in the engagement letter) unless the Court has sanctioned some other basis of remuneration.

     (2)   If the official liquidator or the liquidation committee consider that the amount of fees and expenses charged by the official liquidator's lawyer is excessive, the official liquidator may require that such fees and expenses be taxed on the indemnity basis by the taxing officer.

     (3)   Conversely, if the lawyer considers that the amount which the official liquidator offers to pay is inadequate, he may require that his bill of costs be taxed on the indemnity basis by the taxing officer.

     (4)   The lawyer shall be entitled to be paid out of the assets of the company as an expense of the liquidation the amount(s) stated in the costs certificate and the official liquidator shall have no authority to pay more than that amount.

**Procedure for Taxation of Lawyer's Fees (O. 25, r. 3)**

3.   (1)   A taxation under this Order shall be governed by and conducted in accordance with GCR Order 62.

     (2)   The lawyer shall prepare a bill of costs in GCR Form 314 and serve it on the official liquidator.

     (3)   The official liquidator shall state the extent to which he disagrees with the amount charged and/or the scope of the work done by completing column 4 and returning the completed bill of costs to the lawyer within 21 days or such other period as may be agreed.

     (4)   In addition to completing column 4, the official liquidator may also serve a written statement of his objections to the amount charged.

     (5)   Proceedings for taxation of the bill of costs shall be commenced (by either party) by lodging the following documents with the taxing officer –

           (a)   an application for taxation in GCR Form 301;

           (b)   the bill of costs, completed in accordance with this Rule;

           (c)   any written statement of objections by the official liquidator;

           (d)   any written reply by the lawyer;  and

           (e)   a copy of the engagement letter or retainer agreement.

**Subsequent Procedure on Taxation (O. 25, r. 4)**

112

4.  (1)  A taxation shall be inquisitorial in nature.

    (2)  The taxing officer shall enquire into the bill of costs and determine the amount to be paid in accordance with Rule 4 for which purpose the taxing officer shall obtain such written explanations from the official liquidator and/or the lawyer as may be appropriate to enable him to make such determination fairly.

    (3)  The taxation shall be conducted in accordance with the Guidelines issued from time to time by the Grand Court Rules Committee pursuant to GCR Order 62, rule 16(3), insofar as such Guidelines relate to taxation on the indemnity basis.

    (4)  The taxing officer may require the lawyer to produce –

         (a)  his time records;

         (b)  his files and any other documents reflecting the work done; and

         (c)  invoices in respect of any disbursements included in the bill of costs.

    (5)  The taxing officer shall not give reasons for any of his decisions.

    (6)  The taxing officer shall send an office copy of his costs certificate to the official liquidator and to the lawyer.

### Criteria Applicable on Taxation (O. 25, r. 5)

4.  (1)  The lawyer is entitled to be fairly remunerated in accordance with the terms of his engagement letter for all work reasonably and properly done on the instructions of the official liquidator.

    (2)  In determining whether the remuneration claimed is fair, the taxing officer shall have regard to all the relevant circumstances, including –

         (a)  the difficulty or novelty of the issues involved;

         (b)  the skill, specialised knowledge and responsibility required of, and the time and labour expended by the attorneys engaged;

         (c)  the number and importance of the relevant documents (however brief) prepared or perused;

         (d)  the overall size of the estate;

         (e)  the amount of money or value attributable to the issues involved; and

         (f)  the overall importance to the liquidation of the issues involved.

113

(3)    In determining whether the work done by the lawyer was reasonably and properly done, the taxing officer shall have regard to all the relevant circumstances, including –

    (a)    the duties of the official liquidator;

    (b)    the instructions given by the official liquidator; and

    (c)    any relevant directions given by the Court.

(4)    Work done by the lawyer shall be presumed not to have been done reasonably and properly if the work done or advice given caused or contributed to a breach of duty on the part of the official liquidator.

114

## ORDER 26

## LIQUIDATION FILES, COMPANY'S BOOKS AND RECORDS AND COURT FILES

### Introduction (O. 26, r. 1)

1.    (1)    This Order applies to all liquidations.

(2)    References in this Order to "official liquidations" shall include supervised liquidations.

(3)    References to this Order to the "liquidator" shall include both an official liquidator and a voluntary liquidator.

### Liquidation Files (O. 26, r. 2)

2.    (1)    It shall be the duty of every liquidator to create and maintain a complete record of all the work done and steps taken in connection with the liquidation (referred to in this Order as "the liquidation files").

(2)    The liquidation files shall include –

(a)    a duplicate of the Court file;

(b)    minutes of the meetings of creditors and/or contributories;

(c)    minutes of the meetings of the liquidation committee;

(d)    liquidator's reports;

(e)    liquidator's accounts;

(f)    proofs of debt and records relating to their adjudication;

(g)    records relating to the collection and realisation of the assets;

(h)    records relating to the liquidation bank accounts;

(i)    liquidator's correspondence; and

(j)    notices sent or published by the liquidator.

(3)    The liquidator shall retain the liquidation files in safe custody for at least 3 years following the dissolution of the company.

(4)    In the event that the official liquidator resigns, dies or is removed from office, he shall forthwith deliver his liquidation files to his successor (although he shall be entitled to make and retain a copy at his own expense).

115

## Company's Books and Records (O. 26, r. 3)

3.    (1)    It shall be the duty of the official liquidator to take possession or control of all the company's books and records, including those maintained in electronic form.

     (2)    The liquidator shall keep the company's books and records in safe custody unless and until he is authorised or directed to destroy them in accordance with the order of the Court (in the case of a compulsory liquidation) or in accordance with a resolution of the company (in the case of a voluntary liquidation).

     (3)    The Court may direct (in the case of a compulsory liquidation) or the company may resolve (in the case of a voluntary liquidation) that particular classes of books and records of the company be destroyed prior to the conclusion of the liquidation on the ground that they are redundant and of no relevance to the liquidation.

     (4)    Upon making an order for dissolution (in the case of a compulsory liquidation), the Court shall give directions in respect of the preservation, storage and destruction of the company's remaining books and records.

     (5)    Notice of the final general meeting (in the case of a voluntary liquidation) shall include a resolution in respect of the preservation, storage and destruction of the company's books and records and, in the event that there is no quorum, the resolution is deemed to have been passed.

     (6)    The cost of post-dissolution storage and destruction of a company's books and records shall be an expense of the liquidation for which provision must be made in the official liquidator's final accounts.

## Rights of access to the Court File (O. 26, r. 4)

4.    (1)    The following persons shall have the right to inspect the Court file in respect of a liquidation proceeding and take copies of filed documents –

          (a)    the liquidator;

          (b)    any former liquidator or controller of the company;

          (c)    any person who was a director or professional service provider of the company immediately before the commencement of the liquidation;

          (d)    the Authority, in the case of a company which carried on a regulated business; and

          (e)    any person stating himself in writing to be a creditor or contributory of the company.

116

(2)   The right of inspection conferred upon a person under this Rule may be exercised on his behalf by an attorney or other person properly authorised to act for him.

(3)   Any other person may inspect the Court file by special leave of the Court.

(4)   The right of inspection conferred by this Rule is not exercisable in respect of any documents (except the petition and Court orders) or parts of any documents which the Court has directed to be sealed pursuant to Order 23, rule 6.

(5)   If, in the case of a person applying to inspect the Court file, the Registrar is not satisfied as to the propriety of the application, he may refuse to allow it, in which case such person may then apply forthwith and *ex parte* to a Judge who may refuse the inspection, allow it or allow it on such terms as he thinks fit.

Made by the Insolvency Rules Committee on the 27th day of November 2017.

The Honourable Justice Andrew J. Jones QC

The Honourable Sam Bulgin QC, Attorney-General

Colin McKie QC, Legal Practitioner

Hector Robinson QC, Legal Practitioner

Simon Conway, Insolvency Practitioner

Jude Scott CPA, Public Accountant

117

## APPENDIX

## PRESCRIBED FORMS (O. 1, R. 7)

### INDEX

| | | |
|---|---|---|
| 1. | Statutory Demand under section 93 | (O. 2, r. 2) |
| 2. | Winding Up Petition | (O. 3, r. 2) |
| 3. | Advertisement of Winding Up Petition | (O. 3, r. 6) |
| 4. | Notice of Appearance | (O. 3, r. 8) |
| 5. | Summons for Directions | (O. 3, r. 11) |
| 6. | Winding Up Order | (O. 3, r. 22) |
| 7. | Order for appointment of Provisional Liquidator pursuant to s. 104(2) | (O. 4, r. 4) |
| 8. | Order for appointment of Provisional Liquidator pursuant to s. 104(3) | (O. 4, r. 7) |
| 9. | Notice of Appointment of Official Liquidator | (O. 5, r. 3) |
| 10. | Notice under Section 101 | (O. 6, r. 1) |
| 11. | Notice under Section 101 | (O. 6, r. 1) |
| 12. | Order for Examination | (O. 7, r. 2) |
| 13. | Official Liquidator's Certificate (Solvency/Insolvency) | (O. 8, r. 1) |
| 14. | Official Liquidator's Revised Certificate (Solvency/Insolvency) | (O. 8, r. 1) |
| 15. | Official Liquidators Certificate (Composition of Liquidation Committee) | (O. 9, r. 1) |
| 16. | Summons (Sanction Application) | (O. 11, r. 1) |
| 17. | Notice of Rectification of Register of Members | (O. 12, r. 3) |
| 18. | Summons (Appeal against Rectification) | (O. 12, r. 4) |
| 19. | Notice of Voluntary Winding Up | (O. 13, r. 2) |
| 20. | Voluntary Liquidator's Consent to Act | (O. 13, r. 2) |
| 21. | Declaration of Solvency | (O. 14, r. 1) |
| 22. | Advertisement of Voluntary Winding Up | (O. 15, r. 5) |
| 23. | Supervision Order | (O. 15, r. 8) |
| 24. | Proof of Debt | (O. 16, r. 2) |
| 25. | Notice of Admission of Proof of Debt | (O. 16, r. 6) |
| 26. | Notice of Rejection of Proof of Debt | (O. 16, r. 6) |
| 27. | Notice of Admission of Deposit Claims | (O. 16, r. 7) |
| 28. | Official Liquidator's Certificate (Currency of Liquidation) | (O. 16, r. 13) |
| 29. | Notice (Contingent Claims) | (O. 16, r. 16) |
| 30. | Summons (Appeal against rejection of proof of debt) | (O. 16, r. 18) |
| 31. | Summons (Application to expunge a proof of debt) | (O. 16, r. 21) |
| 32. | Notice of Intention to Declare Interim Dividend | (O. 18, r. 6) |
| 33. | Notice of Intention to Declare Final Dividend | (O. 18, r.7) |
| 34. | Notice of Final Dividend | (O. 18, r. 7) |
| 35. | Notice of Call | (O. 19, r. 2) |
| 36. | Order for Dissolution | (O. 22, r. 2) |
| 37. | Voluntary Liquidator's Final Return to the Registrar | (O. 13, r. 12) |

## CWR Form No 1

### Statutory Demand under section 93 of the Companies Law (O. 2, r. 2)

#### THE COMPANIES LAW

#### STATUTORY DEMAND UNDER SECTION 93

To : [*State full name of debtor company*] (the "Company")

Address: [*State the address of the registered office of the debtor company*]

This demand is served on the Company by -

Name: [*state full name of the creditor*] (the "Creditor")

Address: [*State the address of the Creditor*]

The Creditor claims that the Company owes the sum of [*state the currency and principal amount of the debt*] and interest of [*if applicable, state the amount of interest accrued due as at the date of the statutory demand*] calculated up to and including the date of this demand, being a total indebtedness of [*state total amount*] particulars of which are stated overleaf.

The Creditor demands that the Company do pay this debt or secure or compound for it to the Creditor's satisfaction.

If payment of this debt is not made within twenty-one (21) days of the date upon which this statutory demand is served on the Company's registered office, the Company will be deemed to be insolvent and a winding up petition may be presented against the Company in accordance with section 92(d) of the Companies Law.

Dated this        day of        20

_____

Signature

Title: [*State the name of the person signing and the basis upon which he is authorised to do so on behalf of the Creditor*]

Address: [*State address and contact details of the person who signed the statutory demand on behalf of the Creditor*]

## PARTICULARS OF THE DEBT

*[State in narrative form full details of the way in which the debt arose, including the consideration for it. For example, if the debt arose pursuant to a written contract, the contract documentation should be clearly identified. Documents evidencing the amount of the debt, such as statements of account or invoices, should be identified. If the demand includes interest, full particulars of the basis upon which interest is payable should be set out together with a calculation of the amount due. Relevant documents may be annexed, but the statutory demand itself must contain in narrative form a clear and concise statement of the amount due and the basis upon which the debt arose.]*

*[If the Creditor is the assignee of a debt, particulars of the assignment must be stated, including the date upon which notice of assignment was served upon the Company.]*

## HOW TO COMPLY WITH THIS STATUTORY DEMAND

1.  If the Company wishes to avoid a winding up petition being presented, the amount due must be paid within twenty-one (21) days.

2.  Alternatively, it is open to the Company to seek to negotiate a settlement with the Creditor, failing which the amount due must be paid within twenty-one (21) days.

3.  Payment may be made by transferring funds to the Creditor's account at *[state full details of the Creditor's bank account and all necessary wire transfer instructions]*.

4.  *[Set out any alternative methods of payment acceptable to the Creditor.]*

## CWR Form No. 2

### Winding Up Petition (O. 3, r. 2)

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

FSD CAUSE NO.    OF 20___

IN THE MATTER OF the Companies Law
AND IN THE MATTER OF [*state name of company*]
[[*on contributory's petition*]

[*BETWEEN*]

[*Petitioner*]

[*AND*]

[*Respondent(s)*]]]

### WINDING UP PETITION

#### To the Grand Court

The humble petition of [*state name and address of petitioner*] shows that:-

1.    [*Set out particulars of the company's incorporation including the date of its incorporation, registration number, details of any name changes and its current registered office.*]

2.    [*If the company is a foreign company, state the basis upon which it is alleged the Court has jurisdiction to make a winding up order in respect of it.*]

3.    [*Set out a description of the company's business to the extent that this is known to the petitioner, including a statement about the countries in which it carries on its business.*]

4.    [*Set out a concise statement of the grounds upon which the petitioner claims to be entitled to a winding up order.*]

5.    [*State the full name and address of the qualified insolvency practitioner (and any foreign practitioner) whom the petitioner is nominating for appointment as official liquidator.*]

Your Petitioner(s) therefore humbly pray(s) that:-

(1)    The Company be wound up in accordance with the Companies Law.

(2)    [*State name and address of official liquidator*] be appointed as official liquidator of the Company.

(3)     [*Any other orders and directions*].

AND your Petitioner will ever pray etc.

Dated the          day of      20___.

_____

[*Signature of Petitioner's Attorney*]

**NOTE**: This petition is intended to be served on the Company and [*state name(s) and address(es) of any other persons upon whom it is intended to serve the petition*].

This Petition was presented by [*name of Petitioner or his Attorney*] whose address for service is *state address within the jurisdiction*] [*Attorney for the Petitioner*].

## NOTICE OF HEARING

TAKE NOTICE THAT the hearing of this petition will take place at the Law Courts, George Town, Grand Cayman, on [*state the hearing date*] at 10.00am.

Any correspondence or communication with the Court relating to the hearing of this petition should be addressed to the Registrar of the Financial Services Division of the Grand Court at PO Box 495, Grand Cayman, KY1-1106, telephone 345 949 4296.

## CWR Form No. 3

### Advertisement of Winding Up Petition (0.3, r.6)

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

FSD CAUSE NO:     OF 20___

IN THE MATTER OF the Companies Law

AND IN THE MATTER OF [*state name of company*]

TAKE NOTICE that a petition for an order that [*state name of company*] whose registered office is situated at [*state address*] (the "Company") be put into liquidation and wound up in accordance with the provisions of the Companies Law has been presented to the Grand Court of the Cayman Islands.

The petition was presented by [*state full name, address and contact details of the creditor*]. Copies of the petition and supporting affidavits may be obtained free of charge from the petitioner's attorneys [*state address and contact details*].

The Petition seeks an order that [*state full name, address and contact details of the qualified insolvency practitioner(s) nominated for appointment as official liquidator(s)* ] be appointed as official liquidators of the Company.

AND FURTHER TAKE NOTICE that the hearing of the petition will take place on [*state date*] at the Law Courts, George Town, Grand Cayman at 10.00 am . Any creditor or shareholder of the Company may be heard on the questions whether or not a winding up order should be made and, if a winding up order is made, who should be appointed as official liquidator(s) of the Company. Any creditor or shareholder who opposes the appointment of [*state name of Petitioner's nominee*] must nominate an alternative qualified insolvency practitioner(s) who consents to act and has sworn an affidavit complying with the requirements of the Companies Winding Up Rules, Order 3, rule 4.

**CWR Form No 4**

**Notice of Appearance (O. 3, r. 8)**

IN THE GRAND COURT OF THE CAYMAN ISLANDS

FINANCIAL SERVICES DIVISION

FSD CAUSE NO:    OF 20____

IN THE MATTER OF the Companies Law

AND IN THE MATTER OF [*state name of company*]

NOTICE OF APPEARANCE

TAKE NOTICE that [*state name and address*] intends to appear on the hearing of the winding up petition to [*support/oppose*] the making of a winding up order [*and/or*] [*support/oppose*] the appointment of [*state names*] as official liquidator of the Company.

AND FURTHER TAKE NOTICE that [*state name*] is a [*creditor to whom the Company owes $* ] [*the registered holder of* _____ *shares of the Company*].

Dated this            day of            20__.

_____

[Attorney's signature]

This Notice is served by [*state name, address and contact details of the attorneys acting on behalf of the creditor or shareholder*]

**CWR Form No. 5**

**Summons for Directions (0.3, r.11)**

IN THE GRAND COURT OF THE CAYMAN ISLANDS

FINANCIAL SERVICES DIVISION

FSD CAUSE NO:  OF 20__

IN THE MATTER OF the Companies Law

AND IN THE MATTER OF [*state name of company*]

BETWEEN

Petitioner

AND

Respondent(s)

**SUMMONS FOR DIRECTIONS**

LET THE PARTIES attend before the Mr Justice [*state name of assigned Judge*] in Chambers at the Law Courts, George Town, Grand Cayman on [*state date*] at [*state precise time*] upon an application by the Petitioner for the following orders:

1.    [*set out in numbered paragraphs the precise relief sought by reference to the matters contained in CWR Order 3, Rule 12(1).*]

2.    Such further or other directions as the Court sees fit.

Dated this    day of    20__.

_____

[*Signature of Applicant's Attorney*]

TO:     The Registrar of the Financial Services Division

AND TO:     1. the Company

2. [*list the names and addresses of all the shareholders upon whom it is intended to serve the Summons for Directions.*]

TIME ESTIMATE: The estimated length of the hearing of this summons is [*state time*].

This Summons for Directions was issued by [*state name, address and contact details of the attorneys acting on behalf of the petitioner*].

**CWR Form No 6**

**Winding Up Order (O. 3, r. 16)**

IN THE GRAND COURT OF THE CAYMAN ISLANDS

FINANCIAL SERVICES DIVISION

                                                   FSD CAUSE NO:    OF 20___

The Honourable Mr(s) Justice [    ]

In Open Court

[date]

IN THE MATTER OF THE COMPANIES LAW

AND IN THE MATTER OF [*state name of company*]

[[*on contributory's petition*]

[*BETWEEN*]

                                                               [*Petitioner*]

[*AND*]

                                                     [*Respondent(s)*]]]

**WINDING UP ORDER**

UPON the application of [*state name of petitioner*] upon its petition dated [*state date*] for an order that [*state name of Company*] (the "Company") be wound up.

AND UPON hearing counsel for the petitioner [*and the Company and any other persons who were heard*] AND UPON reading [*set out details of all the relevant affidavits*]

IT IS ORDERED that :-

1.    The Company be wound up in accordance with the Companies Law.

2.    [*state name and address*] be appointed official liquidator of the Company.

3.    [*if any further directions are made at the hearing of the petition, these directions may be set out in the winding up order or in a separate order for directions*].

4.    The petitioner's costs shall be paid out of the assets of the Company as an expense of the liquidation, such costs to be taxed if not agreed with the official liquidator(s).

5.    [*any other orders for costs*].


Dated the    day of              20____
Filed the    day of              20__


_____

The Honourable Mr(s) Justice [*name of assigned Judge*]
JUDGE OF THE GRAND COURT

This Order was filed by [*state name, address and contact details of the attorneys acting on behalf of the petitioner*].

**CWR Form No 7**

**Order for Appointment of Provisional Liquidator upon the application of a creditor or
contributory (O. 4, r. 4)**

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

                                        FSD CAUSE NO:        OF 20___

The Honourable Mr(s) Justice [        ]

In [*Chambers*][*Open Court*]

[date]


IN THE MATTER OF the Companies Law

AND IN THE MATTER OF [*state name of company*]
[[*on contributory's petition*]

[*BETWEEN*]

                                                            [*Petitioner*]

[*AND*]

                                                        [*Respondent(s)*]]]


ORDER FOR APPOINTMENT OF PROVISIONAL LIQUIDATOR

UPON the application of [*state name of petitioner/applicant*] upon its Summons dated [*state date*]
for an order that [*state name of provisional liquidator*] be appointed provisional liquidator of [*name
of company*] (the "Company").

AND UPON hearing counsel for the [*petitioner/applicant*] [*and the Company and any other persons
who were heard*]

AND UPON reading the petition.

AND UPON reading [*set out details of all the relevant affidavits*]

AND UPON the [*petitioner/applicant*] undertaking by its counsel to pay any damage suffered by the Company as a result of this order and/or the appointment of the provisional liquidator in the event that the winding up petition is ultimately withdrawn or dismissed.

IT IS ORDERED that :-

1.   [*state name and address*] be appointed provisional liquidator of the Company ("the Provisional Liquidator").

2.   The Provisional Liquidator is hereby authorised [*set out the scope of the provisional liquidator's authority in numbered sub-paragraphs*].

3.   The Provisional Liquidator is directed [*set out any specific directions in numbered sub-paragraphs*].

4.   The Company's directors are hereby authorised [*set out the scope of the powers, if any, which the directors are authorised to exercise*].

5.   The winding up petition shall be advertised [*state countries or newspapers in which advertisements are to be published*] no later than [*state date*].

6.   The petition shall be heard on [*state date*] at 10.00am.

Dated the     day of     20___

Filed the     day of     20___

_____
The Honourable Mr(s) Justice [*name of assigned Judge*]
JUDGE OF THE GRAND COURT

This Order was filed by [*state name, address and contact details of the attorneys acting on behalf of the petitioner/applicant*].

**CWR Form No 8**

**Order for Appointment of Provisional Liquidator**
**upon the application of the Company (O. 4, r. 7)**

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

FSD CAUSE NO:       OF 20__

IN THE MATTER OF the Companies Law

AND IN THE MATTER OF [*state name of company*]
The Honourable Mr(s) Justice [       ]
In [*Chambers*][*Open Court*]
[date]

### ORDER FOR APPOINTMENT OF PROVISIONAL LIQUIDATOR

UPON the application of [*state name of the company*] (the "Company") upon its [*ex parte*]
Summons for an order that [*state name of provisional liquidator*] (the "Provisional Liquidator") be
appointed Provisional Liquidator. AND UPON hearing counsel for the Company [*and any other
persons who were heard*]

AND UPON reading the petition.

AND UPON reading [*set out details of all the relevant affidavits*] IT IS ORDERED that :-

1.      [*state name and address*] be appointed Provisional Liquidator of the Company.

2.      The Provisional Liquidator is hereby authorised [*set out the scope of the provisional
liquidator's authority in numbered sub-paragraphs*].

3.      The Provisional Liquidator is directed to

    (a)    [*prepare and publish a report about the financial condition of the Company*]

    (b)    [*prepare/advise upon the preparation of a scheme of arrangement*]

    (c)    [*appoint a liquidation committee*]

(d)    [*other specific directions*]

4.    The Company's directors are hereby authorised [*set out the scope of the powers, which the directors are authorised to continue to exercise*].

5.    The remuneration and expenses of the Provisional Liquidator shall be paid out of the assets of the Company in any event.

6.    The winding up petition shall be adjourned to a date to be fixed upon the application of the directors of the Company or upon the application of any creditor or contributory.

Dated the    day of    20__

Filed the    day of    20__

_____

The Honourable Mr(s) Justice [*name of assigned Judge*]
JUDGE OF THE GRAND COURT

This Order was filed by [*state name, address and contact details of the attorneys acting on behalf of the Company*].

**CWR Form No 9**

**Notice of Appointment of Official Liquidator (O. 5, r. 3)**

THE COMPANIES LAW

NOTICE OF APPOINTMENT OF OFFICIAL LIQUIDATOR

[*Name of company*] (In liquidation)

TAKE NOTICE that by order of the Grand Court made on [*state date*] [*state name of company*], registration number [ ] whose registered office is situated at [*state address*], was ordered to be wound up in accordance with the Companies Law.

AND FURTHER TAKE NOTICE that [*state name and contact details*] has been appointed as official liquidator of the Company.

Dated this          day of          20__.

_____

[*Signature of official liquidator*]

**CWR Form No 10**

**Notice requiring submission of a statement of affairs (O. 6, r. 1)**

THE COMPANIES LAW

NOTICE UNDER SECTION 101

[*Name of company*] (In liquidation)

To:    [*State full name and address of deponent*]

You are hereby required to make a Statement of Affairs in respect of the above-named Company.

Take notice that –

1.     Your Statement of Affairs should be prepared in the form of the draft enclosed herewith and must address all the matters reflected in the draft.

2.     Guidance notes are enclosed for your assistance.

3.     The Official Liquidator has also served notice under Section 101 of the Companies Law upon the persons listed on page [*2*] of this Notice.

4.     You will be given access to the Company's books and records at the offices of the Official Liquidator at [*state relevant address*] during the hours of 8.30am to 5.00pm on weekdays.

5.     You may apply to the Official Liquidator for reimbursement of any expenses reasonably and properly incurred in complying with this Notice.

6.     Your Statement of Affairs must be completed, exhibited to a verifying affidavit and delivered to the Official Liquidator on [*state date*] or such later date as may be agreed in writing with the Official Liquidator.

And further take notice that if you fail, without reasonable excuse, to comply with this Notice, you are liable to be prosecuted and fined up to CI$10,000.

Dated this        day of        20___ .

_____
[*Signature of Official Liquidator*]

[*Full name, address and contact details of Official Liquidator*]

LIST OF PERSONS ON WHOM NOTICE UNDER SECTION 101 HAVE BEEN SERVED

[*List the full names and addresses of all the other individuals and/or service providers upon whom notices have been served.*]

**CWR Form No 11**

**Notice requiring a person to state whether he concurs with a statement of affairs (O. 6, r. 1)**

THE COMPANIES LAW

NOTICE UNDER SECTION 101

[*Name of company*] (In liquidation)

To : [*State full name and address of deponent*]

You are hereby required to state whether or not you concur with the Statement of Affairs prepared and signed by [*state name(s) of relevant person(s)*] on [*state date*], a copy of which is served herewith.

Take notice that –

1.  You are required to state whether or not you agree that the Statement of Affairs constitutes a true and accurate reflection of the Company's financial position.

2.  You are required to make all such enquiries as may be necessary or appropriate to enable you to make an informed decision.

3.  Guidance notes are enclosed for your assistance.

4.  The Official Liquidator has also served notice under Section 101 of the Companies Law upon the persons listed on page [*2*] of this Notice.

5.  You will be given access to the Company's books and records at the offices of the Official Liquidator at [*state relevant address*] during the hours of 8.30am to 5.00pm on weekdays.

6.    You may apply to the Official Liquidator for reimbursement of any expenses reasonably and
      properly incurred in complying with this Notice.

7.    If you concur with the Statement of Affairs, you must swear a verifying affidavit stating that
      you concur and your affidavit must be delivered to the Official Liquidator on [*state date*] or
      such later date as may be agreed in writing with the Official Liquidator.

8.    If you do not concur with the Statement of Affairs, your reasons for not doing so must be
      stated in an affidavit which must be delivered to the Official Liquidator on [*state date*] or
      such later date as may be agreed in writing with the Official Liquidator.


And further take notice that if you fail, without reasonable excuse, to comply with this Notice, you
are liable to be prosecuted and fined up to CI$10,000.


Dated this      day of        20___ .



_____

[*Signature of Official Liquidator*]

[*Full name, address and contact details of Official Liquidator*]



LIST OF PERSONS ON WHOM NOTICE UNDER SECTION 101 HAVE BEEN SERVED

[*List the full names and addresses of all the other individuals and/or service providers upon whom
notices have been served.*]

**CWR Form No. 12**

**Order for Examination (O.7, r.2)**

IN THE GRAND COURT OF THE CAYMANISLANDS
FINANCIAL SERVICES DIVISION

In [Open Court][Chambers]

[*date of order*]

The Honourable Mr(s) Justice [      ]

FSD CAUSE NO:    OF 20___

IN THE MATTER OF the Companies Law

AND IN THE MATTER OF [*state name of company*]

AND BETWEEN:   [*State name of official liquidator*]

Applicant

AND:   [*State name of examinee*]

Respondent

<u>ORDER FOR TO DELIVER UP DOCUMENTS AND/OR FOR EXAMINATION</u>

UPON the application of the official liquidator pursuant to section 103(3) of the Companies Law by his summons dated [*state date*] for an order that [*state name of the examinee*] (the "Examinee") deliver up documents to the official liquidator and/or be examined by the official liquidator.

AND UPON reading [*set out details of all the relevant affidavits*]

AND UPON hearing counsel for the parties

[AND UPON counsel for the official liquidator undertaking on his behalf [*set out undertakings*]]

IT IS ORDERED that:-

1.   The Examinee shall deliver up to the official liquidator all of the documents specified in Schedule One to this order on or before [*state date*].

2.   For the purpose of the [*examination*][*Interrogatories*] referred to in this Order, on or before [*state date*] the official liquidator shall provide to the Examinee copies of all of the documents specified in Schedule Two to this Order.

[*If the official liquidator seeks an order that the Examinee swear an affidavit in answer to written interrogatories,* [The official liquidator shall, on or before [*state date*] serve on the Examinee written interrogatories in substantially the same form as annexed to this Order (the "Interrogatories")].]

3.    The Examinee shall -

[attend at [*state address in the Cayman Islands*] on [*state date*] at [*state time*] (or at such other place in the Cayman Islands and on such other date and time as may be agreed with the official liquidator) to be examined orally and on oath by or on behalf of the official liquidator about the matters described in Schedule Three to this order.]

[on or before [*state date*] swear, and serve on the official liquidator, an affidavit in answer to the Interrogatories]

[*and if an oral examination is ordered* -]

4.    The examination may be adjourned from time to time. Each session of the examination shall last no more than four (4) hours and the examination shall not last longer than [*state time*] in total without a further order of the Court.

5.    The Examinee shall be entitled to have his attorney present at the examination, but such attorney shall not be entitled to participate in the examination by putting questions to the examinee unless permitted to do so by the official liquidator.

6.    The examination shall be conducted in the form of questions and answers. The examination shall be recorded by a court reporter. The court reporter shall prepare a transcription of the examination and certify it as a complete and accurate transcription.

7.    The court reporter shall record the names and addresses of all the persons present and the times(s) at which the examination commenced and finished.

8.    If the official liquidator requires a document referred to during the examination to be exhibited to the transcript then it shall be exhibited to the transcript.

[*and whether interrogatories or an examination is ordered* - ]

9.     The Examinee shall answer all the questions put to him in the [*examination*]
[*Interrogatories*] (subject to any claim of self-incrimination or legal professional privilege)
which are within his knowledge or means of knowledge regarding any matter within the
scope of this Order. If required to do so by the official liquidator, the Examinee shall provide
the names and addresses of any person who reasonably might be expected to have knowledge
of any question put to the Examinee.

10.    If the Examinee objects to answering any question put to him, he shall state the grounds of
his objection. If the Examinee has objected to answering any question put to him then the
official liquidator may apply to the Court for an order that the Examinee answer the question.
Any such application shall be made on notice to the Examinee on not less than [*number*] of
days' notice.

11.    [*further or other directions*]

| Dated the | day of | 20___ |
| Filed the | day of | 20___ |

_____

The Honourable Mr(s) Justice [*name of assigned Judge*]
JUDGE OF THE GRAND COURT

**CWR Form No 13**

**Official Liquidator's certificate (Solvency/Insolvency) (O. 8, r. 1)**

THE COMPANIES LAW

OFFICIAL LIQUIDATOR'S CERTIFICATE

[*Name of company*] (In liquidation)

Grand Court FSD Cause No:        of 20__

TAKE NOTICE that the Official Liquidator hereby certifies that he has determined that the above-named Company should be treated as [*solvent, insolvent or of doubtful solvency, as the case may be*], for the purposes of section 110(4) of the Companies Law and CWR Orders 8 and 9.

AND FURTHER TAKE NOTICE that the Official Liquidator may change his determination from time to time in the light of changes of relevant circumstances and/or his assessment of the Company's financial position.

Dated this        day of        20__ .

_____

[*Signature of Official Liquidator*]

[*Full name, address and contact details of Official Liquidator*]

## CWR Form No 14

### Official Liquidator's Revised Certificate (Solvency/Insolvency) (O. 8, r. 1)

#### THE COMPANIES LAW

#### OFFICIAL LIQUIDATOR'S REVISED CERTIFICATE

[*Name of company*] (In liquidation)

Grand Court FSD Cause No:       of 20__

BY a certificate dated [*insert date*] and filed on [*insert date*] the Official Liquidator certified that he had determined that the above-named Company should be treated as [*solvent, insolvent or of doubtful solvency, as the case may be*], for the purposes of section 110(4) of the Companies Law and CWR Orders 8 and 9.

TAKE NOTICE that the Official Liquidator has changed his determination and hereby certifies that he has determined that the above-named Company should be treated as [*solvent, insolvent or of doubtful solvency, as the case may be*], for the purposes of section 110(4) of the Companies Law and CWR Orders 8 and 9 with effect from the date of this Notice.

AND FURTHER TAKE NOTICE that the Official Liquidator may change his determination again in the light of further changes of relevant circumstances and/or his assessment of the Company's financial position.

Dated this       day of       20__ .

_____
[*Signature of Official Liquidator*]

[*Full name, address and contact details of Official Liquidator*]

**CWR Form No 15**

**Official Liquidator's Certificate (Composition of Liquidation Committee) (O. 9, r. 1)**

THE COMPANIES LAW

OFFICIAL LIQUIDATOR'S CERTIFICATE

COMPOSITION OF LIQUIDATION COMMITTEE

[*Name of company*] (In liquidation)

Grand Court FSD Cause No:        of 20___

The Official Liquidator hereby certifies that a liquidation committee has been constituted on the basis that he has determined the Company to be [*solvent, insolvent or of doubtful solvency, as the case may be*] for the purposes of section 110(4) of the Companies Law and CWR Order 9 and that the following [*creditors or and contributories, as the case may be*] have been appointed.

1.      [*State name of individual*], representing [*state name of creditor or contributory as the case may be*] of [*state address and contact details*].

2.      [*List each of the members*]

Dated this        day of        20___ .

_____
[*Signature of Official Liquidator*]
[*Full name, address and contact details of Official Liquidator*]

## CWR Form No 16

### Summons (Sanction Application) (O. 11, r. 1)

IN THE GRAND COURT O FTHE CAYMAN ISLANDS

FINANCIAL SERVICES DIVISION

FSD CAUSE NO:      OF 20__

IN THE MATTER OF the Companies Law

AND IN THE MATTER OF [*state name of company*]

### SUMMONS

LET all parties concerned attend before Mr(s) Justice [*name of assigned Judge*] in Chambers at the Law Courts, George Town, Grand Cayman on [*state date*] at [*state precise time*] upon an application by the official liquidator [*or creditor/contributory as the case may be*] for the following orders and directions: -

1.      [*set out in numbered paragraphs the relief sought*].

2.    [                                        ].

Dated this       day of        20__.

_____
[*Signature of Applicant's Attorney*]

TO:      The Registrar of the Financial Services Division

AND TO:      [*state the names and addresses of each member of the liquidation committee*]

            [*alternatively state the name and address of counsel to the liquidation committee, if counsel has been appointed with power to act generally*]

TIME ESTIMATE: The estimated length of the hearing of this summons is [*state time*].

This Summons was issued by [*state name, address and contact details of the attorneys acting on behalf of the official liquidator*].

**CWR Form No 17**

## Notice of Rectification of Register of Members (O. 12, r. 3)

### THE COMPANIES LAW

### NOTICE OF RECTIFICATION OF REGISTER OF MEMBERS

[*Name of company*] (In liquidation)

Grand Court FSD Cause No:        of 20___

TAKE NOTICE that in the exercise of the powers contained in Section 112 of the Companies Law and CWR Order 12, the Official Liquidator of the above-named Company has rectified its register of members.

AND FURTHER TAKE NOTICE that the grounds upon which the Official Liquidator exercised his powers, the methodology adopted by the Official Liquidator for rectifying the register and an explanation of the way in which the rectified register differs from that created by authority of the directors is contained in the Report served herewith. Copies of the original register and the rectified register are contained in the Appendix to the Report.

AND FURTHER TAKE NOTICE that any member or former member of the above-named Company who is dissatisfied with the Official Liquidator's decision to exercise his powers to rectify the register and/or is dissatisfied in the manner in which the register has been rectified has a right of appeal to the Grand Court. An appeal must be made by summons in CWR Form No 18 which must be served upon the Official Liquidator within ninety (90) days from the date from which this Notice is filed.

Dated this        day of        20___ .

_____

[*Signature of Official Liquidator*]

[*Full name, address and contact details of Official Liquidator*]

**CWR Form No 18**

**Summons (Appeal against Rectification of the Register of Members) (O. 12, r. 4)**

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

FSD CAUSE NO:     OF 20___

IN THE MATTER OF the Companies Law
AND IN THE MATTER OF [*state name of company*]

SUMMONS

LET the official liquidator attend before Mr(s) Justice [*name of assigned Judge*] in Chambers at the
Law Courts, George Town, Grand Cayman on [*state date*] at [*state precise time*] upon an application
by [*state name and address of appellant*] for an order that: -

3.    The official liquidator's decision to exercise their powers to rectify the register of members
      be set aside on the grounds that [*summarise the grounds upon which it is said that he was not
      entitled to exercise his powers*].

Alternatively

2.    The official liquidator's rectification of the Company's register of members (as set out in his
      notice of rectification dated [*state date*]) be varied on the ground that the official liquidator
      exercised his powers in a manner in which no liquidator could reasonably have done in all
      the circumstances.

3.    The grounds upon which the appellant relies are [*the grounds may be summarised in the
      summons or set out in the expert report served with the summons*].

4.    The official liquidator ought to have rectified the Company's register of members in the
      following manner: -

[*The alternative rectification contended for by the appellant may be set out in the summons or in an expert report served with the summons*]

And

5.    The Court give directions as to the service of this summons.

6.    [*an order that the appellant's costs of this summons be paid out of the assets of the company, such costs to be taxed if not agreed with the official liquidator*].

Dated this    day of    20__.

_____
[*Signature of Appellant's Attorney*]

TO:    The Registrar of the Financial Services Division
AND TO:    The official liquidator

TIME ESTIMATE: The estimated length of the hearing of this summons is [*state time*].

This Summons was issued by [*state name, address and contact details of the attorneys acting on behalf of the appellant*].

## CWR Form No 19

## Notice of Voluntary Winding Up (O. 13, r. 2)

### THE COMPANIES LAW

### NOTICE OF VOLUNTARY WINDING UP

[*Name of company*] (In voluntary liquidation)

Registration No____

To:    The Registrar of Companies

TAKE NOTICE that the above-named Company was put into liquidation on [*state commencement date*] by a special resolution passed at an extraordinary meeting of the Company held on [*state date*] [*or as the case may be*].

AND FURTHER TAKE NOTICE  that [*state name*] of [*state address and contact details*] has been appointed voluntary liquidator of the Company.

Dated this      day of        20___ .

_____

[*Signature of Voluntary Liquidator or Director as the case may be*]

[*Full name, address and contact details of any person other than the Voluntary Liquidator who files this form*]

## CWR Form No 20

### Voluntary Liquidator's Consent to Act (O. 13, r. 2)

#### THE COMPANIES LAW

#### VOLUNTARY LIQUIDATOR'S CONSENT TO ACT

[*Name of company*] (In voluntary liquidation)

Registration No____

To:     The Registrar of Companies

TAKE NOTICE that I/we, [*state name(s)*] of [*in the event that he accepts appointment in the ordinary course of his business as a corporate manager or insolvency practitioner, state the name of his firm*] of [*state address and contact details*] hereby consent to act as Voluntary Liquidator of the above-named Company with effect from the commencement of the liquidation [*or, if the appointment is made following the resignation, death or removal of the previous voluntary liquidator, the date upon which the appointment takes effect*].

Dated this     day of          20___ .

_____

[*Signature of Voluntary Liquidator*]

## CWR Form No 21

### Declaration of Solvency (O. 14, r. 1)

#### THE COMPANIES LAW

#### DECLARATION OF SOLVENCY

[*Name of company*] (In voluntary liquidation)

Registration No \_\_\_\_

I/we, [*state the name or names of the directors*], being a director of the Company do solemnly and sincerely declare that I/we have made a full inquiry into the affairs of the Company and that, having done so, we believe that the Company will be able to pay its debts in full, together with interest at the prescribed rate within a period of twelve (12) months from the commencement of the winding up [*or state a shorter period*].

1.
   [*Signature of Director*]
   [*Full Name and Address of Director*] [*Date*]

2.
   [*Signature of Director*]
   [*Full Name and Address of Director*] [*Date*]

3    *etc.*

[*The Declaration of Solvency must be signed by all the directors*]

*A person who knowingly makes a declaration without having reasonable grounds for the opinion that the company will be able to pay its debts in full, together with interest at the prescribed rate, within the period specified commits an offence and is liable on summary conviction to a fine of ten thousand dollars and to imprisonment for two years.*

## CWR Form No 22

### Advertisement (Application for Supervision Order) (O. 15, r. 5)

#### THE COMPANIES LAW

[*Name of company*] (In voluntary liquidation) (the "Company")

Grand Court FSD Cause No:    OF 20__

TAKE NOTICE that: -

1.  The above-named company was put in to voluntary liquidation on [*state commencement date*] and [*state the name, address and contact details*] was appointed as voluntary liquidator of the Company (the "Voluntary Liquidator").

2.  A petition has been presented to the Grand Court of the Cayman Islands, for an order that the liquidation continue under the supervision of the Grand Court and that [*the Voluntary Liquidator*] [*alternatively, state the name address and contact details of the qualified insolvency practitioner nominated for appointment*] be appointed as official liquidator of the Company .

3.  The hearing of the petition will take place at the Law Courts, George Town, Grand Cayman on [*state date*] at [*state time*].

4.  Any creditor or shareholder of the Company is entitled to appear at the hearing of the petition for the purpose of being heard upon the question of who should be appointed as official liquidator of the Company provided that he gives at least three (3) days' notice of his intention to do so to the Voluntary Liquidator. Any creditor or shareholder who opposes the appointment of [*state name of the petitioner's nominee*] must nominate an alternative qualified insolvency practitioner who consents to act and has sworn an affidavit complying with the requirements of the Companies Winding Up Rules, Order 3, rule 4.

Dated this      day of           20__ .

_____
[*Signature of Voluntary Liquidator*]

## CWR Form No 23

### Supervision Order (O. 15, r. 8)

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

FSD CAUSE NO:          OF 20___

IN THE MATTER OF the Companies Law

AND IN THE MATTER OF [*state name of company*]

The Honourable Mr(s) Justice [          ]

In [*Chambers*][*Open Court*]

[date]

### SUPERVISION ORDER

UPON   the application of [*state name and address of voluntary liquidator*] (the "Voluntary Liquidator") by his petition for an order that the liquidation of [*state name of Company*] (the "Company") continue under the supervision of the Court.

AND UPON [*hearing counsel for the Voluntary Liquidator* [*and any persons who were heard*]][*the Court being satisfied that the application may be determined on the papers without an oral hearing*]

AND UPON reading the verifying affidavit sworn by the Voluntary Liquidator on [*state date*] [*and* [*set out details of all other relevant affidavits*]].

AND UPON the Court being satisfied that the Voluntary Liquidator is a qualified insolvency practitioner [*or, alternatively, upon reading the affidavit of the qualified insolvency practitioner nominated for appointment in place of the voluntary liquidator*]

IT IS ORDERED that :-

1.   The liquidation of the Company be continued under the supervision of the Court.

2.   [*state name and address*] be appointed official liquidator of the Company.

3.   [*if any further directions are made at the hearing of the petition, these directions may be set out in the supervision order or in a separate order for directions*].

4.   The Voluntary Liquidator's costs of this petition shall be paid out of the assets of the Company as an expense of the liquidation, such costs to be taxed if not agreed with the official liquidator.

Dated the      day of      20

Filed the      day of      20__

_____

The Honourable Mr(s) Justice [*name of assigned Judge*]

JUDGE OF THE GRAND COURT

This Order was filed by [*state name, address and contact details of the attorneys acting on behalf of the Voluntary Liquidator*].

## CWR Form No 24

### Proof of Debt (standard form) (O. 16, r. 2)

THE COMPANIES LAW

PROOF OF DEBT

[*Name of company*] (In liquidation) Grand Court FSD Cause No:      of 20___

| 1 | Creditor's Name | |
|---|---|---|
| 2 | Creditor's Address | |
| 3 | Amount of claim | |
| | Principal | |
| | Interest (if any) | |
| | Total | |
| 4 | Summarise the basis upon which the claim arises | |
| 5 | List of supporting documentation (copies of which must be attached) | |

| 6 | Summarise basis for interest claim | |
|---|---|---|
| 7 | Interest calculation | |
| 8 | Particulars of any security held including a list of the relevant documentation | |
| 9 | Value of the security and date of valuation | |

Dated this        day of           20___ .

_____

[*Signature of Creditor*]

[*State the name of the person signing the proof of debt, the capacity in which he is authorised to sign on behalf of the creditor and his contact details.*]

**CWR Form No 25**

**Notice of Admission of Proof of Debt (O. 16, r. 6)**

THE COMPANIES LAW

NOTICE OF ADMISSION OF PROOF OF DEBT

[*Name of company*] (In liquidation)

Grand Court FSD Cause No:     of  20__

TO:     [*state Creditor's name and address*]

TAKE NOTICE that the Official Liquidator has adjudicated upon your proof of debt dated [*state date*] [*and if the proof has been amended state the date of the amended proof*] and hereby admits your claim for the full amount of [*state amount*].

Dated this      day of      20__ .

_____

[*Signature of Official Liquidator*]

[*State Official Liquidator's name, address and contact details*]

### CWR Form No 26

#### Notice of Rejection of Proof of Debt (O. 16, r. 6)

#### THE COMPANIES LAW

#### NOTICE OF REJECTION OF PROOF OF DEBT

[*Name of company*] (In liquidation)

Grand Court FSD Cause No:        of 20___

TO:      [*state Creditor's name and address*]

TAKE NOTICE that the Official Liquidator has adjudicated upon your proof of debt dated [*state
date*] [*and if the proof has been amended state the date of the amended proof*] and hereby rejects
your claim in full [*or state the extent to which it is admitted and the state the extent to which it is
rejected*].

AND FURTHER TAKE NOTICE that your claim was rejected [*or partially rejected as the case
may be*] for the following reasons [*which may be set out in this form or attached in a separate
document*].

AND FURTHER TAKE NOTICE that you have the right to appeal to a Judge of the Grand Court for
an order that the Official Liquidator's decision be reversed or varied. Any appeal must be made by
summons in CWR Form No 31 which must be served upon the Official Liquidator no later than
twenty-one (21) days after receipt of this Notice.

Dated this        day of        20___ .

_____

[*Signature of Official Liquidator*]

[*State Official Liquidator's name, address and contact details*]

## CWR Form No 27

### Notice of Admission (Bank deposit claims) (O. 16, r. 7)

#### THE COMPANIES LAW

#### NOTICE OF ADMISSION OF DEPOSIT CLAIMS

[*Name of bank*] (In liquidation) (the "Bank")

Grand Court FSD Cause No:     of 20__

TO:     [*state Depositor's name and address*]

Account Number: [*state full particulars of all bank account numbers*]

TAKE NOTICE that the amount of your deposit and interest accrued due as at [*state date*] recorded in the Bank's books and records is [*state amount*] and that the Official Liquidator has admitted you to proof in this amount.

[*If the amount for which the Depositor has admitted to proof is a net amount after having set off the sum due on a loan account, particulars of the amount of the loan must be set out in this Notice.*]

AND FURTHER TAKE NOTICE   that if you consider that you should have been admitted to proof for an amount different from than that stated in this Notice, you must contact the Official Liquidator immediately.

Dated this     day of     20__ .

_____

[*Signature of Official Liquidator*]

[*State Official Liquidator's name, address and contact details*]

## CWR Form No 28

### Official Liquidator's Certificate (Currency of Liquidation (O. 16, r. 13)

#### THE COMPANIES LAW

#### OFFICIAL LIQUIDATOR'S CERTIFICATE (CURRENCY OF THE LIQUIDATION)

[*Name of Company*] (In liquidation)

Grand Court FSD Cause No:          of 20__

TO:     The Creditors of the Company

TAKE NOTICE that the Official Liquidator has determined in accordance with Section 150 of the Companies Law and

CWR Order 16, rule 13 that the currency of the liquidation of the above-named Company shall be [*state currency*].

Dated this        day of          20__ .

_____

[*Signature of Official Liquidator*]

[*State Official Liquidator's name, address and contact details*]

**CWR Form No 29**

**Notice (Contingent claims) (O. 16, r. 16)**

THE COMPANIES LAW

NOTICE (CONTINGENT CLAMS)

[*Name of company*] (In liquidation)

Grand Court FSD Cause No:      of 20____

TO:      [*state Creditor's name and address*]

TAKE NOTICE that the Official Liquidator has adjudicated upon your proof of debt dated [*state date*] [*and if the proof has been amended state the date of the amended proof*] and put an estimate of [*state amount*] upon your contingent claim. The basis upon which the Official Liquidator made this estimate is as follows: - [*summarise the Official Liquidator's analysis in this form or in a separate document served with it*].

AND FURTHER TAKE NOTICE that your claim has accordingly been admitted to proof in the amount of [*state amount of Official Liquidator's estimate*].

AND FURTHER TAKE NOTICE that

1.      You have the right to submit an amended proof of debt having regard to any material change of circumstances occurring after the date of your original proof of debt.

2.      The Official Liquidator is also entitled to vary his estimate of the value of your contingent claim in the light of any material change of circumstances occurring after the date of this Notice.

3.     You have the right to appeal to a Judge of the Grand Court for an order that the Official Liquidator's decision be reversed or varied. Any appeal must be made by summons in CWR Form No 31 [*which must be served upon the Official Liquidator no later than twenty-one (21) days after receipt of this Notice*].

4.     The Official Liquidator hereby extends your time for appealing against his decision until [*state date*].

Dated this      day of                20__ .

_____

[*Signature of Official Liquidator*]

[*State Official Liquidator's name, address and contact details*]

**CWR Form No 30**

**Summons (Appeal against rejection of proof of debt) (O.16, r.18)**

IN THE GRAND COURT OF THE CAYMAN ISLANDS

FINANCIAL SERVICES DIVISION

FSD CAUSE NO:          OF 20__

IN THE MATTER OF the Companies Law

AND IN THE MATTER OF [*state name of company*]

## SUMMONS

LET THE official liquidator attend before the Mr(s) Justice [*state name of assigned Judge*] in Chambers at the Law Courts, George Town, Grand Cayman on [*state date*] at [*state precise time*] upon an application by [*identify appellant*] (the "Appellant") for the following orders:

1.  The rejection of the Appellant's proof of debt by notice dated [*insert date*] be set aside.

2.  The Appellant's claim be admitted to proof in the sum of [*insert amount*].

3.  An order that the Appellant's cost of this appeal be paid out of the assets of the Company as an expense of the liquidation, such costs to be taxed if not agreed with the official liquidator.

Dated this          day of          20__.

_____
[*Signature of Appellant's Attorney*]

TO:          The Registrar of the Financial Services Division

AND TO:          The official liquidator

TIME ESTIMATE: The estimated length of the hearing of this summons is [*state time*].
This Summons was issued by [*state name, address and contact details of the attorneys acting on behalf of the appellant*].

## CWR Form No 31

### Summons (Application to expunge a proof of debt) (O. 16, r. 21)

IN THE GRAND COURT OF THE CAYMAN ISLANDS

FINANCIAL SERVICES DIVISION

FSD CAUSE NO:          OF 20__

IN THE MATTER OF the Companies Law

AND IN THE MATTER OF [*state name of company*]
BETWEEN

[*Official Liquidator/dissatisfied creditor/contributory*]

Applicant

AND

[*name of creditor*]

Respondent

### SUMMONS

LET [*name of respondent*] of [*state the address of the Respondent*] (the "Respondent") attend before the Mr(s) Justice [*state name of assigned Judge*] in Chambers at the Law Courts, George Town, Grand Cayman on [*state date*] at [*state precise time*] upon an application by [*identify either the official liquidator or a dissatisfied creditor/contributory*] for the following orders:

1.  [*Leave to serve this Summons on the Respondent out of the jurisdiction pursuant to GCR O. 11, r. 9.*]

2.  The admission of the Respondent's proof of debt by notice dated [*insert date*] be set aside.

3.  The Respondent's claim be rejected [*in whole or in part*].

4.  [*An order for costs*]

Dated this          day of          20__.

_____

[*Signature of Official Liquidator's Attorney or Applicant's Attorney*]

TO:     The Registrar of the Financial Services Division

AND TO: 1.   [*name and address of the Respondent*]


        2.   [*the official liquidator, if the application is made a creditor or contributory*]

TIME ESTIMATE: The estimated length of the hearing of this summons is [*state time*].


This Summons was issued by [*state name, address and contact details of the attorneys acting on behalf of the official liquidator/applicant*].

**CWR Form No 32**

**Notice of Intention to Declare Interim Dividend (O. 18, r. 6)**

THE COMPANIES LAW

NOTICE OF INTENTION TO DECLARE INTERIM DIVIDEND)

[*Name of Company*] (In liquidation) (the "Company")

Grand Court FSD Cause No:     of 20___

TO:     The Creditors of the Company

TAKE NOTICE that the Official Liquidator intends to declare an interim dividend.

Any Creditor wishing to participate in the interim dividend must lodge his proof of debt with the Official Liquidator no later than [*state date*], failing which you will be excluded from the interim distribution but you will not be excluded from any subsequent distribution or the final distribution.

Dated this         day of         20___ .

_____

[*Signature of Official Liquidator*]
[*State Official Liquidator's name, address and contact details*]

**CWR Form No 33**

**Notice of Intention to Declare Final Dividend (O. 18, r. 7)**

THE COMPANIES LAW

NOTICE OF INTENTION TO DECLARE FINAL DIVIDEND)

[*Name of Company*] (In liquidation) (the "Company")

Grand Court FSD Cause No:       of 20__

TO:       The Creditors of the Company

TAKE NOTICE that the Official Liquidator intends to declare a final dividend.

Any Creditor who has not already lodged his proof of debt with the Official Liquidator must do so no later than [*state date*]. The Official Liquidator is not obliged to adjudicate upon any proof of debt received after this date with the result that your failure to lodge a proof of debt by the final date for proofing may result in you being excluded from the final distribution.

Dated this          day of          20__ .

_____

[*Signature of Official Liquidator*]
[*State Official Liquidator's name, address and contact details*]

## CWR Form No 34

### Notice of Final Dividend (O. 18, r. 7)

#### THE COMPANIES LAW

#### NOTICE OF FINAL DIVIDEND)

[*Name of Company*] (In liquidation) (the "Company")

Grand Court FSD Cause No:     of 20___

TO:    The Creditors of the Company

TAKE NOTICE that the Official Liquidator has declared a final dividend of [*state amount*] [*cents in the dollar*][*or otherwise according to currency of the liquidation*] calculated as follows –

| | |
|---|---|
| Total amount of claims admitted to proof | $ |
| Total Assets realised | $ |
| Provisions | $ |
| Expenses of the liquidation | $ |
| Amount of interim distributions | $ |
| Amount of final distribution | $ |

AND TAKE NOTICE that –

| | |
|---|---|
| Amount for which you have been admitted to proof | $ |
| Amount of interim distributions paid | $ |
| Amount of final distribution | $ |

Dated this    day of    20___ .

_____
[*Signature of Official Liquidator*]
[*State Official Liquidator's name, address and contact details*]

**CWR Form No 35**

**Notice of Call (O. 19, r. 2)**

THE COMPANIES LAW

NOTICE OF CALL

[*Name of company*] (In liquidation) (the "Company")

Grand Court FSD Cause No:      of 20__

TO:      [*state contributory's name and address*]

TAKE NOTICE that the Court by Order made on [*state date*] sanctioned a call of [*state amount in cents/dollars or otherwise in the currency of the liquidation*] per share on each [*identify class of shares*] share in the Company.

The total amount due from you in respect of the [*state number*] shares registered in your name is [*state total amount in dollars or other currency of the liquidation*]. You are required to pay this amount to the Official Liquidator forthwith. This notice of call takes effect in the same manner as a judgment or order of the Court and if you fail to pay, the Official Liquidator may levy execution against you.

AND FURTHER TAKE NOTICE that you have the right to appeal to a Judge of the Grand Court for an order that the Official Liquidator's decision that you are a contributory be reversed or that the amount of the call be varied. Any appeal must be made by summons which must be served upon the Official Liquidator no later than twenty-one (21) days after receipt of this Notice. The full amount of the call stated in this notice must be paid into Court within seven (7) days after service of your summons.

Dated this      day of      20__ .

_____

[*Signature of Official Liquidator*]

[*State Official Liquidator's name, address and contact details*]

**CWR Form No 36**

**Order for Dissolution (O. 21, r. 2)**

IN THE GRAND COURT OF THE CAYMAN ISLANDS

FINANCIAL SERVICES DIVISION

FSD CAUSE NO:        OF 20___

AND IN THE MATTER OF [*state name of company*]

The Honourable Mr(s) Justice [      ]
In [*Chambers*][*Open Court*]
[date]

## ORDER FOR DISSOLUTION

UPON the application of the official liquidator by his summons for an order that [*state name of Company*] (the "Company") be dissolved.

AND UPON hearing counsel for the Company [*and any other persons who were heard*]

AND UPON reading the official liquidator's final report and accounts dated [*insert date*] [*and set out details of any relevant affidavits*]

IT IS ORDERED that the Company be dissolved [*either forthwith or on a specified future date*].

AND IT IS FURTHER DIRECTED that: -

1. The official liquidators' liquidation file shall be preserved until [*specify date complying with the requirements of CWR Order 21, Rule 2*].

2. The Company's books and records shall be preserved by the official liquidator for at least [*number of years*] and shall be destroyed on or after [*state date*] [*different directions may be made in respect of identified classes of documents*].

3. [*Directions relating to unclaimed dividends*].

4.    [*Any other directions*].

Dated the      day of      20___

Filed the      day of      20___

_____
The Honourable Mr(s) Justice [*name of assigned Judge*]
JUDGE OF THE GRAND COURT

This Order was filed by [*state name, address and contact details of the attorneys acting on behalf of the official liquidator*].

## CWR Form No 37

## Voluntary Liquidator's Final Return to the Registrar

### THE COMPANIES LAW

### VOLUNTARY LIQUIDATOR'S FINAL RETURN

[*Name of company*] (In voluntary liquidation) (the "Company")

Registration No _____

To:     The Registrar of Companies

TAKE NOTICE that the Final General Meeting of the above-named Company was duly convened in accordance with Section 127(3) of the Law and held on [*state date*]

[EITHER]

[AND FURTHER TAKE NOTICE that a quorum was present (in person or by proxy) and that the final resolutions were passed with the result that the Company is deemed to be dissolved upon the expiration of three months from the date upon which this Final Return is registered.]

[OR]

[AND FURTHER TAKE NOTICE that a quorum was not present with the result that the Company is deemed to be dissolved upon the expiration of three months from the date upon which this Final Return is registered.]

Dated this     day of          20__ .

_____
[*Signature of Voluntary Liquidator*]