

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

John A. Pintarelli
tel: +1.212.858.1213
john.pintarelli@pillsburylaw.com

October 4, 2023

<u>Via ECF</u>

Honorable David S. Jones
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 701
New York, NY 10004-1408

Re: In re Ascentra Holdings, Inc. (In Official Liquidation), Case No. 21-11854: Letter Reply Brief Regarding Notice of Deposition Subpoena of Ascentra

To the Honorable David S. Jones:

The Foreign Representatives submit this reply in further support of their opening brief.[1] SPGK's opposition (the "**Opposition**")[2] demonstrates that the real motivation behind its motions – to obtain pre-litigation discovery into possible claims "against SPGK and anyone associated with SPGK; and any other evidence supporting such causes of action." Opposition at 10. SPGK filed its baseless motions knowing they would be opposed and now relies upon the Foreign Representatives' objections to support its entitlement to what is now unlimited discovery. SPGK cannot manufacture standing that it never had in the first place. What was initially advertised to this Court as limited discovery into the status of the Cayman proceedings in connection with the Termination Motion has now morphed into a fishing expedition into the Foreign Representatives' investigations and possible claims.

As this Court is aware, the Deposition Subpoena was limited to the Termination Motion, which concerns whether the grounds for entering the Recognition Order were partially or fully lacking. Now SPGK seeks to expand the Deposition Subpoena to discovery related to the Restraint Motion, which concerns whether the restraint on the Planet Payment Funds should be lifted. In particular, SPGK seeks to "test" Ascentra's potential legal and equitable claims against SPGK

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the opening brief. See ECF No. 71.

[2] See ECF No. 73.

www.pillsburylaw.com

Hon. David S. Jones
October 4, 2023
Page 2

concerning the Planet Payment Funds (and other funds withheld from Ascentra by SPGK), which begs the question: Has SPGK abandoned the original bases for the Termination Motion? [3]

It seems so because SPGK's real concern with this proceeding is and was the restraint on the Planet Payment Funds,[4] and thus it asked the Foreign Representatives and this Court to allow it to commence an action in any non-US court to determine ownership of the funds. That request was granted. Now, SPGK has chosen to attack the Recognition Order more than 18 months after it informed this Court it had no objection to recognition and have this Court either determine ownership of the funds or give it pre-litigation discovery. Neither result is procedurally permitted.

Putting aside issues regarding scope, relevance, privilege and comity (as addressed below), SPGK is wrong that the Foreign Representatives waived any argument as to SPGK's standing. Standing became an issue only when SPGK filed the Termination Motion. SPGK did not object to the Chapter 15 petition for recognition but instead filed a limited reservation of rights, stating:

> While SPGK does not objection (sic) to the Petition for Recognition, it remains in discussion with the Debtors as to the form of order to address the same concerns raised by SPGK in the *Limited Objection and Reservation of Rights of Shang Peng Gao Ke Inc. SEZC and SPGK Pte. Ltd. to Emergency Request for Provisional Relief Pursuant to Section 1519 and 105(a) of the Bankruptcy Code* [Docket No. 15]. SPGK anticipates that the form of order will be resolved by the hearing on December 3, 2021, but in the event a resolution is not achieved, SPGK reserves its rights to seek modification of the proposed form of order.

ECF No. 20 at 1.

SPGK's concerns related to the Foreign Representatives' request for additional relief under Sections 1519 (provisional relief) and 1521 (restraint of funds and discovery rights). Thus, while SPGK never had any standing to challenge the petition for recognition, SPGK obtained *limited* standing under Section 1522(c) as a party affected by relief granted by the Court under Section 1519 (provisional relief) and 1521 (additional relief), but it does not have standing as required by Section 1517(d) to terminate this case.

Further, the parties' negotiations over language in the proposed provisional relief and recognition orders and the commercial implications of placing the Planet Payment Funds into the Disputed Ownership Fund in the US Court Registry Investment System only implicated that provisional or additional relief. The Recognition Order preserved SPGK's right only to commence an action to determine ownership of the funds and object to discovery subpoenas. In addition, at

---

[3] *See* Sept. 12, 2023, Hr'g Tr. at 21:19-23 ("The Court: And I am remembering correctly that . . . your motion is seeking termination of the proceeding? . . . and you're also seeking relief from the existing restraint on the funds, right? Mr. Morris: That's correct. Two different motions.").

[4] *Id.* at 19:19-20 (SPGK does not "care if the money is with Planet Payment or in the court's registry. There is a dispute over that money. That money is [theirs] . . . and that's the dispute.").

Hon. David S. Jones
October 4, 2023
Page 3

Planet Payment's request, the parties recently agreed to have the funds paid into the US Court Registry and not released until a further order of this Court. Because there were never any negotiations over the recognition of the Cayman Proceeding, the Foreign Representatives did not waive their right to contest SPGK's standing to seek termination of this Chapter 15 proceeding.

Finally, SPGK cites to *Viacao Itapemirim* as support for standing to terminate the Recognition Order (which it lacks), but it fails to mention that the bankruptcy court in the same case excused the foreign representatives from complying with a "boomerang discovery" because the movant was a discovery target that lacked a pecuniary interest in the case. *See In re Viacao Itapemirim, S.A.*, 607 B.R. 761, 764 (Bankr. S.D. Fla. 2019) (discovery "is wholly inappropriate" because "P&M has no pecuniary interest in this case in the traditional sense. P&M is neither a creditor nor a shareholder of the Debtors, and has not appeared in any capacity in the Brazilian proceeding. It is a discovery target, and even if its status as a discovery target might give rise to some pecuniary interest, that type of interest is not cause for allowing the type of discovery that essentially amounts to a broad intrusion into the Foreign Representative's investigative pursuits.").

It is clear from the Foreign Representatives' objection to the Restraint Motion that the "factual" statements are based on SPGK's own documents and Mr. Yoshida's testimony. The Foreign Representatives have not submitted any evidence based on their personal knowledge. A deposition into the Foreign Representatives' factual statements in the objection is nothing short of harassment.[5]

Besides SPGK's lack of standing, it impermissibly seeks to *fish* for duplicative information that exceeds the scope of the Deposition Subpoena and Termination Motion. As argued in the Foreign Representatives' opening brief, the Deposition Subpoena must be tied to *facts before or at the time of recognition* to support and defend claims that the grounds for recognition "were and are lacking." Termination Motion ¶ 12. But instead SPGK seeks prospective information to argue that "the grounds for granting recognition have ceased to exist." The Opposition does not refute that the information sought is prospective. If SPGK intends to advance a new argument in its reply brief to support the Termination Motion, it should be barred from doing so. *See* ECF No. 71 at 9.

The Opposition also states that Mr. Robinson should be deposed concerning the Restraint Motion. It appears that SPGK has abandoned its earlier position that it "does not seek any discovery concerning the Motion to Terminate the Restraint (Docket No. 42)," ECF No. 59 at 2 n.2, and instead now seeks under the guise of "testing" to depose Mr. Robinson on Ascentra's claims against SPGK and to the Planet Payment Funds. If SPGK wants to depose Mr. Robinson concerning the Restraint Motion, it must apply to this Court to order a subpoena and disclose specific topics - not "unleash a deposition" if and when it wants without a court order and notice. Sept. 12, 2023, Hr'g Tr. at 23:22.

Even if the Foreign Representatives were properly noticed for a deposition concerning the Restraint Motion (and they have not been as of this filing), the discovery of Ascentra's equitable claims against SPGK and to the Planet Payment Funds would be impermissible for several reasons.

---

[5] SPGK's motions and discovery disputes are also wasting the limited assets of the Ascentra estate.

Hon. David S. Jones
October 4, 2023
Page 4

First, it would be a blatant attempt to obtain improper pre-suit discovery. SPGK is not entitled to pre-suit discovery. *See Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 590 B.R. 200, 207 (Bankr. S.D.N.Y. 2018) (holding that "a litigant is not ordinarily entitled to pre-litigation discovery to enable him to allege a legally sufficient claim for relief"). At best, the Foreign Representatives can only speculate that SPGK intends to bring its lawsuit to seek declaratory relief and claim ownership to the Planet Payment Funds.

Moreover, as reported to the Court in their status reports, the Foreign Representatives' investigation into claims related to the Planet Payment Funds (and other funds withheld by SPGK) has focused on Ascentra's and SPGK's books and records and the discovery of information received from third parties. These are likely some of the very same documents SPGK's declarant and former Ascentra director, Mr. Ryunosuke Yoshida, has in his possession but failed to turn over to the Foreign Representatives.

Finally, any "testing" of the basis of claims against SPGK or to the Planet Payment Funds would implicate the work-product privilege. Mr. Robinson is a factual witness not a legal witness. Thus, the discovery of such claims would be directed at Cayman Islands counsel and result in their depositions – not Mr. Robinson's. And SPGK is not entitled to discovery of Cayman Islands counsel.

Throughout the Opposition, SPGK also argues that the Foreign Representatives' objections to the Termination and Restraint Motions triggered a contested matter and thus Mr. Robinson must be deposed. This argument reflects a fundamental misunderstanding of Bankruptcy Rule 9014 because it assumes that the rule gives SPGK a free pass to obtain massive information without demonstrating the *relevance* of such information. Not true. Rule 26 applies to contested matters. *See* Fed. R. Bankr. P. 9014(c) ("the following rules shall apply . . . 7026"). The rule permits discovery "that is relevant to any party's claim or defense and proportional to the needs of the case," considering "the importance of the discovery in resolving the issues" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b).

The discovery sought here is irrelevant and not probative of whether the grounds for granting recognition were partially or fully lacking. The Deposition Subpoena seeks information "since" or "after" the Recognition Order. The current disputed issue in the Termination Motion has its genesis in SPGK's baseless accusation that the Foreign Representatives and their counsel misled this Court such that the grounds for Chapter 15 recognition were lacking – not whether the grounds for granting recognition have ceased to exist. The Opposition fails to refute this argument, despite the fact that SPGK knew of the Foreign Representatives' initial determination of solvency at the relevant time and the fact that the Foreign Representatives have never changed their initial determination of solvency (or tried to conceal that determination in any way). Because SPGK asks this Court to look back - not forward - to assess whether the grounds for recognition were partially or fully lacking, there is no reason to direct discovery of prospective information because it is irrelevant to SPGK's claims. Further, even if the Deposition Subpoena sought discovery of creditor information at the time of or before recognition – the information sought is still irrelevant.

Hon. David S. Jones
October 4, 2023
Page 5

At bottom, the information being sought is to demonstrate that the Cayman Proceeding is not a collective proceeding. However, whether the Cayman Proceeding is collective or not turns on the substantive and procedural rights afforded under foreign law (here the Companies Act and the CWR), not an examination of the identity of creditors, proofs of debt, the bases of claims, creditor appearances, creditor filings, objections to proofs of debt, and creditor communications.

As argued in the Foreign Representatives' objection to the Termination Motion, Part V of the Companies Act and the CWR provide protections for creditors regardless of whether a company in official liquidation is solvent, insolvent or doubtful solvent. Among others, creditors are entitled to notice, liquidators must collect all assets of the liquidating company and distribute them according to a statutory scheme, creditors can appeal disputed debts to the Grand Court, and creditors will generally be heard by the Grand Court (although they may not have the right to be heard on specific issues). *See* ECF No. 64 at 14-21. Courts in this district regularly recognize Cayman Islands official liquidations regardless of the solvency of the debtor. *See id.* at 15. SPGK has not cited to any cases where a bankruptcy court in this district has denied recognition of a Cayman Islands official liquidation on the basis of the debtor's solvency. Nor can it because the Bankruptcy Code does not impose an insolvency litmus test on recognition.

To illustrate the irrelevance and futility of SPGK's discovery request, its own legal expert declared in the *TCA Global Credit Fund Ltd.* chapter 15 case that the doubtful solvent liquidation proceeding of TCA Global was:

> 'collective' in nature in that it provides a mechanism for the resolution of the claims of all the creditors and shareholders of the Debtor, and claims together rather than merely the resolution of a two-party dispute. All individual claims against the Debtor are stayed as described above and the Cayman Court will supervise the collection and distribution of the Debtor's property as it is wound up. *See* Cayman Companies Act §§ 138-150 [relating to Part V].

*See* ECF No. 64 at 18. In Ms. Pearson's view, it is the Companies Act that supports the collective nature of a winding up proceeding and thus, there is no need for an individualized assessment of proofs of debt, creditor communications, filings and appearances or any other information being sought by SPGK. The Foreign Representatives should not be subject to a different treatment regarding their application of the same statute to assess the collective nature of the Cayman Proceeding, hence demonstrating why the information sought through the deposition is irrelevant. Furthermore, SPGK fails to cite to any authority suggesting the statutes and rules applicable to the foreign main proceeding mirror those of the Bankruptcy Code. SPGK has not argued – *nor could it* - that stakeholders are deprived of due process by the provisions of the Companies Act.

Finally, the Foreign Representatives' views about comity and concerns about directing Mr. Robinson to discuss information under seal have not changed because the Opposition (with its unavailing "this is America" narrative) does not credibly challenge their positions on those issues. SPGK's assertion that the only effect of the Sealing Order is the inability to inspect the contents of the documents is, in SPGK's words, risible and belies SPGK's true goal of obtaining pre-

Hon. David S. Jones
October 4, 2023
Page 6

litigation discovery. Testimony about the contents of a sealed document is no different than having the document unsealed – something SPGK cannot achieve under Cayman Islands law.

SPGK's responses to the seven-factor balancing test for comity fail to address the points raised by the Foreign Representatives.[6] The responses boil down to one point – since the Foreign Representatives opposed SPGK's motions, SPGK is entitled to unlimited discovery to "test" the factual assertions in the pleadings. As set forth above, this is not a basis to grant the pre-litigation discovery now being sought. SPGK's bait and switch should not be tolerated by this Court.

Thus, and in addition to the reasons stated here, comity still counsels against enforcing the Deposition Subpoena, and Mr. Robinson should not be compelled to disclose information under seal for purposes of requiring this Court to make independent findings about the solvency of the debtor in the Cayman Proceeding – even though the Liquidators do not contest that Ascentra is currently being treated as a solvent entity for purposes of the Cayman Proceeding.

For the reasons stated, the Deposition Subpoena should be denied in its entirety.

Respectfully submitted,

*/s/ John A. Pintarelli*
John A. Pintarelli
Partner

---

[6] SPGK's statement that the Third Status Report, which was filed *before* the Termination Motion, "consists of vague, self-serving hearsay" (Opposition at p.9), is wrong. The Court requested updates on the status of the Cayman Proceedings. The Third Status Report clearly states that creditors are being contacted and proofs of debt have been requested. There is nothing vague about these statements by counsel to the Foreign Representatives.