

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

John A. Pintarelli
tel: +1.212.858.1213
john.pintarelli@pillsburylaw.com

October 11, 2023

<u>**Via ECF**</u>

Honorable David S. Jones
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 701
New York, NY 10004-1408

Re:    **In re Ascentra Holdings, Inc. (In Official Liquidation), Case No. 21-11854: Letter Regarding Amended Writ of Summons and Amended Statement of Claim**

To the Honorable David S. Jones:

We represent Graham Robinson and Ivy Chua Suk Lin, the duly appointed joint official liquidators and foreign representatives (the "**Liquidators**" or the "**Foreign Representatives**") of Ascentra Holdings, Inc. ("**Ascentra**"), a company in official liquidation pursuant to a Supervision Order made by the Grand Court of the Cayman Islands (the "**Grand Court**").

On October 11, 2023, an Amended Writ of Summons and Amended Statement of Claim (i.e., a complaint) filed by the Liquidators against Ryunosuke Yoshida ("**Yoshida**"), Shang Peng Gao Ke, Inc. SEZC, SPGK Pte Ltd. (together, "**SPGK**"), Growth Today, Inc., and Scuderia Bianco Pte Ltd. (collectively, the "**SPGK Related Entities**") was issued by the Grand Court, pursuant to which the Liquidators seek to recover, among other things, the Planet Payment Funds for the benefit of Ascentra.[1]

Shang Peng Gao Ke, Inc. and Growth Today, Inc. were served today at their registered offices in the Cayman Islands.  Harneys Westwood & Riegels, SPGK's Cayman Islands counsel, has been notified of the action and has been asked if it will agree to accept service on behalf of Mr. Yoshida and non-Cayman Islands entities, SPGK Pte Ltd. and Scuderia Bianco Pte Ltd.

---

[1] A copy of the Amended Writ of Summons and Amended Statement of Claim is attached as **<u>Exhibit A</u>**.

Hon. David S. Jones
October 11, 2023
Page 2

The Amended Statement of Claim alleges multiple claims against Mr. Yoshida, SPGK and the SPGK Related Entities, including breach of fiduciary duty, unjust enrichment and trust claims. The lawsuit is a result of the Liquidators' two-year investigations into claims and causes of action against Mr. Yoshida, SPGK and the SPGK Related Entities, which were telegraphed to the Court in the First, Second and Third Status Reports. *See* ECF Nos. 26, 29 and 34.

With the commencement of this action, the Foreign Representatives believe that SPGK's request for pre-litigation discovery related to the claims that are the subject of the litigation are inappropriate now that there is pending litigation before the Grand Court, and any discovery should be directed there. *See In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) ("once an adversary or contested matter has been commenced" then discovery proceeds solely in that pending proceeding according to its discovery rules); *see also In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002); 9 Collier on Bankruptcy ¶ 2004.01(8) (16th ed. 2023) (citing cases).

The Amended Statement of Claim also demonstrates that there is a pending dispute over ownership of the Planet Payment Funds. Thus, the Foreign Representatives respectfully submit that SPGK's motion to terminate the restraint on the Planet Payment Funds [ECF No. 42] should be denied for this reason.

Respectfully submitted,

*/s/ John A. Pintarelli*
John A. Pintarelli
Partner

## **Exhibit A**

Amended Writ of Summons and Amended Statement of Claim



IN THE GRAND COURT OF THE CAYMAN ISLANDS

FINANCIAL SERVICES DIVISION

CAUSE NO.: FSD 300 of 2023 (RPJ)

IN THE MATTER OF THE COMPANIES ACT (2023 REVISION)

BETWEEN:

ASCENTRA HOLDINGS, INC. (IN OFFICIAL LIQUIDATION)

<u>Plaintiff</u>

-and-

(1)  RYUNOSUKE YOSHIDA

(2)  SHANG PENG GAO KE, INC. SEZC

(3)  SPGK PTE LTD

(4)  GROWTH TODAY INC.

(5)  SCUDERIA BIANCO PTE LTD

<u>Defendants</u>

---

**<span style="color:red">AMENDED</span> WRIT OF SUMMONS**

---

TO:

   1)  Ryunosuke Yoshida, of Room 1035, Unit 1001, 10/F, Mira Place Tower A, 132 Nathan Road, Tsim Sha Tsui, Hong Kong;

**This Writ** was issued by <span style="color:red">Campbells LLP, attorneys for</span> Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is <span style="color:red">~~Campbells LLP,~~</span> Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

2) Shang Peng Gao Ke, Inc. SEZC, of Harneys Fiduciary (Cayman) Limited, P.O. Box 10240, 4th Floor, Harbour Place, 103 South Church Street, George Town, KY1-1002, ~~McGrath Tonner Corporate Services Limited, Genesis Building, 5th Floor, Genesis Close, George Town, PO Box 446, KY1-1106,~~ Grand Cayman, Cayman Islands;

3) SPGK Pte Ltd, of 600 North Bridge Road #05-01 Parkview Square Singapore (188778);

4) Growth Today Inc., of Harneys Fiduciary (Cayman) Limited, P.O. Box 10240, 4th Floor, Harbour Place, 103 South Church Street, George Town, KY1-1002, Grand Cayman, ~~McGrath Tonner Corporate Services Limited, Genesis Building, 5th Floor, Genesis Close, PO Box 446, Grand Cayman, KY1-1106,~~ Cayman Islands; and

5) Scuderia Bianco Pte Ltd, of 600 North Bridge Road #05-01 Parkview Square Singapore (188778).


**THIS WRIT OF SUMMONS** has been issued against you by the above-named Plaintiff~~s~~ in respect of the claim set out on the next page.

Within 14 days after the service of this Writ on you, counting the day of service, you must either satisfy the claim or return to the Court Office, P.O. Box 495G, George Town, Grand Cayman, the accompanying Acknowledgment of Service stating therein whether you intend to contest these proceedings.

If you fail to satisfy the claim or to return the Acknowledgment within the time stated, or if you return the Acknowledgment without stating therein an intention to contest the proceedings, the Plaintiff may proceed with the action and judgment may be entered against you forthwith without further notice.


Issued this 4th day of October 2023.
Amended this 10th day of October 2023.


**NOTE** - This Writ may not be served later than 4 calendar months (or, if leave is required to effect service out of the jurisdiction, 6 months) beginning with the date of issue unless renewed by order of the Court.


**IMPORTANT**

Directions for Acknowledgment of Service are given with the accompanying form.


This Writ was amended this 10th day of October 2023, pursuant to O. 20 r. 1 of the Grand Court Rules (2023 Revision).


**This Writ** was issued by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is ~~Campbells LLP,~~ Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**

**FINANCIAL SERVICES DIVISION**

CAUSE NO.: ~~No.~~ FSD 300 of 2023 (RPJ)

**IN THE MATTER OF THE COMPANIES ACT (2023 REVISION)**

**BETWEEN:**

**ASCENTRA HOLDINGS, INC. (IN OFFICIAL LIQUIDATION)**

<u>**Plaintiff**</u>

**-and-**

**(1)  RYUNOSUKE YOSHIDA**

**(2)  SHANG PENG GAO KE, INC. SEZC**

**(3)  SPGK PTE LTD**

**(4)  GROWTH TODAY INC.**

**(5)  SCUDERIA BIANCO PTE LTD**

<u>**Defendants**</u>

---

**AMENDED STATEMENT OF CLAIM**

---

**A.    PARTIES**

1.    The Plaintiff, Ascentra Holdings, Inc. (in official liquidation) (the "**Company**"), is an exempted
company incorporated under the laws of the Cayman Islands on 20 December 2013. It entered
voluntary liquidation on 1 June 2021 and official liquidation on 17 September 2021.

Page 1 of 19

**Filed** by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House,
Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

2.    Between 1 June and 17 September 2021, Graham Robinson ("**Mr Robinson**") was the Company's voluntary liquidator. Since 17 September 2017, he and Ivy Chua Suk Lin have acted and continue to act as the Company's joint official liquidators (the "**JOLs**").

3.    The Company holds 100% of the issued shares in HEC International, Ltd (in Official Liquidation) ("**HEC**"). HEC is an exempted company incorporated under the laws of the Cayman Islands on 5 December 2013. It entered voluntary liquidation on 29 September 2021 and official liquidation on 7 December 2021. Between 29 September 2021 and 7 December 2021, Mr Robinson was HEC's voluntary liquidator. Since 7 December 2021, he has been and continues to be HEC's official liquidator.

4.    Prior to its liquidation, the Company – through its subsidiaries, including HEC – operated a cross-border e-commerce business selling beauty and health products and computer software to the Asian market through multi-level marketing (the "**Business**"). In particular, products were sold through an online platform to individuals (the "**Affiliates**") who had signed up to on-sell them to customers based in Asia.

5.    The First Defendant, Ryunosuke Yoshida ("**Mr Yoshida**") was the Company's director from 31 December 2013 until 30 March 2018, and again from 18 December 2018 until 17 September 2021, alternatively, 1 June 2021. He was also HEC's sole director from 8 December 2017 until HEC was placed into official liquidation on 7 December 2021.

6.    The Second Defendant, Shang Peng Gao Ke, Inc. SEZC, ("**SPGK Cayman**") was incorporated on 14 June 2016 for the purpose of conducting the Company's Business in the People's Republic of China (the "**PRC Business**").

7.    The Third Defendant, SPGK Pte Ltd, ("**SPGK Singapore**") was incorporated on 2 May 2019 and is SPGK Cayman's wholly-owned subsidiary.

8.    The Fourth Defendant, Growth Today Inc. ("**Growth Today**") is the registered owner of SPGK Cayman's entire issued share capital.

9.    At the time of SPGK Cayman's incorporation in 2016, the entire issued share capital of Growth Today was held by Motohiko Homma ("**Mr Homma**"). At the time, he was one of the three major ultimate beneficial owners of the Company. The other two were Yoshio Matsuura ("**Mr Matsuura**") and Martin (Marty) Matthews ("**Mr Matthews**") (the three collectively referred to herein as the "**Major Shareholders**".)

Filed by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

10.    On 15 December 2018, Mr Yoshida acquired Mr Homma's shareholding in Growth Today for the consideration of US$1.00, pursuant to a share and purchase agreement between him and Mr Homma.

11.    The Fifth Defendant, Scuderia Bianco Pte Ltd, ("**Scuderia Bianco**") was incorporated by Mr Yoshida on the same day as SPGK Singapore; 2 May 2019. Scuderia Bianco provided cash management services to the Company and HEC.

12.    Mr Yoshida is the sole shareholder and a director of Scuderia Bianco.

**B.    BACKGROUND**

**B.1.    Start of the Business, Plan to IPO and Reorganisation**

13.    Mr Matsuura and Mr Homma entered into business in about 2004, after which Interush Limited, a Hong Kong corporation, was incorporated in 2006, although no business was conducted from Interush Limited until 2010.

14.    In 2007, Interush Holdings, Ltd. ("**Interush**"), a Bermuda company, was incorporated, and functioned as the holding company of the business until 2013. Between 2004 and 2013, Interush's ultimate beneficial owners were Mr Matsuura and Mr Homma in equal shares.

15.    In about January 2010, Mr Matthews became a full-time employee of Interush. He was initially a marketing consultant, but was appointed as the Company's Chief Executive Officer ("**CEO**") and President from approximately July 2014.

16.    From around 2011, Mr Matthews, Mr Matsuura and Mr Homma started to plan an initial public offering of Interush's shares on the Hong Kong Stock Exchange. In accordance with that plan:

16.1    on 20 December 2013, the Company was incorporated[1] with the intention that its shares (as opposed to Interush's shares) would be offered on the Hong Kong Stock Exchange, and Mr Matthews became its initial director;

16.2    on 20 December 2013, IR-P Holdings ("**IR-P**") (a Cayman Islands exempted company) was incorporated to be an intermediary holding company between the Company and the Major Shareholders;

---

[1] The Company was incorporated under its former name, Interush Holdings, Inc. The Company changed its name to Ascentra Holdings, Inc. on 1 June 2016.

Filed by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

16.3  on 31 December 2013, four additional directors were appointed: Mr Yoshida, Ryosuke (Ryan) Kojima, Chris Miner and Akinori Hori. A copy of the Company's Register of Directors and Officers, from 2013 to date, is appended to this Statement of Claim at **Appendix 1**; and

16.4  on 31 December 2013, Mr Matsuura and Mr Homma transferred their entire share capital in Interush to the Company.

(collectively, the "**Reorganisation**").

17.  On 20 May 2013, Mr Matthews acquired ordinary shares in IR-P. Mr Matsuura and Mr Homma became indirect holders of preferred shares in IR-P through their companies, South Asia Ventures, Ltd ("**SAV**") and New South East Traders, Ltd ("**NSET**"), respectively. Both SAV and NSET are British Virgin Islands companies. On 23 July 2014, Mr Matthews transferred his shares in IR-P to INTL Media Holdings, LLC ("**INTL**"), a Delaware company of which Mr Matthews was the sole shareholder at the time.

18.  On 24 December 2013, Mr Matthews acquired ordinary shares in the Company directly, which ordinary shares were subsequently transferred to INTL on 24 July 2014.

19.  On 31 December 2013, IR-P acquired preferred shares in the Company.

20.  Since 2021 the shares in INTL have been indirectly held by Marty Matthews and Mari Matthews (Mr Matthews' former spouse) in equal parts.

21.  Following the Reorganisation, the Company operated the Business with the assistance of its subsidiaries, including HEC. A structure chart is appended to this Statement of Claim as **Appendix 2**.

22.  The main operating subsidiaries at that time, and their respective roles within the Group were as follows:

22.1  HEC: the entity through which most of the Company's Business was being conducted, together with its branch office, HEC International Ltd, Singapore Branch ("**HEC Singapore**");

22.2  HEC International Co Ltd (a Taiwanese entity); and

**Filed** by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

22.3  iHealthScience LLC, Hong Kong Branch ("**iHealthScience**"): the entity supplying the physical products for the Business. iHealthScience is a branch office of iHealthScience LLC, a Delaware company which is in turn a subsidiary of HEC.

**B.2.   Hong Kong Proceedings and Plan to Carve-Out PRC Business**

23.   On 6 November 2013 Hong Kong's Commercial Crimes Bureau ("**CCB**") raided Interush's office in Hong Kong pursuant to a warrant which alleged a violation of the Pyramid Schemes Prohibition Ordinance. Thereafter:

23.1  In 2014, the Hong Kong authorities alleged that the Company's intended IPO was unlawful. These allegations resulted in negative publicity about the Company, Mr Matthews and Mr Matsuura;

23.2  on 31 March 2015, the Hong Kong authorities charged Mr Matthews with offences contrary to the Organised and Serious Crime Ordinance, essentially relating to money laundering (the "**Hong Kong Proceedings**"). Mr Matsuura was not charged with any offence; and

23.3  in June 2015, Mr Matthews resigned as CEO and President of the Company. However, Mr Matthews remained a (non-voting) director of the Company, and continued to be involved in its management.

24.   At the time of the CCB's raid, the Company (through its subsidiaries) earnt about 80% of its revenues through Affiliates resident in the PRC.

25.   In about August 2015, the Company's directors were advised that the Business's multi-level marketing method of operating in the PRC contravened PRC law.

26.   On 21 August 2015, the Company's board resolved that it would no longer accept new business or new applications to become an Affiliate in the PRC until such time as a legally compliant business model could be implemented. The board further resolved to restructure the Company and rebrand it to preserve its business and to insulate it from the adverse effects of the Hong Kong Proceedings.

27.   On 30 May 2016, in an attempt to rid itself of the negative publicity received, the Company's board resolved to rebrand the Company's non-PRC business under the new name, Ascentra,

Page 5 of 19

**Filed** by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

and to incorporate a new company to conduct the Company's PRC Business. The proposed new company was referred to internally as "*Shang Peng*".

**B.3.   SPGK Cayman's Incorporation and Subsequent Negotiations**

28.   In accordance with the board's resolution on 30 May 2016:

28.1   the Company's name was changed from Interush Holdings, Inc to Ascentra Holdings, Inc on 1 June 2016; and

28.2   on 14 June 2016, SPGK Cayman was incorporated, and Mr Homma became its sole director.

29.   In June 2016, Mr Homma indirectly held about 23% of the Company's issued share capital.

30.   At the time of SPGK Cayman's incorporation, the Major Shareholders' intention was that, in exchange for conducting the PRC Business, SPGK Cayman (which was indirectly wholly owned by Mr Homma) would (i) account for 77% of the income it generated to the Company; and (ii) Mr Homma would relinquish his (indirect) ownership stake in the Company (the "**Arrangement**").

31.   The Arrangement's purpose was to maintain the economic benefit to all three Major Shareholders of the Company continuing to operate its PRC Business, and the existing management structure and control, but to do so under separate legal ownership.

32.   Some of the key terms of the Arrangement were memorialized in a memorandum of understanding dated 15 November 2016 (the "**MOU**"). In particular, clause 3 recorded the Major Shareholders' intention that SPGK Cayman and Ascentra would enter into an Exclusive Distribution Agreement which would confer rights on SPGK Cayman to use the Company's PRC Affiliates list (the "**PRC Affiliates List**"), to sell its products and software, and receive support from the Company and its subsidiaries. At the same time, the Company would retain all of its liabilities.

33.   By an Exclusive International Distributor Agreement dated 1 October 2016, Ascentra and SPGK Cayman agreed that SPGK Cayman would become the exclusive distributor of certain of Ascentra's products in the PRC. The agreement was stated to be "*in exchange for the Shares*", which referred to Mr Homma's proposed transfer of his shares in IR-P to the Company (for cancellation), as well as SPGK Cayman's compliance with the (other) conditions set out in the

Page 6 of 19

**Filed** by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

agreement. The agreement provided for a monthly "*True-Up*" on the basis of SPGK Cayman's and the Company's respective Operating Income Before Taxes, with 77% of the income to be distributed to Ascentra. This agreement was signed by on behalf of SPGK Cayman, but was not signed by Ascentra.

34.    During a period of negotiations between the Major Shareholders from 2016 until about March 2018, a number of documents were drawn up to give effect to the Arrangement: a holders' agreement in respect of SPGK Cayman's shareholding, a holder's agreement in respect of the Company's and IR-P's shareholdings, a share transfer agreement in respect of Mr Homma's shareholding in IR-P, an exclusive distribution agreement and a share cancellation agreement (collectively, the "**Draft Agreements**").

35.    The overriding purpose of the Draft Agreements was to ensure that the management control of the Company and the economic interests of the Majority Shareholders that existed prior to the incorporation of SPGK Cayman would be maintained in the day-to-day control of the Company, SPGK Cayman and SPGK Cayman's affiliates (the "**SPGK Group**"), and for Mr Homma's indirect shareholding in IR-P to be transferred to the Company for cancellation.

36.    The Draft Agreements were never executed.

37.    However, the following agreements were executed:

37.1    a Professional Service Agreement dated 1 October 2016 and signed by SPGK Cayman and HEC[2] on 17 February 2017, by which SPGK Cayman and HEC agreed that HEC would provide SPGK Cayman with corporate management services (including: overseeing operations, management, executive, human resources, legal, compliance, contract management functions, product development, manufacturing, delivery and fulfilment support services, administrative services and management of the accounting department), bookkeeping, accounting, tax and finance support services, promotional and product marketing services, IT Business System support services (i.e. all back-office IT systems) and technical support services in relation to e-commerce, web hosting and websites. The services were to be billed by HEC on a monthly basis at cost, without markup;

---

[2] The Customer Services Support Agreement was in HEC's previous name: Radial IT Systems, Ltd.

**Filed** by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

37.2   a Product Supply Agreement dated 1 October 2016 and signed by iHealthScience and SPGK Cayman on 17 and 28 February 2017 respectively, by which SPGK Cayman and iHealthScience agreed that iHealthScience would sell and SPGK Cayman would buy products at market price (to be determined by iHealthScience in good faith); and

37.3   a Customer Services Support Agreement dated 1 October 2016 and signed by SPGK Cayman and HEC[3] on 24 February 2017, by which SPGK Cayman and HEC agreed that HEC would provide SPGK Cayman with customer support services and promotional and product marketing services in support of the PRC Business and the Affiliates. The services were to be billed on a monthly basis at cost, without markup.

38.   Thereafter, SPGK Cayman formally operated the Business in the PRC on the Company's behalf. SPGK Cayman did not employ its own staff and neither received revenue nor paid expenses. Instead, the Company's PRC Business continued to be conducted by the same employees and services companies as previously. The PRC Business also continued to be operated by the same management team as it had been previously. As to this, Mr Matsuura continued to participate in the day-to-day management of the PRC Business, and the Company's Chief Financial Officer ("**CFO**"), Mr Theodore Sanders ("**Mr Sanders**"), was appointed a director of SPGK Cayman on 1 February 2017.

39.   In May 2017, Mr Matthews was acquitted of all charges in the Hong Kong Proceedings, and the prosecuting authorities were ordered to pay his costs of the proceedings.

40.   On 3 April 2018, SPGK Cayman, Mr Homma and the Company executed a Cancellation Agreement and Acknowledgement (the "**Cancellation Agreement**"). The Cancellation Agreement included provisions that:

40.1   confirmed that the MOU was never legally effected, was not legally binding and that no action was taken to effect any of the required actions described therein;

40.2   confirmed that each and every oral and written agreement related to the matters in the MOU were and are without force and effect; and

40.3   required Mr Homma and SPGK Cayman to irrevocably cancel, sell, convey, assign, transfer and deliver all assets and monies of SPGK Cayman to the Company, including but not

---

[3] In its former name of Radial IT Systems, Ltd.

**Filed** by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

limited to all intellectual property (including the SPGK Cayman proprietary brand names), inventory, customer lists, monies, and accounts receivable, free and clear of all charges, claims, interests, conditions, equitable interests, liens, options, pledges, security interests, rights of first refusal, encumbrances or restrictions of any kind.

41.    No steps were taken to give effect to the Cancellation Agreement.

**B.4.    Fall-Out between the Major Shareholders**

42.    Following the commencement of the Hong Kong Proceedings and Mr Matthews' subsequent acquittal, the relationship between the Major Shareholders deteriorated. The disputes were mostly concerned with the management of the Company and Mr Matthews' role in it.

43.    The dispute continued after Mr Matthews was acquitted of any wrongdoing in the Hong Kong Proceedings. In 2018, Mr Matthews briefly sought to (and did) gain control of the Company by removing Messrs. Homma and Matsuura as directors of IR-P between 23 Feburary 2018 and 15 May 2018, and using his control of IR-P to remove Messrs. Homma, Matsuura and Yoshida as directors of the Company on 30 March 2018.

44.    Shortly thereafter, by a share and purchase agreement dated 15 December 2018, Mr Homma agreed to transfer all of the issued shares in Growth Today to Mr Yoshida in exchange for US$1.

45.    On 18 December 2018, Mr Homma resigned as a director of the Company and of IR-P, and Mr Yoshida was reappointed as a director of the Company, and appointed as a director of IR-P.

46.    On 15 May 2019, Mr Yoshida became a director of SPGK Cayman.

47.    On 13 August 2019, IR-P entered voluntary liquidation and David Lloyd ("**Mr Lloyd**") was appointed as its voluntary liquidator. Mr Lloyd remained IR-P's voluntary liquidator until 28 May 2021, when he was replaced by Mr Robinson pursuant to a resolution of IR-P's shareholders. Mr Robinson was IR-P's voluntary liquidator from 28 May 2021 until 29 March 2022, at which point he was appointed as IR-P's official liquidator pursuant to a supervision order.

48.    In August 2020, NSET (a company legally owned by Mr Homma) transferred its shares in IR-P to Lequios Holdings Ltd ("**Lequios**") (a British Virgin Islands company legally owned by Mr Yoshida).

**Filed** by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

49.    The Company's share capital remains directly owned by IR-P, INTL and a group of individuals: Ryosuke (Ryan) Kojima, Jeffrey Boshears and Alex Oliva. The Register of Members of IR-P and the Company are appended as **Appendix 3**.

50.    On 1 June 2021, the Company entered voluntary liquidation and Mr Robinson was appointed as its voluntary liquidator.

51.    Pursuant to a supervision order dated 17 September 2021 (the "**Supervision Order**"), the Company entered official liquidation and the JOLs were appointed as its joint official liquidators.

52.    On 29 September 2021, HEC entered voluntary liquidation and Mr Robinson was appointed as its voluntary liquidator.

53.    Pursuant to a supervision order dated 7 December 2021, HEC entered official liquidation and Mr Robinson was appointed as its official liquidator.

54.    On 9 January 2023 Mr Yoshida wrote to the registered office of HEC and purported to resign as a director of HEC and as director of HEC Singapore.

## C.    CASH MANAGEMENT

55.    From late 2016, or alternatively from early 2017, Mr Sanders acted as CFO of the Company.

56.    Two companies wholly owned by Mr Sanders, Asian Offshore Services ("**AOS**") and SPGK International Ltd ("**SPGK International**") (together referred to as the "**Sanders Companies**"), were used as pass-through vehicles for receipts and payments for the Business.

57.    SPGK International and AOS provided cash management services to the Company and HEC. In particular, SPGK International and AOS received revenues and paid liabilities on the Company's behalf, and remitted revenue to HEC Singapore's bank accounts with United Overseas Bank ("**UOB**") to enable HEC to discharge the liabilities of the Ascentra group of companies.

58.    As regards revenue received by SPGK International, the Company's Affiliates used credit cards to make payments for the Company's products. Those payments were processed by Planet Payment Solutions LLC ("**Planet Payment**") pursuant to terms of a contract between Planet Payment and SPGK International dated 12 October 2018, and remitted to SPGK International.

59.    In early 2019, Mr Yoshida and Mr Matsuura decided to remove the Sanders Companies from their involvement in the Business, at least insofar as it related to Affiliates resident in the PRC.

Page 10 of 19

**Filed** by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

60.     As a result of that decision, both SPGK Singapore and Scuderia Bianco were incorporated on 2 May 2019. The purpose of both companies was to provide cash management services in relation to the PRC Business in place of SPGK International. As to that:

60.1   in September 2019, Scuderia Bianco opened a bank account with Shanghai Commercial and Savings Bank in Taiwan ("**SCSB**"), and SPGK Singapore opened a bank account with DBS Bank in Singapore;

60.2   by a Business Services Agreement dated 1 June 2019, the Company and Scuderia Bianco agreed that Scuderia Bianco would provide marketing, business-consulting and cash management services to the Company and its subsidiaries, including HEC;

60.3   by a Business Services Agreement dated 1 December 2019, SPGK Singapore and Scuderia Bianco agreed that Scuderia Bianco would provide marketing, business-consulting and cash management services to SPGK Singapore; and

60.4   SPGK Singapore entered into a credit card processing contract (referred to as a Merchant Services Agreement) with Planet Payment in place of SPGK International on 29 September 2019 (the "**PP Contract**").

61.     As at the date on which the Company's liquidation commenced:

61.1   funds totalling approximately US$163 million were held by SCSB in account no 27108000458517 in the name of SPGK Singapore (the "**SCSB Funds**");

61.2   funds totalling approximately US$15 million were held by SCSB in account no 27108000459953 in the name of Scuderia Bianco (the "**SB Funds**");

61.3   funds totalling approximately US$24 million (the "**UOB Funds**") were held in HEC's US$ account numbered 4519037313 with UOB (the "**UOB Account**"); and

61.4   funds totalling approximately US$71 million were held in an account with BMO Harris Bank (account number 374-533-8) in the name of Planet Payment (the "**PP Funds**") pursuant to the terms of the PP Contract.

**Filed** by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

D.   **TRUST CLAIMS**

62.   Any interest held by SPGK Cayman, SPGK Singapore and Scuderia Bianco in the PP Funds, the
SCSB Funds and the SB Funds (together, the "**Funds**") is held by said entities on trust for the
Company:

62.1   In conducting the PRC Business and the cash management on its behalf, SPGK Cayman,
SPGK Singapore and Scuderia Bianco have been acting as the Company's agent.

62.2   Further or alternatively, in their relationships with external parties, the Company was the
undisclosed principal of SPGK Cayman, SPGK Singapore and Scuderia Bianco.

62.3   Further, in conducting the PRC Business and cash management services on its behalf,
SPGK Cayman, SPGK Singapore and Scuderia Bianco have been acting as the Company's
fiduciary.

62.4   Further or alternatively, SPGK Cayman held the various assets, including the PRC Affiliates
List, that enabled it to conduct the PRC Business on trust for the Company.

63.   These relationships can be inferred from the following:

63.1   The assets enabling the conduct of the PRC Business were transferred at a time when the
Major Shareholders were still negotiating the scope, terms and nature of the future
relationship between the Company and SPGK Cayman, as well as between themselves.

63.2   At the time of the transfers, the Major Shareholders intended the PRC Business to
continue to be conducted for the benefit of the Company. This can be inferred from the
following facts and matters:

63.2.1   the fact that it would be commercially absurd for Messrs Matsuura and Matthews
to transfer by far the most valuable portion of the Business for no or minimal
consideration to SPGK Cayman;

63.2.2   the fact that SPGK Cayman continued to benefit for the various services
arrangements and employee support and that the Company continued to incur
and discharge all liabilities;

**Filed** by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House,
Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

63.2.3  the fact that Mr Yoshida had no interest (legal or otherwise) in SPGK Cayman between 2016 and 2018 and from the fact that Mr Homma sold the shares in Growth Today to Mr Yoshida for the nominal sum of US$1;

63.2.4  Mr Matsuura's agreement that the shares in Growth Today be transferred by Mr Homma to Mr Yoshida, in circumstances where the PRC Business constituted the most valuable part of the group's Business; and

63.2.5  the common management structure between SPGK Cayman and Ascentra. Without prejudice to the generality of the foregoing, Mr Matsuura was involved in the management of SPGK Cayman's business, SPGK Singapore's business and the Companys' business, and Mr Yoshida, SPGK Cayman, SPGK Singapore and Scuderia Bianco acted on Mr Matsuura's instructions.

64.  Furthermore, a resulting trust is presumed in favour of the Company from the lack of consideration.

65.  In particular, the introduction of SPGK Singapore and Scuderia Bianco to facilitate cash management in 2019 did not change the essential relationship between the Company on the one hand and SPGK Cayman on the other:

65.1  If SPGK Cayman was the Company's agent, fiduciary and trustee, then SPGK Singapore and Scuderia Bianco either acted as agent and fiduciary on SPGK Cayman's behalf or on the Company's behalf.

65.2  If SPGK Singapore and Scuderia Bianco did not act as agent or fiduciary, then they are nevertheless liable as if they were a trustee on the basis that they received the Company's assets on notice and without providing good consideration and not in good faith.

66.  Further, SPGK Singapore and Scuderia Bianco were aware of the circumstances when SPGK Singapore entered into the PP Contract, and when they received monies from Plant Payment (which monies make up the SCSB Funds and SB Funds), because Mr Yoshida's state of mind is to be attributed to them and he knew that SPGK Cayman was operating the PRC Business for and on behalf of the Company.

67.  Further:

Page 13 of 19

**Filed** by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

67.1   Growth Today holds its shareholding in SPGK Cayman on trust for the Company, alternatively Mr Yoshida holds his shareholding in Growth Today on trust for the Company. This can be inferred from:

67.1.1   the facts and matters set out in paragraph 63 above;

67.1.2   the circumstances surrounding the incorporation of SPGK Cayman, in particular the Major Shareholders' shared intention to continue to conduct the PRC Business for the benefit of the Company;

67.1.3   the purported transfer of the shares in Growth Today to Mr Yoshida for US$1;

67.1.4   Mr Homma's email dated 5 February 2019 to Mr Matsuura, Mr Matthews and Masaki Nakano, in which he stated that the sales proceeds from the sale of his shares in Growth Today "*will be provided to Ascentra*";

67.1.5   Mr Yoshida's request to Mr Matsuura in early 2020 that he be permitted to "*step down as leader of SPGK*" as recorded in his his email to Mr Matsuura dated 31 December 2020;

67.1.6   a draft written resolution of the directors of SPGK Cayman providing for the transfer of one share in the capital of SPGK Cayman, being the total issued share capital of that company, from Growth Today to Mr Matsuura for the consideration of US$1; and

67.1.7   Mr Yoshida's statement in his email to Mr Matsuura dated 31 December 2020 that his "*appointment as President of HEC and SPGK was triggered by Mr Matsuura's request to me*" and his request in the same email to Mr Matsuura that he receive a "*severance pay*" equivalent to 20% of "*SPGK's after-tax profit for FY2020*".

67.2   SPGK Singapore and Scuderia Bianco are SPGK Cayman's agents, fiduciaries and trustees. The relationship of agent, fiduciary or trustee between SPGK Singapore and Scuderia Bianco and SPGK Cayman arises from the arrangements entered into between them, and can be inferred from the surrounding circumstances, in particular their conduct of cash management in relation to the PRC Business.

**Filed** by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

### E.   UNJUST ENRICHMENT

68.   In the alternative, SPGK Cayman, SPGK Singapore and Scuderia Bianco have been unjustly enriched by the assets that enabled the operation of the PRC Business which they received in anticipation of the Draft Agreements that, in the event, were not entered into.

69.   The Company has a proprietary entitlement to the sums that SPGK Cayman and SPGK Singapore and Scuderia Bianco have generated.

70.   In the alternative, SPGK Cayman, SPGK Singapore and Scuderia Bianco are liable to account for the profits they made or, in the further alternative, liable to pay to the Company the value of the benefit they received, i.e. US$273 million.

71.   In the further alternative, SPGK Cayman is liable to account for 77% of its income to the Company i.e. US$210,210,000, on the basis that it was  the Majority Shareholders' intention that 77% of SPGK Cayman's operating income would be reimbursed to Ascentra and Mr Homma's (now Mr Yoshida's) indirect shareholding in the Company would be forfeited.

### F.   BREACH OF DUTY AND KNOWING RECEIPT

72.   Further or alternatively to the relief claimed above, the Company seeks personal relief against Mr Yosida for breach of duty and proprietary and personal relief against SPGK Cayman, Scuderia Bianco and SPGK Singapore for knowing receipt of trust property.

73.   Mr Yoshida was a director of the Company from 31 December 2013 until 30 March 2018 and again from 18 December 2018 until 17 September 2021, alternatively, 1 June 2021.

74.   At all material times prior to 1 June 2021 when the Company entered voluntary liquidation, Mr Yoshida owed the Company fiduciary duties at common law and/or in equity, including duties (the "**General Duties**"):

74.1   to act in good faith and in the best interests of the Company;

74.2   to exercise his powers only for proper purposes and not for any collateral purpose;

Page 15 of 19

**Filed** by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

74.3   not to misappropriate, misapply, divert or misuse the Company's funds, assets or opportunities;

74.4   to exercise independent judgment; and

74.5   to avoid situations in which he had, or could have, a direct or indirect interest that conflicted, or might conflict, with the interests of the company.

75.   Mr Yoshida continued to owe the Company the General Duties (i) after the Company entered voluntary liquidation and (ii) after the Supervision Order was made.

76.   Further or alternatively, Mr Yoshida owed a fiduciary duty to the Company, alternatively he was a constructive trustee liable to account to the Company as if he owed such a fiduciary duty, after the commencement of the voluntary liquidation and/or after the Supervision Order was made in respect of:

76.1   any property of the Company that remained in his possession or under his control;

76.2   any property of the Company that was in the possession of or under the control of a corporate entity over which he was able to exercise control, including SPGK Cayman, SPGK Singapore and Scuderia Bianco;

76.3   any property of the Company in respect of which he had otherwise taken stewardship either directly or indirectly; and/or

76.4   any property of the Company in respect of which he had asserted a beneficial interest adverse to the rights of the Company.

77.   Further or alternatively, at all times following the voluntary liquidation of the Company, Mr Yoshida owed fiduciary duties or a duty under common law to the Company to account to the Company for (i) his stewardship of the Company and its assets prior to the commencement of the voluntary liquidation; and (ii) his stewardship of any assets that remained, directly or indirectly, in his possession, custody or control and duty to deliver up and/or cause to be delivered up such assets to the Company.

78.   In breach of the General Duties and/or in breach of the duties pleaded in paragraphs 74, 75 and/or 75 above, Mr Yoshida:

Filed by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

78.1  preferred his interests and/or the interests of SPGK Cayman, SPGK Singapore and Scuderia Bianco over the interests of the Company;

78.2  asserted that the Funds were beneficially owned by SPGK Cayman and/or SPGK Singapore;

78.3  failed and/or refused to deliver up and/or procure the delivery up of the SCSB Funds to the Company or the JOLs;

78.4  failed and/or refused to deliver up and/or procure the delivery up of the SB Funds to the Company or the JOLs; and/or

78.5  failed and/or refused to direct or cause SPGK Cayman and/or SPGK Singapore to direct Plant Payment to release the PP Funds to the Company and the JOLs.

79.  As a consequence of Mr Yoshida's breaches of duty as aforesaid, the Company has suffered loss in the total amount of the SB Funds, the SCSB Funds and the PP Funds. Mr Yoshida is accordingly liable to pay the Company equitable compensation in the amount of US$273 million.

80.  Further or alternatively, Mr Yosida is liable to account to the Company as a fiduciary and/or as constructive trustee for the SB Funds, the SCSB Funds and the PP Funds.

81.  Further or alternatively, SPGK Cayman and/or Scuderia Bianco and/or SPGK Singapore have received trust property which belongs to the Company namely, the SB Funds and the SCSB Funds. None of these entities were bona fide purchasers for value. Further or alternatively, it would be unconscionable for these entities to retain a beneficial interest in the Funds. They were aware of the circumstances when they received the SCSB Funds and the SB Funds, and when SPGK Singapore replaced SPGK International as the contracting party with Planet Payment, because Mr Yoshida's state of mind is to be attributed to them and he knew that SPGK Cayman was operating the PRC Business for and on behalf of the Company.

82.  Accordingly, the Company seeks and is entitled to the following relief:

82.1  An order that SPGK Singapore deliver up the SCSB Funds to the Company.

82.2  An order that Scuderia Bianco deliver up the SB Funds to the Company.

Filed by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

82.3  An order that Mr Yoshida and SPGK Cayman direct SPGK Singapore to deliver up the SCSB Funds to the Company and direct Scuderia Bianco to deliver up the SB Funds to the Company.

82.4  An order that Mr Yoshida, SPGK Cayman and SPGK Singapore direct Plant Payment to pay the PP Funds to the Company.

82.5  In the alternative to the restoration of the Funds, an order that (i) Mr Yoshida pay, or (ii) Mr Yoshida, Scuderia Bianco, SPGK Cayman and SPGK International pay, the Company an amount equivalent to the Funds, together with interest on said amount at such rate and in such amounts as the Court thinks fit.

82.6  An order that Mr Yoshida, SPGK Cayman, SPGK Singapore and Scuderia Bianco account to the Company for all monies received by each of them from SPGK International and Plant Payment.

82.7  An order that (i) Mr Yoshida, or (ii) Mr Yoshida, SPGK Cayman, SPGK Singapore and Scuderia Bianco pay all monies held to have been received by them and all profits held to have been made by them on the taking of that account, together with interest on said amount at such rate and in such amounts as the Court thinks fit.

82.8  Such further or other relief as the Court thinks fit.


**AND THE PLAINTIFF CLAIMS:**

1.  A declaration that SPGK Singapore and Scuderia Bianco hold the SCSB Funds and the SB Funds (respectively) on trust for the Company.

2.  A declaration that SPGK Singapore's interest in and rights in respect of the PP Funds are held on trust for the Company.

3.  An order that Mr Yoshida, SPGK Singapore, and SPGK Cayman direct Planet Payment to transfer the PP Funds, alternatively 77% of the PP Funds, to the Company.

4.  An order that SPGK Singapore deliver up the SCSB Funds, alternatively 77% of the SCSB Funds, to the Company.

Filed by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

5.    An order that Scuderia Bianco deliver up the SB Funds, alternatively 77% of the SB Funds, to the Company.

6.    An order that Mr Yoshida and SPGK Cayman direct SPGK Singapore to deliver up the SCSB Funds, alternatively 77% of the SCSB Funds, to the Company.

7.    An order that Mr Yoshida directs Scuderia Bianco to deliver up the SB Funds, alternatively 77% of the SB Funds, to the Company

8.    An order that Mr Yoshida effects the transfers of the PP Funds, the SCSB Funds and the SB Funds, alternatively 77% of said Funds, to the Company by SPGK Cayman, SPGK Singapore and Scuderia Bianco (respectively).

9.    In the alternative to the restoration of the Funds, an order that (i) Mr Yoshida pay, or (ii) Mr Yoshida, Scuderia Bianco, SPGK Cayman, and SPGK International, do pay the Company an amount equivalent to the Funds or such other amount as the Court thinks fit, together with interest on said amount at such rate and in such amounts as the Court thinks fit.

10.    An order that SPGK Cayman, SPGK Singapore and Scuderia Bianco account for their profits to the Company.

11.    An order that Mr Yoshida, SPGK Cayman, SPGK Singapore and Scuderia Bianco account to the Company for all monies received by each of them from SPGK International and Planet Payment.

12.    An order that (i) Mr Yoshida, or (ii) Mr Yoshida, SPGK Cayman, SPGK Singapore and Scuderia Bianco pay to the Company all monies held to have been received by them and all profits held to have been made by them on the taking of such accounts, together with interest on said amount at such rate and in such amounts as the Court thinks fit.

13.    Further or alternatively:

    a.    A declaration that Growth Today holds its shareholding in SPGK Cayman on trust for the Company, and that SPGK Singapore and Scuderia Bianco are SPGK Cayman's agents, fiduciaries and trustees.

    b.    An order that Growth Today transfers its shareholding in SPGK Cayman to the Company.

    c.    An order that Mr Yoshida effects the transfer of Growth Today's shareholding to the Company.

14.    In the alternative to the relief claimed above, US$273 million in restitution.

Page 19 of 19

Filed by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

15. Interest whether or not compounded, on all sums found to be due to the Company at such rates as the Court thinks fit pursuant to the Court's equitable jurisdiction and/or section 34 of the Judicature Act (2021 Revision).

16. Such further or other relief as may be just.

17. Costs.

*Campbells LLP*

**CAMPBELLS LLP**

**4 October 2023**

**Amended 10 October 2023**

Amended this 10th day of October 2023, pursuant to O. 20 r. 3 of the Grand Court Rules (2023 Revision).

~~This Writ was issued by Ascentra Holdings, Inc. (in Official Liquidation) whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GXC/NLI/KXL).~~

Page 20 of 19

Filed by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

**APPENDIX 1 – COMPANY'S REGISTER OF DIRECTORS AND OFFICERS**

**Filed** by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

REGISTER OF DIRECTORS AND OFFICERS FOR:

**Ascentra Holdings, Inc.**                                                    CR 283719

| Name | Address | Office Held | Appointment Effective Date | Resignation Effective Date | Notification of Appointment | Notification of Resignation |
|---|---|---|---|---|---|---|
| Chris Miner | 3008 Rivoli, Newport Beach, California, United States 92660 | DIRECTOR | 31-Dec-13 | 06-Mar-17 | 29-Jan-14 | 16-Mar-17 |
| Akinori Hori | Flat B, 1/F, No. 44 Coastline, Discovery Bay, N.T., Hong Kong | DIRECTOR | 31-Dec-13 | 16-Aug-15 | 29-Jan-14 | 14-Oct-16 |
| Ryunosuke Hori | 7 Fl, Flat F, Maple Mansion, Taikoo Shing, Hong Kong | DIRECTOR | 31-Dec-13 | 07-Feb-14 | 29-Jan-14 | 07-Feb-14 |
| Ryosuke Kojima | 313 St Vincent, Irvine, California, United States 92618 | DIRECTOR | 31-Dec-13 | 12-Jan-17 | 29-Jan-14 | 13-Feb-17 |
| Martin Matthews | 479 Morning Canyon Rd, Corona DL Mar California United States 92625 | DIRECTOR | 24-Dec-13 | 10-Nov-18 | 27-Dec-13 | 19-Nov-18 |
| Mourant Ozannes Cayman Secretaries Limited | P.O. Box 1348 94 Solaris Avenue, Camana Bay, Grand Cayman Cayman Islands KY1-1108 | SECRETARY | 24-Dec-13 | 29-Dec-15 | 27-Dec-13 | 17-Feb-16 |
| Ryunosuke Yoshida | 7 Fl, Flat F, Maple Mansion, Taikoo Shing, Hong Kong - | DIRECTOR | 07-Feb-14 | 30-Mar-18 | 07-Feb-14 | 03-Apr-18 |
| Martin Matthews | 479 Morning Canyon Rd, Corona DL Mar, California, United States 92625 | PRESIDENT | 25-Jul-14 | 14-May-16 | 25-Aug-14 | 14-Oct-16 |
| Martin Matthews | 479 Morning Canyon Rd, Corona DL Mar, California, United States 92625 | CHIEF EXECUTIVE OFFICER | 25-Jul-14 | 14-May-16 | 25-Aug-14 | 14-Oct-16 |
| Jeffrey Boshears | 2332 Baypointe Dr, Newport Beach, California, United States 92660 | CHIEF FINANCIAL OFFICER | 25-Jul-14 | 15-May-15 | 25-Aug-14 | 14-Oct-16 |
| Jeffrey Boshears | 2332 Baypointe Dr, Newport Beach, California, United States 92660 | ASSISTANT SECRETARY | 25-Jul-14 | 15-May-15 | 25-Aug-14 | 14-Oct-16 |
| Ryosuke Kojima | 313 St Vincent, Irvine, California, United States 92618 | CHIEF TECHNOLOGY OFFICER | 25-Jul-14 | 12-Jan-17 | 25-Aug-14 | 13-Feb-17 |
| Alex Oliva | 3741 Brilliant Place, Los Angeles, California, United States 90065 | CHIEF INFORMATION OFFICER | 25-Jul-14 | 05-Oct-16 | 25-Aug-14 | 14-Oct-16 |
| Takanori Meguro | 4 Chome-1-1, 16F, Taishido Setagaya Tokyo Japan 154-0004 | DIRECTOR | 14-Sep-17 | 08-Dec-17 | 02-Oct-17 | 10-Jan-18 |
| Christopher M Miner | PO Box 2026 Newport Beach, California USA 92659 | DIRECTOR | 07-Mar-18 | 17-Apr-18 | 08-Mar-18 | 25-Apr-18 |
| Motohiko Homma | Room 4529, Four Seasons Place 8 Finance Street Hong Kong | DIRECTOR | 11-Apr-18 | 18-Dec-18 | 16-Apr-18 | 27-Dec-18 |
| Yoshida Matsuura | The Harbour View Place Suite 5705 1 Austin Road West Hong Kong | DIRECTOR | 11-Apr-18 | | 16-Apr-18 | |
| Timothy Ashcroft | 1 Park Plaza Suite 800 Irvine CA 92614 U.S.A. | PRESIDENT | 12-Jan-17 | 07-Aug-17 | 13-Feb-17 | 02-Oct-17 |
| Yoshio Matsuura | The Harbour View Place, Suite 5705 1 Austin Road West, Kowloon Hong Kong | DIRECTOR | 28-Mar-18 | 30-Mar-18 | 29-Mar-18 | 03-Apr-18 |

www.verify.gov.ky File#: 283719

| Motohiko Homma | Room 4529, Four Seasons Place, 8 Finance Street Hong Kong | DIRECTOR | 28-Mar-18 | 30-Mar-18 | 29-Mar-18 | 03-Apr-18 |
| Yoshida Matsuura | The Harbour View Place Suite 5705 1 Austin Road West Hong Kong | CHAIRMAN | 01-Jun-18 | | 14-Jun-18 | |
| Ryunosuke Yoshida | 1212, 12th Floor China Resources Building 16 Harbour Road Wanchai Hong Kong | DIRECTOR | 18-Dec-18 | 01-Jun-21 | 27-Dec-18 | 02-Jun-21 |

CERTIFIED TO BE A TRUE COPY OF THE ORIGINAL

Name: _Yun Sheng_

For and on behalf of

Hermes Corporate Services Ltd.

P.O. Box 31493, George Town

Grand Cayman KY1-1206

Cayman Islands

Date: _10 Jun 2021_





www.verify.gov.ky File#: 283719

**APPENDIX 2 – STRUCTURE CHART**

**Filed** by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).



***NB #1-6 on next page***

Notes:

*1. IR-P Holdings Inc.

*2. Ascentra Holdings Inc.

    – in Voluntary Liquidation as of 28 May 2021
    – in Official Liquidation as of 29 March 2022

*3. HEC International Ltd.

    – in Voluntary Liquidation as of 1 June 2021
    – in Official Liquidation as of 17 September 2021

*4. Interush Singapore

    – in Voluntary Liquidation as of 27 September 2021
    – in Official Liquidation as of 7 December 2021

*5. HEC International Co., Ltd.(Taiwan)

    – dissolved as of 3 January 2023

*6. HEC International, Ltd. Singapore Branch – ceased to carry on business as of 7 December 2021

    – in Liquidation as of 31 March 2023

**APPENDIX 3 - REGISTER OF MEMBERS OF IR-P AND THE COMPANY**

**Filed** by Campbells LLP, attorneys for Ascentra Holdings, Inc. (in Official Liquidation), whose address for service is Floor 4, Willow House, Cricket Square, George Town, Grand Cayman, KY1-9010, Cayman Islands (GCX/NLI/KXL).

CONFIDENTIAL

# REGISTER OF MEMBERS OF
# IR-P HOLDINGS, INC. (IN VOLUNTARY LIQUIDATION)

## Company Information

**Co. Registration No: 283718**

**Registered Office:** c/o Bell Rock Corporate Services Limited, 2454 Centennial Towers, West Bay Road, West Bay, Grand Cayman KY1-1303, Cayman Islands

## Share Capital

| Class | Currency | Capital | Number of Shares Authorized | Nominal Value per Share | Number of Shares Issued |
|---|---|---|---|---|---|
| Ordinary | USD | 46,400.00 | 46,400,000 | 0.001 | 982,000 |
| Preferred | USD | 3,600.00 | 3,600,000 | 0.001 | 3,600,000 |

## Register of Members

| Certificate Number | Name and Address | Date Entered as Member | Date Ceased to be a Member | Notes | Amount Paid | Balance held |
|---|---|---|---|---|---|---|
| 0 | **Mourant Ozannes Cayman Nominees Limited** c/o Mourant Ozannes Corporate Services (Cayman) Limited, 94 Solaris Avenue, Camana Bay, PO Box 1348, Grand Cayman KY1-1108, Cayman Islands | 20 Dec 2013 | 24 Dec 2013 | **20 Dec 2013:** Allotment of 1.0 Ordinary Share(s) for USD0.001 / share to Mourant Ozannes Cayman Nominees Limited **24 Dec 2013:** Transfer of 1.0 Ordinary share(s) from Mourant Ozannes Cayman Nominees Limited to Mr Martin J Matthews for the total consideration of USD0.001 | Fully Paid | 0.00 |
| 0 | **Martin J Matthews** 479 Morning Canyon Rd, Corona DL Mar, California 92625, United States | 24 Dec 2013 | 23 Jul 2014 | **24 Dec 2013:** Transfer of 1.0 Ordinary share(s) from Mourant Ozannes Cayman Nominees Limited to Mr Martin J Matthews for the total consideration of USD0.001 **24 Dec 2013:** Allotment of 981999.0 Ordinary share(s) for USD0.001 / share to Mr Martin J Matthews **23 Jul 2014:** transfer of 982000.0 Ordinary share(s) from Mr Martin J Matthews to INTL Media Holdings, LLC for the total consideration of USD0.001 | Fully Paid | 0.00 |

FSD2023-0300

CONFIDENTIAL

| Certificate Number | Name and Address | Date Entered as Member | Date Ceased to be a Member | Notes | Amount Paid | Balance held |
|---|---|---|---|---|---|---|
| 1 | **INTL Media Holdings, LLC** 2711 Centerville Road, Suite 400, Wilmington DE 19808, United States | 23 Jul 2014 | | **23 Jul 2014:** Transfer of 98200.00 Ordinary share(s) from Mr Martin J Matthews to INTL Media Holdings, LLC for the total consideration of USD0.001 | Fully Paid | 982,000.00 |
| 0 | **New South East Traders, Ltd.** Pease Estate, Road Town Tortola, Virgin Islands, British | 30 Dec 2013 | 03 Nov 2020 | **30 Dec 2013:** Allotment of 1,800,000.0 Preferred shares for USD0.001 / share to New South East Traders, Ltd. 03 Nov 2020: transfer of 1,800,000 Preferred shares from New South East Traders, Ltd. to Lequios Holdings Limited for valuable consideration. | Fully Paid | 0.00 |
| 0 | **South Asia Ventures Ltd.** Pease Estate, Road Town, Tortola, Virgin Islands, British | 30 Dec 2013 | | **30 Dec 2013:** Allotment of 1,800,000.0 Preferred shares for valuable to South Asia Ventures Ltd. | Fully Paid | 1,800,000.00 |
| 0 | **Lequios Holdings Limited** c/o Vistra Corporate Services Centre, Wickhams Cay II, Road Town, Tortola, VG1110, British Virgin Islands | 03 Nov 2020 | | **03 Nov 2020:** Transfer of 1,800,000 Preferred shares from New South East Traders, Ltd. to Lequios Holdings Limited for valuable consideration. | Fully Paid | 1,800,000.00 |

| Name | Number and Class of Shares Held | |
|---|---|---|
| INTL Media Holdings, LLC | 982,000.00 | Ordinary |
| South Asia Ventures, Ltd. | 1,800,000.00 | Preferred |
| Lequios Holdings Limited | 1,800,000.00 | Preferred |

# Register of Members: Ascentra Holdings, Inc.

Company Number: **283719**

**BELL ROCK GROUP**

CONFIDENTIAL
Printed on 14 July 2020

| MEMBER NAME & ADDRESS | DATE BECAME A MEMBER | RESOLUTION (ISSUE/TRANSFER OF SHARES) | SOURCE OF SHARES | # OF SHARES ACQUIRED | CLASS OF SHARES | AMOUNT PAID | CERT # | # OF SHARES DISPOSSESSED | DISPOSSESSION METHOD | DATE OF DISPOSSESSION | TOTAL SHARE HOLDING |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Jeffrey Lee Boshears, 7 Del Carlo, Irvine CA 92606, USA | 12 Feb 2014 | | Subscription | 200,000 | Ordinary | Full | 002 | | Subscription | | 200,000 |
| | 15 Aug 2015 | | Subscription | 150,000 | Ordinary | Full | 013 | | Subscription | | 150,000 |
| UNI Media Holding, LLC, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, USA | 24 July 2014 | | Subscription | 2,400,000 | Ordinary | Full | None | | Subscription | | 2,400,000 |
| BALANCE OF SHARES | | | | | | | | | | | 350,000 |
| Ryosuke Kojima, 31 Secret Garden, Irvine CA 92620, USA | 12 Feb 2014 | | Subscription | 400,000 | Ordinary | Full | 005 | | Subscription | | 400,000 |
| BALANCE OF SHARES | | | | | | | | | | | 2,400,000 |
| Alex Oliva, 7741 Brilliant Place, Los Angeles CA 90065, USA | 12 Feb 2014 | | Subscription | 50,000 | Ordinary | Full | 006 | | Subscription | | 400,000 |
| | 24 July 2014 | | Subscription | 50,000 | Ordinary | | 014 | | Subscription | | |
| BALANCE OF SHARES | | | | | | | | | | | 400,000 |

FSD2023-0300    Page 32 of 33    2023-10-11

Bell Rock Group Financial Services Limited
Centennial Towers, Suite 2053C
2454 West Bay Road
Grand Cayman KY1-1303
CAYMAN ISLAND

CONFIDENTIAL
Printed on 14 July 2020

**FSD2023-0300**   **Page 33 of 33**   **2023-10-11**

**BELL ROCK GROUP**

# Share Capital

**IR-P Holdings, Inc.**
c/o Bell Rock Group Financial Services Limited, Centennial Place, 205c, 2454 West Bay Road, Grand Cayman, KY1-1303, Cayman Islands

| CURRENCY | AUTHORISED CAPITAL | NUMBER OF SHARES AUTHORISED | PAR VALUE | NUMBER OF SHARES ISSUED | VOTING RIGHTS – CONDITIONAL OR UNCONDITIONAL |
|---|---|---|---|---|---|
| USD | $50,000 | 45,418,000 | 0.001 | 3,250,000 | Unconditional |
| USD | As above | 4,582,000 | 0.001 | 4,582,000 | Unconditional |

| BALANCE OF SHARES | | | | | | BALANCE OF SHARES |
|---|---|---|---|---|---|---|
| 12 Feb 2014 | Subscription | 4,582,000 | Preferred | P-001 | Subscription | |
| | | | | | | 100,000 |
| | | | | | | 4,582,000 |

| | |
|---|---|
| **Registered Office:** | Bell Rock Group Financial Services Limited, Centennial Towers, 205c, 2454 West Bay Road, Grand Cayman, KY1-1303, Cayman Islands |
| **Incorporation Date:** | 20 December 2013 |
| **Company Registration Number:** | 283719 |
| **Date of Execution of Memorandum of Association** | 20 December 2013 |
| **Date of Filing of Memorandum of Association** | 20 December 2013 |
| **Nature of Business** | Headquarters Business |
| **Financial Year End** | 31 December |

A&R 12 June 2018
A&R 12 June 2018

Bell Rock Group Financial Services Limited
Centennial Towers, 205C
2454 West Bay Road
Grand Cayman KY1-1303
CAYMAN ISLAND

**FSD2023-0300**   **Page 33 of 33**   **2023-10-11**

Page 1 of 1