Robert J. Feinstein
Bradford J. Sandler
John A. Morris
Beth E. Levine
Jeffrey M. Dine
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:    (212) 561-7700
Facsimile:    (212) 561-7777
E-Mail:        rfeinstein@pszjlaw.com
                bsandler@pszjlaw.com
                jmorris@pszjlaw.com
                blevine@pszjlaw.com
                jdine@pszjlaw.com

*Counsel for Shang Peng Gao Ke Inc. SEZC and SPGK Pte Ltd*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | Case No. 21-11854 (DSJ) |
| ASCENTRA HOLDINGS, INC. (in Official Liquidation), | Chapter 15 |
| Debtor in a Foreign Proceeding.[1] | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**MOTION OF SHANG PENG GAO KE INC. SEZC AND**
**SPGK PTE LTD. PURSUANT TO 11 U.S.C. §§ 1517(D) AND 1520(C)**
**FOR AN ORDER TERMINATING THE RECOGNITION ORDER**

---

[1]    The Debtor's company registration number is 283719. The Debtor's registered office is c/o JTC (Cayman) Ltd., 94 Solaris Avenue, Second Floor, Camana Bay, PO Box 30745, Grand Cayman, Cayman Islands, KY1-1203.

<u>**TABLE OF CONTENTS**</u>

TABLE OF AUTHORITIES ............................................................................................... ii

I.      PRELIMINARY STATEMENT ................................................................................1

II.     ARGUMENT ...........................................................................................................5

     A.     SPGK Has Standing To Bring The Recognition Termination Motion ...................5

     B.     The Motion Is Not Barred By Laches....................................................................6

     C.     The Motion Is Not Procedurally Improper ............................................................7

     D.     The Cayman Proceeding Does Not Qualify As A "Foreign Proceeding" ...............8

           1.     The Cayman Proceeding Is Not A "Proceeding For The Benefit Of
                  Creditors".....................................................................................................9

           2.     The Cayman Proceeding Was Not Brought Under A Law Related
                  To Insolvency Or The Adjustment Of Debt ...............................................12

           3.     The Cayman Proceeding Is Not For The Purpose Of Liquidating
                  Or Reorganizing An Insolvency Estate Or Preventing Detriment
                  To Creditors ...............................................................................................13

     E.     No Party Will Be Prejudiced By The Termination Of Recognition .....................14

III.    CONCLUSION......................................................................................................14

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Armada (Sing.) Pte Ltd. v. Shah (In re Ashapura Minechem Ltd.)*,
   480 B.R. 129 (S.D.N.Y. 2012) ........................................................... 10, 14

*Ascentra Holdings, Inc. v. SPGK Pte Ltd.*,
   [2023] SGCA 32 (Sing.) at 20 ................................................................ 12

*In re Ascentra Holdings, Inc.*,
   No. 21-11854, ECF No. 80, 2023 Bankr. LEXIS 2872 (Bankr. S.D.N.Y. Dec. 5, 2023) .. 2, 3, 5

*In re Ascot Fund Ltd.*,
   603 B.R. 271 (Bankr. S.D.N.Y. 2019) ...................................................... 11

*In re Ascot Funds Ltd.*,
   No. 19-10594 (Bankr. S.D.N.Y. May 29, 2019) ........................................ 11

*In re Ashapura Minechem Ltd.*,
   No. 11-14668, 2011 Bankr. LEXIS 4617 (Bankr. S.D.N.Y. Nov. 22, 2011) ............. 14

*In re Basis Yield Alpha Fund (Master)*,
   381 B.R. 37 (Bankr. S.D.N.Y. 2008) ................................................ 14, 15

*In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*,
   389 B.R. 325 (S.D.N.Y. 2008) ................................................................ 14

*In re Ernst & Young, Inc.*,
   383 B.R. 773 (Bankr. D. Colo. 2008) ........................................................ 7

*In re Glob. Cord Blood Corp.*,
   No. 22-11347, 2022 Bankr. LEXIS 3426 (Bankr. S.D.N.Y. Dec. 5, 2022) ..................... passim

*In re Ionosphere Clubs*,
   101 B.R. 844 (Bankr. S.D.N.Y. 1989) ........................................................ 5

*In re Loy*,
   448 B.R. 420 (Bankr. E.D. Va. 2011) ........................................................ 6

*In re Oi Brasil Holdings Cooperatief U.A.*,
   578 B.R. 169 (Bankr. S.D.N.Y. 2017) ........................................................ 6

*In re Sturgeon Cent. Asia Balanced Fund*,
   [2020] EWHC 123 (Ch.) ...................................................................... 13

*In re Timberline Energy Corp.*,
   No. 81-00522, 1989 Bankr. LEXIS 2437 (Bankr. N.D.N.Y. Dec. 4, 1989) ............... 5

*LTL Mgmt., LLC v. Those Parties Listed on App. A to Complaint (In re LTL Mgmt., LLC)*,
   64 F.4th 84 (3d Cir. 2023) ................................................................ 12

*Ronnie Van Zant, Inc. v. Pyle*,
   270 F. Supp. 3d 656 (S.D.N.Y. 2017) ........................................................ 6

*White v. Daniel*,
   909 F.2d 99 (4th Cir. 1990) ................................................................ 6

**Statutes**

11 U.S.C. § 101(23) ........................................................................ 2, 8

11 U.S.C. § 1517(d) .................................................................. 2, 5, 6, 8

11 U.S.C. § 1522(c) ........................................................................ 3

**Other Authorities**

8 Del. C. § 226 ........................................................................................................................... 1, 13

N.Y. B.C.L. § 1104 .................................................................................................................... 1, 13

Interested parties Shang Peng Gao Ke Inc. SEZC ("SPGK Cayman") and SPGK Pte Ltd ("SPGK Singapore," and together with SPGK Cayman, "SPGK"), by and through their undersigned counsel, hereby submit this reply memorandum of law in further support of their motion to terminate the Recognition Order (ECF No. 37) (the "Motion"), and respectfully state as follows:[2]

## I.
## PRELIMINARY STATEMENT

1.      After months of briefing, four depositions and extended motion practice over discovery, the facts and law on this Motion are even clearer and better-established than when SPGK filed it. Ascentra is a solvent company and was placed in liquidation solely because of disputes among its shareholders. As a matter of law and fact, Ascentra's creditors play no substantive role—and have no substantive rights—in its winding up proceedings. Indeed, Ascentra has admitted that all of its undisputed, pre-liquidation creditors have already been paid in full as required by Cayman law.[3] Ascentra is liquidating because its shareholders couldn't get along, and the liquidation is solely for their benefit. Ascentra is not in financial distress and is no more deserving of the special treatment bestowed on foreign debtors by Chapter 15 than a similarly paralyzed U.S. company going through a court-supervised liquidation under state corporation law (such as N.Y. B.C.L. § 1104 or 8 Del. C. § 226) would be entitled to take advantage of the protections of Chapter 11.

---

[2]   This submission is without prejudice to any claims or defenses that SPGK may assert (including in the Cayman Proceeding), as to which SPGK reserves its rights. Capitalized terms not otherwise defined have the meaning given to them in the Motion.

[3]   Transcript of the Deposition of Graham Robinson, dated February 29, 2024 (the "Robinson Dep. Tr.") at 80:25-81:4. A copy of the Robinson Deposition Transcript is attached to the Reply Declaration of Jeffrey Dine executed March 14, 2024 ("Dine Reply Decl."), filed herewith, as Exhibit 1.

2.     In the Motion, SPGK established that Ascentra's solvent Cayman Proceeding does not qualify as a "foreign proceeding" under 11 U.S.C. § 101(23), and thus should not be recognized under Chapter 15. The Cayman Proceeding is not: (1) a collective proceeding for the benefit of creditors, (2) under a law relating to insolvency or the adjustment of debt, (3) for the purpose of reorganization or liquidation for the benefit of creditors.

3.     The JOLs raise three threshold objections to the Recognition Termination Motion: standing, laches and "procedural impropriety." These objections are meritless.

4.     **First**, the Court has already determined that SPGK has standing to bring this Motion, as the Court found that "this is not a case in which SPGK is a minor or ancillary figure seeking to insert itself in a Chapter 15 case where it has no substantial or cognizable interest" and therefore held "that SPGK has standing to pursue the relief it now seeks."[4]

5.     **Second**, it is not clear that "laches" can be a viable defense to the Motion, but even if it could, Ascentra has failed to meet is burden of proving it applies here. A motion under Section 1517(d) is akin to a motion to dismiss for lack of subject matter jurisdiction. As such, the statute does not provide for laches (or waiver), but instead specifically provides that courts take prejudice to parties into account in its decision. To the extent laches is a viable defense, the JOLs must show **both** that SPGK inexcusably neglected to raise this issue **and** that the JOLs were irreparably harmed by such neglect. Ascentra cannot meet either element. SPGK did not neglect to bring this Motion as SPGK actively sought to resolve the issues of the Planet Payment Funds but the JOLs failed for over a year and a half to join issue before SPGK brought the Motion.

---

[4] *See* Memorandum Decision and Order Denying Foreign Representatives' Application to Preclude Proposed Deposition, *In re Ascentra Holdings, Inc.*, No. 21-11854, ECF No. 80 at 17, 2023 Bankr. LEXIS 2872 at *25 (Bankr. S.D.N.Y. Dec. 5, 2023) (the "December 5 Decision"). *See also* Point II.A.

Moreover, the JOLs have not been harmed by any purported delay in bringing the Motion. To the contrary, the JOLs have benefitted greatly by restraining the Planet Payment Funds and using the discovery tools afforded by the Bankruptcy Code. The JOLs' contention that Ascentra might be harmed by the possibility that SPGK might transfer the Planet Payment Funds—whose presence in the United States is entirely fortuitous—to its own operating business accounts is not cognizable, nor would SPGK doing so be "nefarious." SPGK has voluntarily provided substantial information to the JOLs concerning its bank accounts, and has never siphoned funds out of those accounts. In more than two years, SPGK has not engaged in "nefarious" behavior concerning its accounts— which contain more than twice as much money as the Planet Payment Funds—and any suggestion that it will do so is belied by SPGK's engagement in and with the Cayman Proceeding. SPGK is not barred from seeking termination of the Recognition Order by laches. *See* Point II.B.

6.    ***Third***, this Motion is not somehow "procedurally improper." The Court addressed this issue also in the December 5 Decision, recognizing that SPGK has standing to bring this Motion by virtue of the restraint, which is embodied in the Recognition Order.[5] The JOLs mischaracterize the Motion as being brought to determine SPGK's substantive rights to the Planet Payment Funds. SPGK seeks no such relief. The Planet Payment Funds (now in the Court registry) were held in an account by *SPGK's* payment processor for *its* benefit pursuant to a contract as to which *SPGK*, not Ascentra, was a party. The JOLs admit that Mr. Yoshida is the "ultimate beneficial owner and shareholder" of SPGK.[6] SPGK is indisputably owns the Planet Payment Funds. The JOLs have the burden of proving in a Cayman Islands litigation that—notwithstanding SPGK's legal and beneficial ownership—Ascentra somehow, under some synthesized theory, is

---

[5]    2023 Bankr. LEXIS 2872, at *26.

[6]    Foreign Representatives' Objection to Motion of Shang Peng Gao Ke Inc. SEZC and SPGK PTE Ltd. Pursuant to 11 U.S.C. § 1522(c) to Terminate Restrain ("JOL Obj.," ECF No. 64) at 2.

entitled to the Planet Payment Funds. The parties' stipulation that SPGK could bring a declaratory action did not shift the JOLs' burden or immunize the Recognition Order from challenge. To suggest that this Motion—which rests solely on whether the JOLs can meet the entirely separate burden of showing entitlement to recognition—has any bearing on the issue of ultimate ownership is transparently incorrect. The only question to be determined on this Motion is whether the Court should terminate the Recognition Order. *See* Point II.C.

7.     ***Fourth***, as to the substance of the Motion, the JOLs' Response (ECF No. 64) and the declaration of their new Cayman Islands law expert, Mr. Alexander Henderson (ECF No. 65), presented an inaccurate and generalized response to SPGK's detailed exposition of the myriad ways that a solvent liquidation, like Ascentra's, does not qualify as a collective proceeding for the benefit of creditors under the Companies Act and CWR. Mr. Henderson has conceded, among other things, that in a solvent Cayman liquidation creditors must be paid in full in the ordinary course (without adjustment), and are excluded from appearing in the winding up proceeding. A Cayman solvent liquidation is equivalent to a United States state law dissolution that would not qualify for bankruptcy protection—which requires that the entity be insolvent or in immediate financial distress. Likewise, the statutory track under which Ascentra's liquidation is proceeding is unrelated to insolvency or the adjustment of debts. Finally, Ascentra's eventual liquidation will benefit only its shareholders, not its creditors who must receive payment in full in the ordinary course. The Cayman Proceeding thus fails to satisfy multiple necessary criteria for being a "foreign proceeding" appropriate for recognition. *See* Points II.D.-G.

8.     ***Finally***, no party will be prejudiced by the termination of the recognition. No creditor has appeared in this proceeding. Ascentra cannot complain that it will be prejudiced by the grant of relief it should never have received—it has only benefitted in the interim by

restraining the Planet Payment funds and obtaining discovery that it then used to commence an action against SPGK in Cayman.

9. This Court is obligated to modify or terminate recognition where the grounds for granting recognition "were fully or partially lacking or have ceased to exist." 11 U.S.C. § 1517(d). The Court should terminate recognition of the Cayman Proceeding as the grounds for recognizing it were lacking and have otherwise ceased to exist.

## II.   ARGUMENT

### A.   SPGK Has Standing To Bring The Recognition Termination Motion

10. The JOLs contend that SPGK lacks standing to bring the Motion (JOL Obj. at 7-8). But the Court already rejected this contention in the December 5 Decision. There, the Court recognized that a party must be a creditor or able to assert an equitable claim against the estate to have standing. December 5 Decision, 2023 Bankr. LEXIS 2872, at *23-24 (citing *In re Timberline Energy Corp.*, No. 81-00522, 1989 Bankr. LEXIS 2437, at *13 (Bankr. N.D.N.Y. Dec. 4, 1989) and *In re Ionosphere Clubs*, 101 B.R. 844, 849 (Bankr. S.D.N.Y. 1989)). The Court then determined that SPGK met this standard and has standing:

> At least since the Court's entry of the Restraint as to funds that SPGK claims it owns and that are held in an SPGK-associated account, SPGK may be a creditor of the estate and, at a minimum, holds a pecuniary interest and an equitable claim against the estate— a claim of entitlement to assets that the Foreign Representatives have caused to be restrained, thus preventing SPGK from accessing or using the funds for more than two years.

December 5 Decision, 2023 Bankr. LEXIS 2872, at *24-25. On this basis, the Court concluded: "Thus, this is not a case in which SPGK is a minor or ancillary figure seeking to insert itself in a Chapter 15 case where it has no substantial or cognizable interest. Accordingly, the Court concludes that SPGK has standing to pursue the relief it now seeks." *Id.* at *25. The Court has rejected the JOLs' challenge to SPGK's standing. That is now the law of the case.

### B.    The Motion Is Not Barred By Laches

11.    The JOLs contend that the Motion is barred by the doctrine of laches.[7] JOL Obj. at 9-12. Laches is an equitable doctrine to be considered by the court in its discretion, and requires that the court find that the movant has "unreasonably and inexcusably delay[ed] in seeking [relief], and the [nonmovant] is prejudiced by that delay." *Ronnie Van Zant, Inc. v. Pyle*, 270 F. Supp. 3d 656, 677 (S.D.N.Y. 2017). "'No bright line rule regarding a specific timeframe exists, and all the facts of each particular case must be evaluated.'" *In re Loy*, 448 B.R. 420, 440 (Bankr. E.D. Va. 2011) (quoting *White v. Daniel*, 909 F.2d 99, 102 (4th Cir. 1990)).

12.    None of Ascentra's cases apply the doctrine in the context of Chapter 15 recognition. Because Section 1517(d) sets out the standard for the Court's consideration of the Motion, laches is irrelevant; rather, the only question is whether Ascentra has relied upon recognition such that it would be cognizably prejudiced by the termination of recognition. Either way, here SPGK has not unreasonably or inexcusably delayed bringing this Motion, and neither Ascentra nor anybody else (except, ironically, SPGK) has been prejudiced by any delay.

13.    Bankruptcy Code § 1517(d) sets no time limit or other threshold to motions to terminate recognition. All that is required is that (i) movant show that the grounds for termination were fully or partially lacking or have ceased to exist and (ii) that the court give "due weight to possible prejudice to parties that have relied upon the order granting recognition." 11 U.S.C. § 1517(d). The grant of recognition is a summary proceeding and is subject to being revisited at any time; Federal Rule of Civil Procedure 60(b) does not apply. *In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169, 203 (Bankr. S.D.N.Y. 2017). Thus, "courts have gone so far as to view a recognition order as less than a final order, seeing it as a reflection of the facts

---

[7]   The JOLs do not present any legal argument that SPGK waived its right to seek termination of recognition, only that it has purportedly delayed.

presented to the court at the time." *Id.* (citing *In re Ernst & Young, Inc.*, 383 B.R. 773, 781 (Bankr. D. Colo. 2008)).

14.     First and foremost, no one will be prejudiced by the termination of recognition. No creditor has appeared in this proceeding. Ascentra would not be prejudiced by the withdrawal of recognition. The JOLs acknowledge that they have completed or largely completed discovery through this proceeding and are pursuing recovery from one potential party outside this proceeding. JOLs' Fourth Status Report, ECF No. 82 (Dine Reply Decl. Exhibit 2). Ascentra can hardly claim to be prejudiced by the release of the Planet Payment Funds; indeed, it has only gained by restraining SPGK's money for over two years. *See* Motion ¶ 93. That SPGK might transfer the Planet Payment Funds—held for its benefit by Planet Payment pursuant to a contract to which it, not Ascentra, was a party—to its own accounts cannot be considered prejudicial to Ascentra.

15.     Any purported delay by SPGK in bringing the Motion was not "inexcusable." During the time between recognition and the time it brought the Motion, SPGK has actively engaged with the JOLs and sought for them to state the basis for and assert their claim in the Cayman Islands. The JOLs do not, and cannot, suggest that SPGK has used the time to engage in any sort of machination to undermine the Cayman Proceeding.

## C.     The Motion Is Not Procedurally Improper

16.     As a brief, unsupported objection, Ascentra contends that the Motion is a procedurally improper means to obtain declaratory relief that it owns the Planet Payment Funds. JOL Obj. at 12. But that argument just puts an untrue fantasy superstructure onto a foundational argument. Whether the solvent Cayman Proceeding—in which Ascentra's creditors have no substantive rights and must be paid in full in the ordinary course—is a proceeding for the benefit of creditors is unrelated to the merits of the competing claims asserted by Ascentra and SPGK in the Cayman Islands. This Motion neither seeks nor requires the Court to rule on anything related

to the merits of the parties' claims in the Cayman Islands, only whether the JOLs have properly obtained recognition of the solvent Cayman Proceeding. Under applicable law, the Motion is entirely "appropriate." *See* 11 U.S.C. § 1517(d).

**D.    The Cayman Proceeding Does Not Qualify As A "Foreign Proceeding"**

17.    The JOLs next remind the Court of the unquestioned standard for the termination of recognition under Bankruptcy Code § 1517(d):

> (d) The provisions of this subchapter . . . do not prevent modification or termination of recognition if it is shown that the grounds for granting it were fully or partially lacking or have ceased to exist, but in considering such action the court shall give due weight to possible prejudice to parties that have relied upon the order granting recognition.

18.    As SPGK stated in its opening brief, "[A]s to whether the proceeding is 'collective,' relevant case law typically speaks in terms of the proceeding's treatment of and potential benefit to creditors, as well as emphasizing that the proceeding must concern all interests or the interests of a creditor body as a whole, not just individuals." Motion ¶ 46 (citing *In re Glob. Cord Blood Corp.*, No. 22-11347, 2022 Bankr. LEXIS 3426, at *21-22  (Bankr. S.D.N.Y. Dec. 5, 2022)) ("*Global Cord*").

19.    Discovery has validated SPGK's Motion: the Cayman Proceeding fails to meet the requirements of Bankruptcy Code § 101(23) because it is not a proceeding for the benefit of creditors, is not brought under a law related to insolvency or the adjustment of debts, and will not result in a reorganization or liquidation for the benefit of creditors. Motion ¶¶ 9-11.[8]

---

[8]    SPGK raises no new arguments herein that would justify the JOLs' submission of additional briefing on the Motion.

1. **The Cayman Proceeding Is Not
   A "Proceeding For The Benefit Of Creditors"**

20.     In its opening briefing, SPGK demonstrated that, as a matter of Cayman
Islands law, a Cayman solvent winding up proceeding is not conducted for the benefit of creditors
and therefore is inappropriate for recognition under Chapter 15. As explained, creditors are
systematically and deliberately excluded from participating in the winding up of a solvent Cayman
company because they must be paid in full, in the ordinary course, and therefore do not participate
in the collective dividend process applicable to insolvent companies. Motion ¶¶ 28, 30.

21.     Discovery has confirmed SPGK's original contentions. Mr. Henderson, the
JOLs' expert, concurred with SPGK's expert, Katherine Pearson (ECF No. 45), in all material
respects. Mr. Henderson agreed that, among other things, in winding up proceedings involving
solvent companies: (a) there is no statutory process for adjustment of debt; (b) creditors have no
statutory right to be heard; (c) creditors do not have standing to make or participate in a sanction
application in the Cayman Court; (d) creditors are paid in full in the ordinary course (not *pari
passu* under the Companies Act dividend regime), and in the currency of the obligation, (e)
creditors are not required to submit proofs of debt, (f) creditors are barred from serving on the
liquidation committee, only contributories (*i.e.*, shareholders).

22.     Attached as **Exhibit 1** is a chart comparing the role of creditors in solvent
and insolvent winding up proceedings, with citations to the evidentiary record as appropriate. As
**Exhibit 1** shows, contrasted with an insolvent liquidation, creditors of a solvent company in
liquidation are systematically excluded from having any voice or role.  Instead, the winding up of
a solvent entity is conducted for the benefit of the contributories (*i.e.*, the shareholders).

23.     In the face of these indisputable facts, Mr. Henderson hung his hat on the
possibility of an aggrieved creditor informally approaching the judge hearing a proceeding and

requesting judicial assistance, outside of any statutory authorization. Transcript of the Deposition

of Alexander Gray Henderson, KC, dated September 28, 2023 (the "Henderson Dep. Tr.," Dine

Reply Decl. Exhibit 3) at 60:16-61:2, 88:5-25. Mr. Henderson could not provide a single example

of this happening in the Cayman Proceeding or during his time as a judge (*Id.* at 60:9-15, 89:2-

10), and that is not surprising given that no statutory basis exists to support Mr. Henderson's

hypothetical. In any event, that hypothetical is wholly irrelevant to the determination of whether

the Cayman Proceeding is a collective proceeding, as the creditor's right to seek court review must

be statutory. *See Armada (Sing.) Pte Ltd. v. Shah (In re Ashapura Minechem Ltd.)*, 480 B.R. 129,

137 (S.D.N.Y. 2012) (determining whether a proceeding is for the benefit of creditors depends on

whether "a *statutory* mechanism [exists] for creditors to seek court review of the proceeding"

(emphasis added)); *see also Global Cord*, 2022 Bankr. LEXIS 3426, at *23 (quoting *In re

Ashapura Minechem*, 480 B.R. at 136).

24.     Mr. Robinson confirmed that creditors in the Cayman Proceeding are being

treated consistent with Cayman Islands law. For example, Mr. Robinson concurred with the

experts that creditors are not required to submit a proof of debt in the Cayman Proceeding (and

that such proofs of debt as are submitted are not filed with the Court but only used by the JOLs for

the purpose of verifying whether Ascentra should pay the charge). *See* Robinson Dep. Tr. at 98:25-

99:10.[9]

25.     Mr. Robinson also agreed that creditors in a solvent liquidation do not have

standing to apply to the Cayman Court for sanction, and no creditor of Ascentra has done so.

Robinson Dep. Tr. at 114:13-116:2.

---

[9]   While the JOLs have referred to the JOLs' review of proofs of debt as "adjudicat[ion]" (*see*
Robinson Dep. Tr. at 95:2-5), this is simply the term used for a liquidator's assessment of a proof
of debt. There is no court involvement or imprimatur on the JOLs' decision to pay or not pay.

26.     The Cayman Proceeding fails to meet the requisites of a proceeding for the benefit of creditors identified by the Court in *Global Cord* (2022 Bankr. LEXIS 3426, at *23):

- It does not consider the rights and objectives of all creditors and is not for the general benefit of creditors.

- It does not contemplate the treatment of claims of various types of creditors, as well as the possibility that creditors may take part in the foreign action.

- There is no provision for the distribution of assets according to statutory priorities, and there is no statutory mechanism for creditors to seek court review of the proceeding.

- It was not instituted for the benefit of creditors generally, but for the shareholders.

27.     This makes perfect sense. There is no dispute that under Cayman Island law, creditors of a solvent entity undergoing a court-supervised winding up proceeding must be paid in full in the ordinary course. Consequently, creditors have no reason to participate in the process, and they don't. The Cayman Proceeding simply cannot qualify as a collective proceeding for the benefit of creditors.[10] There is no justification for its recognition, and the Court should terminate recognition on this basis.

---

[10]  The JOLs' citation to *In re Ascot Fund Ltd.*, 603 B.R. 271, 278 (Bankr. S.D.N.Y. 2019) (Bernstein, B.J.) for the wording that "Ascot Fund's financial affairs will be wound up and its assets distributed to creditors, here the shareholders." (JOL Obj. at 15) is not on point. In the first instance, conflating creditors and shareholders is simply not supported by Cayman Islands law, which systematically distinguishes between the two. Second, *Ascot Fund* was a dispute over COMI, and the issue of whether a solvent Cayman liquidation is a proper subject of recognition was not argued. Judge Bernstein seems to have taken conflating creditors and shareholders from one party's papers, which identified the fund's shareholders as "creditors" for the purposes of the COMI location-of-creditors analysis, not whether or not shareholders are "creditors" under Cayman Islands law. *See HFC Limited's Proposed Findings of Fact and Conclusions of Law in Opposition to the Verified Petition for Recognition of Foreign Main Proceedings and Certain Related Relief* (ECF No. 52) ¶ 51, *In re Ascot Funds Ltd.*, No. 19-10594 (Bankr. S.D.N.Y. May 29, 2019).

###    2.    The Cayman Proceeding Was Not Brought Under
A Law Related To Insolvency Or The Adjustment Of Debt

28.    In the Motion, SPGK looked at the question of whether the Cayman

Proceeding was brought under a law related to insolvency or the adjustment of debt, as required

by Bankruptcy Code § 101(23). The decision of the Singapore High Court concerning the Ascentra

liquidation, SPGK argued, was instructive: to conflate the provisions of the Companies Act

concerning the liquidation of solvent companies with the Companies Act provisions for the

liquidation of companies that are insolvent or of doubtful solvency is "artificial." Motion ¶ 68.

29.    The Singapore Court of Appeal reversed the High Court.[11] The Court of

Appeal based its decision on its determination that Singapore's implementation of the Model Law

did not exclude solvent company liquidation laws from "laws relating to insolvency *or adjustment*

*of debt*," referencing the use of the phrase "adjustment of debt" in chapter 11 of the Bankruptcy

Code. Judgment, *Ascentra Holdings, Inc. v. SPGK Pte Ltd.*, [2023] SGCA 32 (Sing.) at 20.

(emphasis added). The Court of Appeal relied on its analysis of Chapter 11 of the Bankruptcy

Code for the conclusion that Chapter 11 does not require a company to be insolvent or in severe

financial distress to seek relief.

30.    The Court of Appeals' view of United States law is not correct, at least as

far as companies in no financial distress, like Ascentra, are concerned. As SPGK argued in its

opening briefing, United States law requires that a company "face such financial difficulty that, if

it did not file at that time, it could anticipate the need to file in the future." Motion ¶ 71 n.9

(collecting cases); *see also LTL Mgmt., LLC v. Those Parties Listed on App. A to Complaint (In re*

*LTL Mgmt., LLC)*, 64 F.4th 84, 101 (3d Cir. 2023) ("a debtor who does not suffer from financial

---

[11]  Judgment, *Ascentra Holdings, Inc. v. SPGK Pte Ltd.,* [2023] SGCA 32 (Sing.) ("Singapore Court of Appeal Judgment"). A copy of the Singapore Court of Appeal judgment is attached as Exhibit 4 to the Dine Reply Declaration.

distress cannot demonstrate its Chapter 11 petition serves a valid bankruptcy purpose supporting good faith").[12]

31.     As Mr. Robinson testified at his deposition, the only reason that Ascentra sought liquidation was shareholder conflict – financial distress formed no part of the rationale. Robinson Dep. Tr. at 105:13-17.

32.     As such, looking to United States law, the phrase "insolvency or the adjustment of debt" cannot encompass laws for the dissolution of solvent companies, analogues of state statutes such as 8 Del. C. § 226 or N.Y. Bus. Corp. L. § 1104. *See* Motion ¶ 56 n.8. The Companies Law as applied to solvent companies not in financial distress, such as Ascentra, is not a law relating to insolvency or the adjustment of debt.

### 3.     The Cayman Proceeding Is Not For The Purpose Of Liquidating Or Reorganizing An Insolvency Estate Or Preventing Detriment To Creditors

33.     As, SPGK noted in its opening brief, "[t]his Court held in *Global Cord* that foreign proceedings that are 'designed to prevent dissipation and waste, rather than to liquidate or reorganize [an] insolvency estate,' or 'proceedings designed to prevent detriment to investors rather than to all creditors,' are ineligible for chapter 15 recognition. *Global Cord*, 2022 Bankr. LEXIS 3426, at *40 (citing 2013 Enactment Guide ¶ 77)." Motion ¶ 85. Discovery and argument have reinforced that the purpose of the Cayman Proceeding is not to liquidate or reorganize an *insolvency* estate, because Ascentra has been and continues to be *solvent*, and indeed the JOLs have paid all its uncontested debts in the ordinary course. Robinson Dep. Tr. at 83:4-9. The JOLs argument (JOL Obj. at 26-27) that Ascentra's liquidation is a terminal procedure is beside the

---

[12]   The Singapore Court of Appeal Judgment (at ¶ 89) also declined to follow the English precedent *In re Sturgeon Cent. Asia Balanced Fund*, [2020] EWHC 123 (Ch.), which concluded that the Model Law definition of "foreign proceeding" does not include proceedings in respect of entities that are solvent or not in severe financial distress. Motion ¶ 78.

point. Of course, Ascentra's liquidation is a terminal procedure. All liquidations are. But not all corporate liquidations deserve to proceed under bankruptcy protections, the only ones that do are those that are for the purpose of protecting creditors. The Cayman proceeding, the JOLs' purpose for which is to/ conjure grounds to recover from Mr. Yoshida's interest in SPGK to favor other shareholders (Motion ¶¶ 88-91), does not qualify, and recognition should be terminated on this basis as well.

### E.    No Party Will Be Prejudiced By The Termination Of Recognition

34.    Finally, no party will be prejudiced by termination of recognition. Most importantly, termination will not in any way negatively affect the interest of any creditor of Ascentra, a solvent company that is paying its creditors in the ordinary course. Ascentra cannot be cognizably prejudiced by the termination of a recognition to which it is not and never has been entitled. But even if it could be, by its own admission, it has finished all discovery in the United States and is not proceeding in this proceeding with matters related to Mr. Sanders. Its only continuing interest in the United States is in maintaining the restraint on SPGK's funds.

### III.    CONCLUSION

35.    As SPGK said in its opening brief (Motion ¶ 41), recognition under section 1517 is not a "rubber stamp exercise." *In re Basis Yield Alpha Fund* (*Master*), 381 B.R. 37, 40 (Bankr. S.D.N.Y. 2008). Rather, "[r]ecognition turns on the strict application of objective criteria." *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 333 (S.D.N.Y. 2008)). "[T]he determination is a formulaic one." *In re Ashapura Minechem Ltd.*, No. 11-14668, 2011 Bankr. LEXIS 4617, at *13 (Bankr. S.D.N.Y. Nov. 22, 2011), *aff'd sub nom. Armada (Sing.) Pte Ltd. v. Shah (In re Ashapura Minechem Ltd.)*, 480 B.R. 129 (S.D.N.Y. 2012). The Court laid out the relevant criteria in *Global Cord*. As SPGK has demonstrated, the foreign representatives cannot meet their burden of proof of each element required for recognition (see

*Basis Yield Alpha Fund*, 381 B.R. at 52). For the reasons set out in SPGK's opening papers and herein, the Court should terminate recognition of the Cayman Proceeding and grant SPGK such other relief as to it seems just and proper.

Dated: March 14, 2024
New York, New York

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Jeffrey M. Dine*
Robert J. Feinstein
Bradford J. Sandler
John A. Morris
Jeffrey M. Dine
Beth E. Levine
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:    (212) 561-7700
Facsimile:    (212) 561-7777
E-Mail:        rfeinstein@pszjlaw.com
              bsandler@pszjlaw.com
              jmorris@pszjlaw.com
              jdine@pszjlaw.com
              blevine@pszjlaw.com

*Counsel for Shang Peng Gao Ke Inc. SEZC and SPGK Pte. Ltd.*

**SPGK's Reply Memorandum of Law in Further Support of
Motion To Terminate the Recognition Order**

# Exhibit 1

**Cayman Winding Up Law Creditor Rights**

| Provision | Description | Solvent | Insolvent | Deposition Citation |
|---|---|---|---|---|
| | Statutory process for adjustment of debts | No | Yes | Henderson Dep. Tr. 44:24-45:4 Pearson Decl. ¶ 61 |
| | Creditors have statutory right to be heard | No | Yes | Henderson Dep. Tr. 37:22-38:12 Pearson Decl. ¶¶ 53-55 |
| CWR O.16, r.1(1) | Creditor debts paid in ordinary course | Yes | No | Henderson Dep. Tr. 111:6-11 Pearson Decl. ¶¶ 58-62 |
| CWR O.16, r.1(1) | Creditor paid in currency of obligation | Yes | No | Henderson Dep. Tr. 119:2-119:14 Pearson Decl. ¶¶ 58-62 |
| CWR O.16, r.1(3) | Creditor required to submit proof of debt | No | Yes | *See* Henderson Dep. Tr. 121:8-24 Pearson Decl. ¶ 63 Robinson Dep. Tr. 98:25-99:10 |
| CWR O.18, r.5 | Creditors paid *pari passu* under dividend regime | No | Yes | Henderson Dep. Tr. 119:21-120:17, 120:24-124:7, 135:13-17 Pearson Decl. ¶ 57 |
| Companies Act § 105(3) | Creditors to attend initial meeting | No | Yes | Henderson Dep. Tr. 129:2-15 Pearson Decl. ¶¶ 49-51 |
| CWR O.8, r.1(5) | Meetings convened by official liquidators include creditors | No | Yes | Henderson Dep. Tr. 124:18-125:23 Pearson Decl. ¶ 52 |
| CWR O.8, r.4(2) | Creditors entitled to notice of meetings | No | Yes | Pearson Decl. ¶ 51 |
| CWR O.9, r.1(3) | Creditors serve on liquidation committee | No | Yes | Henderson Dep. Tr. 37:17-21, 83:9-84:14, 85:10-17 (majority creditors if doubtful solvency) Pearson Decl. ¶ 48 |
| CWR O.10, r.1(2)(b) | Creditors receive liquidator's reports and accounts | No | Yes | Pearson Decl. ¶ 52 |
| Companies Act § 110(4), CWR O.11, r.1 | Creditors have standing to apply to Cayman Court for sanction | No | Yes | Henderson Dep. Tr. 37:17-21, 94:17-95:21 Pearson Decl. ¶¶ 54-55 Robinson Dep. Tr. 114:13-116:2 |
| CWR O.3, r.3 | Creditors have right to be heard on sanction application | No | Yes | Henderson Dep. Tr. 90:22-91:20 [no right to be heard but court has supervisory obligation] Pearson Decl. ¶¶ 54-55 |

| Provision | Description | Solvent | Insolvent | Deposition Citation |
|---|---|---|---|---|
| Companies Act §§ 107, 124 | Heard on appointment and removal of liquidators | Yes, but creditors' views will be given little, if any, weight. | Yes | Henderson Dep. Tr. 72:19-24 Pearson Decl. ¶ 41 |
| Companies Act § 102(3) | Liquidator must receive creditor approval to expend company assets on investigation or prosecution | No | Yes | Henderson Dep. Tr. 128:15-25 |

4885-4290-6510.7 78263.001