

780 Third Avenue, 34th Floor
New York, New York 10017-2024

Tel. 212.561.7700
Fax: 212.561.7777

John A. Morris
212.561.7760
jmorris@pszjlaw.com

March 8, 2024

**VIA EMAIL AND ECF**

The Honorable David S. Jones
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

**MEMORANDUM ENDORSED ORDER**

The Court will conduct a conference at 10:00 a.m. on March 21, 2024, regarding the parties' submissions [ECF Nos. 86 and 89]. The conference will be held remotely via Zoom for Government.

So ordered.

Dated: 3/18/24       *s/ DSJ*, USBJ

Re: **In re Ascentra Holdings, Inc., Case No. 21-11854 (DSJ)**

Dear Judge Jones:

We represent interested parties Shang Peng Gao Ke, Inc. SEZC and SPGK Pte. Ltd. (together, "SPGK"). We write pursuant to Your Honor's Chambers' Rules and Local Rule 7007-1(b) to request a discovery conference in connection with the parties' dispute concerning the unjustified refusal of Graham Robinson ("Mr. Robinson"), one of the Joint Official Liquidators (the "JOLs") of debtor-in-a-foreign-proceeding Ascentra Holdings, Inc. ("Ascentra") to provide any deposition testimony relating to the Restraint Termination Motion (defined below) topics (topics six through nine) listed in the Amended Notice of Deposition (the "Deposition Notice") attached hereto as **Exhibit A**.

SPGK submits that (i) pursuant to Rule 37(a)(3)(B)(i) of the Federal Rules of Civil Procedure (the "Federal Rules"), Mr. Robinson should be compelled to provide deposition testimony on these topics; (ii) if SPGK is required to make a motion to compel, SPGK should be awarded its reasonable expenses relating to that motion, including attorneys' fees pursuant to Federal Rule 37(a)(5)(a); and (iii) if Mr. Robinson continues to refuse to answer questions concerning topics six through nine, Ascentra should be precluded from offering any evidence concerning those topics at any evidentiary hearing concerning the Restraint Termination Motion.

**Background**

On February 29, 2024, in accordance with this Court's *Memorandum Decision and Order Denying Foreign Representatives' Application to Preclude Proposed Deposition* (the "Discovery Order") [ECF No. 80] dated December 5, 2023, SPGK conducted the deposition of Ascentra pursuant to Federal Rule 30(b)(6) in connection with its pending motions to terminate the recognition order (the "Dismissal Motion") and to terminate the restraint (the "Restraint Termination Motion" and collectively with the Dismissal Motion, the "Motions") of certain funds

The Honorable David S. Jones
March 8, 2024
Page 2

(the "Planet Payment Funds").[1] Mr. Robinson testified as Ascentra's designee. The first five 30(b)(6) topics relate to the Dismissal Motion, and as noted above, topics six through nine relate to the Restraint Termination Motion. See **Exhibit A**.

### The Discovery Dispute

During Mr. Robinson's deposition, the transcript of which (the "Robinson Transcript") is attached hereto as **Exhibit B**, counsel for SPGK marked as Robinson Exhibit 8 a letter from Ascentra's counsel to this Court dated October 11, 2023 [ECF No. 77] attaching an Amended Writ of Summons (the "Complaint") filed against SPGK and related entities in the Cayman Grand Court. Thereafter, Ascentra's counsel instructed Mr. Robinson not to answer ***any*** questions about the facts set out therein on the grounds that there is a pending proceeding, *see, e.g., id.* at 124:19-127:9, and on the grounds of attorney-client privilege, *see, e.g., id.* at 130:2-131:5.

Indeed, Ascentra's counsel instructed the witness on all of SPGK's questions regarding each of deposition topics six through nine:

> Q. Look at topic 6. Can you identify for me the documents that the foreign representatives contend support their assertion that they can establish a likelihood of success on the merits with respect to their contractual basis for entitlement to the Planet Payment funds?
>
> Mr. McDonald: Objection. I direct the witness not to answer on the basis of a pending proceeding.
>
> Q. Are you going follow counsel's advice?
>
> A. Yes.
>
> Q. Can you turn the page, please, to number 7. Can you describe for me all facts that the foreign representatives contend support their assertion that they can establish a likelihood of success on the merits with respect to a contractual basis for entitlement to the Planet Payment funds?
>
> Mr. McDonald: The same objection. The same direction. Also calls for divulging attorney-client communications.
>
> Q. You are going to follow counsel's advise?
>
> A. Yes.

*Id.* at 128:12-129:15.

> Q. Looking at topic number 8, can you please tell me all of the documents that the foreign representatives contend support their assertion that they can establish

---

[1] Pursuant to this Court's Second Order Modifying Motions Deadlines and Setting Discovery Deadlines and Hearing Date [ECF No. 76], SPGK's replies in further support of the Motions must be filed two weeks after the completion of the 30(b)(6) deposition of Ascentra. SPGK submits that in light of Ascentra's failure to fully provide deposition testimony on February 29th, the deposition of Ascentra is not "complete."

The Honorable David S. Jones
March 8, 2024
Page 3

> a likelihood of success on the merits with respect to an equitable basis for entitlement to the Planet Payment funds.
>
> Mr. McDonald: The same objection. The same direction.

*Id.* at 130:2-10.

> Q. Number 9. Can you please share with us the facts that the foreign representatives contend support their assertion that they can establish a likelihood of success on the merits with respect to an equitable basis for entitlement to the Planet Payment funds?
>
> Mr. McDonald: The same objection. The same direction.
>
> Q. Are you going to follow counsel's advice?
>
> A. Yes.

*Id.* at 131:6-17.

> Thereafter, counsel engaged in the following colloquy:
>
> Mr. Morris: Hold it. Before we go off the record. Are you going to direct him not to answer any question that concerns any allegation or assertion that's set forth in the complaint?
>
> Mr. McDonald: Yes.
>
> Mr. Morris: And if you are given those directions, do you intend to follow them?
>
> The Witness: Yes. . . .
>
> Mr. Morris: I have no further questions. You know, subject to the reservation of rights that I made early on about either seeking a preclusion order or motion to compel. But I don't want to waste anybody's time here.

*Id.* at 134:8-18; 136:10-15.

Consistent with its reservation of rights at the deposition, SPGK now seeks this Court's intervention in connection with Ascentra's blanket refusal to provide deposition testimony relevant to the Restraint Termination Motion.

**Basis for Relief Requested**

SPGK is entitled to testimony on the deposition topics relating to the Restraint Termination Motion so that it can litigate, among other things, Ascentra's likelihood of success on the merits. Notwithstanding this, as detailed above, Ascentra's counsel instructed Mr. Robinson not to answer questions relating to the facts and documents supporting Ascentra's contractual and equitable claims to the Planet Payment Funds because there is now an action (filed **after** the Restraint Termination Motion, and based largely on the deposition of SPGK taken in this contested matter)

The Honorable David S. Jones
March 8, 2024
Page 4

pending in the Cayman Grand Court. But as this Court held in the Discovery Order, "the pending proceeding rule applies to preclude discovery that is sought pursuant to Bankruptcy Rule 2004. . . . Therefore, because SPGK seeks discovery under Rules 7026 and 7030 rather than Rule 2004, **the pending proceeding rule is inapplicable here**." Discovery Order at 32-33 (emphasis added). As this Court stated: "where, as here, discovery is sought pursuant to Rules 7026 and 7030 instead of Rule 2004, the fairness concerns that drive the pending proceeding rule are not implicated, and the rule need not **(and does not)** apply." *Id*. at 33-34 (emphasis added).

Further, during the December 21, 2023 status conference, the Court directly addressed Ascentra's purported privilege concerns:

> I think more commonly what I see, and what I think avoids a possible real privilege and work product leaking back out through a client, is if you just ask about the facts and issues.

Transcript of December 21, 2023 status conference (attached hereto as **Exhibit C**) at 34:3-6.

Hewing closely to the Court's guidelines, SPGK asked only about facts and documents that Ascenta believes support its contention that it likely to succeed on the merits of its contractual and equitable claims to the Planet Payment funds.

The JOLs cannot use the pendency of the Cayman litigation as a sword to seek relief and a shield to protect them from having to meet the likelihood of success standard required by Chapter 15 to justify the restraint. To the extent that Mr. Robinson was instructed not to testify about facts and issues relating to the entitlement to the Planet Payment Funds (as opposed to information truly protected by the attorney client privilege and the work product doctrine), he should be compelled to provide deposition testimony on those facts and issues. To the extent that he does not provide deposition testimony on the basis of privilege or otherwise, Ascentra should be precluded from testifying or offering documents on those topics at the evidentiary hearing on the Restraint Termination Motion.

**Good Faith Effort to Resolve**

On March 5, 2024, prior to requesting this conference, and in accordance with Local Rule 7007-1(a), the undersigned contacted opposing counsel by email in an attempt to confer regarding this discovery dispute. On March 7, 2024, I received a response to my email in which opposing counsel indicated that the JOLs are opposed to the relief that SPGK seeks. Accordingly, we respectfully request that this Court set a conference on this matter and adjourn the response deadline for the reply in support of the Restraint Termination Motion.

Respectfully,

*/s/ John A. Morris*
John A. Morris

4887-0399-1723.7 78263.001

The Honorable David S. Jones
March 8, 2024
Page 5

cc:	Hugh M. McDonald, Esq. (via email)
	John A. Pintarelli, Esq. (via email)

4887-0399-1723.7 78263.001