

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

John A. Pintarelli
tel: +1.212.858.1213
john.pintarelli@pillsburylaw.com

March 20, 2024

**Via ECF**

Honorable David S. Jones
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 701
New York, NY 10004-1408

**MEMORANDUM ENDORSED ORDER**

The Court will at least preliminarily discuss this request during a discovery conference already scheduled for March 21, 2024.

So ordered.

Dated: 3/20/24         *s/ DSJ*, USBJ

Re:   In re Ascentra Holdings, Inc. (In Official Liquidation), Case No. 21-11854: Letter Regarding Leave to File Sur-Reply

To the Honorable David S. Jones:

We represent Graham Robinson and Ivy Chua Suk Lin, the duly appointed joint official liquidators and foreign representatives (the "**Foreign Representatives**") of Ascentra Holdings, Inc. (In Official Liquidation) ("**Ascentra**"). Ahead of the status conference scheduled for March 21, 2024, the Foreign Representatives respectfully request that the Court also address matters previously raised before the Court concerning the reply brief filed by Shang Peng Gao Ke, Inc. SEZC and SPGK Pte. Ltd. (together, "**SPGK**") in further support of SPGK's motion for termination of the recognition order (the "**Termination Motion**") [ECF No. 37].[1]

Specifically, the Foreign Representatives respectfully request leave (i) to file a sur-reply in further opposition to the Termination Motion to address the new argument raised by SPGK for the first time in its reply (the "**Reply Brief**") [ECF No. 91] that the grounds for recognition "have otherwise ceased to exist"[2] and (ii) to take additional discovery, including the deposition of Andrew Johnstone, Cayman counsel to SPGK who filed a declaration with this Court in support

---

[1] SPGK contemporaneously filed a motion to terminate the restraint on the Planet Payment funds (the "**Restraint Motion**") [ECF No. 37]. However, the briefing schedule for the Restraint Motion is pending the Court's ruling on SPGK's request to compel certain deposition testimony and the Foreign Representatives' response thereto [ECF Nos. 86 and 89].

[2] SPGK does not oppose the filing of a sur-reply with respect to section II.D of the Reply Brief ("The Cayman Proceeding Does Not Qualify as a 'Foreign Proceeding'") (*i.e.*, paragraphs 17-33), subject to such sur-reply being filed within seven (7) days and not to exceed five (5) substantive pages. The Foreign Representatives are not in agreement with these limitations for the reasons set forth herein.

Hon. David S. Jones
March 20, 2024
Page 2

of the relief SPGK seeks, in connection with such sur-reply.[3] The Foreign Representatives respectfully request that any such deposition take place two (2) weeks in advance of filing the sur-reply.[4]

In its Reply Brief, SPGK argues for the first time that the grounds for recognition have ceased to exist. The Foreign Representatives' proposed sur-reply will respond to this newly-raised argument to ensure the Court has the benefit of a fully responsive set of briefs before deciding the outcome of the Termination Motion. In the absence of a sur-reply, the Foreign Representatives would have no vehicle to respond to SPGK's modified position.

## Background

On December 5, 2023, this Court issued a memorandum decision (the "**December 5 Memorandum**") [ECF No. 80] regarding SPGK's proposed Rule 30(b)(6) deposition of Ascentra. In its December 5 Memorandum, the Court stated:

> In its discretion, the Court declines to categorically preclude SPGK from now advancing new or modified positions in its forthcoming Reply in light of the Court's August 18 Order and the Foreign Representatives' subsequent oppositions to the Motions, all of which arguably have shifted the terms of engagement on the Motions. ***If SPGK does so, the Foreign Representatives are free to request leave to file a sur-reply to address the new arguments as appropriate***. See, e.g., Preston Hollow Cap. LLC v. Nuveen Asset Mgmt. LLC, 343 F.R.D. 460, 466 (S.D.N.Y. 2023) ("[S]ur-replies are permitted when an opposing party raises arguments for the first time in a reply.") (citing Stepski v. M/V Norasia Alya, No. 7:06-CV-01694, 2010 WL 11526765, at *1 (S.D.N.Y. Mar. 3, 2010)). ***Given the circumstances of this case, the Court may well be inclined to exercise its broad discretion to consider new arguments reasonably raised for the first time in SPGK's Reply and to provide the Foreign Representatives an adequate opportunity to respond***, which seems far less likely to waste the parties' and the Court's time and resources than requiring SPGK to file two new motions and begin the entire briefing process anew.

ECF No. 80, at 31 (emphasis added).

---

[3] As discussed at the last status conference, after the Foreign Representatives filed their objection to the Termination Motion, Mr. Johnstone's firm, Harney Westwood & Riegels ("**Harneys**"), filed declarations with this Court in which a Harneys partner stated under oath that solvent official liquidations in the Cayman Islands should be recognized as foreign main proceedings. Mr. Johnstone is the partner of record in each of these cases. The Foreign Representatives should be permitted to take discovery of the clearly contradictory statements of Cayman law being advanced before this Court by the same firm.

[4] If the Court requires a formal motion requesting leave to file a sur-reply and conduct the deposition requested, the Foreign Representatives hereby request leave to file such motion.

Hon. David S. Jones
March 20, 2024
Page 3

At the status conference held on December 21, 2023, the Foreign Representatives reserved their right to seek leave to file a sur-reply and to depose Mr. Johnstone prior to filing a sur-reply:

> Mr. McDonald: . . . Your Honor, as you noted in your opinion, it appears that SPGK is shifting its argument.
>
> So its original motion to terminate the recognition was based upon an accusation that there was no basis for recognition at the time the Court granted it. . .
>
> . . .[T]hey seem to be shifting to an argument that the bases for recognition have ceased to exist, which is the other alternative basis to terminate recognition. ***And I think your Honor noted that, in the event that they come up with a new argument or propose new arguments in their reply, the foreign representatives would be given the opportunity to submit a surreply . . .***
>
> *. . . **If there is a new argument in there, prior to filing a surreply, we would like to reserve the right to seek to depose Mr. Andrew Johnstone of the Harneys firm.*** In the event there are no new arguments, we do reserve the right to cross-examine him at the ultimate hearing.

ECF No. 86, Ex. C (Dec. 21, 2023, Hr'g. Trans. at 22:21-23:18 (emphasis added)).

**Relief Requested**

Courts have broad discretion to modify scheduling orders, including to facilitate a party's ability to file a sur-reply where the movant has introduced new facts or arguments on reply. *See e.g., Bates v. Deva Concepts LLC*, 2022 WL 2106494, at *1 (S.D.N.Y. June 10, 2022) (denying motion to reconsider order granting leave to file sur-reply where defendant made a new argument on reply); *SEC v. Ripple Labs, Inc.*, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022) (finding "good cause" to grant leave to file sur-reply where "directed to arguments [adversary] raises for the first time in its reply").

This Court has likewise ruled it has broad discretion to consider new arguments raised for the first time in a reply and to provide parties with an adequate opportunity to respond. December 5 Memorandum, 2023 Bankr. LEXIS 2872, at *47-48 (citing *Preston Hollow Cap. LLC v. Nuveen Asset Mgmt. LLC*, 343 F.R.D. 460, 466 (S.D.N.Y. 2023)).

SPGK argues now, for the first time, that the grounds for recognition have "ceased to exist." As a result, the Foreign Representatives seek to respond to the new point raised and to examine SPGK's original declarant Andrew Johnstone (ECF No. 39) regarding the same, particularly where Mr. Johnstone's firm has previously submitted on behalf of joint official liquidators in other proceedings where Mr. Johnstone is the lawyer of record and are currently pending before this

Hon. David S. Jones
March 20, 2024
Page 4

Court,[5] declarations in support of recognition of a foreign solvent official liquidation that are wholly *aligned* with the Foreign Representatives' position.[6]

      Finally, SPGK cannot point to any prejudice that would result from the filing of a sur-reply, particularly when it is SPGK's shift from its original argument that created the need for a sur-reply. In contrast, the Foreign Representatives would undoubtedly be prejudiced by having to address SPGK's new position for the first time at the hearing on the Termination Motion. In such circumstances, the Foreign Representatives anticipate it would be helpful for this Court to have a written briefing ahead of any decision on the merits. Accordingly, the Foreign Representatives respectfully request the Court grant the relief sought herein.

### Good Faith Effort to Resolve

      Counsel to the Foreign Representatives met and conferred with counsel to SPGK by email on March 18 and 19, 2024, to request SPGK's consent to the filing of a sur-reply and to the deposition of Andrew Johnstone in connection with the sur-reply. SPGK declined to agree to the deposition of Mr. Johnstone, but consented to the filing of a sur-reply within the parameters set forth above (which seek to impose strict time and page limits and do not provide time for the preparation of a sur-reply after the requested deposition).

Respectfully submitted,

*/s/ John A. Pintarelli*
John A. Pintarelli
Partner

---

[5] The Harneys' declarant, Ben Hobden, submitted a similar declaration to this Court, while at a prior firm, in the *Frontera Resources Caucasus Corporation (In Official Liquidation)* Chapter 15 case, Case No. 19-13418, ECF No. 3. A copy of the Hobden declaration is attached as **Exhibit A**.

[6] Copies of the Harneys declarations in *VPC Impact Acquisition Holdings II Limited (In Official Liquidation)*, Case No. 23-11551, ECF No. 6, and *Pioneer Merger Corp. (In Official Liquidation),* Case No. 23-11663, ECF No. 6, are attached hereto as **Exhibits B and C**, respectively. The exhibits to these declarations are voluminous and, as such, have not been attached but are available upon request.