PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY 10019-6131
Telephone: 212-858-1000
Facsimile: 212-858-1500
John A. Pintarelli
Hugh M. McDonald
Kwame O. Akuffo

PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017-5524
Telephone: 213-488-3655
Facsimile: 213-629-1033
Claire K. Wu (admitted *pro hac vice*)

*Attorneys for Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 15 |
| | : | |
| | : | Case No. 21-11854 (DSJ) |
| Ascentra Holdings, Inc. (In Official Liquidation),[1] | : | |
| | : | **Related Docket No. 91** |
| Debtor in a Foreign Proceeding. | : | |
| | : | |

**FOREIGN REPRESENTATIVES' SUR-REPLY IN FURTHER SUPPORT OF THEIR OBJECTION TO SPGK'S MOTION TO TERMINATE THE RECOGNITION ORDER**

[1] The Debtor's company registration number is 283719. The Debtor's registered office is c/o JTC (Cayman) Ltd., 94 Solaris Avenue, Second Floor, Camana Bay, PO Box 30745, Grand Cayman, Cayman Islands, KY1-1203.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................ 1

ARGUMENT ........................................ 3

A. The Collective Nature of the Cayman Proceeding Has Not Changed ........................................ 3

B. The Companies Act Has Not Changed and Therefore the Cayman Proceeding Is Being Conducted Under a Law Relating to Insolvency or Adjustment of Debt ........................................ 5

C. Ascentra Is in Liquidation and Will Be Prejudiced if This Proceeding Is Terminated ...... 7

CONCLUSION ........................................ 7

# TABLE OF AUTHORITIES

Page(s)

## Cases

*In re Ashapura Minechem Ltd.*,
480 B.R. 129 ....................................4, 5

*In re Betcorp Ltd.*,
400 B.R. 266 (Bankr. D. Nev. 2009) ....................................4

*In re British Am. Ins. Co.*,
425 B.R. 884 (Bankr. S.D. Fla. 2010)....................................4

*In re ENNIA Caribe H'ldg N.V.*,
594 B.R. 631 (Bankr. S.D.N.Y. 2018) ....................................4

*In re Fairfield Sentry Ltd.*,
627 B.R. 546 (Bankr. S.D.N.Y. 2021) ....................................3

*In re Global Cord Blood Corp.*,
Case No. 22-11347, 2022 WL 17478530 (Bankr. S.D.N.Y. Dec. 5, 2022)....................................6

*In re LTL Management, LLC*,
64 F.4th 84 (3d Cir. 2023) ....................................6

*In re Oi Brasil H'ldgs Coöperatief U.A.*,
578 B.R. 169 (Bankr. S.D.N.Y. 2017) ....................................4

*In re PT Bakrie Telecom Tbk*,
628 B.R. 859 (Bankr. S.D.N.Y. 2021) ....................................4

Graham Robinson and Ivy Chua Suk Lin, the duly appointed joint official liquidators and foreign representatives of Ascentra (the "**Liquidators**" or "**Foreign Representatives**") file this sur-reply to SPGK's reply [ECF No. 91] (the "**Reply**") in further support of their objection to the motion to terminate the Recognition Order.[2] In support thereof, the Foreign Representatives submit the *Declaration of John A. Pintarelli* ("**Pintarelli Decl.**"), and represent as follows.

## PRELIMINARY STATEMENT

1. SPGK *now* argues that the bases for recognition of the Cayman Proceeding were fully or partially lacking *and have ceased to exist*. But it has not identified any change since recognition of the Cayman Proceeding because the central facts of that proceeding have not changed. The proceeding is still an official liquidation designed to collect, realize, and distribute assets, the Liquidators have not been displaced and are administering the proceeding as a solvent liquidation and investigating potential assets in the U.S., the Companies Act has not changed, and the parties continue to dispute the ownership of the Planet Payment Funds and other monies SPGK has failed to turn over to Ascentra (collectively, the "**Funds**").

2. What has changed since this Court recognized the Cayman Proceeding is that there is a pending action before the Grand Court regarding, among other things, ownership of the Funds,[3] and the Liquidators' pending application to enjoin SPGK and Mr. Yoshida and his affiliated entities from transferring funds held in accounts in Singapore, Taiwan and the U.S. and have such funds paid into the Grand Court pending resolution of their ownership dispute. These recent activities do not warrant termination of this Chapter 15 case. Instead, they reinforce the Foreign Representatives' bases for seeking recognition - obtain direct access to this Court to pursue

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Foreign Representatives' objection to SPGK's motion to terminate the Recognition Order [ECF No. 64] (the "**Termination Objection**").

[3] *See* ECF Nos. 77 and 89.

discovery of assets that belong to Ascentra in the U.S. and to facilitate cooperation and coordination between this Court and the Grand Court to ensure that the Cayman Proceeding is effective and administered efficiently.

3. Further, in seeking relief because the bases for recognition "have ceased to exist," SPGK fails to disclose that solvent official liquidations have been recognized in this Court. Specifically, after attorneys at Harney Westwood & Riegels ("**Harneys**") had already supported the position in this proceeding that solvent official liquidations are *not* collective proceedings for the purposes of chapter 15 recognition (and had put forth an affidavit of Cayman law in support thereof),[4] attorneys at Harneys (subsequently) filed evidence *in support* of the chapter 15 recognition of other Cayman *solvent* official liquidation proceedings. *See VPC Impact Acq. H'ldgs II Ltd. (In Official Liquidation)*, Case No. 23-11551 (Bankr. S.D.N.Y. 2023); *Pioneer Merger Corp. (In Official Liquidation)*, Case No. 23-11663 (DSJ) (Bankr. S.D.N.Y. Oct. 19, 2023).

4. Benjamin Hobden, Mr. Johnstone's partner, filed the declaration in support of *VPC Impact*'s solvent official liquidation. (Pintarelli Decl., Ex. 1) Mr. Hobden, while at a prior firm, also supported *Frontera Resources*' chapter 15 recognition by declaring that "the company will remain solvent for a period of twelve months following its entry into voluntary liquidation;" the joint official liquidators must "make a summary determination as to whether the company should be regarded as solvent, insolvent or of 'doubtful solvency;'" the "determination is significant because it determines who are treated as the stakeholders in the Cayman Liquidation - that is, whether it is the shareholders (in the case of a solvent liquidation), the creditors (in the case of an insolvent liquidation) or both (where the company is of doubtful solvency);" and the "solvency determination" is kept under review because the joint official liquidators "may change that

[4] *See* Andrew Johnstone of Harneys' declaration in support of SPGK's Motion [ECF No. 39].

determination if new circumstances arise." (*Frontera Resources Caucasus Corp. (In Official Liquidation)*, Case No. 19-13418 (Bankr. S.D.N.Y. 2019), Pintarelli Decl. Ex. 2 ¶¶ 48, 77, 79))[5]

5. The solvent official liquidations of *Frontera Resources* and *VPC Impact* have been recognized as foreign main proceedings under chapter 15 and are pending in this Court (*Id.*, Exs. 4 and 5), and Mr. Hobden's statements of Cayman law are nearly identical to those made in the Termination Objection. (Termination Objection at 4, 17) Yet SPGK attempts to brush off those statements as mere advocacy. Declarations of foreign law are not advocacy. *See, e.g., In re Fairfield Sentry Ltd.*, 627 B.R. 546, 557 (Bankr. S.D.N.Y. 2021) (foreign law affidavits are not mere advocacy but instead are established through "[w]ritten or oral expert testimony accompanied by extracts from various kinds of foreign legal materials").

6. SPGK seeks to terminate this proceeding because the Cayman Proceeding is not collective and was not brought under a law relating to insolvency or adjustment of debt. These arguments mirror those previously made by SPGK to support its Motion to terminate this case because the bases for recognition was "fully or partially lacking." Insofar as SPGK relies on them (again) to assert that the bases for recognition "have ceased to exist," those arguments fail as well.

## ARGUMENT

### *A. The Collective Nature of the Cayman Proceeding Has Not Changed*

7. SPGK argues that the Cayman Proceeding is not collective because creditors (i) are being paid in full in the ordinary course and therefore do not participate in the proceeding, (ii) are not required to submit a proof of debt, and (iii) lack standing to file a sanction application in the Grand Court and that no creditor has done so in the Cayman Proceeding. (Reply ¶¶ 20, 24-25)

[5] *See also Pioneer Merger*, another Chapter 15 case about a Cayman solvent official liquidation that arose from shareholder disputes and in which Mr. Hobden has filed a similar declaration in support of chapter 15 recognition. (Pintarelli Decl., Ex. 3). Mr. Johnstone was attorney of record as evidenced by the service list for filings in *VPC Impact* and *Pioneer Merger*. (Pintarelli Decl., Exs. 8 and 9)

8. SPGK's argument is misleading and disingenuous in that SPGK itself participated in the Cayman Proceeding in connection with a sanction application at a time when it had not asserted any creditor claim against Ascentra.[6] Moreover, just because creditors have not exercised their rights under the Companies Act and the CWR does not warrant a finding that the Cayman Proceeding is not collective, and such failure does not alter the collective nature of the Cayman Proceeding. *See In re Oi Brasil H'ldgs Coöperatief U.A.*, 578 B.R. 169, 221 (Bankr. S.D.N.Y. 2017) (the second prong turns on what has "changed since entry of the Prior Recognition Order.").

9. SPGK also attempts to discredit Mr. Henderson's deposition testimony by *only* contrasting the role of creditors in insolvent and solvent liquidations. (Reply ¶ 22) But SPGK's continued focus on creditor participation is nothing more than a diversion from what *is* a collective proceeding, which is one that "considers the rights and obligations of all creditors" and contemplates the "consideration and eventual treatment of claims of various types of creditors, as well as the *possibility* that creditors may take part in the foreign action," and its inquiry includes an examination of "both the law governing the foreign action and the parameters of the particular proceeding as defined in, for example, orders of a foreign tribunal overseeing the action." *In re Ashapura Minechem Ltd.*, 480 B.R. 129, 136 & n.37, 141 & n.85 (S.D.N.Y. 2012) (emphasis added) (quoting *In re British Am. Ins. Co.*, 425 B.R. 884, 902 (Bankr. S.D. Fla. 2010); and *In re Betcorp Ltd.*, 400 B.R. 266, 281 (Bankr. D. Nev. 2009)).

10. This Court has consistently held that "a collective proceeding can exist even where creditors are not allowed to participate, so long as the proceeding otherwise considers the rights and obligations of all creditors" other than just one class of creditor or just one party-in-interest. *In re PT Bakrie Telecom Tbk*, 628 B.R. 859, 873 (Bankr. S.D.N.Y. 2021) (citing *In re ENNIA*

---

[6] *See* Pintarelli Decl., Ex. 6 at 117:17 (while discussing sanction applications during Mr. Graham Robinson's February 29, 2024 deposition, Mr. Robinson testified that SPGK has "appeared in the sanction" before the Grand Court).

*Caribe H'ldg N.V.*, 594 B.R. 631, 638-39 (Bankr. S.D.N.Y. 2018)). *See also Ashapura*, 480 B.R. at 141 ("even if there were no opportunity by practice and custom for unsecured creditors to participate, I think this may still be a collective proceeding, because it involves parties other than just one class of creditor or just one party-in-interest"). "Other characteristics of a collective proceeding include: adequate notice to creditors under applicable foreign law, provisions for the distribution of assets according to statutory priorities, and a statutory mechanism for creditors to seek court review of the proceeding." *Id*. at 137 (citations omitted).

11. The Cayman Proceeding is not about a single class of creditors or shareholders (as, incidentally, was the case in the *VPC Impact* and *Pioneer* proceedings). As set forth in the status reports filed with this Court, the Liquidators continue to investigate Ascentra's assets and liabilities for the benefit of all stakeholders, including potential creditors with pending claims and contributories. It is indisputable that the goal of every bankruptcy case – whether by reorganization or liquidation – is the satisfaction of creditor claims in full. Regardless of whether the proceeding is in the U.S. or Cayman Islands, once creditor claims are satisfied on a *pari passu* basis, any surplus is distributed to the holders of equity interests in the company.[7] Achieving a goal of a distribution to stakeholders does not change the collective nature of the underlying proceeding.

***B. The Companies Act Has Not Changed and Therefore the Cayman Proceeding Is Being Conducted Under a Law Relating to Insolvency or Adjustment of Debt***

13. Although the Companies Act has not changed, SPGK still argues in favor of the only case it actually relies upon – the Singapore High Court's ruling, despite its clear reversal by the Court of Appeal of the Republic of Singapore (the "**Court of Appeal**"). (Reply ¶¶ 28-29) In

[7] Even Mr. Hobden concurred with Ascentra's foreign law expert's interpretation of the Companies Act (which SPGK's foreign law expert had critiqued as misleading) (Termination Objection at 20), declaring that "[a] general principle underlying the Cayman Islands' insolvency regime is that creditors are treated on a *pari passu* basis, subject to certain exceptions." (Pintarelli Decl., Ex. 2 ¶ 62)

ruling, the Court of Appeal noted that solvent companies are not "*excluded* from the scope of the UNCITRAL Model Law," and that the High Court wrongly focused on the phrase "under a law relating to insolvency" and "largely excluded consideration of the words 'adjustment of debt.'" (Pintarelli Decl., Ex. 7 ¶¶ 32, 60)

14. The Court of Appeal observed that the phrase "under a law relating to insolvency or adjustment of debt" must be read as a whole, and concluded that "it will suffice that the relevant proceeding is conducted under a law which *contains* provisions relating to insolvency or adjustment of debt, even if the specific provisions governing the relevant proceeding do not deal with insolvency or adjustment of debt." (emphasis in original) (*Id.* ¶¶ 32, 33) This reasoning aligns with *Global Cord*. *See In re Global Cord Blood Corp.*, Case No. 22-11347, 2022 WL 17478530, at *9 (Bankr. S.D.N.Y. Dec. 5, 2022) (Jones, David S.) ("section 101(23) is to be "'broadly construed,'" and "[t]his guidance counsels against an unduly grudging application of this flexibly worded test by narrowly examining whether the specific subsections of the governing Cayman statutory scheme that are presently being applied redress insolvency or creditor rights.").

15. Notwithstanding, SPGK disagrees with the Court of Appeal and seeks to impose an insolvency and financial distress standard that aligns with *LTL Management*. That case is inapposite because it involved a unique <u>chapter 11</u> debtor whose corporate parents <u>fully</u> backstopped its mass tort claims under a funding support agreement, and the Third Circuit concluded that the "funding backstop plainly mitigate[d] any financial distress foreseen on its petition date."[8] However, Part V of the Companies Act does not impose insolvency or financial distress requirements in order to commence an official liquidation proceeding in the Cayman Islands, and insolvency or financial distress is not the standard for seeking chapter 15 recognition.

[8] *In re LTL Management, LLC*, 64 F.4th 84, 110 (3d Cir. 2023).

### *C. Ascentra Is in Liquidation and Will Be Prejudiced if This Proceeding Is Terminated*

16. SPGK does not refute that Ascentra is in official liquidation, and prejudice exists if this case is terminated while the Cayman Proceeding is still pending because Ascentra's Foreign Representatives would be stripped of this Court's prior orders and their reliance thereon, including their right to conduct discovery and seek recovery of assets from parties in the U.S. unrelated to SPGK. Further, participation or appearance of other creditors in the Cayman Proceeding is not relevant to the need to continue an ancillary proceeding, and SPGK's assertion that this case was commenced only to address the Planet Payment Funds is belied by the status reports that have regularly informed this Court of the Foreign Representatives' progress in their investigation of Ascentra's assets and liabilities and claims unrelated to SPGK that remain open and unresolved. In any event, a decision in SPGK's favor will have far-reaching consequences on chapter 15 and foreign liquidation proceedings generally, and create an unfounded bar to the commencement and continuation of a Chapter 15 proceeding.

17. For these reasons, the Court should continue to recognize the Cayman Proceeding.

## CONCLUSION

WHEREFORE, the Foreign Representatives request that the Court deny the Motion with prejudice and grant such other relief as is just and proper.

Dated: April 5, 2024
New York, New York

PILLSBURY WINTHROP SHAW PITTMAN LLP

*/s/ John A. Pintarelli*
John A. Pintarelli
Hugh M. McDonald
Kwame O. Akuffo
john.pintarelli@pillsburylaw.com
hugh.mcdonald@pillsburylaw.com
kwame.akuffo@pillsburylaw.com

Claire K. Wu (admitted *pro hac vice*)
claire.wu@pillsburylaw.com

*Attorneys for Foreign Representatives*